**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STANDING ROCK SIOUX TRIBE | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:16-CV-01534 |
| U.S. ARMY CORPS OF ENGINEERS | § § | |
| Defendant. | § § § § | |

**DAKOTA ACCESS, LLC'S UNOPPOSED MOTION TO INTERVENE**
**IN SUPPORT OF DEFENDANT**

Dakota Access, LLC ("Dakota Access"), by and through its undersigned counsel, hereby respectfully moves for leave to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or alternatively, to intervene permissibly pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) in this matter.[1] Plaintiff challenges the federal permits, authorizations, verifications and approvals for Dakota Access to construct the Dakota Access Pipeline Project ("DAPL" or "Project") that will transport crude oil from near Stanley, North Dakota to Patoka, Illinois.

As set forth in the attached memorandum, Dakota Access plainly satisfies the requirements for intervention as of right under Rule 24(a)(2). First, this motion is timely, having been filed just eight days after the complaint was filed and long before Defendant U.S. Army Corps of Engineers is due to file its Answer. Second, Dakota Access claims an interest in the property and transactions that are the subject of this litigation. Dakota Access is a limited

---

[1] Before filing this Motion, counsel for Dakota Access contacted counsel for Plaintiff and the federal Defendant to request their views on the appropriate disposition of this Motion. Counsel for Plaintiff advised that the Plaintiff does not oppose this Motion. Counsel for the federal Defendant also advised that it does not oppose this Motion.

27409468.3

liability company formed to construct and own DAPL.[2]  In that capacity it has applied for, received, and holds various federal permits, authorizations and verifications for the Project. DAPL has an estimated capital cost of approximately $3.8 billion and will help to meet the energy demands of the United States. Dakota Access' beneficial owners also have financial interests in downstream crude transportation operations as well as contractual obligations and rights that will be affected if DAPL is stopped or delayed. As a result, Dakota Access and its beneficial owners, have a significant protectable interest in the outcome of this litigation.  Third, the relief requested by Plaintiff in this action could have a material impact on Dakota Access because Plaintiff is requesting that the Court invalidate the federal processes, procedures and authorizations for DAPL.  And fourth,  the Corps will not adequately represent Dakota Access' interests.

In the alternative, Dakota Access should be permitted to intervene under Rule 24(b)(1)(B).  Dakota Access' interests go to the validity of Defendant's processes and procedures relating to the permits, authorizations, and verifications for DAPL and involve the identical questions of law and fact that are raised by Plaintiff's suit.  Dakota Access' intervention would cause no delay or prejudice to the parties because Dakota Access would be participating from the case's inception and would abide by procedures imposed by the Court.  Dakota Access should be permitted to intervene to defend its interests in DAPL.

Dakota Access has conferred with counsel for the Plaintiff and for the Defendant. Neither party opposes intervention.

---

[2] Energy Transfer Partners, L.P., Sunoco Logistics Partners, L.P. and Phillips 66 are the beneficial owners of Dakota Access.

27409468.3

**CONCLUSION**

For the foregoing reasons and those stated in the accompanying memorandum, Dakota Access should be granted leave to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). Alternatively, Dakota Access should be granted leave for permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B).

Respectfully submitted this 5th day of August, 2016.

*/s/ Kimberly H. Caine*
Kimberly H. Caine, DCBA #974926
William J. Leone, CSBA #11403
*(Pro Hac Vice Application Pending)*
Robert D. Comer, CSBA #16810
*(Pro Hac Vice Application Pending)*
Norton Rose Fulbright US LLP
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
202-662-0200
kim.caine@nortonrosefulbright.com
william.leone@nortonrosefulbright.com
bob.comer@nortonrosefulbright.com


Edward V. A. Kussy, DCBA #982417
Alan M. Glen, Texas SBN #08250100
*(Pro Hac Vice Application Pending)*
Nossaman LLP
1666 K Street, NW, Suite 500
Washington, DC 20006
202-887-1400
ekussy@nossaman.com
aglen@nossaman.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August, 2016, I served a true and correct copy to the following via ECF filing and/or email:

> Patti A. Goldman
> Earthjustice
> 705 Second Avenue, Suite 203
> Seattle, WA  98104
>
> Jan Hasselman
> Earthjustice
> 705 Second Avenue, Suite 203
> Seattle, WA  98104
> *Admitted Pro Hac Vice*
>
> Stephanie Tsosie
> Earthjustice
> 705 Second Avenue, Suite 203
> Seattle, WA  98104
> *Admitted Pro Hac Vice*
>
> *Attorneys for Plaintiff*

I further certify that on August 5, 2016, true and correct copies were served on the following, via Federal Express overnight delivery:

Office of the Attorney for the District of Columbia
441 Fourth Street NW
Washington, DC 20001

U.S. Army Corps of Engineers
441 G Street NW
Washington, DC 20314-1000
Attn:  Milton Boyd

U.S. Attorney's Office
Attn: Civil Process Clerk
555 Fourth Street NW
Washington, DC 20530

Office of the Attorney General
1350 Pennsylvania Avenue NW, Suite 409
Washington, DC 20004

A courtesy copy via email was sent to Michael Thorp, counsel for U.S. Department of Justice Environment and Natural Resources Division, michael.thorp@usdoj.gov.

> */s/Cecil A. Kennedy*
> Cecil A. Kennedy

27409468.3