Case No. 1:16-cv-1534-JEB

# CHEYENNE RIVER SIOUX TRIBE
# EXHIBIT 3

Case No. 1:16-cv-1534-JEB



**CHAIRMAN**
Harold C. Frazier

**SECRETARY**
EvAnn White Feather

**TREASURER**
Benita Clark

**VICE-CHAIRMAN**
Ryman LeBeau

P.O. Box 590
Eagle Butte, South Dakota 57625
Phone: (605) 964-4155
Fax: (605) 964-4151

**TRIBAL COUNCIL MEMBERS**

**DISTRICT 1**
Bernita In The Woods
Johnilyn Garrett

**DISTRICT 2**
Theodore Knife, Jr.

**DISTRICT 3**
Edward Widow
Ben Elk Eagle

**DISTRICT 4**
Wayne L. Ducheneaux II
Kevin Keckler
Merrie Miller
Mark J. Knight

**DISTRICT 5**
Ryman LeBeau
Raymond Uses The Knife
Robert Chasing Hawk
Derek Bartlett

**DISTRICT 6**
Tuffy Thompson
Richard Rousseau

July 25, 2016

Col. John Henderson
Dist. Engineer-Omaha District
U.S. Army Corps of Engineers
1616 Capitol Ave., Ste. 9000
Omaha, Nebraska 68102

RE: Dakota Access Pipeline Project (DAPL)

Dear Col. Henderson:

As Chairman of the Cheyenne River Sioux Tribe (CRST), it is my responsibility and privilege to give voice to the concerns and objections of our tribe to illegal and unauthorized intrusions of tribal sovereignty. The Dakota Access Pipeline Project (DAPL) and the accompanying failure of the U.S. Army Corps of Engineers (USACE) to engage in meaningful consultation with the CRST are examples of just such intrusions against our tribal sovereignty.

With reference to your letter of May 6, 2016, wherein you stated your intention to "progress forward" to making a decision on the DAPL project and referring to my interest in meeting, I want to advise you again that no consultation or other substantive meeting has occurred between USACE and me during the intervening time frame between then and the instant date.

As you are aware, the Advisory Council on Historic Preservation (ACHP) has cited several flawed assumptions contained in the USACE findings that no historic properties are affected by the proposed DAPL route. Pursuant to treaties with Native Americans by the United States of American, USACE is concomitantly bound to the requirements of those treaty sovereignty obligations in favor of the respective tribes as well as the consultation requirements of Section 106 of the National Historic Preservation Act (NHPA) and of 36 C.F.R. Sect. 800.4 (d)(i). Specific objections to the sufficiency and competency of USACE actions in connection with the "progress forward" of DAPL have been provided by CRST and its Tribal Historic Preservation

The blue represents the thunderclouds above the world where live the thunder birds who control the four winds. The rainbow is for the Cheyenne River Sioux people who are keepers of the Most Sacred Calf Pipe, a gift from the White Buffalo Calf Maiden. The eagle feathers at the edges of the rim of the world represent the spotted eagle who is the protector of all Lakota. The two pipes fused together are for unity. One pipe is for the Lakota, the other for all the other Indian Nations. The yellow hoops represent the Sacred Hoop, which shall not be broken. The Sacred Calf Pipe Bundle in red represents Wakan Tanka – The Great Mystery. All the colors of the Lakota are visible. The red, yellow, black and white represent the four major races. The blue is for heaven and the green for Mother Earth.

Officer (THPO), Steven Vance, since at least July of 2015. Accordingly, I am notifying you of our formal and continuing objection to actions taken by USACE in support of the issuance of any permit or notice to proceed in construction of DAPL.

Further, I am notifying you of the objection by CRST to the issuance of the draft Environmental Assessment (EA) and any decision document resulting from such EA. It is the position of the CRST that an Environmental Impact Statement (EIS) is the proper approach to any decisional matter involving the watershed of the Missouri River and its impact on Great Plains Tribes and the CRST as a downstream user of the water from the Missouri River. The documentation and information requirements necessitated by an EIS, as opposed to blanket EA's which frequently simply lead to a Finding of No Significant Impact (FONSI), are warranted by the large geographical area and the scope of environmental considerations within the DAPL path.
Full compliance by USACE with the Clean Water Act (1972), 33 U.S.C. Sect. 1251, *et seq.*, the Bald and Golden Eagle Protection Act, 16 U.S.C. Sect. 668, *et seq.*, and the Endangered Species Act (1973). 16 U.S.C. Sect. 1531, *et seq.* require nothing less than an EIS and decisions being made with due consideration of the information thereby provided. To do otherwise would constitute negligence on the part of USACE in meeting its responsibilities to the Cheyenne River Sioux Tribe, to the tribes of the Great Plains and to the citizens of the United States of America.

Although CRST reserves the right to participate with other tribes in legal actions to prevent the unlawful and intrusive introduction of any construction activities, pipeline(s) and hydrocarbon products into our reservation and water sources, we are prepared to "progress forward" as solely determined by our tribal needs to prevent such actions. I remain available to meet with you directly, but am not interested in any additional delay for such meeting. Please contact me upon receipt of this correspondence in order that we may promptly meet in person to discuss DAPL and the related concerns of the Cheyenne River Sioux Tribe.

Sincerely,

Harold C. Frazier
Chairman

cc:   Marc Roy, CRST Attorney General
      File, hcf