**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STANDING ROCK SIOUX TRIBE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **Case No. 1:16-CV-01534** |
| U.S. ARMY CORPS OF ENGINEERS | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DAKOTA ACCESS, LLC'S RESPONSE TO
CHEYENNE RIVER SIOUX TRIBE'S MOTION TO INTERVENE**

Kimberly H. Caine, DCBA #974926
William J. Leone, CSBA #11403
Robert D. Comer, CSBA #16810
Norton Rose Fulbright US LLP
799 9th Street NW, Suite 1000
Washington, DC  20001-4501
202-662-0200
kim.caine@nortonrosefulbright.com
william.leone@nortonrosefulbright.com
bob.comer@nortonrosefulbright.com

Edward V. A. Kussy, DCBA #982417
Rob Thornton, DCBA #966176
Alan M. Glen, Texas SBN #08250100
*(Pro Hac Vice Application Pending)*
Nossaman LLP
1666 K Street, NW, Suite 500
Washington, DC 20006
202-887-1400
ekussy@nossaman.com
rthornton@nossaman.com
aglen@nossaman.com

## SUMMARY OF OPPOSITION

There are countless individuals and entities with a significant stake in the outcome of this lawsuit who have elected not to intervene because they recognize that their interests are sufficiently represented and that they can support the party representing their interests by providing them with evidence and argument.  These numerous individuals and entities do not need to be named parties for their voices to be heard and for the Court to take their interests into account.  CRST is no exception in that Plaintiff Standing Rock Sioux Tribe already represents Cheyenne River Sioux Tribe's interests.  As with the multitude of other individuals and entities, to include CRST as a named party would unnecessarily complicate the logistics of this lawsuit and result in duplicative, time-consuming, and costly additional briefing and argument.  Dakota Access, LLC ("Dakota Access") therefore, opposes Cheyenne River Sioux Tribe's Motion to Intervene (ECF #11) and asks the Court to deny the motion.

## ARGUMENT AND AUTHORITY

I. **MOVANT DOES NOT QUALIFY FOR INTERVENTION AS OF RIGHT BECAUSE MOVANT'S INTEREST ALREADY IS ADEQUATELY REPRESENTED.**

To qualify for intervention as of right under Rule 24(a)(2), courts consider four factors: (1) timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties.  *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers*, 519 F. Supp. 2d 89, 91-92 (D.D.C. 2007).  Cheyenne River Sioux Tribe has not met its burden.

In particular, Cheyenne River Sioux Tribe has failed to demonstrate its interests are not adequately represented by Standing Rock Sioux Tribe. *See, e.g., Gautreaux v. Pierce*, 690 F.2d 616 (7th Cir. 1982) (denying request for intervention because interests were adequately represented); *Villas at Parkside Partners v. City of Farmers Branch*, 245 F.R.D. 551 (N.D. Tex. 2007) (holding City adequately represented interests of advocacy group, when there was no indication of collusion or malfeasance). Here, there is no evidence that Standing Rock Sioux Tribe is colluding with the U.S. Army Corps of Engineers or Dakota Access, and the evidence presented by Cheyenne River Sioux Tribe shows that its interests are adequately represented by Standing Rock Sioux Tribe. As with the Standing Rock Sioux Tribe, which it describes as its "sister tribe," the Cheyenne River Sioux Tribe places considerable emphasis on the impact of the Oahe Dam and the geographic area surrounding the dam and Lake Oahe. And, Cheyenne River Sioux Tribe has indicated that it intends to assert claims identical to those asserted by the Standing Rock Sioux Tribe.

In addition, Cheyenne River Sioux Tribe's motion is not timely. The Court has already set the preliminary injunction briefing schedule and a preliminary injunction hearing has been scheduled for August 24. Cheyenne River Sioux Tribe's intervention at this juncture will unduly disrupt this litigation to the prejudice of existing parties.

## II. THE COURT SHOULD NOT EXERCISE ITS DISCRETION TO ALLOW FOR PERMISSIVE INTERVENTION BECAUSE ALLOWING CHEYENNE RIVER SIOUX TRIBE TO INTERVENE WILL UNNECESSARILY COMPLICATE THE CASE.

