IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>                      Plaintiff,<br><br>       v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>                      Defendant. | Case No. 1:16-cv-1534-JEB |

**CHEYENNE RIVER SIOUX TRIBE'S REPLY TO
DAKOTA ACCESS LLP'S OPPOSITION TO MOTION TO INTERVENE**

**INTRODUCTION**

Dakota Access LLP ("Dakota Access"), the oil company subsidiary is the sole opponent to the Cheyenne River Sioux Tribe's ("Tribe") Motion to Intervene in this proceeding, offers no relevant authority or argument to defeat the Tribe's clear showing that it is entitled to intervene both as of right pursuant to Federal Rule of Civil Procedure 24(a) or permissively under Rule 24(b). Its citation to outdated and nonbinding authority fails to overcome the fact that the Cheyenne River Sioux Tribe has more than established that the Standing Rock Sioux Tribe cannot adequately represent its interest as they are two separate sovereigns with independent relationships with the U.S. Army Corps of Engineers. Dakota Access likewise cannot claim any genuine prejudice accruing form the Tribe's timely intervention. Lacking any valid legal arguments to contest the Tribe's intervention, the oil company purports to represent the "countless individuals and entities with a significant stake in the outcome of this lawsuit who elected not to intervene. . . ." ECF No. 17 at p. 2. The Cheyenne River Sioux Tribe concedes that there are multitudes of other individuals and entities who will be harmed by the Dakota Access Pipeline, but the oil

1

company's attempt to speculate about the imagined legal positions of unidentified people and entities is a distraction. The Court has been asked to evaluate the narrow question of whether the Cheyenne River Sioux Tribe, a sovereign nation with an undisputed interest in this action, may intervene in the present litigation. As set forth in detail below, the Tribe should be entitled to intervene as of right pursuant to Rule 24(a) or permissively under Rule 24(b).

## DISCUSSION

### Cheyenne River Sioux Tribe Is Eligible To Intervene As of Right Pursuant To Federal Rule of Civil Procedure 24(a) and Permissively under Rule 24(b).

The Cheyenne River Sioux Tribe is entitled to intervene in this proceeding as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), in light of the fact that the Tribe has demonstrated that (1) its Motion to Intervene was timely, (2) the Tribe has a legally protected interest in the action, (3) the disposition of the action will threaten to impair or impede the Tribe's interest in the action, and (4) the Standing Rock Sioux Tribe cannot adequately represent its interests. *See, e.g., Fund for Animals v. Norton*, 322 F.3d 728, 732 (D.C. Cir. 2003) (citing *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998)).

Dakota Access makes no serious effort to argue otherwise. Conceding that the Tribe has a legally protected interest in this action and that disposition would impair that interest, Dakota Access's primary argument in opposition to the intervention of the Cheyenne River Sioux Tribe is its claim that the Tribe is adequately represented by the Standing Rock Sioux Tribe. For this proposition, Dakota Access strays far afield from the D.C. Circuit, cites only a 34-year old Seventh Circuit case and a district court decision from the Northern District of Texas, neither of which supports the oil company's position.[1] Most significantly, Dakota Access's reliance upon *Villas at*

---

[1] *See* ECF No. 17 (citing *Gautreaux v. Pierce*, 690 F.2d 616, 635 (7th Cir. 1982) (affirming denial of intervention where motion filed after settlement of class action and where proposed intervenor was permitted to offer evidence at fairness hearing); *Villas at Parkside Partners v. City of Farmer's Branch*, 245 F.R.D. 551, 554-55 (N.D. Tex. 2007)

*Parkside Partners v. City of Farmers Branch* cites the outdated and faulty premise that a proposed intervenor must show collusion or nonfeasance on the part of an existing party.  245 F.R.D. at 555.  This notion predates the 1966 amendment of Rule 24(a), which functionally shifted the burden of proving inadequacy to the party opposing intervention (7C Charles Alan Wright & Arthur R. Miller *Federal Practice and Procedure* § 1909 (3d ed. 2016) (explaining that the amendment to Rule 24(a) that entitles a party to intervention of right "'unless existing parties adequately represent that interest'" had the clear effect of shifting the burden of persuasion)) and defies the well-established rule, followed *in this Circuit* that a petitioner "ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation for the absentee" (*Fund for Animals*, 322 F.3d at 735 (quoting *Foster v. Gueory*, 655 F.2d 1319, 1325 (D.C. Cir. 1981)).

