IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**STANDING ROCK SIOUX TRIBE,**

                **Plaintiff,**

    v.

**U.S. ARMY CORPS OF ENGINEERS,**

                **Defendant.**

Case No. 1:16-cv-1534-JEB

## APPLICANT-INTERVENOR CHEYENNE RIVER SIOUX TRIBE'S JOINDER TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The Cheyenne River Sioux Tribe ("Tribe") hereby joins the Standing Rock Sioux Tribe's Motion for Preliminary Injunction, filed by Plaintiff pursuant to LCvR 65.1 on August 4, 2016 to preliminarily enjoin the U.S. Army Corps of Engineers ("Corps") to withdraw Nationwide Permit 12 as applied to the Dakota Access Pipeline to discharge in federally-regulated waters at 204 sites along the pipeline route.  ECF No. 5.  The Tribe joins the Standing Rock Sioux Tribe's Motion for Preliminary Injunction as to statements of law and legal argument set forth in Standing Rock's Memorandum in Support of Motion for Preliminary Injunction.  ECF No. 6.  The Cheyenne River Sioux Tribe also sets forth below facts specific to the Cheyenne River Sioux Tribe contained in (1) declarations and exhibits thereto of Chairman Harold Frazier, Steve Vance, and Joye Braun previously filed in conjunction with the Tribe's Motion to Intervene, and (2) additional fact declarations of tribal members Robert Walters, Dave Nelson, Chairman Harold Frazier and Melvin Garreau, Sr.

## INTRODUCTION

The history of the United States and the Cheyenne River Sioux Tribe has been defined by the United States' repeated failure to honor its legal obligations to respect Tribal lands and sacred places.  From the United States' illegal abrogation of the 1868 Treaty of Fort Laramie which wrested the sacred Black Hills from the Great Sioux Nation[1] to the unconsented inundation of more than 100,000 acres of the most valuable and culturally significant land on the Cheyenne River Sioux Reservation by the Army Corps of Engineers in the 1950s,[2] the United States has prioritized non-Indian commerce and unsustainable development over its legal obligations to the Lakota people generally and the Cheyenne River Sioux Tribe specifically.  The harms done in 1877 and 1959 cannot be repaired.  The law as it exists will not allow the Black Hills to be un-taken[3] nor would it undo the effects of the mining and development that spoiled so many of the sacred places therein. And though the dam may someday be breached, the remnants and artifacts of the Cheyenne River Sioux Tribe's cultural and spiritual life along the free-flowing banks of the Missouri River are buried deep in the silt and will not soon be uncovered.

For this reason, the lands upon which the oil pipeline company here wishes to dig are especially important to the Tribe because these lands encompass an area of unique cultural and spiritual significance to the Tribe that was spared from the Corps' deluge 60 years ago.  The site is

---

[1]  The United Supreme Court has affirmed that the Act of Feb. 28, 1877, 19 Stat. 254, in which the United States Congress validated the intrusion of gold prospectors and settlers into the Black Hills, was an unlawful taking that illegally abrogated the 1868 Treaty of Fort Laramie. *See generally*, *United States v. Sioux Nation of Indians*, 448 U.S. 371 (1980).

[2]  *See generally*, MICHAEL L. LAWSON, DAMMED INDIANS REVISITED 25 (2009).

[3]  Although the Supreme Court affirmed the award of monetary compensation in the amount of $17 million in 1980 for the unlawful taking in *Sioux Nation*, 448 U.S. 371 (1980), the successors of the Great Sioux Nation, including the Tribe, have refused validate the unlawful taking by drawing from the account.  Instead, the Tribes that comprise the Great Sioux Nation look forward to the eventual return of their sacred lands.  The Black Hills settlement account currently contains as much as **$1.3 billion** that the Great Sioux Nation will not touch.  *"It Doesn't Seem Very Fair, Because We Were Here First": Resolving the Sioux Nation Black Hills Land Dispute and the Potential for Restorative Justice to Facilitate Government-to-Government Negotiations*, 16 Cardozo J. Conflict Resol. 651, 658.

adjacent to a series of sacred stones around which the ancestors of the Cheyenne River Sioux Tribe congregated, worshipped, and buried their dead from time immemorial.  Vance Decl., ECF No. 11-1, at ¶¶ 17, 21.  The Cheyenne River Sioux Tribe strenuously disagrees with the opinion of the non-Indian archeological consultants hired by the oil pipeline company and relied upon by the Corps that the site where they intend to dig their pipeline is not culturally or spiritually significant to the Cheyenne River Sioux Tribe.  Lacking the input of the Cheyenne River Sioux Tribe, whose culture and spirituality are at issue, the consultants' opinion is of no value.

