Case No. 1:16-cv-1534-JEB

# CHEYENNE RIVER SIOUX TRIBE

# EXHIBIT 2

Case No. 1:16-cv-1534-JEB

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE and CHEYENNE RIVER SIOUX TRIBE,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>Defendant. | Case No. 1:16-cv-1534-JEB |

**DECLARATION OF DAVE NELSON IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

I. QUALIFICATIONS AND RELEVANT EXPERIENCE

1. My name is Dave Nelson. I am an enrolled member of the Cheyenne River Sioux Tribe. I currently reside on the Cheyenne River Sioux Reservation.

2. I currently serve as the Cheyenne River Sioux Tribe's Environmental Director/Research Specialist. I have worked for the Tribe in the Department of Environment and Natural Resources for over twenty-six (26) years, twenty-five of which have been in my current position as Director. During my tenure as Director of the Tribe's Environmental Protection

agency I have attended numerous training courses related to water protection and safety, NEPA issues, and Section 106 surveys.

3. My current job duties include conducting site inspections, environmental reclamation and clean-up, testing water sources for pollutant contamination, water pollution prevention activities, and water reclamation and pollutant clean-up. I am also responsible for assisting the Tribe in the development and implementation of its proposed water quality and safety regulations. Finally, as part of my normal job duties I have undertaken Section 106 historical site identification projects and am often required to work closely with the Tribe's Historic Preservation Office.

4. I have reviewed numerous documents related to the Dakota Access Pipeline (DAPL). I am familiar with the determination of the U.S. Corps of Army Engineers to issue a permit to allow construction and operation of DAPL. I have first-hand knowledge of the proposed pipeline route, current construction site, and am very familiar with the area and physical landscape through which the pipeline will travel.

II. HISTORIC AND CULTURAL SIGNIFICANCE OF THE MISSOURI RIVER WATER SYSTEM.

5. Historically the ancestors of the Cheyenne River Sioux Tribe lived in communities along the banks of the Missouri river and its tributaries. As a result, numerous archeological sites exist along the historic banks of the water system. Numerous important historical, cultural, and spiritual sites were flooded after the construction of the Oahe Dam in the mid twentieth century. Meaning that there exists unknown numbers of important historic, cultural and spiritual sites beneath the waters of the proposed DAPL pipeline crossing. To my knowledge these potential sites have not been adequately surveyed to ensure their safety. These places are of significant historical importance to the Tribe and its members.

6. The water of the Missouri river and its tributaries is an essential component of many traditional Lakota cultural and spiritual practices. Water from these sources is gathered by tribal members and used in numerous traditional ceremonies. The Missouri River and its tributaries serve a central role in the life of the Tribe and its individual tribal members. It is an irreplaceable resource for the Tribe.

7. The Cheyenne River Sioux Reservation is located immediately downstream of the proposed pipeline construction site. The future of the Tribe and its members depends on the ability to have access to clean, safe water from the Missouri River and its many tributaries.

### III. HISTORICAL, CULTURAL, AND RELIGIOUS SIGNIFICANCE OF THE PIPELINE CONSTRUCTION SITE.

8. The proposed construction route of the DAPL project includes the tribe's 1851 and 1868 Treaty territory. The land is the Cheyenne River Sioux Tribe's historic homeland which cannot be replaced. The land on which construction will take place has a high potential of containing culturally significant plants, the gathering of which is a treaty protected right, as well as undiscovered ancient and historical cultural and spiritual sites, which would likely be destroyed as a result of construction activities.

### IV. THE CHEYENNE RIVER SIOUX TRIBE AND ITS INDIVIDUAL TRIBAL MEMBERS WILL BE IRREPARABLY HARMED BY THE CONSTRUCTION AND OPERATION OF THE PIPELINE.

9. If construction is allowed to continue it is my opinion that the Tribe and its individual tribal members will be permanently and irrevocably harmed. For instance, the proposed use of explosives on the river bed to construct the pipeline water crossing has a high likelihood of destroying or irreversibly damaging any unidentified historic and/or spiritual sites on the

flooded riverbed. Construction operations will also most likely destroy plants located in the area, thereby prohibiting tribal members from exercising their treaty protected right to gather such plants. Finally, due to the presence of historic pollutants on the river bed and the adjacent banks from old mine tailings, such as arsenic, I fear that construction and pipeline operation activities will contaminate the region's water in such a way that would negatively impact the Tribe's and its members' ability to conduct traditional medicinal and spiritual ceremonies and practices.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on August 16, 2016, at Eagle Butte, South Dakota.

_____
Dave Nelson