**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

STANDING ROCK SIOUX TRIBE        §
                                 §
        Plaintiff,               §
                                 §
v.                               §
                                 §        **Case No. 1:16-CV-01534-JEB**
                                 §
U.S. ARMY CORPS OF ENGINEERS     §
                                 §
        Defendant.               §
                                 §
                                 §

**INTERVENOR DAKOTA ACCESS, LLC's
ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

COMES NOW, Intervenor Defendant Dakota Access, LLC ("Dakota Access"), by and through its attorneys Norton Rose Fulbright US LLP and Nossaman LLP, and as for its Answer and Defenses to Standing Rock Sioux Tribe's Complaint for Declaratory and Injunctive Relief dated July 27, 2016, (Case No. 1:16-cv-01534, Dkt. No. 1) ("Complaint") in the above-captioned case, aver as follows and, unless specifically answered otherwise, deny each and every allegation of the Complaint.

**INTRODUCTION**

1.      Paragraph 1 characterizes Plaintiff's statement of the case, to which no response is required.  Dakota Access admits that the Standing Rock Sioux Tribe is a federally-recognized American Indian Tribe.  To the extent these sentences are deemed to contain additional facts and allegations of violations of laws, such facts and allegations are denied.

2.      Paragraph 2 characterizes Plaintiff's statement of the case, to which no response is required.  Paragraph 2 contains conclusions of law to which no response is required.  To the extent paragraph 2 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

3.      Dakota Access avers that on July 25, 2016 the U.S. Army Corps of Engineers ("Corps") issued certain federal verifications and authorizations, but denies the remainder of the

allegations as vague or ambiguous.  Paragraph 3 contains conclusions of law to which no response is required.  To the extent paragraph 3 is deemed to contain additional facts and allegations of violations of laws, such facts and allegations are denied.

4.     Paragraph 4 contains Plaintiff's characterization of its claims, legal conclusions, and request for relief, to which no response is required.  To the extent paragraph 4 is deemed to contain additional facts and allegations of violations of laws, such facts and allegations are denied.

## JURISDICTION AND VENUE

5.     Paragraph 5 contains conclusions of law to which no response is required.  To the extent paragraph 5 is deemed to contain facts, such facts are denied.

6.     Paragraph 6 contains conclusions of law to which no response is required.  To the extent paragraph 6 is deemed to contain facts, such facts are denied.

## PARTIES

7.     Dakota Access is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore denies the same.

8.     Dakota Access is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore denies the same.

9.     Dakota Access is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore denies the same.

10.    Dakota Access admits the allegations in paragraph 10.

11.    Paragraph 11 contains conclusions of law to which no response is required.

## STATUTORY AND REGULATORY BACKGROUND

## I.    THE CLEAN WATER ACT

12.    Paragraph 12 contains allegations that purport to characterize the Clean Water Act, a statute that speaks for itself and contains the best evidence of its contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute.

13.    Paragraph 13 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best

evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

14.     Paragraph 14 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

15.     Paragraph 15 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

## II.     THE RIVERS AND HARBORS ACT

16.     Paragraph 16 contains allegations that purport to characterize the Rivers and Harbors Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

17.     Paragraph 17 contains allegations that purport to characterize the Rivers and Harbors Act, a statute that speaks for itself and contains the best evidence of its contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

18.     Paragraph 18 contains allegations that purport to characterize the Rivers and Harbors Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

19.     Paragraph 19 contains allegations that purport to characterize the Rivers and Harbors Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

III.    THE NATIONAL HISTORIC PRESERVATION ACT

    20.    Paragraph 20 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

    21.    Paragraph 21 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

    22.    Paragraph 22 contains allegations that purport to characterize the National Historic Preservation Act, a statute that speaks for itself and contains the best evidence of its contents. Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute.

    23.    Paragraph 23 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

    24.    Paragraph 24 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

    25.    Paragraph 25 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

    26.    Paragraph 26 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and

contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

27.     Paragraph 27 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

28.     Paragraph 28 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

29.     Paragraph 29 contains allegations that purport to characterize the U.S. Army Corps of Engineers procedures for analysis of historic properties as required by the National Historic Preservation Act, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.  Dakota Access denies the remaining allegations of paragraph 29.

