IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>        Plaintiff,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>        Intervenor-Plaintiff,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>        Defendant.<br><br>and<br><br>DAKOTA ACCESS, LLP,<br><br>        Intervenor-Defendant. | Case No. 1:16-cv-1534-JEB |

**INTERVENOR-PLAINTIFF CHEYENNE RIVER SIOUX TRIBE'S
MOTION FOR RECONSIDERATION OF MINUTE ORDER
STRIKING AMENDED COMPLAINT**

Cheyenne River Sioux Tribe respectfully requests reconsideration of the Court's September 12, 2016 Minute Order striking the Tribe's First Amended Complaint in the interest of judicial efficiency. The Cheyenne River Sioux Tribe has contacted the other parties in this matter regarding this motion. The Standing Rock Sioux Tribe does not oppose this motion. The Army Corps of Engineers does not oppose this motion provided its response to the Amended Complaint would be due no earlier than sixty (60) days from the date on which the Court grants this motion. Dakota Access, LLP had not responded as of the time of filing this motion.

1

**FACTUAL BACKGROUND**

On August 10, 2016, the Cheyenne River Sioux Tribe (the "Tribe") moved to intervene in this proceeding as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or in the alternative, to intervene permissibly pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). *See* ECF No. 11. Pursuant to Rule 24(c) and in accordance with Local Rule 7(j), the Tribe filed a Complaint with its motion, which was duly served on the parties. *See* ECF No. 11-12. While the Tribe's Complaint set forth identical claims to those set forth by Plaintiff Standing Rock Sioux Tribe ("SRST") (*Id.* at ¶¶ 122-206),[1] the Tribe set forth different facts (*Id.* at ¶¶ 7-11; 38-121). The factual differences between the two Tribes arises from the fact that they are two separate sovereign nations that had different interactions with the federal government with regard to the permitting process at issue in this litigation. *Compare id.* at ¶¶ 7-11; 38-121 *with* ECF No. 1 at ¶¶; 7-11; 38-127. The factual differences also establish one reason why the Cheyenne River Sioux Tribe's intervention in this proceeding was appropriate. *See* ECF No. 11 at pp. 12-13.

On August 19, 2016, this Court issued a Minute Order granting the Tribe's Motion to Intervene, which stated simply that it granted the motion and that the Tribe "may participate as a party in this litigation." The Court limited the Tribe's participation as a party only to the extent that "[g]iven the compressed timetable for the Preliminary Injunction, the fact that Defendants' Opposition briefs have already been filed, and the comprehensiveness of the briefing by the Standing Rock Sioux Tribe, however, the [Tribe] may not participate in the preliminary-injunction briefing or hearing." Pursuant to Local Rule 7(j), the Tribe's Complaint was "deemed to have

---

[1] The Tribes' set forth six claims for relief in their initial Complaints alleging: (1) failure to consult under § 106 of the National Historic Preservation Act ("NHPA"); (2) unlawful abdication of § 106 responsibilities; (3) failure to require consideration of indirect effects under § 106; (4) violations of the NHPA with respect to July 25, 2016 verifications and § 408 permits; (5) violations of the National Environmental Policy Act ("NEPA") with respect to July 25, 2016 verifications and § 408 permits; and (6) violations of the Clean Water Act and Rivers and Harbors Act with respect to July 25, 2016 verifications and § 408 permits.

2

been filed and served by mail on [August 19, 2016,] the date on which the order granting the motion [was] entered."

On September 8, 2016, 20 days after its Complaint was deemed filed and served and prior to the filing of an Answer by either Defendant or Intervenor-Defendant, the Tribe filed and served its First Amended Complaint in this lawsuit as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).  The Tribe's First Amended Complaint added three claims for relief arising from the same facts alleged in its initial complaint and arising from the same agency actions that provided the basis for both the Cheyenne River Sioux Tribe's initial complaint and the Standing Rock Sioux Tribe's complaint.  The Cheyenne River Sioux Tribe's additional claims were based on (1) the U.S. Army Corps of Engineers ("Corps") federal trust responsibility to protect and manage the Tribe's trust property, the waters of Lake Oahe, emanating from the Tribe's rights under treaty and statute; (2) the Corps' violation of the Flood Control Act; and (3) the Corps' failure to promulgate regulations under the Mineral Leasing Act.  *See* ECF No. 37.

