## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 1:16-cv-01534 (JEB) |
| | ) |
| UNITED STATES ARMY CORPS OF | ) |
| ENGINEERS, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES ARMY CORPS OF ENGINEERS' ANSWER

Defendant United States Corps of Engineers ("Corps" or "Defendant") responds to the allegations in Plaintiff Standing Rock Sioux Tribe's ("Plaintiff") Complaint for Declaratory and Injunctive Relief (the "Complaint") as follows. Defendant denies any of the Complaint's allegations, express or implied, that are not otherwise expressly admitted, denied, or qualified here.

## INTRODUCTION

1.    The allegations in Paragraph 1 characterize the Complaint, which requires no response. To the extent a response is required, the allegations are denied.

2.    Defendant admits that the route for the Dakota Access Pipeline crosses hundreds of federally-regulated rivers, streams, or wetlands. The remaining allegations in Paragraph 2 characterize the Complaint and set forth conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

3.    As to the first sentence of Paragraph 3, Defendant admits that on July 25, 2016, the Corps verified that Dakota Access, LLC's ("Dakota Access") activities at 200 locations in

North Dakota, South Dakota, Iowa, and Illinois satisfied the terms and conditions of Nationwide Permit 12 ("NWP 12"). Defendant also admits that on July 25, 2016, it issued permission under 33 U.S.C. § 408 to Dakota Access at three locations. Defendant denies the allegations in the second and third sentences of Paragraph 3. As to the fourth sentence of Paragraph 3, Defendant denies that it violated the Clean Water Act ("CWA") and its governing regulations, the National Historic Preservation Act ("NHPA"), or the National Environmental Policy Act ("NEPA"). The remaining allegations in Paragraph 3 characterize the Complaint and set forth conclusions of law, which require no response.

4.      The allegations in Paragraph 4 contain conclusions of law and characterize Plaintiff's request for relief, which require no response. To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

5.      The allegations in Paragraph 5 contain conclusions of law, which require no response.

6.      The allegations in Paragraph 6 contain conclusions of law, which require no response.

## PARTIES

7.      Defendant admits the allegations contained in the first sentence of Paragraph 7. Defendant admits that the Sioux Nation was a party to the 1851 Treaty of Fort Laramie and the 1868 Treat of Fort Laramie. Those treaties speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 7 are inconsistent with the referenced treaties, those allegations are denied. The remaining allegations in Paragraph 7 contain conclusions of law, which require no response.

2

8.     As to the first sentence of Paragraph 8, Defendant admits that a portion of the Dakota Access Pipeline route crosses territory of the Sioux or Dakotah Nation recognized in the 1851 Treaty of Fort Laramie. As to the remaining allegations in the first sentence of Paragraph 8, the 1851 Treaty of Fort Laramie speaks for itself and is the best evidence of its contents. As to the third and fourth sentences of Paragraph 8, the referenced treaties and statutes speak for themselves and are the best evidence of their contents. To the extent the allegations in the third and fourth sentences of Paragraph 8 are inconsistent with the referenced treaties and statutes, those allegations are denied. As to the fifth and sixth sentences of Paragraph 8, Defendant admits that the United States took approximately 55,993.82 acres of land on the Standing Rock Reservation pursuant to Public Law 85-915, 72 Stat. 1762. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, on that basis, denies the allegations.

9.     Defendant admits that a portion of the Dakota Access Pipeline route crosses territory of the Sioux or Dakotah Nation recognized in the 1851 Treaty of Fort Laramie. Defendant denies the allegations in the fourth sentence of Paragraph 9. The remaining allegations in Paragraph 9 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.

10.     Defendant admits the allegations in the first sentence of Paragraph 10. As to the second sentence of Paragraph 10, Section 404 of the CWA and Section 10 of the Rivers and Harbors Act ("RHA") speak for themselves and are the best evidence of their contents.

11.     The allegations in Paragraph 11 contain conclusions of law, which require no response.

## STATUTORY AND REGULATORY BACKGROUND

**I.     THE CLEAN WATER ACT**

12.     The allegations in Paragraph 12 characterize federal statutes, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the statutes, they are denied.

13.     The allegations in Paragraph 13 characterize a federal statute and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the statute and regulations, they are denied.

14.     The allegations in Paragraph 14 characterize a federal statute and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the statute and regulations, they are denied.

15.     Defendant admits the allegations in the first sentence of Paragraph 15. The remaining allegations in Paragraph 15 contain conclusions of law or characterize the Corps' Nationwide Permits and federal regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the referenced permits and regulations, they are denied.

**II.    THE RIVERS AND HARBORS ACT**

16.     The allegations in Paragraph 16 characterize federal statutes and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the statutes and regulations, they are denied.

17.     The allegations in Paragraph 17 characterize federal statutes and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the statutes and regulations, they are denied.

18.     The allegations in Paragraph 18 characterize federal statutes and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the statutes and regulations, they are denied.

19.     The allegations in Paragraph 19 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the statute, they are denied.

## III.     THE NATIONAL HISTORIC PRESERVATION ACT

20.     The allegations in Paragraph 20 characterize federal statutes and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the statutes and regulations, they are denied.

21.     The allegations in Paragraph 21 characterize federal statutes and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the statutes and regulations, they are denied.

22.     The allegations in Paragraph 22 characterize federal regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the regulations, they are denied.

23.     The allegations in Paragraph 23 characterize federal statutes and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the statutes and regulations, they are denied.

24.     The allegations in Paragraph 24 characterize federal regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the regulations, they are denied.

25.      The allegations in Paragraph 25 characterize federal regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the regulations, they are denied.

26.      The allegations in Paragraph 26 characterize federal regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the regulations, they are denied.

27.      The allegations in Paragraph 27 characterize federal regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the regulations, they are denied.

28.      The allegations in Paragraph 28 characterize a federal statute and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the statute and regulations, they are denied.

29.      As to the first sentence of Paragraph 29, Defendant admits that it has promulgated procedures to satisfy its obligations under Section 106 of the National Historic Preservation Act and that these procedures include Appendix C to 33 C.F.R. Part 325. As to the second sentence of Paragraph 29, Defendant denies that its procedures for complying with Section 106 have never been approved by the Advisory Council on Historic Preservation ("ACHP"). The remaining allegations in the second sentence of Paragraph 29 characterize a federal statute, which speaks for itself, and no response is required. As to the third sentence of Paragraph 29, the allegations purport to characterize uncited judicial opinions, which speak for themselves, and no response is required. To the extent the allegations in the second and third sentences of Paragraph 29 are inconsistent with the statute and uncited judicial opinions, they are denied. As to the fourth sentence of Paragraph 29, Defendant admits that it followed applicable procedures for

purposes of Section 106 consultation, including consultation related to the Dakota Access Pipeline. The remaining allegations in Paragraph 29 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

30.     The allegations in Paragraph 30 characterize federal regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the regulations, they are denied.

