UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.*,<br><br>  Defendants. | Civil Action No. 16-1534 (JEB) |

## ORDER

After successfully moving to intervene in this case, Intervenor-Plaintiff Cheyenne River Sioux Tribe filed a Motion to Amend its Complaint-in-Intervention on September 8, 2016. See ECF No. 37. This was 20 days after the filing of its original Complaint and prior to the filing of an Answer by either Defendant U.S. Army Corps of Engineers or Intervenor-Defendant Dakota Access. The Court denied that Motion four days later for the sake of judicial efficiency, explaining that each plaintiff in a civil case was not entitled to proceed on its own separate complaint. See 9/12/2016 Minute Order. Cheyenne River then filed this Motion for Reconsideration, and the Court again instructed that it would be preferable for Plaintiffs —given that the original Plaintiff, Standing Rock Sioux Tribe, also planned to amend its Complaint — to file a joint Amended Complaint. See 9/24/2016 Minute Order. The Court nevertheless granted leave to Plaintiff-Intervenor to file an additional pleading if it still felt that such a course of action would prejudice it. Id. As the Tribe has now done so, the Court will grant its Motion for Reconsideration and allow the filing of its Amended Complaint.

1

District courts sometimes allow cases to proceed on more than one complaint and, accordingly, grant an intervening-plaintiff leave to file its own amended complaint. See, e.g., Lifeng Chen v. New Trend Apparel, Inc., 2012 WL 1592233, at *2 (S.D.N.Y. May 4, 2012) (granting motion for original plaintiff to file third amended complaint and, at the same time, granting motion for intervenor to amend separate complaint). However, "[i]t is now a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right." Beauregard, Inc. v. Sword Servs. L.L.C, 107 F.3d 351, 352-53 (5th Cir. 1997). As the Supreme Court has recently reaffirmed, as well, "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016) (collecting cases). Courts have legitimately exercised this inherent authority to order that pre-trial motions proceed on a single complaint, even where plaintiffs have claimed to be prejudiced by such a course of action. See Katz v. Realty Equities Corp. of New York, 521 F.2d 1354, 1356 (2d Cir. 1975).

The Court, upon consideration of Plaintiffs' claims to prejudice and inefficiency in proceeding in this manner here, nevertheless reluctantly agrees that it is not necessary at this stage to proceed on a single complaint. Should the issues and parties to this litigation grow more complicated in the future, however, the Court may find it necessary to revisit this question for the sake of judicial efficiency.

The Court, accordingly, ORDERS:

1) Cheyenne River's Motion for Reconsideration is GRANTED;

2) Cheyenne River's Amended Complaint is FILED; and

3) Defendants shall respond to Cheyenne River's Amended Complaint by December 19, 2016.

**SO ORDERED.**

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: October 19, 2016