# EXHIBIT 5

*Standing Rock Sioux Tribe v. United States Army Corps of Engineers*
Case No. 1:16-cv-01534 (JEB)
United States Army Corps of Engineers' Opposition to Expedited Motion to Supplement the
Administrative Record



**DEPARTMENT OF THE ARMY**
U.S. ARMY CORPS OF ENGINEERS
441 G STREET NW
WASHINGTON, D.C. 20314-1000

REPLY TO
ATTENTION OF:

OCT 2 9 2008

CEMP-CR/CECC-R

MEMORANDUM FOR SEE DISTRIBUTION

SUBJECT: Real Estate Policy Guidance Letter No. 27-Official U.S. Army Corps of Engineers Real Estate Policy

1. Purpose. To establish new policy on the issuance of fuel carrying pipelines that are 24 inches or more in diameter.

2. Background. Section 28 of the Mineral Leasing Act of 1920, as amended (Title 30 U.S.C. Section 185) provides authority to grant easements for pipelines and related facilities for the transportation of oil, natural gas, synthetic liquid or gaseous fuels, or any refined product produced therefrom. This authority must be used for large pipelines that are 24 inches or more in diameter.

3. Policy. In order to provide a consistent policy, effective immediately the following guidance is provided:

   a. Title 30 requires that the Secretary of the Army promptly notify the Committee on Natural Resources of the United States House of Representatives and the Committee on Energy and Natural Resources of the United States Senate upon receipt of an application for a right-of-way. A second notification is also required if the intent of the Federal Agency is to grant the pipeline right-of-way.

   1) Notification upon receipt of application-District will provide a letter to the Real Estate Community of Practice (HQUSACE, CEMP-CR) for the Deputy Assistant Secretary of the Army (Installations and Housing) (DASA I&H) execution and notification to Congress. In addition to the letter, provide a copy of the application and map. A sample format is included at Enclosure 1.

   2) Notification on intent to grant-District will provide a letter to HQUSACE, CEMP-CR for the DASA (I&H) execution and notification to Congress. In addition to the letter, furnish an information paper and map. For review purposes, supporting documentation should also include the proposed easement, Report of Availability, and environmental analysis. If the Committee does not provide an affirmative response, District will wait 14 days following Committee notification before execution of the easement. A sample format is included at Enclosure 2.

CEMP-CR/CECC-R
SUBJECT: Real Estate Policy Guidance Letter No. 27-Official U.S. Army Corps of
Engineers Real Estate Policy

3) A new easement format is also included at Enclosure 3.  This replaces the
format included in the Real Estate Handbook, ER 405-1-12, Chapter 8.  Site-specific
environmental, mitigation, cultural and operational requirements may be added.  Other
deviations from the format must be approved by HQUSACE (CECC-R).

b. If the pipeline only crosses an area held in less than fee, such as an
easement, then the District will follow the process to consent to the fuel-carrying
pipeline.  No notice to Congress is required for a Consent.

c. If the pipeline right-of-way will traverse lands administered by two or more
Federal agencies, the Secretary of the Interior is authorized to grant an easement after
consulting with the agencies involved.  The implementing regulations of the Bureau of
Land Management are applicable and are at 43 C.F.R. Part 2881, et seq.

d. Applications to cross Army land should be filed on Standard Form 299,
Application for Transportation and Utility Systems and Facilities on Federal Lands.
(http://www.ntia.doc.gov/frowsite/fssf299.pdf)

e. If land is impacted in more than one District, HQUSACE CEMP-CR will
designate lead Division to coordinate the action and serve as lead Point of
Contact/Program Manager.

4.  Non-applicability.

a. This memorandum does not apply to fuel-carrying pipelines less than 24
inches in diameter.  Easements for those pipelines are granted under authority of Title
10 U.S.C. Section 2668.

b. Pipelines for the aforementioned purposes are not subject to the requirements
and limitations of Title 30 if they have been relocated on Government-owned lands at
Government initiative and for Government benefit, as authorized by a relocation
contract.

5. Duration. The policies stated herein will remain in effect until amended or rescinded
by Policy Memorandums, Policy Guidance Letters, Engineers Circulars or Engineer
Regulations.

