IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STANDING ROCK SIOUX TRIBE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES ARMY CORPS OF ) <br> ENGINEERS, ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:16-cv-01534 (JEB) |

**UNITED STATES ARMY CORPS OF ENGINEERS' OPPOSITION TO DAKOTA ACCESS, LLC'S MOTION TO EXPEDITE CONSIDERATION OF ITS CROSS-CLAIM**

Dakota Access's motion to expedite consideration of its cross-claim should be denied because it would frustrate the efficient resolution of all claims relating to the Dakota Access pipeline. Dakota Access seeks a radical and inefficient acceleration of the schedule for resolving disputes under the Administrative Procedure Act – proposing that its claim be briefed and resolved before consideration of the plaintiffs' claims and before the United States Army Corps of Engineers ("Corps") has even had an opportunity to move to dismiss. The Corps respectfully requests that the Court deny Dakota Access's motion, set a reasonable yet still accelerated time frame as set forth below for the Corps to respond to the cross-claim, and leave in place its November 10, 2016 minute order giving the parties until December 9, 2016 to "meet and confer in an attempt to resolve any disputes regarding completeness or confidentiality" of the administrative record for the Corps' July 25, 2016 decisions.

Dakota Access filed its cross-claim against the Corps on November 15, 2016. Answer and Cross Claim, ECF 57. It has not filed a motion for a preliminary injunction. The Corps has 60 days to respond once a cross-claim is properly served (as of November 18, 2016, there is no

indication that the United States Attorney has been served). Fed. R. Civ. P. 12(a)(2). And the Corps has a minimum of 60 days after service to lodge an index of the administrative record. United States District Court for the District of Columbia Local Rule 7(n). Dakota Access is therefore requesting that the Parties fully brief and argue its motion for summary judgment before the Corps' response to Dakota Access's complaint is due.

Dakota Access's motion provides no compelling reason for engaging in immediate summary judgment motion practice. First, Dakota Access does not explain why expedited hearing is warranted now for a cross-claim that allegedly arose on July 25, 2016 – almost four months ago. Dakota Access had ample opportunity to bring its claim, whether in its August 24, 2016 answer to the Standing Rock Sioux complaint, ECF 26, or in a separate filing, and to request a preliminary injunction or expedited hearing. Dakota Access's delays in bringing this claim should not be rewarded with a schedule that prioritizes its claim over the claims of the Plaintiff Tribes, who filed their complaints expeditiously. Second, as explained in the Corps' Opposition to Dakota Access's Motion to Supplement the Administrative Record, Dakota Access admittedly began construction prior to receiving all necessary approvals from the Corps "at its own risk." ECF 61 at 2. Third, Dakota Access's reliance on the August 18, 2016 declaration of Joey Mahmoud to establish "irreparable harm" justifying its expedited briefing schedule is largely, if not entirely, misplaced. Mr. Mahmoud's declaration addressed the costs of stopping work on the entire Dakota Access pipeline sought by Plaintiffs, rather than the discrete work stoppage at Lake Oahe at issue here. A substantial portion of Mr. Mahmoud's declaration has been rendered irrelevant by Dakota Access's completing 84% of the pipeline by November 10. *See* Statement of Energy Transfer Partners Chief Financial Officer Tom Long, *Q3 2016 ETP and ETE Joint Earnings Conference Call*, 11:44-11:50 minute mark, Energy Transfer Partners, (Nov. 10, 2016,

8:00 AM), available at http://ir.energytransfer.com/phoenix.zhtml?p=irol-eventDetails&c=106094&eventID=5242958.  Dakota Access does not suggest how any delay in granting an easement over Corps-managed federal lands at Lake Oahe would delay construction elsewhere, much less "result in the delay of next year's seed planting in Illinois, to the irreparable detriment of farmers." Compare Motion to Expedite Mem. at 6 with Mahmoud Decl. ¶ 74.  Similarly, it is unclear how communities might be adversely impacted by lost revenues from construction if construction is substantially complete.  Compare Motion to Expedite Mem. at 6 with Mahmoud Decl. ¶ 76.  Regardless, the financial injuries Dakota Access alleges do not support litigating this case in an inefficient and piecemeal manner.

As set forth in the Corps' Opposition to Dakota Access's Expedited Motion to Supplement the Administrative Record, the Corps expects that its forthcoming decision on whether to grant or deny an easement across Corps-managed federal lands at Lake Oahe will result in one or more Parties amending their complaints in this case. ECF 61 at 12.  The Corps wishes to resolve both the current claim against it and any claims generated by its forthcoming easement decision in an efficient and expeditious manner.  It therefore continues to compile documents relating to its forthcoming easement decision, which will help expedite the full and efficient resolution of all claims related to the Dakota Access pipeline.

Because the Corps is committed to the expeditious resolution of this matter, it hereby commits to responding to Dakota Access's cross-claim by December 30, 2016, well in advance of the Corps' deadline for responding.  The Corps proposes that (1) the Court deny Dakota Access's motion and instead order the Corps to respond (which response is currently anticipated to be a motion to dismiss) to Dakota Access's cross-claim by December 30, 2016; (2) the Parties should discuss the possibility of resolving all claims in this case with as few rounds of summary

judgment briefing as possible; and (3) the Court hear from the Parties at the December 9 status conference regarding their proposals for efficiently resolving all claims related to the Dakota Access pipeline.  For the foregoing reasons, the Corps respectfully submits that Dakota Access's motion should be denied.

Dated: November 21, 2016                                    Respectfully submitted,


                                                     JOHN C. CRUDEN
                                                   Assistant Attorney General
                                                   Environment & Natural Resources Division

By:    /s/  *Matthew Marinelli*
        MATTHEW MARINELLI, IL Bar 6277967
        U.S. Department of Justice
        Natural Resources Section
        P.O. Box 7611
        Benjamin Franklin Station
        Washington, DC 20044
        Phone: (202) 305-0293
        Fax: (202) 353-2021
        matthew.marinelli@usdoj.gov

        ERICA M. ZILIOLI, D.C. Bar 488073
        U.S. Department of Justice
        Environmental Defense Section
        P.O. Box 7611
        Washington, DC 20044
        Phone: (202) 514-6390
        Fax: (202) 514-8865
        Erica.Zilioli@usdoj.gov

        *Attorneys for the United States Army Corps of Engineers*

OF COUNSEL:

MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

## CERTIFICATE OF SERVICE

I hereby certify that, on the 21st day of November, 2016, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.

/s/ Matthew Marinelli
Matthew Marinelli