With respect to permissive intervention, Rule 24(b)(1)(B) allows the Court to permit intervention if a movant has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is an inherently discretionary enterprise. *See Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93.

A court can deny a motion for intervention where the addition of a party will have a complicating effect on the case.  *See Tri-State Generation and Transmission Ass'n, Inc. v. New Mexico Public Regulation Com'n*, 787 F.3d 1068 (10th Cir. 2015) (denying intervention when interests were represented and adding a party would result in duplication of discovery); *Stuart v. Huff*, 706 F.3d 345 (4th Cir. 2013) (denying motion to intervene on grounds it would necessarily complicate discovery and consume resources of court and parties); *Brenner v. Scott*, 298 F.R.D. 689 (N.D. Fla. 2014) (denying intervention where it would generate more heat than light).

Cheyenne River Sioux Tribe has failed to discuss the impacts its involvement will have on the administration of this case.  Plaintiff has filed a forty-eight page Complaint wherein it asserts six claims for relief spanning fifteen pages.  If Cheyenne River Sioux Tribe is allowed to intervene, there will be a separate set of merits briefs to which Defendant and Dakota Access will need to respond as to each claim and argument.  That is not to mention the pretrial motions that inevitably will be filed in this lawsuit or, most immediately, how Cheyenne River Sioux Tribe's intervention will impact the scheduled August 24 preliminary injunction hearing.  There already will be three sets of counsel representing three parties with distinct interests.  Adding another set of counsel and another party whose interests already are represented will serve no purpose but to complicate the hearing and this lawsuit.

### PRAYER

For these reasons, Dakota Access respectfully requests that the Court deny Cheyenne River Sioux Tribe's Motion to Intervene.

/s/ Kimberly H. Caine_____
Kimberly H. Caine, DCBA #974926
William J. Leone, CSBA #11403
Robert D. Comer, CSBA #16810
Norton Rose Fulbright US LLP
799 9th Street NW, Suite 1000

Washington, DC  20001-4501
202-662-0200
kim.caine@nortonrosefulbright.com
william.leone@nortonrosefulbright.com
bob.comer@nortonrosefulbright.com

Edward V. A. Kussy, DCBA #982417
Rob Thornton, DCBA #966176
Alan M. Glen, Texas SBN #08250100
*(Pro Hac Vice Application Pending)*
Nossaman LLP
1666 K Street, NW, Suite 500
Washington, DC 20006
202-887-1400
ekussy@nossaman.com
rthornton@nossaman.com
aglen@nossaman.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2016, I served a true and correct copy to

the following via ECF filing and/or email:

Conly J. Schulte
Fredericks Peebles & Morgan LLP
1900 Plaza Drive
Louisville, CO 80027

Nicole E. Ducheneaux
Fredericks Peebles & Morgan LLP
3610 North 163rd Plaza
Omaha, NE 68116
*Admitted Pro Hac Vice*

*Attorneys for Movant*

Patti A. Goldman
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104

Jan Hasselman
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
*Admitted Pro Hac Vice*

Stephanie Tsosie
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff*

Matthew M. Marinelli
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Ben Franklin Station
Washington, DC 20044-0663

Erica M. Zilioli

U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC 20044

*Attorneys for Defendant*

I further certify that on August 15, 2016, true and correct copies were served on the

following, via Federal Express overnight delivery:

| | |
|---|---|
| Office of the Attorney for the District of Columbia<br>441 Fourth Street NW<br>Washington, DC 20001 | U.S. Army Corps of Engineers<br>441 G Street NW<br>Washington, DC 20314-1000 |
| U.S. Attorney's Office<br>Attn: Civil Process Clerk<br>555 Fourth Street NW<br>Washington, DC 20530 | Office of the Attorney General<br>1350 Pennsylvania Avenue NW, Suite 409<br>Washington, DC 20004 |

A courtesy copy via email was sent to Michael Thorp, counsel for U.S. Department of

Justice Environment and Natural Resources Division, michael.thorp@usdoj.gov.

/s/ Kimberly H. Caine_____