Furthermore, the fact that Standing Rock and Cheyenne River are "sister tribes" does not equate to adequacy of representation.  Although Standing Rock Sioux and Cheyenne River Sioux have similar claims and interests regarding PCN 4, the facts that relate to the primary claim in this matter — that the Corps failed its consultation obligation under Section 106 of the National Historic Preservation Act — are wholly distinct as between the two Tribes.  (*See* ECF No. 11 at pp. 5-7.)  The Standing Rock Sioux Tribe cannot adequately present the Cheyenne River Sioux Tribe's facts to the Court because the Standing Rock Sioux Tribe is uniquely committed to advancing the interests of the Standing Rock Sioux Tribe.  Governments exist to represent the interests of their citizens.  Consequently, as this Circuit repeatedly has acknowledged, even though interests may overlap, a government's first priority is its citizens and, hence, it cannot give a proposed intervenor's interests "the kind of primacy that the [intervenor] would give them." *Fund*

---

(denying intervention where proposed intervening had no interest in the subject action and could not establish that disposition would impair or impede any interest).

3

*for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.D.C. 2003) (holding that federal agency could not adequately represent interests of another sovereign nation's governmental agency despite alignment of interests); *see also*, *100Reporters LLC v. U.S. Dept. of Justice*, 307 F.R.D. 269, 279-80 (D.C. Cir. 2014) (holding that federal agency could not adequately represent interests of corporation despite alignment of intersts); *Navistar, Inc. v. Jackson*, 840 F.Supp.2d 357, 362 (D.D.C. 2012) (holding that federal agency could not adequately represent interests of corporations despite alignment of interests); *Friends of Animals v. Kempthorne*, 452 F.Supp.2d 34, 70 (D.D.C.2006) (holding that federal agency could not adequately represent interests of non-profit despite alignment of interests). Indeed, "to advance [a] narrower interest[] at the expense of its representation of the general public interest" would constitute a breach in a government's duty to the public interest of its citizens. *Id.* at 737. Furthermore, even though Standing Rock and Cheyenne River may have identical claims and currently agree on their litigation strategy as to the Motion for Preliminary Injunction, the parties remain free to change their strategies throughout the course of the litigation to best suit their individual sovereign nations. *See 100Reporters*, 307 F.R.D. at 280.

    Finally, the relief requested clearly demonstrates that Standing Rock cannot adequately represent Cheyenne River. The Cheyenne River Sioux Tribe has asked that the Court retain jurisdiction over this matter to ensure that the Corps complies with the law to engage in meaningful consultation with the government of the Cheyenne River Sioux Tribe, with which the Corps has a duty to consult that is separate from its duty to consult with the Standing Rock Sioux Tribe. ECF No. 11-2 at p. 44. To the extent that this relief is granted, the Cheyenne River Sioux Tribe cannot rely upon a separate tribal government to advance its particular interests and protect its right to

consultation. The Standing Rock Sioux Tribe cannot adequately represent the Cheyenne River Sioux Tribe's interests.

The oil company also half-heartedly contends that the Tribe's Motion to Intervene was not timely filed, ignoring that it was filed a mere 14 days after the initiation of the lawsuit and just *five days* after its own successful unopposed Motion to Intervene. Its claim that the Tribe's intervention would prejudice the "existing parties" also disregards the fact that the oil company is the only "existing party" who has opposed this motion, and, more importantly, that the Tribe's Complaint added no new claims or legal theories. Furthermore, as demonstrated by Applicant-Intervenor's Proposed Joinder to Plaintiff's Motion for Preliminary Injunction, filed herewith, the Tribe has joined the Plaintiff completely as to the law and it has duplicated the facts previously set forth in the Memorandum in Support of Motion to Intervene, except for three declarations further describing cultural and spiritual harm of the project and an additional declaration of Chairman Harold Frazier attaching documents. Dakota Access does not explain why this should cause it prejudice such that the Cheyenne River Sioux Tribe may not intervene here.

As Dakota Access offers this same argument in opposition to the Cheyenne River Sioux Tribe's intervention under Rule 24(b)(1)(B), it likewise fails to defeat the fact that the Tribe should be allowed to intervene permissively as well.

## CONCLUSION

For the foregoing reasons, and those stated in their Motion, Defendants respectfully request that this Court: (i) grant the Cheyenne River Sioux Tribe's Motion to Intervene as of right under Rule 24(a); or (ii) in the alternative, permit the Tribe intervene under Rule 24(b)(1)(B).

Dated: August 16, 2016

          CHEYENNE RIVER SIOUX TRIBE, Intervenor,

By:    */s/ Conly J. Schulte*
Conly J. Schulte
Fredericks Peebles & Morgan LLP
1900 Plaza Drive
Louisville, CO 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9839
Email: cschulte@ndnlaw.com

   */s/ Nicole E. Ducheneaux*
Nicole E. Ducheneaux, *Pro Hac Vice*
Fredericks Peebles & Morgan LLP
3610 North 163rd Plaza
Omaha, NE 68116
Telephone: (402) 333-4053
Facsimile: (402) 333-4761
Email: nducheneaux@ndnlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of August, 2016, a copy of the foregoing was filed electronically with the Clerk of the Court. The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.

   */s/ Nicole E. Ducheneaux*