As the Standing Rock Sioux Tribe has explained, in the absence of an injunction, the pipeline will cross the Tribe's ancestral territory and gouge a trench into lands that are sacred to the four bands of the Cheyenne River Sioux Tribe and home to unassessed cultural and spiritual artifacts.  Vance Dec., ECF No. 11-1 at ¶¶ 16, 39.  Loss of these sites would cause irreparable, and avoidable, injury to the Tribe and its members.   Significantly, Dakota Access has initiated construction over the objection of at least two other federal agencies that have called for more thorough environmental review and, even though the regulatory process remains incomplete, numerous lawsuits have  been filed against it, and significant public controversy surrounds the project.  DAPL seeks to  render the legal dispute moot by finalizing construction before the Tribe can be heard.  It has  explicitly chosen to initiate this work at its own risk, and, as a result, the balance of harms and  public interest tip in the Tribe's favor.  A preliminary injunction is warranted.

## **FACTUAL BACKGROUND**

I. **THE CHEYENNE RIVER SIOUX TRIBE AND THE CONTROVERSY OVER DAPL**

The Cheyenne River Sioux Tribe hereby incorporates by reference generally the facts set forth in the Standing Rock Sioux Tribe's Memorandum in Support of Motion for Preliminary Injunction at ECF No. 6, pp. 8-10, and specifically the facts set forth in its Memorandum in Support

of Motion to Intervene at ECF No. 11, at pp. 2-7; ECF Nos. 11-1; 11-7; and 11-11; *see also* Declaration of Robert Walters, Declaration of Dave Nelson and Declaration of Melvin Garreau, Sr. filed herewith.

## II.   THE CORPS' FLAWED § 106 CONSULTATION PROCESS

The Cheyenne River Sioux Tribe hereby incorporates by reference generally the facts set forth in the Standing Rock Sioux Tribe's Memorandum in Support of Motion for Preliminary Injunction at ECF No. 6, pp. 16-17, and specifically the facts set forth in the Cheyenne River Sioux Tribe's Memorandum in Support of Motion to Intervene at ECF No. 11 at pp. 5-7; ECF Nos. 11-1; 11-2; 11-3; 11-4; 11-5; 11-6; 11-7; 11-8; 11-9; and 11-10; *see also* Declaration of Chairman Harold Frazier filed herewith.

## III.   THE CORPS' JULY 25, 2016 VERIFICATION DECISIONS

The Cheyenne River Sioux Tribe hereby incorporates by reference generally the facts set forth in the Standing Rock Sioux Tribe's Memorandum in Support of Motion for Preliminary Injunction at ECF No. 6, pp. 17-18, and specifically the facts set forth in the Cheyenne River Sioux Tribe's Memorandum in Support of Motion to Intervene at ECF No. 11 at p. 6; ECF Nos. 11-1 and 11-5.

## CONCLUSION

For the foregoing reasons, the Cheyenne River Sioux Tribe respectfully requests this Court GRANT Plaintiff's motion for a preliminary injunction.

Dated:  August 16, 2016

        Respectfully submitted,

        */s/ Conly J. Schulte*
        Conly J. Schulte
        Fredericks Peebles & Morgan LLP
        1900 Plaza Drive
        Louisville, CO  80027
        Telephone:  (303) 673-9600
        Facsimile:  (303) 673-9839
        Email:  cschulte@ndnlaw.com

        */s/ Nicole E. Ducheneaux*
        Nicole E. Ducheneaux, *Pro Hac Vice*
        Fredericks Peebles & Morgan LLP
        3610 North 163rd Plaza
        Omaha, NE  68116
        Telephone:  (402) 333-4053
        Facsimile:  (402) 333-4761
        nducheneaux@ndnlaw.com

        *Attorneys for Applicant-Intervenor*
        *Cheyenne River Sioux Tribe*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of August, 2016, a copy of the foregoing was filed electronically with the Clerk of the Court.  The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.

        */s/ Nicole E. Ducheneaux*