30.     Paragraph 30 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

31.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and denies them on that basis.

IV.     **THE NATIONAL ENVIRONMENTAL POLICY ACT**

32.     Paragraph 32 contains allegations that purport to characterize the National Environmental Policy Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

33.     Paragraph 33 contains allegations that purport to characterize the National Environmental Policy Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

34.     Paragraph 34 contains allegations that purport to characterize the National Environmental Policy Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

35.     Paragraph 35 contains allegations that purport to characterize the National Environmental Policy Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

36.     Paragraph 36 contains allegations that purport to characterize the National Environmental Policy Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

37.     Paragraph 37 contains allegations that purport to characterize the National Environmental Policy Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

## FACTUAL ALLEGATIONS

### I.     INTERESTS OF THE STANDING ROCK SIOUX TRIBE

38.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and denies them on that basis.

39.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and denies them on that basis.  Paragraph 39 contains

conclusions of law to which no response is required.  To the extent paragraph 39 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

40.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and denies them on that basis.

41.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and denies them on that basis.

42.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and denies them on that basis.

## II.     THE CORPS' ISSUANCE OF NWP 12

43.     Paragraph 43 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.  Paragraph 43 contains conclusions of law to which no response is required.

44.     Paragraph 44 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.  Dakota Access admits that the Corps considers crude oil pipelines to be covered by NWP 12.

45.     Paragraph 45 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

46.     Paragraph 46 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

47.     Paragraph 47 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

48.     Paragraph 48 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

### III.    FACTS RELEVANT TO CHALLENGE TO NWP 12

49.     Dakota Access admits that DAPL is routed across North Dakota, South Dakota, Iowa, and Illinois.  Dakota Access avers that DAPL is 1172 miles long, and that DAPL will have a capacity of 570,000 barrels of crude oil per day, making it one of largest crude oil pipelines in the nation, carrying over half of the current capacity of North Dakota's oil production.

50.     Dakota Access admits DAPL is routed through North Dakota, but is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations contained in paragraph 50 of the Complaint, and on that basis denies the allegations.  Dakota Access further denies the allegations in paragraph 50 as vague or ambiguous.

51.     Dakota Access is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and on that basis denies the allegations.  Dakota Access avers that DAPL is 1172 miles long, but denies the rest of the allegations in paragraph 51 related to the process and effects of constructing DAPL as vague or ambiguous.

52.     Dakota Access admits to have completed cultural resource surveys pursuant to state and federal law and regulations.  As for the rest of the allegations in paragraph 52 of the Complaint, Dakota Access is without knowledge or information sufficient to form a belief as to their truth, and on that basis denies the allegations.

53.     Dakota Access is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint, and on that basis denies the allegations.

54.     Dakota Access avers that its route through North Dakota is roughly 357 miles and denies any allegation inconsistent with this averment.  Paragraph 54 further purports to characterize documents in the written public record that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.  Dakota Access denies the rest of the allegations in paragraph 54 as vague or ambiguous.

55.     Dakota Access avers that its route through South Dakota is approximately 274 miles. Paragraph 55 purports to characterize documents in the written public record that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.

56.     Dakota Access denies the allegations in paragraph 56 as vague or ambiguous.

57.     Dakota Access denies the allegations in paragraph 57 as vague or ambiguous.

58.     Dakota Access denies each and every allegation in paragraph 58.

59.     Dakota Access admits that the Corps issued certain documents on July 25, 2016. However, paragraph 59 purports to characterize documents in the written public record that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.  Dakota Access denies the rest of the allegations in paragraph 59 as vague or ambiguous.

60.     Dakota Access denies that the Tribe has repeatedly expressed concerns to the Corps regarding construction in waters of the United States pursuant to NWP 12 without any section 106 consultation on historic impacts.  Dakota Access is without knowledge or information sufficient to form a belief as to the truth of the rest of allegations contained in paragraph 60 of the Complaint, and on that basis denies the allegations.