On September 9, 2016, this Court denied in whole SRST's Motion for Preliminary Injunction, to which the Tribe was not a party pursuant to this Court's Minute Order granting intervention.  *See* ECF Nos. 38 and 39.  Moments later, the Corps and the United States Departments of Justice and Interior issued a joint statement halting construction of the pipeline on Corps' lands bordering and under Lake Oahe pending reconsideration of its existing decisions under NEPA and committing the three agencies to "inviting tribes to formal, government-to-government consultations on [whether] . . . within the existing statutory framework, what should the federal government do to better ensure meaningful tribal input into infrastructure-related reviews and decisions and the protection of tribal lands, resources, and treaty rights."  Joint Statement from the Department of Justice, the Department of Army and the Department of the

Interior Regarding *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, Sept. 9, 2016 (https://www.justice.gov/opa/pr/joint-statement-department-justice-department-army-and-department-interior-regarding-standing).

On September 12, 2016, this Court issued a Minute Order striking the Tribe's First Amended Complaint "[a]s each Plaintiff in a civil suit is not entitled to its own separate Complaint. . . ."

## DISCUSSION

Respectfully, the basis for the Court's order striking the Tribe's Amended Complaint is not clear. The wording suggests that the Cheyenne River Sioux Tribe, as an Intervenor-Plaintiff, was not entitled to file its own separate Complaint at all. However, the rules not only permit an intervenor-plaintiff to file its own separate complaint, they require it. Both Federal Rule of Civil Procedure 24(c) and Local Rule 7(j) require motions to intervene to be accompanied by an original pleading[2] that sets forth the claim or defense for which intervention is sought. Pursuant to Local Rule 7(j), this pleading is "deemed to have been filed and served by mail on the date on which the order granting the motion is entered." On August 19, 2016, when this Court granted the Tribe's Motion to Intervene, it effectuated the filing and service of the Tribe's initial Complaint. While this initial Complaint makes the same claims against the Defendant as the Standing Rock Sioux Tribe, it is Cheyenne River's own Complaint as required by the rules.

The rule of this Circuit is that an intervening party "participates on an equal footing with the original parties to a suit." *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 234 (D.C. Cir. 2003) (quoting *Building and Const. Trades Dept., AFL-CIO v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994). Parties who have been granted intervention "assume the status of full participants in

---

[2] "Pleadings" under the Federal Rules of Civil Procedure mean exclusively complaints and answers. Fed. R. Civ. P. 7(a).

the lawsuit and are normally treated as if they were original parties once intervention is granted." *District of Columbia v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985). Significantly, no rule exists that bars an intervenor-plaintiff from filing an amended complaint consistent with such party's status as full a participant in a lawsuit.[3]

Nevertheless, courts granting intervention may impose "appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." *Fund for Animals v. Norton, Inc.*, 332 F.3d 728, 737 n.11 (D.C. Cir. 2003) (quoting Fed. R. Civ. P. 24(a) advisory committee's notes on 1966 amendment). Such conditions frequently restrict an intervening party from raising new claims or enlarging the scope of the litigation. *See, e.g., Forest County Potawatomi Cmty. v. United States*, --- F.R.D. ---, 2016 WL 1465324, at *8 (D.D.C. Apr. 14, 2016) (granting intervention by prohibiting intervening parties from introducing new claims or collateral issues); *Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F. Supp. 2d 1, 11 n.8 (D.D.C. 2009) (granting intervention but prohibiting intervenors from raising new claims or collateral issues); *Cnty. of San Miguel, Colorado v. MacDonald*, 244 F.R.D. 36, 48 n.17 (D.D.C. 2007) (limiting intervention of right to claims within the scope of the complaint, but declining to impose other conditions). The inquiry surrounding whether to impose an intervention condition is subject to an inquiry that "is necessarily context-specific, and the conditions should be tailored to fit the needs of the particular litigation, the parties, and the district court." *Forest County Potawatomi Cmty.*, at *9.