31.     The allegations in Paragraph 31 consist of vague and ambiguous characterizations, require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31.

## IV.   THE NATIONAL ENVIRONMENTAL POLICY ACT

32.     The allegations in Paragraph 32 characterize a federal statute and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the statute and regulations, they are denied.

33.     The allegations in Paragraph 33 characterize a federal judicial opinion, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the judicial opinion, they are denied.

34.     The allegations in Paragraph 34 characterize a federal statute and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the statute and regulations, they are denied.

35.     The allegations in Paragraph 35 characterize federal regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the regulations, they are denied.

36.     The allegations in Paragraph 36 characterize federal regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the regulations, they are denied.

37.     The allegations in Paragraph 37 characterize federal regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the regulations, they are denied.

## FACTUAL ALLEGATIONS

### I.     INTERESTS OF THE STANDING ROCK SIOUX TRIBE[1]

38.     Defendant admits that, at some time prior to the 20th century, Sioux tribal members followed migrating buffalo herds through certain portions of the northern Great Plains. The remaining allegations in Paragraph 38 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38.

39.     Defendant admits that the territory of the Sioux or Dakotah Nation recognized in the 1851 Treaty of Fort Laramie was more extensive than Plaintiff's current reservation. The remaining allegations in Paragraph 39 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or

---

[1] For convenience, this Answer uses the headings from Plaintiff's Complaint; however, the use of these headings is not an admission of any allegations or characterizations contained therein.

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39.

40.     The first and third sentences of Paragraph 40 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and, on that basis, denies the allegations.

41.     Defendant admits that that Plaintiff has identified cultural resources, such as a cemetery approximately 1.2 miles from the Horizontal Directional Drilling ("HDD") site in Morton County, North Dakota, that are outside the permit area of the Dakota Access Pipeline route. Defendant denies that Plaintiff identified any cultural resources of significance within the permit area of any water crossing under the Defendant's jurisdiction. The remaining allegations in Paragraph 41 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41.

42.     The allegations in the first sentence of Paragraph 42 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 42. With respect to the third sentence of Paragraph 42, Defendant admits that bald eagles are protected under the Bald and Golden Eagle Act. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and, on that basis, denies the allegations.

## II.   THE CORPS' ISSUANCE OF NWP 12

43.     The allegations in the first four sentences of Paragraph 43 characterize a Federal

Register notice, federal regulations, and NWP 12, which speak for themselves, and no response

is required. To the extent the allegations are inconsistent with the Federal Register notice, federal

regulations, and NWP 12, they are denied. The allegations in the third, fourth, and fifth sentences

of Paragraph 43 contain conclusions of law, which require no response. To the extent the third,

fourth, and fifth sentence of Paragraph 43 are deemed to contain factual allegations or allegations

of violations of laws, such allegations are denied.

44.     The allegations in the first sentence of Paragraph 44 characterize a Federal

Register notice, which speaks for itself, and no response is required. To the extent the allegations

are inconsistent with the Federal Register notice, they are denied. As to the second sentence of

Paragraph 44, Defendant admits that activities in Federally-regulated waters associated with

construction, maintenance, repair, and removal of pipelines transporting crude oil may be

eligible for NWP 12. The remaining allegations in the second sentence of Paragraph 44 consist

of vague and ambiguous characterizations, which require no response. To the extent that a

response is required, Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in the second sentence of Paragraph 44.

45.     The allegations in Paragraph 45 characterize a Federal Register notice, which

speaks for itself, and no response is required. To the extent the allegations are inconsistent with

the Federal Register notice, they are denied.

46.     Defendant admits the allegations in the first sentence of Paragraph 46. The

allegations in the second and third sentences of Paragraph 46 characterize a Federal Register

notice, which speaks for itself, and no response is required. To the extent the allegations are

inconsistent with the Federal Register notice, they are denied. The allegations in the fourth

sentence of Paragraph 46 characterize a federal regulation, which speaks for itself, and no

response is required. To the extent the allegations are inconsistent with the regulation, they are

denied. Defendant denies the allegation in the fifth sentence of Paragraph 46.

47.     The allegations in Paragraph 47 characterize a general condition to Defendant's

Nationwide Permits, which speaks for itself, and no response is required. To the extent the

allegations are inconsistent with Defendant's Nationwide Permits, they are denied.

48.     The allegations in Paragraph 48 characterize the NWP 12 "Decision Document,"

which speaks for itself, and no response is required. To the extent the allegations are inconsistent

with the NWP 12 "Decision Document," they are denied.

## III.    FACTS RELEVANT TO CHALLENGE TO NWP 12

49.     Defendant admits that Dakota Access proposes to construct or is constructing a

crude oil pipeline across approximately 1,168 miles through North Dakota, South Dakota, Iowa,

and Illinois. The remaining allegation in the first sentence of Paragraph 49 consist of vague and

ambiguous characterizations, which require no response. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in the first sentence of Paragraph 49. Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in the second sentence of

Paragraph 49 and, on that basis, denies the allegations.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in the first sentence of Paragraph 50 and, on that basis, denies the

allegations. The allegations in the second sentence of Paragraph 50 consist of vague and

ambiguous characterizations, which require no response. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 50.

51.     Defendant admits that Dakota Access has engaged or will engage in clearing, grading, digging, and burying over certain portions of the Dakota Access Pipeline route. The remaining allegations in Paragraph 51 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51.

52.     The allegations in the first sentence of Paragraph 52 characterize the cultural resource surveys completed by Dakota Access, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the cultural resource surveys completed by Dakota Access, they are denied. As to the second sentence of Paragraph 52, Defendant admits that Dakota Access hired consultants and that at least some of those consultants were from out-of-state and were not tribal members. The remaining allegations in the second and third sentences of Paragraph 52 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 52. Defendant denies the allegations in the fourth and fifth sentence of Paragraph 52.

53.     The allegations in Paragraph 53 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54.     Defendant admits the allegations in the first sentence of Paragraph 54 but avers that the length of the Dakota Access Pipeline route in North Dakota is approximate. The allegations in the second sentence of Paragraph 54 purport to characterize a 2015 "Wetlands and Waterbodies Delineation Report" provided to the North Dakota Public Service Commission, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the report, they are denied. The allegations in the third and fifth sentences of Paragraph 54 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fifth sentences of Paragraph 54. Defendant denies the allegations in the fourth sentence of Paragraph 54.