CEMP-CR/CECC-R
SUBJECT: Real Estate Policy Guidance Letter No. 27-Official U.S. Army Corps of
Engineers Real Estate Policy


FOR THE COMMANDER:

Encls

SCOTT L. WHITEFORD
ACTING DIRECTOR OF REAL ESTATE


DISTRIBUTION:
COMMANDER,
GREAT LAKES AND OHIO RIVER DIVISION (CELRD-PDS-R)
MISSISSIPPI VALLEY DIVISION (CEMVD-TD-R)
NORTH ATLANTIC DIVISION (CENAD-PD-E)
NORTHWESTERN DIVISION (CENWD-PDS)
PACIFIC OCEAN DIVISION (CEPOD-RE)
SOUTH ATLANTIC DIVISION (CESAD-PDS-R)
SOUTH PACIFIC DIVISION (CESPD-ET-R)
SOUTHWESTERN DIVISION (CESWD-ET-R)


CF:
COMMANDER,
DETROIT DISTRICT (CELRE-RE)
HUNTINGTON DISTRICT (CELRH-RE)
LOUISVILLE DISTRICT (CELRL-RE)
NASHVILLE DISTRICT (CELRN-RE)
PITTSBURGH DISTRICT (CELRP-RE)
MEMPHIS DISTRICT (CEMVM-RE)
NEW ORLEANS DISTRICT (CEMVN-RE)
ROCK ISLAND DISTRICT (CEMVR-RE)
ST. LOUIS DISTRICT (CEMVS-RE)
ST. PAUL DISTRICT (CEMVP-RE)
VICKSBURG DISTRICT (CEMVK-RE)
BALTIMORE DISTRICT (CENAB-RE)
NEW ENGLAND DISTRICT (CENAE-RE)
NEW YORK DISTRICT (CENAN-RE)
NORFOLK DISTRICT (CENAO-RE)
KANSAS CITY DISTRICT (CENWK-RE)
OMAHA DISTRICT (CENWO-RE)

CEMP-CR/CECC-R
SUBJECT: Real Estate Policy Guidance Letter No. 27-Official U.S. Army Corps of
Engineers Real Estate Policy

PORTLAND DISTRICT (CENWP-RE)
SEATTLE DISTRICT (CENWS-RE)
WALLA WALLA DISTRICT (CENWW-RE)
ALASKA DISTRICT (CEPOA-RE)
HONOLULU DISTRICT (CEPOH-PP-RE)
JACKSONVILLE DISTRICT (CESAJ-RE)
MOBILE DISTRICT (CESAM-RE)
SAVANNAH DISTRICT (CESAS-RE)
ALBUQUERQUE DISTRICT (CESPA-RE)
LOS ANGELES DISTRICT (CESPL-RE)
SACRAMENTO DISTRICT (CESPK-RE)
FORT WORTH DISTRICT (CESWF-RE)
GALVESTON DISTRICT (CESWG-RE)
LITTLE ROCK DISTRICT (CESWL-RE)
TULSA DISTRICT (CESWT-RE)
CECC-R

**Enclosure 1- Real Estate Policy Guidance Letter No. 27**

The Honorable Nick J. Rahall II
Chairman
Committee on Natural Resources
United States House of Representatives
Washington, D.C. 20515

Dear Mr. Chairman:

Pursuant to the Mineral Leasing Act of 1920, as amended (30 U.S.C. §185 (w)), the Army is providing notice that AAABCDE Pipeline Company LLC, a Mississippi limited liability company, with its principal office in Tupelo, Mississippi, and authorized to do business in the State of Louisiana, has filed an application with the Army for an easement to cross approximately 10 acres of Government land located at Bayou Bodcau Dam and Reservoir for the installation, construction, operation, maintenance, and repair of a 24-inch diameter underground natural gas pipeline.  A license may also be granted for construction purposes.  The pipeline application and map is enclosed.

A similar letter is being sent to Mr. Don Young, Ranking Minority Member, Committee on Natural Resources, House of Representatives; the Honorable Jeff Bingaman, Chairman, Committee on Energy and Natural Resources, United States Senate; and Mr. Pete V. Domenici, Ranking Minority Member, Committee on Energy and Natural Resources, United States Senate.

Sincerely,


Joseph F. Calcara
Deputy Assistant Secretary of the Army
(Installations and Housing)
OASA (I&E)

**Enclosure 2- Real Estate Policy Guidance Letter No. 27**
**Page 1**

Mr. Pete V. Domenici
Ranking Minority Member
Committee on Energy and Natural Resources
United States Senate
Washington, D.C. 20510

Dear Mr. Domenici:

Pursuant to the Mineral Leasing Act of 1920, as amended (30 U.S.C. §185 (w)), the Army provided notice on October 23, 2008, that the Gulf Crossing Pipeline Company LLC, a Delaware limited liability company, with its principal office in Houston, Texas, and authorized to do business in the State of Louisiana, filed an application with the Army for a thirty year easement for a right-of-way across approximately 13.37 acres of Government land located at Bayou Bodcau Dam and Reservoir, Red River Below Denison Dam, Oklahoma, Texas, Arkansas and Louisiana Project, Boosier and Webster Parishes, Louisiana, for the installation, construction, operation, maintenance, and repair of a 42-inch diameter underground natural gas pipeline.  A license will also be granted for the use of approximately 5.45 acres for a temporary right-of-way for construction purposes.