61.     Paragraph 61 purports to characterize written correspondence between the Corps and the Tribe, which speaks for itself and is the best evidence of its contents. Dakota Access denies any allegations inconsistent with the plain language and meaning of the correspondence.

62.     Dakota Access is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and on that basis denies the allegations.

63.     Dakota Access is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and on that basis denies the allegations.

64.     Dakota Access denies each and every allegation in paragraph 64.

65.     Paragraph 65 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents. Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations. Dakota Access is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations contained in paragraph 65 of the Complaint, and on that basis denies the allegations.

66.     Paragraph 66 purports to characterize written communications between the ACHP and the Corps, which speak for themselves and are the best evidence of their contents. Dakota Access denies any allegations inconsistent with the plain language and meaning of the communications.

67.     Dakota Access denies the allegations in paragraph 67 as vague or ambiguous.

68.     Dakota Access denies the allegations in paragraph 68 as vague or ambiguous.

## IV.     GENERAL FACTS REGARDING THE CORPS' ISSUANCE OF THE §408 PERMITS AND CWA VERIFICATIONS

69.     Paragraph 69 contains allegations that purport to characterize a U.S. Army Corps of Engineers Environmental Assessment ("EA"), Finding of No Significant Impact ("FONSI"), and § 408 authorizations, documents in the written public record that speak for themselves and contain

the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.

70.     Dakota Access admits that it provided notice to tribes that certain construction on DAPL would begin on July 30, 2016.  As for the rest of Paragraph 70, it contains allegations that purport to characterize a Corps Environmental Assessment ("EA"), Finding of No Significant Impact ("FONSI"), and § 408 authorizations, documents in the written public record that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.  Dakota Access denies any other allegations in paragraph 70.

71.     Dakota Access admits that it provided notice to tribes that certain construction on DAPL would begin on August 1, 2016.  As for the rest of Paragraph 71, it contains allegations that purport to characterize Corps CWA and RHA verifications related to DAPL, agency-issued documents in the written public record that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.  Dakota Access denies any other allegations in paragraph 71.

72.     Paragraph 72 contains allegations that purport to characterize documents in the written public record that speak for themselves and contain the best evidence of their contents. Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.  Dakota Access denies the rest of the allegations in Paragraph 72 as vague or ambiguous.

73.     Paragraph 73 contains allegations that purport to characterize U.S. Fish and Wildlife Service ("FWS") draft and final EAs and FONSIs related to DAPL, agency-issued documents in the written public record that speak for themselves and are the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.

74.     Dakota Access admits that the current proposed route for DAPL crosses Lake Oahe. As for the rest of the allegations in paragraph 74, Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of those allegations and denies them on that basis.

75.     Dakota Access denies the allegation that pipeline leaks and spills are routine in both new and old pipelines.  Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the rest of the allegations in paragraph 75 and denies them on that basis.

76.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 76 and denies them on that basis.  Dakota Access also denies the allegations in paragraph 76 as vague or ambiguous.

77.     Dakota Access denies the allegations in paragraph 77 as vague or ambiguous.

78.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 78 and denies them on that basis.

79.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 79 and denies them on that basis.

80.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 80 and denies them on that basis.

## V.     SPECIFIC FACTS RELATED TO NHPA COMPLIANCE FOR JULY 25, 2016 AUTHORIZATIONS

81.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 81 and denies them on that basis.  Dakota Access denies Plaintiff's allegation regarding risk of development of the DAPL oil pipeline on sites eligible for listing in the National Register.

82.     Paragraph 82 contains conclusions of law to which no response is required.  To the extent paragraph 82 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.  Dakota Access denies the rest of the facts and allegations in paragraph 82 as vague or ambiguous.

83.      Dakota Access denies the facts and allegations in paragraph 83 as vague or ambiguous.

84.      Paragraph 84 contains conclusions of law to which no response is required.  To the extent paragraph 84 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.  Dakota Access denies the rest of the facts and allegations in paragraph 84 as vague or ambiguous.  Paragraph 84 also contains allegations that purport to characterize documents in the written public record that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.