---

[3] Although this jurisdiction has acknowledged the proposition set forth in *Vinson v. Wash. Gas Light Co.*, 321 U.S. 489, 498 (1944) that "an intervenor is admitted to the proceeding as it stands. . . ," in the same opinion it weighed that earlier formulation against more recent authority holding that a successful intervenor "becomes a full participant in the lawsuit and is treated just as if it were an original party" under Fed. R. Civ. P. 24. *Van Hollen v. Federal Election Commission*, 291 F.R.D. 11, 12-13 (D.D.C. 2013) (quoting *Merit Sys. Prot. Bd.*, 762 F.2d at 132). *Van Hollen* ultimately resolved the question of whether the intervenor was permitted to amend its pleadings to add new claims under Fed. R. Civ. P. 15 and denied the amendment on the basis of prejudice and delay.

In the context of this particular litigation, the Court's order striking the Tribe's First Amended Complaint did not serve the interests of judicial efficiency or the interests of the parties. The Cheyenne River Sioux Tribe has standing on its own to challenge the agency actions at issue arising in large part from its Treaty-based right to ownership of the waters of Lake Oahe under which the Corps had authorized Dakota Access to construct and operate an oil pipeline. The three claims set forth in the Tribe's First Amended Complaint are not barred by any statute of limitations. *See* 28 U.S.C. § 2401 (a). The Tribe did not waive these claims by intervening and the doctrine of *res judicata* does not apply. *See generally New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). The Tribe could have raised these or any other appropriate claims in a separate lawsuit against the Corps in this Court or in any other jurisdiction where venue is appropriate; although such a suit clearly would have the potential to be either consolidated with this proceeding or transferred to this Court under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 42.

Instead, absent this court's imposition of intervention conditions that prohibited the Tribe from amending its complaint to add new claims and in consideration of the very early stage of this proceeding, the Tribe elected to raise its new claims in the existing proceeding as an intervenor-plaintiff rather than in a new proceeding as a plaintiff in the interest of serving judicial efficiency. Admitting the Tribe's Amended Complaint in the instant proceeding, moreover, would be exactly in line with the likely consolidation of the Yankton Sioux Tribe's Complaint in this matter and the anticipated amendment of the Standing Rock Sioux Tribe's Complaint, both of which were discussed at the September 16, 2016 scheduling conference in this matter. Indeed, consolidation of the Yankton Sioux Tribe's Complaint seems almost certain in light of the fact that Dakota Access LLP indicated that it would probably seek such consolidation after intervention and the Yankton Sioux Tribe has also indicated its non-opposition to it. As both a Yankton consolidation

and a Standing Rock amendment are looming on the horizon, there is virtually no risk of prejudice or delay in this proceeding based on admitting Cheyenne River's Amended Complaint.

This proceeding is at an unusual stage in light of the joint statement issued by the Army and United States Departments of Justice and Interior on September 9, 2016, which advised that the Corp is still considering whether to grant an easement required for Dakota Access LLP to drill on Corps' lands bordering or under Lake Oahe pending reevaluation of their decision-making under existing law. The Tribe acknowledges that the factual and administrative landscape of this proceeding may change in light of such action. Respectfully, however, the Tribe believes that it has a right to raise and preserve additional claims, and that the filing of an Amended Complaint in this proceeding is a more efficient vehicle for doing so than the alternative, which would appear to be to the filing of a separate lawsuit raising such claims.

## CONCLUSION

Based on the foregoing, and for the sake of conserving the resources of the parties and this Court, the Cheyenne River Sioux Tribe respectfully requests reconsideration of the Minute Order striking its First Amended Complaint.

Respectfully submitted this 19th day of September 2016,

                                         CHEYENNE RIVER SIOUX TRIBE,
                                         Intervenor-Plaintiff,

By:      /s/ Nicole E. Ducheneaux
            Nicole E. Ducheneaux, *Pro Hac Vice*
            Fredericks Peebles & Morgan LLP
            3610 North 163rd Plaza
            Omaha, NE  68116
            Telephone:  (402) 333-4053
            Facsimile:  (402) 333-4761
            Email:  nducheneaux@ndnlaw.com

            Conly J. Schulte
            Fredericks Peebles & Morgan LLP
            1900 Plaza Drive
            Louisville, CO  80027
            Telephone:  (303) 673-9600
            Facsimile:  (303) 673-9839
            Email:  cschulte@ndnlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of September 2016, a copy of the foregoing was filed electronically with the Clerk of the Court. The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.

                                                                           /s/ Nicole E. Ducheneaux