55.     Defendant admits the allegations in the first sentence of Paragraph 55 but avers that the length of the Dakota Access Pipeline route in South Dakota is approximate. The allegations in the second sentence of Paragraph 55 purport to characterize unspecified Dakota Access Public Utilities Commission filings, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the filings, they are denied. Defendant denies the allegations in the third sentence of Paragraph 55. The allegations in the fourth sentence of Paragraph 55 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 55.

56.     Defendant denies the allegations in the first and third sentences of Paragraph 56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of Paragraph 56 and, on that basis, denies the allegations.

57.     Defendant admits that Lake Oahe was created by damming the Missouri River and that the Dakota Access Pipeline route would cross underneath Lake Oahe. The remaining allegations in Paragraph 57 consist of vague and ambiguous characterizations and conclusions of law, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57.

58.     Defendant admits that Plaintiff transmitted letters to and met with Defendant concerning the Dakota Access Pipeline.  Paragraph 58 refers to documents or information present in the Corps' administrative record, which  Defendant is compiling. Defendant denies the allegations in Paragraph 58 to the extent they are inconsistent with documents or information present in the administrative record. The allegations in Paragraph 58 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59.     As to the first sentence of Paragraph 59, Defendant admits that, on July 25, 2016, the Corps issued NWP 12 verifications for 200 locations in four states for which verification had been requested along the Dakota Access Pipeline route. Defendant also admits that, on July 25, 2016, the Corps issued 33 U.S.C. § 408 permissions for three locations in two states for which NWP 12 verification had been requested along the Dakota Access Pipeline's route. Defendant denies the remaining allegations in the first sentence of Paragraph 59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 59 and, on that basis, denies the allegations.

60.     Defendant admits that Plaintiff transmitted several letters to the Corps and met with the Corps on several occasions regarding the Dakota Access Pipeline. The letters and information regarding those meetings are present in the administrative record, which Defendant is compiling. Defendant denies the allegations in Paragraph 60 to the extent they are inconsistent with documents or information present in the administrative record. The remaining allegations in the first sentence of Paragraph 60 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 60. The second and third sentences of Paragraph 60 characterize a letter dated June 30, 2016, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the comments expressed in the June 30, 2016 letter, they are denied.

61.     The allegations in Paragraph 61 characterize a letter dated June 30, 2016, which speaks for itself and no response is required. To the extent the allegations in Paragraph 61 are inconsistent with the June 30, 2016 letter, they are denied.

62.     The allegations in Paragraph 62 characterize a July 8, 2016 letter from Defendant to Plaintiff, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 62 are inconsistent with the letter, they are denied. Defendant denies the allegations in the second sentence of Paragraph 62

63.     The allegations in the first sentence of Paragraph 63 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 63. Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 63 and, on that basis, denies the allegations.

64.     The allegations in the first sentence of Paragraph 64 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 64. Defendant denies the allegations in the second sentence of Paragraph 64.

65.     The first sentence of Paragraph 65 characterize ACHP regulations which speak for themselves and are the best evidence of their contents. The remaining allegations in Paragraph 65 characterize a May 6, 2016 letter from the ACHP to the Corps, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 65 are inconsistent with ACHP regulations or the May 6, 2016 letter, they are denied.

66.     The allegations in Paragraph 66 characterize a May 19, 2016 letter from the ACHP to the Corps, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the May 19, 2016 letter, they are denied.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies the allegations.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies the allegations.

IV.     **GENERAL FACTS REGARDING THE CORPS' ISSUANCE OF THE § 408 PERMITS AND CWA VERIFICATIONS**

69.     As to the first sentence of Paragraph 69, Defendant admits that on July 25, 2016, it issued permissions under 33 U.S.C. § 408 for the Dakota Access Pipeline to cross federally-managed or -owned lands on the Missouri River in two places, at Lake Sakakawea and Lake

Oahe, roughly 230 miles apart. Defendant denies the remaining allegations in the first sentence of Paragraph 69. Defendant admits the allegations in the second sentence of Paragraph 69. The allegations in the third sentence of Paragraph 69 characterize the Corps' Environmental Assessment ("EA") entitled "Dakota Access Pipeline Project Crossings of Flowage Easements and Federal Lands" ("North Dakota EA") and Finding of No Significant Impact ("FONSI"), which speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the North Dakota EA and FONSI, they are denied.

70.     The allegations in the first sentence of Paragraph 70 refer to documents or information present in the administrative record, which Defendant is compiling. Defendant denies the allegations in Paragraph 70 to the extent they are inconsistent with documents or information present in the administrative record. The remaining allegations in the first sentence of Paragraph 70 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 70. As to the second sentence of Paragraph 70, Defendant admits that Dakota Access notified Tribes that construction on the Dakota Access Pipeline was scheduled to begin on July 30, 2016, but lacks knowledge or information sufficient to form a belief as to the truth of the allegation as to the location of the construction and, on that basis, denies the allegation.

71.     As to the first and second sentences of Paragraph 71, Defendant admits that, on July 25, 2016, the Corps issued NWP 12 verifications to Dakota Access pursuant to the CWA and/or RHA for 200 crossings of jurisdictional waters of the United States for which PCNs had been submitted (2 in North Dakota, 10 in South Dakota, 63 in Iowa, and 125 in Illinois). As to the third sentence of Paragraph 71, Defendant admits that these 200 verifications verify that

Dakota Access's activities satisfied the terms and conditions of NWP 12 at those crossings but avers that additional Corps authorizations, such as permissions under 33 U.S.C. § 408 and/or real estate interests, were required in some locations before construction activities could commence. As to the fourth sentence of Paragraph 71, Defendant admits that Dakota Access notified Tribes that construction on the Dakota Access Pipeline was scheduled to begin on August 1, 2016, but lacks knowledge or information sufficient to form a belief as to the truth of the allegation as to the location of the construction and, on that basis, denies the allegation. The remaining allegations in Paragraph 71 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71.

72.     The allegations in the first and second sentences of Paragraph 72 characterize a Corps public notice dated January 5, 2016, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the January 5, 2016 notice, they are denied. The allegations in the third sentence of Paragraph 72 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 72.

73.     As to the first and second sentences of Paragraph 73, Defendant admits that, on December 18, 2015, the United States Fish and Wildlife Service ("FWS") issued a draft EA concerning the Dakota Access Pipeline's crossing of grassland conservation easements held by FWS, and avers that the EA also concerned the proposed crossing of wetland conservation easements.  As to the third sentence of Paragraph 73, Defendant admits that the final EA and FONSI were publicly released on June 22, 2016.  The allegations in Paragraph 73 characterize

the draft EA, final EA, and FONSI, which speak for themselves and are the best evidence of their

contents. To the extent the allegations are inconsistent with the draft EA, final EA, and FONSI,

they are denied.