The easement will support Gulf Crossing's application to the Federal Energy Regulatory Commission (FERC) for the construction, operation and maintenance of pipeline facilities for the transportation of natural gas pipeline, which will begin near Sherman, Texas and travel 353 miles, terminating near Tallulah, Louisiana.

Since the pipeline will cross the property of no other federal agency, Army is hereby providing notice of its intention to issue the easements for a term of 30 years.  The width of a right-of-way will not exceed fifty feet plus the ground occupied by the pipeline and will include all statutory requirements for construction, operation, and rehabilitation plans, including restoration, revegetation, erosion control and environmental protections.

A similar letter is being sent to the Honorable Jeff Bingaman, Chairman, Committee on Energy and Natural Resources, United States Senate, the Honorable Nick J. Rahall, II, Chairman, Committee on Natural Resources, United States House of Representatives, and Mr. Don Young, Ranking Minority Member, Committee on Natural Resources, House of Representatives.

Sincerely,


Joseph F. Calcara
Deputy Assistant Secretary of the Army
(Installations and Housing)
OASA (I&E)

**Enclosure 2- Real Estate Policy Guidance Letter No. 27**
**Page 2**


U.S. Army Corps of Engineers, REAL ESTATE


**Authority:** Title 30, United States Code, Section 185


**Name of CW Project or Installation lands impacted by pipeline request:**

Bayou Bodcau Dam and Reservoir, Red River below Denison Dam, Oklahoma, Texas, Arkansas and Louisiana Project, Boosier and Webster Parishes, Louisiana


**Proposed Action:** Gulf Crossing is building an interstate national gas pipeline that will cross over 357 miles.  The pipeline will cross six States.  An application was filed with the Federal Energy Regulatory Commission January 2008.  An Environmental Impact Statement was completed and concluded that this action does not pose a significant impact to the public's health and environment.

Right-of-way requested to cross approximately 13.37 acres of Government land for the installation, construction, operation, maintenance, and repair of a 42-inch diameter underground natural gas pipeline.  A license will also be granted for the use of approximately 5.45 acres for a temporary right-of-way for construction purposes.

No other Federal agency lands are impacted by this pipeline request.


**Coordination:** The XX District has coordinated this request through Operations, Counsel, Environmental, and Planning.  All entities reviewed and approved this request. A Report of Availability was completed on 20 September 2008.


**Special Terms/Conditions:** Mitigation plan requested.  See document xx.

*Editorial Note: Delete all Editorial Notes, optional information and notes on what to fill in from the final document. Places where information should be filled in are shown either as "_____" or << >>. Editorial Notes and optional information are shown in [ ]. Form should meet recording requirements, such as margins, so that it may be recorded in the local land records.*

## DEPARTMENT OF THE ARMY
## EASEMENT FOR FUEL CARRYING PIPELINE RIGHT-OF-WAY

### LOCATED ON

### <<PROJECT/INSTALLATION>>

### <<COUNTY>> COUNTY, <<STATE>>

This Easement is made on behalf of THE UNITED STATES OF AMERICA (the "United States"), between THE SECRETARY OF THE ARMY, acting by and through the Chief, Real Estate Division, U.S. Army Engineer District, <<DISTRICT>>, hereinafter referred to as the "Grantor", under and by virtue of the authority vested in Title 30, United States Code, Section 185, and <<GRANTEE>> , <<CORPORATION>>, duly organized and existing under and by virtue of the laws of the State of <<STATE>>, with its principal office at <<ADDRESS>>, <<CITY, STATE, ZIP>>, hereinafter referred to as the "Grantee."

**NOW THEREFORE:**

The Grantor, for good and valuable consideration set forth below, the receipt and sufficiency of all of which are hereby acknowledged, upon and subject to the terms, covenants and conditions set forth in this Easement for right-of-way, does hereby:

Grant and convey to Grantee, an easement for a fuel carrying pipeline right-of-way for the installation, construction, operation, maintenance, repair, replacement and termination of a <<_____>> inch ( "<<___>>") diameter *[Select underground or above ground]* pipeline for the purpose of [*Select type: oil, natural gas, synthetic liquid or gaseous fuels*], and related facilities, hereinafter collectively referred to as the "Facilities", over, across, in and upon lands of the United States as identified in EXHIBIT "A", hereinafter referred to as the "Premises", and which is attached hereto and made a part hereof, with the width of a right-of-way being fifty feet plus the ground occupied by the pipeline (that is, the pipe and its related facilities); *[Editorial Note:  The width can not exceed fifty feet, unless the Secretary finds, and records the reasons for the finding, that in his judgment a wider right-of-way is necessary for operation and maintenance after construction, or to protect the environment or public safety – this request should be made with the notice letters]*

Supplement this Easement by a temporary easement or license for construction, over, across, in and upon lands of the United States as identified in EXHIBIT "B", and which is attached hereto and made a part hereof; and

Make no claim of title during the term of this Easement to any Facilities of whatever nature located, constructed, or placed on the Premises by the Grantee.