85.      Paragraph 85 contains conclusions of law to which no response is required.  To the extent paragraph 85 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

86.      Dakota Access denies each and every allegation in paragraph 86.

87.      Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 87 and denies them on that basis.

88.      Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 88 and denies them on that basis.

89.      Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 89 and denies them on that basis.

90.      Dakota Access avers that the Corps sent the SRST THPO a letter regarding § 106 consulting on or around February 17, 2015.  Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the rest of the allegations in paragraph 90 and denies them on that basis.

91.      Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 91 and denies them on that basis.  Dakota Access also denies the allegations in paragraph 91 as vague or ambiguous.

92.      Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 92 and denies them on that basis.

93.      Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 93 and denies them on that basis.

94.      Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 94 and denies them on that basis.

95.      Dakota Access denies the allegations in paragraph 95 as vague or ambiguous.

96.      Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 96 and denies them on that basis.  Dakota Access also denies the allegations in paragraph 96 as vague or ambiguous.

97.      Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 97 related to the Corps and denies them on that basis.  As to Dakota Access, Dakota Access denies the allegations in paragraph 97 as vague or ambiguous.

98.      To the extent paragraph 98 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.  Dakota Access denies the rest of the allegations in paragraph 98 as vague or ambiguous.

99.      Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 and denies them on that basis.

100.      Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100 and denies them on that basis.

101.      Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 and denies them on that basis.

102.      Dakota Access admits that the Corps and SRST archeologists had a consultation meeting on March 7, 2016. As to the rest of the allegations in paragraph 102, Dakota Access lacks information and knowledge sufficient to form a belief as to their truth and denies them on that basis.

103.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 103 and denies them on that basis.

104.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 104 and denies them on that basis.

105.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 105 regarding communications between Chairman Archambault and Colonel Henderson and denies them on that basis.  Dakota Access admits that the Corps determined that no historic properties were affected by construction on the Lake Oahe crossing.

106.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 106 and denies them on that basis.

107.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 and denies them on that basis.

108.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 and denies them on that basis.

109.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 and denies them on that basis.

110.     Paragraph 110  contains allegations that purport to characterize documents in the written public record that speak for themselves and contain the best evidence of their contents. Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.

111.     Paragraph 111 contains conclusions of law to which no response is required.  To the extent paragraph 111 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.  To the extent the allegations in paragraph 111 do not contain conclusions of law, Dakota Access denies them as vague or ambiguous.

## VI.  SPECIFIC FACTS RELATED TO NEPA COMPLIANCE FOR JULY 25, 2016 AUTHORIZATIONS

112.    Dakota Access denies the allegations in paragraph 112 as vague or ambiguous.  To the extent paragraph 112 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

113.    Paragraph 113 contains allegations that purport to characterize documents in the written public record that speak for themselves and contain the best evidence of their contents, and Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.  To the extent that the allegations in Paragraph 113 do not purport to characterize documents in the written public record, Dakota Access denies them as vague or ambiguous.

114.    Paragraph 114 contains allegations that purport to characterize a document in the written public record that speaks for itself and contains the best evidence of its contents. Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned document.  Dakota Access denies any other allegations in paragraph 114 as vague or ambiguous.

115.    Paragraph 115 contains allegations that purport to characterize documents in the written public record that speak for themselves and contain the best evidence of their contents, and Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.  Paragraph 115 also contains conclusions of law to which no response is required.  To the extent paragraph 115 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

116.    Paragraph 116 contains allegations that purport to characterize a document in the written public record that speaks for itself and contains the best evidence of its contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned document.

117.     Paragraph 117 contains allegations that purport to characterize a document in the written public record that speaks for itself and contains the best evidence of its contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned document.  Paragraph 117 also contains conclusions of law to which no response is required.  To the extent paragraph 117 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

118.     Dakota Access denies the allegations in paragraph 118 as vague or ambiguous.

119.     Paragraph 119 contains allegations that purport to characterize documents in the written public record that speaks for itself and contains the best evidence of its contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned document.