74.     As to the first sentence of Paragraph 74, Defendant admits that the current

proposed Dakota Access Pipeline route crosses Lake Oahe approximately half a mile upstream

of Plaintiff's reservation boundary but denies the remaining allegations. Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in the

second, third, fifth and sixth sentences of Paragraph 74 and, on that basis, denies the allegations.

The allegations in the fourth sentence of Paragraph 74 consist of vague and ambiguous

characterizations, which require no response. To the extent a response is required, Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the

fourth sentence of Paragraph 74.

75.     The allegations in the first sentence of Paragraph 75 consist of vague and

ambiguous characterizations, which require no response. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in the first sentence of Paragraph 75. Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in the second, third, and fourth

sentences of Paragraph 75 and, on that basis, denies the allegations. Defendant denies the

allegations in the fifth sentence of Paragraph 75.

76.     Defendant admits that Dakota Access has or will engage in clearing, grading,

digging, and burying over certain portions of the Dakota Access Pipeline route. The remaining

allegations in Paragraph 76 consist of vague and ambiguous characterizations, which require no

response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76.

77.     The allegations in Paragraph 77 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.     Defendant admits that the crossing of the Dakota Access Pipeline under Lake Oahe would take place at the confluence of the Cannonball and Missouri Rivers. The remaining allegations in Paragraph 78 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78.

79.     Defendant admits the allegations in the first sentence of Paragraph 79. Defendant denies the allegations in the second sentence of Paragraph 79. The allegations in the third sentence of Paragraph 79 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 79.

80.     Defendant admits that Plaintiff transmitted letters to and met with Defendant concerning the Dakota Access Pipeline, as set forth in the Corps' administrative record, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 80 are inconsistent with the Corps' administrative record, they are denied. The remaining allegations in Paragraph 80 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80.

## V.     SPECIFIC FACTS RELATED TO NHPA COMPLIANCE FOR JULY 25, 2016 AUTHORIZATIONS

81.     Defendant admits that that there are historic sites, such as an earthlodge village and a cemetery located approximately 1.2 miles from the HDD site in Morton County, North Dakota, that are outside the permit area but in the general vicinity of the Dakota Access Pipeline route. Defendant denies the allegation in the third sentence of Paragraph 81. The remaining allegations in Paragraph 81 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81.

82.     Defendant admits that it defined the area of potential effects for the Lake Oahe crossing to include the HDD entry and exit point workspaces and stringing areas. The remaining allegations in Paragraph 82 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82.

83.     Defendant admits that Dakota Access has engaged or will engage in clearing, grading, excavating a trench, and construction activities over certain portions of the Dakota Access Pipeline route. The remaining allegations in Paragraph 83 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83.

84.     The allegations in Paragraph 84 contain conclusions of law, which require no response. The allegations in the third sentence of Paragraph 84 characterize the draft EA, which

speaks for itself and is the best evidence of its contents. The remaining allegations in Paragraph 84 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84.

85.     As to the first sentence of Paragraph 85, Defendant admits that the Dakota Access Pipeline route crosses under Lake Oahe approximately half a mile north of Plaintiff's reservation. The allegations in Paragraph 85 contain conclusions of law, which require no response.  The remaining allegations in the first sentence of Paragraph 85 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85. Defendant denies the remaining allegations in Paragraph 85.

86.     Defendant admits that Dakota Access hired consultants and that at least some of those consultants were not tribal members. Defendant denies the remaining allegations in Paragraph 86.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, on that basis, denies the allegations. The allegations in Paragraph 87 characterize an email, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced email, they are denied.

88.     The allegations in Paragraph 88 purport to characterize an unspecified letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced letter, they are denied.

89.     Defendant denies the allegations in the first sentence of Paragraph 89. Defendant admits that it sent Plaintiff a letter dated September 16, 2015. The remaining allegations in the second sentence of Paragraph 89 purport to characterize that letter and unspecified emails, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced correspondence, they are denied.

90.     Defendant admits that it sent Plaintiff's Tribal Historic Preservation Officer ("THPO") a letter dated February 17, 2015. The remaining allegations in Paragraph 90 characterize letters from the Corps and Plaintiff's THPO, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced correspondence, they are denied.

91.     The allegations in Paragraph 91 refer to documents or information present in the administrative record, which Defendant is compiling. Defendant denies the allegations in Paragraph 91 to the extent they are inconsistent with documents or information present in the administrative record. The remaining allegations in Paragraph 91 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91.

92.     Defendant admits that it sent a letter to Plaintiff in September 2015. The allegations in Paragraph 92 characterize that letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced letter, they are denied. Defendant denies the remaining allegations in Paragraph 92.

93.     The allegations in Paragraph 93 refer to documents or information present in the administrative record, which Defendant is compiling. Defendant denies the allegations in

Paragraph 93 to the extent they are inconsistent with documents or information present in the administrative record. The remaining allegations in Paragraph 93 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93.

94.     Defendant admits that it published a draft environmental assessment. That document speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the draft environmental assessment, they are denied. The remaining allegations in Paragraph 94 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94.

95.     Defendant admits that Plaintiff submitted comments on the draft EA for Lake Oahe. Those comments speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 95 are inconsistent with the Plaintiff's comments, they are denied.

96.     Defendant admits that it received letters from the United States Environmental Protection Agency, United States Department of the Interior, and the ACHP. The remaining allegations in Paragraph 96 purport to characterize unspecified letters which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the unspecified letters, they are denied.

97.     Defendant admits the allegation in the first sentence of Paragraph 97 that the proponent conducted cultural surveys along the Dakota Access Pipeline route. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding

when Plaintiff learned of these surveys, and, on that basis, denies the allegations. Defendant admits the allegation in the third sentence of Paragraph 97 that the proponent provided P with survey data and provided an opportunity to comment. That survey data speaks for itself and is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph 97.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and, on that basis, denies the allegations.

99.     Defendant admits the allegations in the first sentence of Paragraph 99. The allegations in the second sentence of Paragraph 99 purport to characterize an unspecified letter to Omaha District, Col. John Henderson, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced letter, they are denied.

100.    Defendant admits that Colonel Henderson met with Plaintiff on several occasions, including a site visit to the Dakota Access Pipeline's Lake Oahe crossing that was attended by Corps archaeologists, Plaintiff's Chairman, Plaintiff's THPO, and Tribal archaeologists. The allegations in the second sentence of Paragraph 100 refer to documents or information present in the administrative record, which Defendant is compiling. Defendant denies the allegations in Paragraph 100 to the extent they are inconsistent with documents or information present in the administrative record. The remaining allegations in Paragraph 100 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100.

101.    The allegations in Paragraph 101 purport to characterize comments from Plaintiff's Chairman in an unspecified letter to the Omaha District, which speaks for itself and is

the best evidence of its contents. To the extent the allegations are inconsistent with the referenced letter, they are denied.