**THIS EASEMENT** is granted subject to the following conditions.

## 1. TERM

This easement is hereby granted for a term of << _____ >> *[Editorial Note: Statute limits to maximum of 30 years]* years, beginning on the date of execution by the Grantor and ending thirty (30) years from the date of execution by the Grantor.

The Grantor shall renew this Easement in accordance with the provisions of 30 U.S.C. § 185, so long as the project is in commercial operation and is operated and maintained in accordance with all of the provisions of this Easement and applicable law. The Grantor prior to renewing this Easement must receive from the Grantee written notice of its intent to seek renewal or extension not less than one year prior to the Easement expiration or termination date and all plans, contracts, agreements, or other information or material which the Grantor deems necessary to determine whether a right-of-way shall be renewed and the terms and conditions which should be included in the right-of-way.

A temporary easement/license for construction is also hereby granted for a term of one (1) year beginning on the date of execution and ending one (1) year from the date of execution or upon notification that construction and restoration is complete, whichever is earlier. Upon the completion of construction and satisfactory restoration of the temporary easement area, the Grantee, will provide as-built drawings and legal description. This easement will be amended to correct "Exhibit A" based on the as-built drawings and legal description, if necessary.

## 2. CONSIDERATION, MITIGATION, AND DAMAGES

a. *[Alternative Condition - Use if there will be no rental offsets]* As consideration for this Easement, the Grantee shall pay cash consideration in advance to the Grantor in the amount of _____ _____ ($_____). The Grantee shall pay this amount *[Select either: in a lump sum; annually on the anniversary of the beginning date of this easement; or at ten year intervals on the anniversary of the beginning date of this easement]*.

a. *[Alternate Condition - Use if there will be cash and in-kind or just in-kind]* As consideration for this easement, the Grantee shall pay to the Grantor consideration in the total value of _____ ($_____).

Fuel Carrying Pipeline – 09/08

(1) *[Editorial Note: Delete if no cash. Follow guidance on collecting at least 10% cash to cover administrative expenses]* The Grantee shall pay cash in the amount of _____ _____ _____ _____ _____, ($_____ _____), payable *[Select either: in a lump sum; annually on the anniversary of the beginning date of this easement; or at ten year intervals on the anniversary of the beginning date of this easement]*.

(2) *[Editorial Note: Use this alternative and insert the description of the in-kind, if known, or attach an exhibit]* The Grantee will [also] provide consideration in-kind which shall be accomplished by the Grantee for [_____] or [ as described in the In-Kind Agreement attached as Exhibit ____]

(2) *[Editorial Note: Use this alternative if the in-kind will be negotiated at a later date. ]* The cash consideration in a.(1) above may be provided in-kind prior to its due date. The consideration to be provided in-kind shall be accomplished by the Grantee in accordance with an In-Kind Agreement, to be negotiated prior to the cash due date.

(3) The Grantee must comply with the terms and conditions of the In-Kind Agreement. This easement may be terminated if the Grantee fails to comply with the terms and conditions of, or is in default under, the In-Kind Agreement. Failure to comply with the In-Kind Agreement will also be considered non-payment of consideration.

b. The Grantee shall pay in advance to the Grantor the amount of _____ ($_____.00) Dollars as consideration for the temporary easement/license for construction in full for the one (1) year term hereof.

c. The Grantee will mitigate damages caused to the Premises, surrounding areas, or to <<PROJECT/INSTALLATION>>, during initial installation and construction of the Facilities, and damages caused during operation, maintenance, or subsequent construction work, and complete all site restoration in accordance with the Mitigation / Restoration Plan submitted by Grantee on file in the U.S. Army Engineer District, <<DISTRICT>>.

*[Optional Condition - Use if there will be cash payment for damages to Government property, rather than having the Grantee perform only mitigation work.]*
c. The Grantee shall pay in advance the amount of _____ ($_____.00) Dollars as reimbursement for the cost of [timber/property] damages.

d. The Grantee shall reimburse the Grantor for the costs incurred in monitoring the construction, operation, maintenance, and termination of the pipeline and related facilities on the Premises. *[Editorial Note: payments to reimburse the United States for administrative and other costs incurred in processing the application, as set out in 30 U.S.C. 185, should have been collected before the Easement was executed.]*

e.  Any cash payments to the Grantor will be made to the order of the Finance and Accounting Officer, <<DISTRICT>> District, and delivered to _____ _____   _____ .

f.  Any payments due under the terms of this easement must be paid on or before the date they are due in order to avoid the mandatory sanctions imposed by the Debt Collection Act of 1982, as amended (31 U.S.C. Section 3717).  This statute requires the imposition of an interest charge for the late payment of debts owed to the United States; an administrative charge to cover the costs of processing and handling delinquent debts; and the assessment of an additional penalty charge on any portion of a debt that is more than 90 days past due.