120.     Paragraph 120 contains allegations that purport to characterize documents in the written public record that speaks for itself and contains the best evidence of its contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.

121.     Paragraph 121 contains allegations that purport to characterize documents in the written public record that speaks for itself and contains the best evidence of its contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned document.

**VII.     SPECIFIC FACTS RELATED TO CWA/RHA COMPLIANCE FOR JULY 25, 2016 AUTHORIZATIONS**

122.     Dakota Access denies the allegations in Paragraph 122 as vague or ambiguous.  To the extent paragraph 122 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

123.     Dakota Access denies the allegations in Paragraph 123 as vague or ambiguous.  Paragraph 123 also contains conclusions of law to which no response is required.  To the extent

paragraph 123 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

124.     Dakota Access denies the allegations in Paragraph 124 as vague or ambiguous. Paragraph 124 also contains conclusions of law to which no response is required.  To the extent paragraph 124 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

125.     Paragraph 125 contains allegations that purport to characterize documents in the written public record that speak for themselves and contain the best evidence of their contents. Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.

126.     Paragraph 126 contains conclusions of law to which no response is required.  To the extent paragraph 126 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

127.     Dakota Access denies the allegations in Paragraph 127 as vague or ambiguous. Paragraph 127 also contains conclusions of law to which no response is required.  To the extent paragraph 127 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

## CLAIMS FOR RELIEF

**I.     FIRST CLAIM FOR RELIEF – FAILURE TO CONSULT UNDER § 106 OF THE NHPA**

128.     Dakota Access reincorporates the answers to allegations in all preceding paragraphs.

129.     Paragraph 129 contains conclusions of law to which no response is required.  To the extent paragraph 129 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

130.     Paragraph 130 contains conclusions of law to which no response is required.  To the extent paragraph 130 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

131.     Paragraph 131 contains conclusions of law to which no response is required.  To the extent paragraph 131 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

132.     Dakota Access admits the allegation in paragraph 132.

133.     Paragraph 133 contains conclusions of law to which no response is required.  To the extent paragraph 133 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

## II.     SECOND CLAIM FOR RELIEF – UNLAWFUL ABDICATION OF § 106 RESPONSIBILITIES

134.     Dakota Access reincorporates the answers to allegations in all preceding paragraphs.

135.     Paragraph 135 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

136.     Paragraph 136 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

137.     Paragraph 137 contains conclusions of law to which no response is required.  To the extent paragraph 137 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

138.     Paragraph 138 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and

contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

139.     Paragraph 139 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

140.     Paragraph 140 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.  Paragraph 140 contains conclusions of law to which no response is required.  To the extent paragraph 140 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

141.     Paragraph 141 contains conclusions of law to which no response is required.  To the extent paragraph 141 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

142.     Paragraph 142 contains conclusions of law to which no response is required.  To the extent paragraph 142 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

143.     Paragraph 143 contains conclusions of law to which no response is required.  To the extent paragraph 143 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

144.     Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 and denies them on that basis.

145.     Dakota Access admits the allegations in paragraph 145.

146.     Paragraph 146 contains conclusions of law to which no response is required.  To the extent paragraph 146 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

III.    **THIRD CLAIM FOR RELIEF – FAILURE TO REQUIRE CONSIDERATION OF INDIRECT EFFECTS UNDER § 106**

147.    Dakota Access reincorporates the answers to allegations in all preceding paragraphs.

148.    Paragraph 148 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

149.    Paragraph 149 contains conclusions of law to which no response is required.  To the extent paragraph 149 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

150.    Paragraph 150 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

151.    Paragraph 151 contains conclusions of law to which no response is required.  To the extent paragraph 151 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.  Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 151 and denies them on that basis.