102.    Defendant admits that the Corps and tribal archaeologists conducted a follow-up visit on March 7, 2016. The allegations in Paragraph 102 refer to documents or information present in the administrative record, which Defendant is compiling. Defendant denies the allegations in Paragraph 102 to the extent they are inconsistent with documents or information present in the administrative record. The remaining allegations in Paragraph 102 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102.

103.    The allegations in Paragraph 103 refer to documents or information present in the administrative record, which Defendant is compiling. Defendant denies the allegations in Paragraph 103 to the extent they are inconsistent with documents or information present in the administrative record. The remaining allegations in Paragraph 103 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103.

104.    Defendant admits that the ACHP sent a letter dated March 15, 2016, to the Corps. The remaining allegations in Paragraph 104 characterize that letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the March 15, 2016 letter, they are denied.

105.    Defendant admits that it participated in a site visit with Plaintiff's THPO personnel on March 22, 2016. Defendant further admits that it sent a letter to the North Dakota

State Historic Preservation Office on April 22, 2016. The allegations in Paragraph 105 characterize that letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the April 22, 2016 letter, they are denied. The remaining allegations in Paragraph 105 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105.

106.    The allegations in Paragraph 106 purport to characterize a letter dated May 2, 2016. Defendant denies the allegations in Paragraph 106 to the extent they are inconsistent with that letter.

107.    Defendant admits that ACHP transmitted a letter dated May 6, 2016, to the Corps. That letter speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the May 6, 2016 letter, they are denied.

108.    Defendant denies the allegations in the first sentence of Paragraph 108 but admits that Plaintiff sent a letter dated May 18, 2016 to the Corps. Defendant admits that Plaintiff's THPO sent a letter dated May 17, 2016, to the Corps. That letter speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with any referenced letters, they are denied. Defendant denies the allegations in the third sentence of Paragraph 108.

109.    Defendant admits that the ACHP sent a letter relating to the Dakota Access Pipeline dated May 19, 2016, to the Corps. That letter speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 109 are inconsistent with the May 19, 2016 letter, they are denied.

110.    Defendant admits that it sent a letter to the North Dakota State Historic Preservation Office on April 22, 2016. The allegations in Paragraph 110 characterize that letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the April 22, 2016 letter, they are denied. The remaining allegations in Paragraph 110 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110.

111.    The allegations in the first sentence of Paragraph 111 contain conclusions of law, which require no response. Defendant admits that it provided for tribal monitoring during construction of the Dakota Access Pipeline. Defendant denies the remaining allegations in Paragraph 111.

## VI.    SPECIFIC FACTS RELATED TO NEPA COMPLIANCE FOR JULY 25, 2016 AUTHORIZATIONS

112.    The allegations in the first sentence of Paragraph 112 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 112. The allegations in the second sentence of Paragraph 112 purport to characterize unspecified Corps documents in the administrative record, which Defendant is compiling. Defendant denies the allegations in the second sentence of Paragraph 112 to the extent they are inconsistent with documents or information present in the administrative record..

113.    Defendant admits that, on July 25, 2016, it verified that Dakota Access's activities at 200 locations in four states satisfied the terms and conditions of NWP 12. The remaining allegations in Paragraph 113 consist of vague and ambiguous characterizations, which require no

response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113. To the extent Paragraph 113 characterizes the Corps' EAs, FONSIs, and NWP 12 verifications, the EAs, FONSIs, and NWP 12 verifications speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 113 are inconsistent with the Corps' EAs, FONSIs, and NWP 12 verifications, they are denied.

114.    Defendant admits that, in June 2016, FWS publicly released a final EA concerning the proposed construction of the Dakota Access Pipeline across FWS-managed grassland and wetland conservation easements. The remaining allegations in Paragraph 114 characterize FWS's EA, which speaks for itself and is the best evidence of its contents. To the extent the remaining allegations in Paragraph 114 are inconsistent with the EA, they are denied.

115.    The allegations in the first sentence of Paragraph 115 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant admits the allegations in the second and third sentences of Paragraph 115. As to the fourth sentence of Paragraph 115, Defendant admits that FWS publicly released a final EA concerning the proposed construction of the Dakota Access Pipeline across FWS-managed grassland and wetland conservation easements in June 2016.  Defendant denies the allegations in the fifth sentence of Paragraph 115.

116.    The allegations in Paragraph 116 characterize the Corps' North Dakota EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 116 are inconsistent with the EA, they are denied.

117.    The allegations in Paragraph 117 characterize the Corps' North Dakota EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 117 are inconsistent with the North Dakota EA, they are denied.

118.    The allegations in Paragraph 118 characterize unspecified legal comments expressed by Plaintiff, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 118 are inconsistent with the unspecified comments, they are denied.

119.    The allegations in Paragraph 119 characterize a letter from EPA to the Corps dated January 8, 2016, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the January 8, 2016 letter, they are denied.

120.    The allegations in Paragraph 120 characterize a letter from EPA to the Corps dated March 11, 2016, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the March 11, 2016 letter, they are denied.

121.    The allegations in Paragraph 121 characterize a letter from the U.S. Department of the Interior to the Corps dated March 29, 2016, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the March 29, 2016 letter, they are denied.

## VII.    SPECIFIC FACTS RELATED TO CWA/RHA COMPLIANCE FOR JULY 25, 2016 AUTHORIZATIONS

122.    As to the first sentence of Paragraph 122, Defendant admits that the Dakota Access Pipeline route crosses hundreds of waters of the United States. The remaining allegations in Paragraph 122 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the allegations. Defendant denies the allegations in the second sentence of Paragraph 122.

123.     Defendant denies the allegation in the first sentence of Paragraph 123. As to the second sentence of Paragraph 123, Defendant admits that the crossing of Corps flowage easements at Lake Sakakawea and Corps-managed lands at Lake Oahe in North Dakota require the transfer of real estate interests because the Dakota Access Pipeline will cross federally owned or managed lands. Defendant also admits that the Lake Sakakawea and Lake Oahe crossings and the Illinois River crossing require Corps permission under 33 U.S.C. § 408. The remaining allegations in the second sentence of Paragraph 123 are denied.

124.     Defendant admits that activities permitted under NWP 12 do not require individual permits in order to comply with Section 404 of the CWA and/or Section 10 of the RHA. The remaining allegations in Paragraph 124 consist of vague and ambiguous characterizations, which require no response.

125.     Defendant admits that, on July 25, 2016, the Corps issued NWP 12 verifications at a total of 200 locations along the Dakota Access Pipeline route (2 in North Dakota, 10 in South Dakota, 125 in Illinois, and 63 in Iowa) for which PCNs had been filed. Defendant denies the remaining allegations in Paragraph 125.