## 3. NOTICES

All correspondence and notices to be given pursuant to this easement shall be in writing and addressed, if to the Grantee, to <<GRANTEE>>, <<ADDRESS, CITY, STATE, ZIP>> and, if to the Grantor, to the U. S. Army Engineer District, <<DISTRICT>>, Attention: Chief, Real Estate Division, <<ADDRESS, STATE, ZIP>>, or as may from time to time otherwise be directed by the parties.  Notices shall be mailed by certified mail, postage prepaid, return receipt requested, addressed to the addresses above.  The effective date of the notice shall be the earlier of the actual date of receipt or the date the addressee is notified of the attempted delivery of the certified mail, whether or not the addressee actually accepts delivery.

## 4.  AUTHORIZED REPRESENTATIVE

Except as otherwise specifically provided, any reference herein to "Grantor" or "Chief, Real Estate Division" shall include their duly authorized representatives.  Any reference to "Grantee" shall include assignees, transferees and their duly authorized representatives.

## 5.  SUPERVISION BY THE GRANTOR

a. The installation and/or operation and maintenance of said pipeline shall be accomplished without cost or expense to the United States under the general supervision and subject to the approval of the Grantor's representative having immediate jurisdiction over the property, hereinafter designated as "said officer," and in such manner as not to endanger personnel or property of the United States on the said United States land or obstruct travel on any road thereon. The Grantee shall have the right of ingress and egress for such purposes, subject to approval of access by said officer.

b. The use and occupation of said Premises incident to the exercise of the privileges hereby granted shall be subject to such rules and regulations as the said officer may from time to time prescribe.

## 6.  APPLICABLE LAWS AND REGULATIONS

Fuel Carrying Pipeline – 09/08

The Grantee shall construct, operate, maintain, and terminate the said pipeline in accordance applicable Federal, state, county, and municipal laws, regulations, and ordinances.  As required by 30 U.S.C. § 185, the Grantee shall construct, operate, and maintain the Facilities as common carriers.  **[Insert if applicable:** The pipeline installation shall be in accordance with the U.S. Department of Transportation's Minimum Federal Safety Standards and any other applicable Federal or state safety requirements.]

## 7.  CONDITION OF PREMISES

The Grantee acknowledges that it has inspected the premises, knows its condition, and understands that the same is granted without any representations or warranties whatsoever and without any obligation on the part of the United States.

## 8.  INSPECTION AND REPAIRS

a.  Upon completion of any phase of the pipeline project which causes damage to the Premises, the Grantee shall restore said damage immediately, at the Grantee's own expense, to the same condition in which they existed prior to the commencement of such work, to the satisfaction of the said officer.

b.  The Grantee shall supervise the said pipeline and cause it to be inspected at reasonable intervals, and shall immediately repair any defects or leaks found by such inspection, or when requested by the Grantor to repair any defects or leaks.

## 9.  PROTECTION OF GOVERNMENT PROPERTY

The Grantee shall be responsible for any damage that may be caused to the property of the United States by the activities of the Grantee under this Easement and shall exercise due diligence in the protection of all property located on the Premises against fire or damage from any and all other causes.  Any property of the United States damaged or destroyed by the Grantee incident to the exercise of the privileges herein granted shall be promptly repaired or replaced by the Grantee to a condition satisfactory to the Grantor, or at the election of the Grantor, reimbursement made therefore by the Grantee in an amount to reimburse for the loss satisfactory to the Grantor.

**Deleted:** therefor

## 10.  RIGHT TO ENTER

a.  The right is reserved to the Grantor, the United States, its officers, agents, and employees to enter upon the premises at any time and for any purpose necessary or convenient in connection with government purposes, to make inspections, to remove timber or other material, except property of the Grantee, to flood the premises, to manipulate the level of the lake or pool in any manner whatsoever and/or to make any other use of the lands as may be necessary in connection with government purposes, and

the Grantee shall have no claim for damages on account thereof against the Grantor, the United States or any officer, agent, or employee thereof.

b. If the entry will involve removal of timber or other material, or heavy equipment, the Grantor will provide reasonable notice to Grantee of any such entry or use so that Grantee may take any necessary measures to assure the safety of its pipeline and any personnel of the United States working in proximity to such pipeline. Grantee will ensure that Grantor has emergency contact information.

| Deleted: United States |

## 11.    TRANSFERS AND ASSIGNMENTS

Without prior written approval by the Grantor, the Grantee shall neither transfer nor assign this Easement or any part thereof nor grant any interest, privilege or license whatsoever in connection with this Easement. The provisions and conditions of this Easement shall extend to and be binding upon and shall inure to the benefit of the representatives, successors and assigns of the Grantee.