152.    Dakota Access admits the allegations in paragraph 152.

153.    Paragraph 153 contains conclusions of law to which no response is required.  To the extent paragraph 153 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

IV.    **FOURTH CLAIM FOR RELIEF – VIOLATIONS OF NATIONAL HISTORIC PRESERVATION ACT WITH RESPECT TO JULY 25, 2016 VERIFICATIONS AND § 408 PERMITS**

154.    Dakota Access reincorporates the answers to allegations in all preceding paragraphs.

**A.      Incorrect Definition of "Area of Potential Effects"**

155.    Paragraph 155 contains conclusions of law to which no response is required.  To the extent paragraph 155 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

156.    Paragraph 156 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

157.    Paragraph 157 contains conclusions of law to which no response is required.  To the extent paragraph 157 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

158.    Dakota Access denies the allegations in paragraph 158 as vague or ambiguous.

159.    Paragraph 159 contains conclusions of law to which no response is required.  To the extent paragraph 159 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.  Dakota Access denies the rest of the allegations in paragraph 159 as vague or ambiguous.

160.    Paragraph 160 contains conclusions of law to which no response is required.  To the extent paragraph 160 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

161.    Paragraph 161 contains conclusions of law to which no response is required.  To the extent paragraph 161 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

**B.      Inadequate § 106 Consultation**

162.    Paragraph 162 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

163.     Paragraph 163 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

164.     Paragraph 164 contains conclusions of law to which no response is required.  To the extent paragraph 164 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

165.     Dakota Access denies the allegations in paragraph 165 as vague or ambiguous.  To the extent paragraph 165 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

166.     Dakota Access denies the allegations in paragraph 166 as vague or ambiguous. Paragraph 166 contains conclusions of law to which no response is required.  To the extent paragraph 166 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

167.     Dakota Access denies the allegations in paragraph 167 as vague or ambiguous.

168.     Paragraph 168 contains allegations that purport to characterize documents in the written public record that speaks for itself and contains the best evidence of its contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.  Dakota Access lacks information and knowledge sufficient to form a belief as to the truth of the rest of the allegations in paragraph 168 and denies them on that basis.

169.     Dakota Access denies the allegations in paragraph 169 as vague or ambiguous. Dakota Access also lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 169 and denies them on that basis.

170.     Paragraph 170 contains conclusions of law to which no response is required.  To the extent paragraph 170 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

171.     Dakota Access also lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 171 and denies them on that basis.  Paragraph 171 contains conclusions of law to which no response is required.  To the extent paragraph 171 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

172.     Dakota Access also lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 172 and denies them on that basis.  Paragraph 172 contains conclusions of law to which no response is required.  To the extent paragraph 172 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.  Paragraph 172 contains allegations that purport to characterize the National Historic Preservation Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

173.     Dakota Access denies the allegations in paragraph 173 as vague or ambiguous.  To the extent paragraph 173 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

174.     Paragraph 174 contains conclusions of law to which no response is required.  To the extent paragraph 174 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

**C.     No § 106 Consultation for Verification**

175.     Paragraph 175 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

176.     Dakota Access also lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 176 and denies them on that basis.  To the extent paragraph 176 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

177.     Paragraph 177 contains conclusions of law to which no response is required.  To the extent paragraph 177 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

## V.     FIFTH CLAIM FOR RELIEF – VIOLATIONS OF NEPA WITH RESPECT TO JULY 25, 2016 VERIFICATIONS AND § 408 PERMITS

178.     Dakota Access reincorporates the answers to allegations in all preceding paragraphs.

### A.     <u>Failure to Consider Indirect Effects of Missouri River Crossings</u>

179.     Paragraph 179 contains conclusions of law to which no response is required.  To the extent paragraph 179 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

180.     Paragraph 180 contains conclusions of law to which no response is required.  To the extent paragraph 180 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

181.     Paragraph 181 contains conclusions of law to which no response is required.  To the extent paragraph 181 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

182.     Paragraph 182 contains conclusions of law to which no response is required.  To the extent paragraph 182 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

### B.     <u>Unlawful Segmentation of Project Components</u>

183.     Paragraph 183 contains allegations that purport to characterize the National Environmental Policy Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

184.     Paragraph 184 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best

evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

185.    Paragraph 185 contains conclusions of law to which no response is required.  To the extent paragraph 185 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

186.    Paragraph 186 contains allegations that purport to characterize documents in the written public record that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.