126.     The allegations in Paragraph 126 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126.

127.     The allegations in Paragraph 127 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 127.

## CLAIMS FOR RELIEF

**I.      FIRST CLAIM FOR RELIEF – FAILURE TO CONSULT UNDER § 106 OF THE NHPA**

128.    Defendant incorporates by reference responses to Paragraphs 1 through 127.

129.    The allegations in Paragraph 129 characterize Federal statutes and regulations,

which speak for themselves and no response is required. To the extent the allegations are

inconsistent with Federal statutes or regulations, they are denied. The allegations in Paragraph

129 also contain conclusions of law, which require no response.

130.    Defendant denies the allegations in Paragraph 130.

131.    Defendant admits the allegations in Paragraph 131.

132.    The allegations in Paragraph 132 contain conclusions of law, which require no

response.

133.    Defendant denies the allegations in Paragraph 133.

**II.     SECOND CLAIM FOR RELIEF – UNLAWFUL ABDICATION OF § 106 RESPONSIBILITIES**

134.    Defendant incorporates by reference responses to Paragraphs 1 through 133.

135.    The allegations in Paragraph 135 characterize a federal statute, which speaks for

itself and no response is required. To the extent the allegations are inconsistent with the federal

statute, they are denied.

136.    The allegations in Paragraph 136 characterize a federal regulation, which speaks

for itself and no response is required. To the extent the allegations are inconsistent with the

federal regulation, they are denied.

137.    The allegations in Paragraph 137 contain conclusions of law which require no response. The allegations in Paragraph 137 characterize the Corps' NWP 12, which speaks for itself and no response is required. To the extent the allegations are inconsistent with the Corps' NWP 12 or the Nationwide Permit general conditions, they are denied. To the extent Paragraph 137 is deemed to contain facts or allegations of violations of laws, such facts or allegations are denied.

138.    The allegations in Paragraph 138 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the federal regulation, they are denied.

139.    The allegations in Paragraph 139 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the federal regulation, they are denied.

140.    The allegations in Paragraph 140 characterize a federal regulation, the Corps' NWP 12, and a Nationwide Permit general conditions which speaks for themselves and no response is required. To the extent the allegations are inconsistent with the federal regulation, the Corps' NWP 12, or the Nationwide Permit general conditions, they are denied. The allegations in Paragraph 140 contain conclusions of law which require no response. To the extent Paragraph 140 is deemed to contain facts or allegations of violations of laws, such facts or allegations are denied.

141.    The allegations in Paragraph 141 characterize the Corps' NWP 12 and a Nationwide Permit general condition, which speak for themselves and for which no response is required. To the extent the allegations are inconsistent with the Nationwide Permit and its general conditions, they are denied. The allegations in Paragraph 141 contain conclusions of law

which require no response. To the extent Paragraph 141 is deemed to contain facts or allegations of violations of laws, such facts or allegations are denied.

142.     The allegations in Paragraph 142 contain conclusions of law which require no response. To the extent Paragraph 142 is deemed to contain facts or allegations of violations of laws, such facts or allegations are denied. The allegations in Paragraph 142 consist of vague and ambiguous characterizations, which require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142.

143.     The allegations in Paragraph 143 contain conclusions of law which require no response. To the extent Paragraph 143 is deemed to contain facts or allegations of violations of laws, such facts or allegations are denied.

144.     Defendant admits that ACHP transmitted a letter dated May 6, 2016 to the Corps. That letter speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 144 are inconsistent with the May 6, 2016 letter, they are denied.

145.     The allegations in Paragraph 145 contain conclusions of law which require no response.

146.     Defendant denies the allegations in Paragraph 146.

## III.     THIRD CLAIM FOR RELIEF – FAILURE TO REQUIRE CONSIDERATION OF INDIRECT EFFECTS UNDER § 106

147.     Defendant incorporates by reference responses to Paragraphs 1 through 146.

148.     The allegations in Paragraph 148 characterize a federal statute and regulation, which speak for themselves and no response is required. To the extent the allegations are inconsistent with the federal statute and regulation, they are denied.

149.     The allegations in Paragraph 149 contain conclusions of law, which require no response. To the extent Paragraph 149 is deemed to contain facts or allegations of violations of laws, such facts or allegations are denied.

150.     The allegations in Paragraph 150 characterize a portion of the Corps' Nationwide Permit general conditions, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the Nationwide Permit general conditions, they are denied. Defendant denies the allegations in the second sentence of Paragraph 150.

151.     The allegations in Paragraph 151 contain conclusions of law, which require no response. Defendant admits that the ACHP sent a letter dated May 19, 2016 to the Corps. The allegations in Paragraph 151 characterize a federal regulation and ACHP's May 19, 2016 letter, which speak for themselves and no response is required. To the extent the allegations are inconsistent with the federal regulation and ACHP's May 19, 2016 letter, they are denied.

152.     The allegations in Paragraph 152 contain conclusions of law, which require no response.

153.     Defendant denies the allegations in Paragraph 153.

IV.     **FOURTH CLAIM FOR RELIEF – VIOLATIONS OF NATIONAL HISTORIC PRESERVATION ACT WITH RESPECT TO JULY 25, 2016 VERIFICATIONS AND § 408 PERMITS**

154.     Defendant incorporates by reference responses to Paragraphs 1 through 153.

155.     The allegations in Paragraph 155 characterize a federal statute, which speaks for itself and no response is required. To the extent the allegations are inconsistent with the federal statute, they are denied. The allegations contain conclusions of law, which require no response.

156.    The allegations in Paragraph 156 characterize federal regulations, which speaks for themselves and no response is required. To the extent the allegations are inconsistent with the federal regulations, they are denied.

157.    The allegations in Paragraph 157 contain conclusions of law, which require no response. To the extent Paragraph 157 is deemed to contain facts or allegations of violations of laws, such facts or allegations are denied.

158.    The allegations in Paragraph 158 consist of vague and ambiguous characterizations, which require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158. The allegations in Paragraph 158 refer to documents or information present in the administrative record, which Defendant is compiling. Defendant denies the allegations in Paragraph 158 to the extent they are inconsistent with documents or information present in the administrative record.

159.    The allegations in Paragraph 159 contain conclusions of law which require no response. Defendant admits that Dakota Access has or will engage in clearing, grading, excavating a trench, and construction over certain portions of the Dakota Access Pipeline route. The remaining allegations in Paragraph 159 consist of vague and ambiguous characterizations, which require no response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159.

160.    The allegations in Paragraph 160 consist of vague and ambiguous characterizations, which require no response. To the extent the allegations in Paragraph 160 contain conclusions of law, no response is required. To the extent Paragraph 160 is deemed to contain factual allegations or allegations of violations of laws, such allegations are denied.