## 12. INDEMNITY

a. The Grantee shall be strictly liable to the United States for damage or injury which may arise from or be incident to the activities of the Grantee under this easement, or for damages to the property of the Grantee, or for damages to the property or injuries to the person of the Grantee's officers, agents, or employees or others who may be on the premises at their invitation or the invitation of any one of them, and the Grantee shall hold the United States harmless from any and all such claims not including damages due to the fault or negligence of the United States or its contractors. Grantee shall exercise due diligence in the protection of all property located on the Premises.

b. All owners of any interest in, and all affiliates or subsidiaries of the Grantee shall be liable to the United States in the event that a claim for damage or injury cannot be collected from the Grantee. Liability without fault hereunder shall be limited to [*insert maximum amount commensurate with the foreseeable risks or hazards present*] for any one incident. Liability of such Grantee for damages in excess [*insert figure above*] shall be in accord with ordinary rules of negligence. However, this condition shall not impose strict liability on the Grantee for damage or injury resulting from (a) an act of war or force majeure, or (b) negligence of the United States. In any case where liability without fault is imposed pursuant to this condition and the damage or injuries involved were caused by the negligence of a third party, the rules of subrogation shall apply in accordance with the law of the jurisdiction where the damage or injury occurred.

c. The Grantee does hereby accept liability, if any, imposed by Federal and state statutes to third parties for injuries incurred in connection with the use and occupancy of the pipeline right-of-way. *[Editorial Note: Where the Premises are under the exclusive jurisdiction of the Federal Government, the Easement must specify the extent to which holders shall be liable to third parties for injuries incurred in connection with the easement. Consultation with TJAG and CECC-R may be required.]*

Fuel Carrying Pipeline – 09/08

## 13. SUBJECT TO EASEMENTS

a. This Easement is subject to all other existing easements, or those subsequently granted as well as established access routes for roadways and utilities located, or to be located, on the Premises.

b. In order to minimize adverse environmental impacts and the proliferation of separate rights-of-way across Federal lands, the utilization of rights-of-way in common shall be required to the extent practical, and this Easement hereby reserves to the Grantor the right to grant additional rights-of-way or permits for compatible uses on or adjacent to the Premises.

c. Provided that the proposed grant of any new easement or route will be coordinated with the Grantee, and easements will not be granted which will, in the opinion of the Grantor, interfere with the use of the premises by the Grantee.

## 14. REQUIRED SERVICES

The Grantee shall furnish natural gas service through said pipeline as may be required from time to time for Governmental purposes on said Premises, provided that payment for such service shall be made by the United States at rates which shall be mutually agreeable but which shall never exceed the most favorable rates charged others by the Grantee for similar service and quantities.

## 15. RELOCATION OF FACILITIES

In the event all or any portion of said Premises occupied by said Facilities shall be needed by the United States, or in the event the existence of said Facilities shall be considered detrimental to governmental activities, the Grantee shall, from time to time, upon notice to do so, and as often as so notified, promptly seek authorization from the Federal Energy Regulatory Commission, or other applicable entity, to remove said Facilities, or portion thereof, to such other location or locations on said Premises as may be designated by the Grantor. And in the event said Facilities shall not be removed or relocated within ninety (90) days after any aforesaid notice, the Grantor, after receipt of required approvals, may cause the same to be done at the expense of the Grantee.

## 16. SUSPENSION OR TERMINATION

a. Abandonment of the Easement herein granted or noncompliance with any provisions of this Easement or applicable provisions of 30 U.S.C. 185 may be grounds for suspension or termination of the right of way if (a) after due notice to the Grantee, (b) a reasonable opportunity to comply with this Easement or applicable provisions of 30 U.S.C. § 185, and (c) an appropriate administrative proceeding pursuant to 5 U.S.C., § 554, the Grantor determines that any such ground exists that suspension or termination is

justified. No administrative proceeding shall be required where the Easement by its terms provides that it terminates on the occurrence of a fixed or agreed upon condition, event, or time.

**b.** If the Grantor determines that an immediate temporary suspension of activities within the Premises is necessary to protect public health or safety or the environment, the Grantor may abate such activities prior to an administrative proceeding.

**c.** Deliberate failure of the Grantee to use the Easement for the purpose for which it was granted or renewed for any continuous two-year period shall constitute a presumption of abandonment of the Easement; provided, that where the failure to use the right-of-way is due to circumstances not within the Grantee's control, the Grantor is not required to commence proceedings to suspend or terminate the right-of-way.

## 17. SOIL AND WATER CONSERVATION

The Grantee shall maintain, in a manner satisfactory to said officer, all soil and water conservation structures that may be in existence upon said premises at the beginning of or that may be constructed by the Grantee during the term of this Easement, and the Grantee shall take appropriate measures to prevent or control soil erosion within the right-of-way herein granted. Any soil erosion occurring outside the premises resulting from the activities of the Grantee shall be corrected by the Grantee as directed by said officer.