187.    Paragraph 187 contains conclusions of law to which no response is required.  To the extent paragraph 187 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

188.    Paragraph 188 contains conclusions of law to which no response is required.  To the extent paragraph 188 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

C.    **Arbitrary Economic Analysis**

189.    Paragraph 189 contains allegations that purport to characterize the National Environmental Policy Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

190.    Paragraph 190 contains allegations that purport to characterize the National Environmental Policy Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

191.    Paragraph 191 contains allegations that purport to characterize documents in the written public record that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the

aforementioned documents.  Paragraph 191 contains conclusions of law to which no response is required.  To the extent paragraph 191 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

192.   Paragraph 192  contains allegations that purport to characterize documents in the written public record that speak for themselves and contain the best evidence of their contents. Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.

193.   Paragraph 193 contains conclusions of law to which no response is required.  To the extent paragraph 193 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

## VI.   SIXTH CLAIM FOR RELIEF – VIOLATIONS OF THE CLEAN WATER ACT AND RIVERS AND HARBORS ACT WITH RESPECT TO JULY 25, 2016 VERIFICATIONS AND § 408 PERMITS

194.   Dakota Access reincorporates the answers to allegations in all preceding paragraphs.

### A.   Arbitrary and Inadequate Public Interest Review for North Dakota Permits

195.   Paragraph 195 contains allegations that purport to characterize the Clean Water Act, Rivers and Harbors Act, and regulations thereunder, statutes and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statutes and related regulations.

196.   Paragraph 196 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

197.   Paragraph 197 contains conclusions of law to which no response is required.  To the extent paragraph 197 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.  Dakota Access denies any other allegations in paragraph 197 as vague or ambiguous.

198.     Paragraph 198 contains conclusions of law to which no response is required.  To the extent paragraph 198 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

**B.      Unlawful Verification For Lake Oahe Crossing**

199.     Paragraph 199 contains conclusions of law to which no response is required.  To the extent paragraph 199 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

200.     Paragraph 220 contains allegations that purport to characterize documents in the written public record that speak for themselves and contain the best evidence of their contents. Dakota Access denies any allegation inconsistent with the plain language and meaning of the aforementioned documents.

201.     Paragraph 201 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

202.     Paragraph 202 contains conclusions of law to which no response is required.  To the extent paragraph 202 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

203.     Paragraph 203 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

204.     Dakota Access denies the allegations in paragraph 204 as vague or ambiguous.

205.     Paragraph 205 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language

and meaning of the statute and related regulations.  Dakota Access denies the rest of the allegations in paragraph 205 as vague or ambiguous.

206.     Paragraph 206 contains conclusions of law to which no response is required.  To the extent paragraph 206 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

     **C.**     **Issuance of Verifications for 204 Jurisdictional Waters**

207.     Paragraph 207 contains allegations that purport to characterize the Clean Water Act and regulations thereunder, a statute and regulations that speak for themselves and contain the best evidence of their contents.  Dakota Access denies any allegation inconsistent with the plain language and meaning of the statute and related regulations.

208.     Paragraph 208 contains conclusions of law to which no response is required.  To the extent paragraph 208 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

209.     Paragraph 209 contains conclusions of law to which no response is required.  To the extent paragraph 209 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

210.     Paragraph 210 contains conclusions of law to which no response is required.  To the extent paragraph 210 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

211.     Dakota Access admits the allegations in paragraph 211.

212.     Paragraph 212 contains conclusions of law to which no response is required.  To the extent paragraph 212 is deemed to contain facts and allegations of violations of laws, such facts and allegations are denied.

**PRAYER FOR RELIEF**

Paragraphs 1–11 characterize Plaintiff's prayer for relief, to which no response is required.

**ALL CLAIMS**

Dakota Access denies each and every allegation of the Complaint not expressly admitted above.

**AFFIRMATIVE DEFENSES**

Dakota Access alleges the following affirmative defenses to Plaintiff's Complaint without assuming the burden of proof where such burden is otherwise on the Plaintiff pursuant to applicable substantive or procedural law.  Dakota Access reserves the right to amend or supplement its Affirmative Defenses.