161.     Defendant denies the allegations in Paragraph 161.

162.     The allegations in Paragraph 162 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the federal regulation, they are denied. The allegations in Paragraph 162 also contain conclusions of law, which require no response.

163.     The allegations in Paragraph 163 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the federal regulation, they are denied. The allegations in Paragraph 163 also contain conclusions of law, which require no response.

164.     The allegations in Paragraph 164 contain conclusions of law, which require no response. To the extent Paragraph 64 is deemed to contain facts or allegations of violations of laws, such facts or allegations are denied.

165.     Defendant denies the allegations in Paragraph 165.

166.     The allegations in Paragraph 166 consist of vague and ambiguous characterizations, which require no response. The allegations in Paragraph 166 also refer to documents or information present in the administrative record, which Defendant is compiling. Defendant denies the allegations in Paragraph 166 to the extent they are inconsistent with documents or information present in the administrative record.

167.     Defendant denies the allegations in Paragraph 167.

168.     Defendant admits that it sent a letter to the North Dakota State Historic Preservation Office on April 22, 2016, and it appears that letter is the subject of Paragraph 168. That letter speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 168 are inconsistent with the April 22, 2016 letter, they are denied. Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168 and, on that basis, denies the allegations.

169.    The allegations in Paragraph 169 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169.

170.    The allegations in Paragraph 170 consist of vague and ambiguous characterizations, which require no response. The allegations in Paragraph 170 also characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the federal regulation, they are denied. The remaining allegations in Paragraph 170 contain conclusions of law, which require no response. To the extent Paragraph 170 is deemed to contain factual allegations or allegations of violations of laws, such allegations are denied.

171.    As to the first sentence of Paragraph 171, Defendant admits that the Standing Rock THPO sent a letter dated May 17, 2016, to the Corps. To the extent the allegations in the first sentence of Paragraph 171 are inconsistent with the May 17, 2016 letter, they are denied. The allegations in the second sentence of Paragraph 171 characterize an ACHP regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the ACHP regulation, they are denied. The allegations in the second sentence of Paragraph 171 contain conclusions of law, which require no response. To the extent the second sentence of Paragraph 171 is deemed to contain factual allegations or allegations of violations of laws, such allegations are denied.

172.     As to the first sentence of Paragraph 172, Defendant admits that the ACHP sent a letter dated May 19, 2016, to the Corps. To the extent the allegations in the first sentence of Paragraph 172 are inconsistent with the May 19, 2016 letter, they are denied. The allegations in the second sentence of Paragraph 172 characterize an ACHP regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the ACHP regulation, they are denied. The allegations in the second sentence of Paragraph 172 also contain conclusions of law, which require no response.

173.     The allegations in Paragraph 173 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173.

174.     Defendant denies the allegations in Paragraph 174.

175.     The allegations in Paragraph 175 characterize a Federal Register and NWP general conditions, which speak for themselves and for which no response is required. To the extent the allegations are inconsistent with the Federal Register and NWP general conditions, they are denied.

176.     Defendant denies the allegations in the first sentence of Paragraph 176. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 176 and, on that basis, denies the allegations.

177.     Defendant denies the allegations in Paragraph 177.

## V.     FIFTH CLAIM FOR RELIEF – VIOLATIONS OF NEPA WITH RESPECT TO JULY 25, 2016 VERIFICATIONS AND § 408 PERMITS

178.     Defendant incorporates by reference responses to Paragraphs 1 through 177.

179.    The allegations in the first sentence of Paragraph 179 characterize a federal statute, which speaks for itself and no response is required. To the extent the allegations are inconsistent with the federal statute, they are denied. The allegations in the second and third sentences of Paragraph 179 contain conclusions of law, which require no response. To the extent the second and third sentences of Paragraph 179 are deemed to contain factual allegations or allegations of violations of laws, such allegations are denied. The second and third sentences also characterize the Corps' North Dakota EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the second and third sentences of Paragraph 179 are inconsistent with the North Dakota EA, they are denied.

180.    The allegations in Paragraph 180 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations. The allegations in the first and third sentences of Paragraph 180 also purport to contain conclusions of law, which require no response. To the extent the allegations in the first and third sentences of Paragraph 180 are deemed to contain factual allegations or allegations of violations of laws, such allegations are denied.

181.    The allegations in Paragraph 181 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

182.    Defendant denies the allegations in Paragraph 182.

183.    The allegations in Paragraph 183 characterize a federal statute and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the federal statute and regulations, they are denied.

184.    The allegations in Paragraph 184 characterize federal regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the federal regulations, they are denied.

185.    The allegations in Paragraph 185 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

186.    As to the first sentence of Paragraph 186, Defendant admits that FWS issued an EA and FONSI concerning the proposed construction of the Dakota Access Pipeline across FWS-managed grassland and wetland conservation easements. The allegations in the second sentence of Paragraph 186 characterize the FWS EA and FONSI, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the EA and FONSI, they are denied.

187.    The allegations in Paragraph 187 contain conclusions of law, which require no response. To the extent Paragraph 187 is deemed to contain factual allegations or allegations of violations of laws, such allegations are denied.

188.    Defendant denies the allegations in Paragraph 188.

189.    The allegations in Paragraph 189 characterize a federal statute and regulations, which speak for themselves, and no response is required. To the extent the allegations are inconsistent with the federal statute and regulations, they are denied. The allegations in Paragraph 189 also contain conclusions of law, which require no response.

190.    The allegations in Paragraph 190 characterize a federal statute and regulations, which speak for themselves, and no response is required. To the extent the allegations are

inconsistent with the federal statute and regulations, they are denied. The allegations in Paragraph 190 also contain conclusions of law, which require no response.

191.    The allegations in Paragraph 191 consist of vague and ambiguous characterizations, which require no response. The allegations in Paragraph 191 also contain conclusions of law, which require no response. To the extent Paragraph 191 is deemed to contain factual allegations or allegations of violations of laws, such allegations are denied. The allegations in Paragraph 191 also refer to documents or information present in the administrative record, which Defendant is compiling. Defendant denies the allegations in Paragraph 191 to the extent they are inconsistent with documents or information present in the administrative record.

192.    The allegations in the first sentence of Paragraph 192 consist of vague and ambiguous characterizations, which require no response. The allegations in the first sentence of Paragraph 192 also contain conclusions of law, which require no response. To the extent the first sentence of Paragraph 192 is deemed to contain factual allegations or allegations of violations of laws, such allegations are denied. The allegations in the second and third sentences of Paragraph 192 characterize the Corps' North Dakota EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the second and third sentences of Paragraph 192 are inconsistent with the North Dakota EA, they are denied.