## 18. ENVIRONMENTAL PROTECTION

**a.** Within the limits of their respective legal powers, the parties hereto shall protect the premises against pollution of its air, ground, and water. The Grantee shall promptly comply with any laws, regulations, conditions, or instructions affecting the activity hereby authorized if and when issued by the Environmental Protection Agency, or any Federal, state, interstate, or local governmental agency having jurisdiction to abate or prevent pollution. The disposal of any toxic or hazardous materials within the premises is strictly prohibited. Such regulations, conditions, or instructions in effect or prescribed by the said Environmental Protection Agency or any Federal, state, interstate, or local governmental agency are hereby made a condition of this Easement. The Grantee shall not discharge waste or effluent from the premises in such a manner that the discharge will contaminate streams or other bodies of water or otherwise become a public nuisance.

**b.** The use of any pesticides or herbicides within the premises shall be in conformance with all applicable Federal, state, and local laws and regulations. The Grantee must obtain approval in writing from said officer before any pesticides or herbicides are applied to the premises.

c. The Grantee will use all reasonable means available to protect the environment and natural resources, and where damage nonetheless occurs arising from the Grantee's activities, the Grantee shall be liable to restore the damaged resources.

*[Editorial Note: Optional. An environmental site assessment is not required by CERCLA for easements. The current Army name on military property for the environmental assessment required by CERCLA is an Environmental Condition of Property (ECP) report. If the district elects to do an assessment to document the current condition of the premises, then use the following Condition. For more details on civil works projects see ER 200-2-3]*

[Option 1 - Military]

19.    ENVIRONMENTAL SITE ASSESSMENT

An environmental site assessment documenting the known history of the property with regard to the storage, release or disposal of hazardous substances thereon, is attached hereto and made a part hereof as EXHIBIT "B".  Upon expiration, revocation or termination of this easement, another environmental site assessment shall be prepared which will document the environmental condition of the property at that time.  A comparison of the two assessments will assist the Grantor in determining any environmental restoration requirements.  Any such requirements will be completed by the Grantee in accordance with Condition on ***RESTORATION***.

[Option 2- Civil Works]

19. ENVIRONMENTAL CHECK LIST

An Environmental Checklist (ECL) documenting the known history of the property with regard to the storage, release, or disposal of hazardous substances thereon, is attached hereto and made a part hereof as **Exhibit "B"**.  Upon expiration, revocation, or termination of this Easement, another ECL shall be prepared which will document the environmental condition of the property at that time.  A comparison of the two studies will assist the said officer in determining any environmental restoration requirements. Any such requirements will be completed by the Grantee in accordance with the condition on **RESTORATION**.

20. HISTORIC PRESERVATION

The Grantee shall not remove or disturb, or cause or permit to be removed or disturbed, any historical, archeological, architectural or other cultural artifacts, relics, vestiges, remains or objects of antiquity. In the event such items are discovered on the Premises, the Grantee shall immediately notify the Grantor, and the site and the material shall be protected by the Grantee from further disturbance until the Grantor gives clearance to proceed.

21. NON-DISCRIMINATION

The Grantee shall not discriminate against any person or persons because of race, color, age, sex, handicap, national origin, or religion in the conduct of operations on the premises.

## 22. HAZARDOUS WASTE MANAGEMENT

The Grantee will not store or dispose of non-DoD hazardous materials on the premises unless authorized under 10 U.S.C. § 2692, *Storage, Treatment, and Disposal of Non-Defense Toxic and Hazardous Materials*. The Grantee shall strictly comply with the hazardous waste management requirements under the Resource Conservation and Recovery Act and the applicable State hazardous waste management rules, including proper hazardous waste characterization, labeling, storage, disposal and documentation requirements. Except as specifically authorized by the Grantor in writing, the Grantee must provide, at its own expense such hazardous waste management facilities as needed to maintain compliance with all laws and regulations. Army hazardous waste management facilities will not be available to the Grantee.

## 23. HAZARDOUS WASTE OR FUEL SPILL

The Grantee shall submit to the Grantor and maintain, thereafter, a plan for responding to hazardous water, fuel, and other chemical spills prior to commencement of use of the premises. Such plan shall be independent of the Government's Spill contingency plan and, except for initial fire response and/or spill containment, shall not rely on use of project personnel or equipment. Should the Grantor provide any personnel or equipment, whether for initial fire response and/or spill containment, or otherwise on request of the Grantee or because the Grantee was not, in the opinion of the said officer, conducting timely clean-up actions, the Grantee agrees to reimburse the Grantor for its costs.