1.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to pursue its claims.

2.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not exhaust its administrative remedies before invoking the jurisdiction of this Court.

3.     Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

4.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

5.     Plaintiff's claims are barred by the doctrine of laches.

6.     Plaintiff's claims are barred, in whole or in part, because they were never raised in the administrative rulemaking process.

7.     Plaintiff's claims are barred by the doctrine of unclean hands on grounds including but not limited to Plaintiff's refusal to participate in consultations with the Corps or Dakota Access and/or because of Plaintiff's unlawful conduct.

8.     Plaintiff's claims are barred by the doctrine of estoppel because of Plaintiff's refusal to participate in consultations with the Corps or Dakota Access.

9.     Without any admission by Dakota Access that Plaintiff suffered injury or will suffer injury in any way, to the extent the Plaintiff did or will suffer such injury, its claims are barred in whole or in part because it failed to use reasonable means to prevent the alleged injury and failed to use reasonable means to mitigate its injury.

10.     Plaintiff's claims fail in whole or in part to the extent it has suffered no injury.

11.     Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

12.     Plaintiff's claims are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

13.     Plaintiff's requests for injunctive relief are barred because they are overbroad and fail to adequately specify the grounds and scope of the requested injunctive relief.

14.     Dakota Access reserves the right to assert further affirmative defenses as Plaintiff makes disclosures and discovery proceeds herein.

Dated: August 24, 2016                    Respectfully submitted,

                                         */s/ Kimberly H. Caine*

                                         NORTON ROSE FULBRIGHT US LLP
                                         Kimberly H. Caine, DCBA #974926
                                         William J. Leone, CSBA #11403
                                         Robert D. Comer, CSBA #16810
                                         799 9th Street NW, Suite 1000
                                         Washington, DC  20001-4501
                                         202-662-0200
                                         kim.caine@nortonrosefulbright.com
                                         william.leone@nortonrosefulbright.com
                                         bob.comer@nortonrosefulbright.com


                                         NOSSAMAN LLP
                                         Edward V. A. Kussy, DCBA #982417
                                         Robert D. Thornton, DCBA #966176
                                         Alan M. Glen, Texas SBN #08250100
                                         1666 K Street, NW, Suite 500
                                         Washington, DC 20006
                                         202-887-1400
                                         ekussy@nossaman.com
                                         rthornton@nossaman.com
                                         aglen@nossaman.com

31

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of August, 2016, I served a true and correct copy to the following via ECF filing and/or email:

Patti A. Goldman
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104

Jan Hasselman
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
*Admitted Pro Hac Vice*

Stephanie Tsosie
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff*

Conly J. Schulte
Fredericks Peebles & Morgan LLP
1900 Plaza Drive
Louisville, CO 80027

Nicole E. Ducheneaux
Fredericks Peebles & Morgan LLP
3610 North 163rd Plaza
Omaha, NE 68116
*Admitted Pro Hac Vice*

*Attorneys for Intervenor Plaintiff*

Matthew M. Marinelli
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Ben Franklin Station
Washington, DC 20044-0663

Erica M. Zilioli
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC 20044

*Attorneys for Defendant*

    I further certify that on August 24, 2016, true and correct copies were served on the following, via Federal Express overnight delivery:

| | |
|---|---|
| Office of the Attorney for the<br>District of Columbia<br>441 Fourth Street NW<br>Washington, DC 20001 | U.S. Army Corps of Engineers<br>441 G Street NW<br>Washington, DC 20314-1000 |
| U.S. Attorney's Office<br>Attn: Civil Process Clerk<br>555 Fourth Street NW<br>Washington, DC 20530 | Office of the Attorney General<br>1350 Pennsylvania Avenue NW, Suite 409<br>Washington, DC 20004 |

    A courtesy copy via email was sent to Michael Thorp, counsel for U.S. Department of Justice Environment and Natural Resources Division, michael.thorp@usdoj.gov.

                    /s/ Kimberly H. Caine