193.    Defendant denies the allegations in Paragraph 193.

VI.    **SIXTH CLAIM FOR RELIEF: VIOLATIONS OF THE CLEAN WATER ACT AND RIVERS AND HARBORS ACT WITH RESPECT TO JULY 25, 2016 VERIFICATIONS AND § 408 PERMITS**

194.    Defendant incorporates by reference responses to Paragraphs 1 through 193.

195.    The allegations in Paragraph 195 characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the

federal regulation, they are denied. The allegations in Paragraph 195 also contain conclusions of

law, which require no response. To the extent Paragraph 195 is deemed to contain factual

allegations or allegations of violations of laws, such allegations are denied.

196.    The allegations in Paragraph 196 characterize federal regulations, which speak for

themselves and no response is required. To the extent the allegations are inconsistent with the

federal regulations, they are denied. The allegations contain conclusions of law, which require no

response.

197.    The allegations in Paragraph 197 contain conclusions of law, which require no

response. To the extent Paragraph 197 is deemed to contain factual allegations or allegations of

violations of laws, such allegations are denied.

198.    Defendant denies the allegations in Paragraph 198.

199.    The allegations in Paragraph 199 contain conclusions of law, which require no

response. To the extent Paragraph 199 is deemed to contain factual allegations or allegations of

violations of laws, such allegations are denied.

200.    Defendant admits that it issued a NWP 12 verification for the Dakota Access

Pipeline to cross Lake Oahe on July 25, 2016, and that the crossing required a permit under

Section 10 of the RHA. The remaining allegations in Paragraph 200 refer to documents or

information present in the administrative record, which Defendant is compiling. Defendant

denies the allegations in Paragraph 200 to the extent they are inconsistent with documents or

information present in the administrative record.

201.    The allegations in Paragraph 201 characterize a Federal Register notice, which

speaks for itself, and no response is required. To the extent the allegations are inconsistent with

the Federal Register notice, they are denied. The allegations in Paragraph 195 also contain conclusions of law, which require no response.

202.     The allegations in Paragraph 202 contain conclusions of law, which require no response. To the extent Paragraph 202 is deemed to contain factual allegations or allegations of violations of laws, such allegations are denied.

203.     The allegations in the first sentence of Paragraph 203 characterize a Federal Register notice, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the Federal Register notice, they are denied. The allegations in the second sentence of Paragraph 203 consist of vague and ambiguous characterizations, which require no response. The allegations in the second sentence of Paragraph 203 also purport to contain conclusions of law, which require no response. To the extent the second sentence of Paragraph 202 is deemed to contain factual allegations or allegations of violations of laws, such allegations are denied.

204.     The allegations in Paragraph 204 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations in Paragraph 204 characterize unspecified correspondence from Plaintiff and its members, other Tribes and communities, EPA, and DOI, such documents speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 204 are inconsistent with the unspecified correspondence, they are denied.

205.     The allegations in the first sentence of Paragraph 205 characterize a Federal Register notice, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the Federal Register notice, they are denied. As to the second sentence of

Paragraph 205, Defendant admits that the Dakota Access Pipeline route crosses Lake Oahe approximately half a mile upstream of Plaintiff's reservation boundary. The remaining allegations in the second sentence of Paragraph 205 and the allegations in the third sentence of Paragraph consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence and the allegations in the third sentence of Paragraph 205. The allegations in the fourth sentence of Paragraph 205 contain conclusions of law, which require no response. To the extent the fourth sentence of Paragraph 205 is deemed to contain factual allegations or allegations of violations of laws, such allegations are denied.

206.    Defendant denies the allegations in Paragraph 206.

207.    The allegations in Paragraph 207 characterize a federal regulation which speaks for itself and no response is required. To the extent the allegations are inconsistent with the federal regulation, they are denied. The allegations in Paragraph 207 also contain conclusions of law, which require no response.

208.    The allegations in Paragraph 208 contain conclusions of law, which require no response. To the extent Paragraph 208 is deemed to contain factual allegations or allegations of violations of laws, such allegations are denied. The allegations in the second sentence of Paragraph 207 also characterize a federal regulation, which speaks for itself, and no response is required. To the extent the allegations are inconsistent with the federal regulation, they are denied.

209.    The allegations in Paragraph 209 contain conclusions of law, which require no response. To the extent Paragraph 209 is deemed to contain factual allegations or allegations of violations of laws, such allegations are denied.

210.    The allegations in Paragraph 210 contain conclusions of law, which require no response. To the extent Paragraph 210 is deemed to contain factual allegations or allegations of violations of laws, such allegations are denied.

211.    The allegations in Paragraph 211 contain conclusions of law, which require no response. To the extent Paragraph 211 is deemed to contain factual allegations or allegations of violations of laws, such allegations are denied.

212.    Defendant denies the allegations in Paragraph 212.

## PRAYER FOR RELIEF

The remaining allegations in the Complaint consist of Plaintiff's Prayer for Relief, which requires no response. To the extent a response is required, Defendant denies that Plaintiff is entitled to such relief.

## GENERAL DENIAL

To the extent any allegations have not been specifically addressed in the preceding paragraphs, Defendant hereby denies such allegations.

## DEFENSES

Without limiting or waiving any defenses available to it, the United States hereby asserts the following defenses:

## FIRST DEFENSE

The Court lacks jurisdiction over some or all of Plaintiff's claims and/or Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Some or all of Plaintiff's claims are barred by laches, estoppel, and waiver.

**THIRD DEFENSE**

Some or all of Plaintiff's claims are moot.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are unripe.

**FIFTH DEFENSE**

Plaintiff lacks standing to bring some or all of its claims.

**FIFTH DEFENSE**

The Complaint does not describe the claims or events with sufficient particularity to allow Defendant to ascertain what other defenses may exist at this time, and therefore Defendant reserves the right to assert all defenses which may pertain to the Complaint once the precise nature of the claims is ascertained in the future.

Dated: October 11, 2016                    Respectfully submitted,

                                           JOHN C. CRUDEN
                                           Assistant Attorney General
                                           Environment & Natural Resources Division

                    By:      /s/ *Erica Zilioli*_____

                                           MATTHEW MARINELLI, IL Bar 6277967
                                           U.S. Department of Justice
                                           Natural Resources Section
                                           P.O. Box 7611
                                           Benjamin Franklin Station
                                           Washington, DC 20044
                                           Phone: (202) 305-0293
                                           Fax: (202) 353-2021
                                           matthew.marinelli@usdoj.gov

ERICA M. ZILIOLI, D.C. Bar 488073
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 514-6390
Fax: (202) 514-8865
Erica.Zilioli@usdoj.gov

*Attorneys for the United States Army Corps
of Engineers*

OF COUNSEL:

MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 11th day of October, 2016, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.

/s/  *Erica Zilioli*
Erica M. Zilioli