## 24. RESTORATION

On or before the expiration or termination of this easement, the Grantee shall, without expense to the United States, and within such time as the Grantor may indicate, remove said Facilities and restore the Premises to the satisfaction of the Grantor. In the event the Grantee shall fail, neglect or refuse to remove said Facilities and restore the Premises, the Grantor shall have the option to take over said Facilities without compensation, or to remove said Facilities and perform the restoration at the expense of the Grantee, and the Grantee shall have no claim for damages against the United States or its officers or agents for such action. This provision is subject to all regulatory requirements and approvals covering any of the activities described in this Condition.

## 25. DISCLAIMER

That it is understood that this instrument is effective only insofar as the rights of the United States in the said property are concerned, and that the Grantee shall obtain

Fuel Carrying Pipeline – 09/08

such permission as may be necessary on account of any other existing rights. It is understood that the granting of this Easement does not eliminate the necessity of obtaining any Department of the Army permit which may be required pursuant to the provisions of Section 10 of the Rivers and Harbors Act of March 3, 1899 (30 Stat. 1151; 33 U.S.C. § 403), Section 404 of the Clean Water Act (33 U.S.C. § 1344), or any other permit or license which may be required by Federal, state or local statute in connection with the use of the premises.  The grant of this Easement pursuant to 30 U.S.C. § 185 shall grant no immunity from the operation of the Federal antitrust laws.

## 26. OTHER AGENCY AGREEMENTS

It is understood that the provision of the Easement shall not abrogate or interfere with any agreements or commitments made or entered into between the Grantee and any other agency of the United States with regard to financial aid to the Grantee in connection with the installation, operation, or maintenance of said pipeline.

## 27. CONSTRUCTION, OPERATION AND REHABILITAION PLAN

In compliance with 30 U.S.C. § 185, the Grantee will follow the plan(s) of construction, operation, and rehabilitation submitted to the Grantor prior to the execution of this Easement, on file in the U.S. Army Engineer District, <<DISTRICT>>.
[Optional to insert a list ]

## 28. FEDERAL ENERGY REGULATORY COMMISSION ORDER ISSUING CERTIFICATES

The Grantee shall comply with the conditions set forth in the Federal Energy Regulatory Commission's Order Issuing Certificates issued <<DATE>>, as applicable to Docket No. <<_____( <<GRANTEE NAME>>)

## 28. SPECIAL CONDITIONS
<<< ADD ANY SPECIAL OPERATIONAL CONDITIONS AS REQUIRED >>>

<<< ADD ANY SPECIFIC ENVIRONMENTAL, CULTURAL AND OPERATIONAL REQUIREMENTS AS REQUIRED >>>

**IN WITNESS WHEREOF,** I have hereunto set my hand to this Easement by authority of the Secretary of the Army, this _____ day of _____ 2008.

_____
Chief, Real Estate Division


## A C K N O W L E D G M E N T

STATE OF _____

COUNTY OF _____

    **PERSONALLY APPEARED BEFORE ME,** the undersigned authority in and for said County and State, within my jurisdiction, the within named _____, who acknowledged that she is the Chief of Real Estate Division, U.S. Army Engineer District, <<DISTRICT>>,and that in said capacity she executed the above and foregoing **Department of the Army Easement for Fuel Carrying Pipeline Right-Of-Way** by authority of the Secretary of the Army for the purposes therein expressed and as the act and deed of the United States of America.

    **GIVEN UNDER MY HAND AND SEAL,** this _____ day of _____, 2008.


(SEAL)

_____
NOTARY PUBLIC

My Commission Expires:

_____

Fuel Carrying Pipeline – 09/08

**THIS EASEMENT** is also executed by the Grantee this_____ day of
_____, 2008.

_____
Name of Corporate Official
Title

## COMPANY CERTIFICATE

I, _____, certify that I am the (_____·_____)

of <<GRANTEE>> that _____, who signed the foregoing instrument on

behalf of the corporation was then _____ of the company.  I further certify that the

said officer was acting within the scope of powers delegated to this officer by the

governing body of the Grantee in executing said instrument.

_____
Company Secretary

Date _____        Company Secretary or
                              Appropriate Officer
                              (AFFIX CORPORATE SEAL)

Fuel Carrying Pipeline – 09/08

## A C K N O W L E D G M E N T

STATE OF _____

COUNTY OF _____

    **PERSONALLY APPEARED BEFORE ME,** the undersigned authority in and for the county and state, on this _____ day of _____, 2008, within my jurisdiction, the within named _____, who acknowledged that she is [official title] of <<GRANTEE>> a _____ Limited Liability Company, and that for and on behalf of the said company, and as its act and deed she executed the above and foregoing instrument after having been duly authorized by said company so to do.

(SEAL)

 

                                              _____

                                              NOTARY PUBLIC

My Commission Expires:

_____