IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>                    Plaintiff,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>                    Plaintiff–Intervenor,<br><br>         v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>                    Defendant–Cross Defendant,<br><br>and<br><br>DAKOTA ACCESS, LLC,<br><br>                    Defendant–Intervenor–Cross Claimant. | Case Number: 16-cv-1534 (JEB) |

### REPLY IN SUPPORT OF MOTION TO EXPEDITE

The Corps argues that summary judgment briefing on the declaratory judgment cross-claim is premature because the Federal Rules give it 60 days from service of a cross-claim to respond and 60 days to compile the administrative record. That misses the point. The purpose of an order to expedite is to *replace* the usual schedule with a speedy hearing. Notably, the Corps does not contest this Court's power to order expedited proceedings where, as here, there is a "high risk of irreparable injury." *Laster v. District of Columbia*, 439 F. Supp. 2d 93, 100 (D.D.C. 2006). In fact, the one type of claim singled out in the Federal Rules as eligible for "a speedy hearing" is the very one asserted here—a claim for declaratory relief. Fed. R. Civ. P. 57

("The court may order a speedy hearing of a declaratory-judgment action."); *see also* Fed. R. Civ. P. 57 advisory committee notes (declaratory relief is "appropriate when it will 'terminate the controversy' giving rise on undisputed or relatively undisputed facts" and "operates frequently as a summary proceeding, justifying docketing the case for early hearing as on a motion").

Each of the Corps's objections to exercising that clear power is meritless.

*First*, Dakota Access has more than established the "irreparable injury" needed to expedite.  The Corps questions the relevance of a declaration submitted by Dakota Access Vice President Joey Mahmoud in August in opposition to a preliminary injunction.  But the Corps's point here—that work on *other* parts of the pipeline has neared completion since August—actually proves why *any* delay in a declaratory judgment is uniquely and *increasingly* harmful.  The pipeline, unlike some other construction projects, cannot be put to use in phases.  A 99% complete pipeline produces just as much oil-transportation revenue as one that is 50% complete: none.  Thus, because the government has already made it impossible to complete the pipeline by the scheduled date of January 1, 2017, every dollar in lost revenue from further delay in opening the pipeline is a direct result of the government's insistence, contrary to reality, that Dakota Access does not have the right-of-way to begin work beneath Lake Oahe.  The *direct* harm alone is $83.3 million per month of delay (or $2.7 million per day).  D.E. 22-1 (Mahmoud Declaration) ¶ 54.  The Corps also ignores the additional government-generated risk of financial harm if those who have contracts to purchase oil from Dakota Access exercise their rights to cancel due to the delay, *id.* ¶¶ 69-70, as well as harms to states and localities from lost tax revenue, *id.* ¶ 75; *see also* D.E. 22-25 (Poteete Declaration) ¶ 17.

*Second*, the relief that Dakota Access requests in this motion will not deprive the Corps of its ability to argue any available ground for dismissing the cross-claim.  The question raised

by this motion to expedite is merely one of timing.  The Corps proposes to brief a motion to dismiss first (with a due date no earlier than December 30), wait for a ruling on that motion, and only then begin briefing summary judgment.  But nothing prevents the Court from having dismissal arguments and summary judgment briefed in tandem.  For example, while the Corps plans to contest subject-matter jurisdiction, D.E. 61, at 2, it cannot seriously contend that such arguments need to be considered first.  Subject-matter jurisdiction can be—and often is—raised later in a lawsuit.  The Corps will suffer no prejudice from briefing such arguments within the context of the proposed expedited schedule.[1]

*Third*, the Corps's quasi-laches argument is no reason to tolerate aggravation of the irreparable harm that the government created.  The Corps wonders "why expedited hearing is warranted now" when the cross-claim arose in July.  Opp. at 2.  As Dakota Access has already

---

[1]  The Corps also questions whether it has been served with the cross-claim.  To avoid any doubt, Dakota Access has today served a copy of the answer and cross-claim on the U.S. Attorney for the District of Columbia.  The step is unnecessary, though, because the Federal Rules of Civil Procedure do not require a *cross-claim* to be served on a U.S. Attorney.  Cross-claims are asserted *within* "[a] pleading," Fed. R. Civ. P. 13(g), and thus governed by Rule 5's general service requirements for "pleading[s]," "motion[s]," and other "paper[s]," Fed. R. Civ. P. 5(a)(1).  Rule 5 imposes no special requirements for serving the government.  *See* Fed. R. Civ. P. 5.  Indeed, service on the "United States attorney" is mentioned *only* in connection with serving a complaint and *summons*, which notifies the government that it has been made a party to a case *for the first time*.  *See* Fed. R. Civ. P. 4(i) (requiring a "summons" and "complaint" to be served on the U.S. Attorney at the initiation of a lawsuit); *see also* Fed. R. Civ. P. 14(a) (allowing a defendant to become a third-party plaintiff by serving a summons and complaint on a "nonparty").  The cross-claim here does not add a party to the case; it asserts a claim "by one party against a coparty" who already has notice of the lawsuit.  Fed. R. Civ. P. 13(g).  That is why Rule 13—in contrast to Rule 14—does not require service of a summons.  In short, just as "[s]ervice of motion papers" may be made "upon the United States" by the "method provided by Rule 5[(a)(1)(D)]," Charles Alan Wright et al., *Federal Practice & Procedure* § 1106 (4th ed. updated Apr. 2016), so may pleadings be served by the method provided in Rule 5(a)(1)(B).  Thus, read in context with these other rules, Rule 12(a)(2)'s reference to service on a U.S. Attorney refers to service of a *complaint and summons* that makes the United States a party to the case for the first time.  Fed. R. Civ. P. 12(a)(2).

explained in its cross-claim and in its reply supporting the motion to supplement the administrative record, the better question is why the government repeatedly led Dakota Access to believe it would not be necessary to bring this cross-claim at all. Among other things, Dakota Access received assurances that the easement had been signed and would be delivered soon. Aug. 24 Tr. at 40:3-6 ("Dakota Access's understanding, Your Honor, is that the easement has been issued; that the notification – the requisite notification has been provided to Congress. There is a 14 day notice period."); Sept. 16 Tr. at 26:13-25, 27:1-3 ("shocked" and "befuddled" at Government's assertion that "the easement is still sitting on somebody's desk."); Nov. 10 Tr. at 16:7-8 ("Dakota Access, was advised as recently as last Thursday that the easement had been issued."). Publicly, the government also pledged an expeditious resolution of its *sua sponte* reconsideration process. And never before has any party needed to bring a cross-claim like this, because never before has the Corps refused to document through delivery of easement papers its right-of-way decision after it has already determined and announced—as was the case here—that the crossing of federal land complied with every applicable law and would not harm the public interest. Dakota Access had ample justification for trying to resolve the issue short of additional litigation. When the government announced on November 14 that the Corps was starting a new round of consultation with Plaintiff, *after* the Corps had just reaffirmed that all legal determinations relevant to the right-of-way were valid, waiting for the government to acknowledge the true scope of its July 25, 2016 decision ceased being tenable.

      Finally, the new schedule proposed by the Corps confirms the political motivation here to run out the clock on the right-of-way until the change in administrations. It should be rejected because it would add *at least* two more months of harmful delay, and probably more. The Corps offers to file a motion to dismiss by December 30. Even with a truncated briefing schedule, the

Court could not be expected to rule on that motion earlier than the start of February. Presumably the Corps would then request time to file an Answer, followed by the need to resolve issues with the record, including possible discovery. By contrast, Dakota Access's schedule would have the cross-claim ready for adjudication in early January.

No matter what schedule the Court adopts, Dakota Access will suffer serious irreparable harm. But that is no excuse for adopting the Corps's schedule, which substantially compounds the harm. The motion to expedite should be granted.

Dated: November 22, 2016

Kimberly H. Caine
William J. Leone (*Pro Hac Vice* granted)
Robert D. Comer (*Pro Hac Vice* granted)
NORTON ROSE FULBRIGHT US LLP
799 9th St. NW, Suite 1000
Washington, D.C. 20001-4501
(202) 662-0200

Edward V. A. Kussy
Robert D. Thornton
Alan M. Glen
NOSSAMAN LLP
1666 K Street, NW, Suite 500
Washington, DC 20006
202-887-1400

/s/ William S. Scherman
William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
(202) 530-9557 (fax)
wscherman@gibsondunn.com

*Counsel for Defendant–Intervenor–Cross Claimant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of November, 2016, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the District of Columbia using the CM/ECF system.  Service was accomplished by the CM/ECF system on the following counsel:

>Patti A. Goldman
>Jan E. Hasselman
>EARTHJUSTICE
>705 Second Avenue, Suite 203
>Seattle, WA  98104
>(206) 343-7340
>pgoldman@earthjustice.org
>jhasselman@earthjustice.org
>
>*Counsel for Plaintiff Standing Rock Sioux Tribe*
>
>
>Nicole E. Ducheneaux,
>FREDERICKS PEEBLES & MORGAN, LLP
>3610 North 163rd Plaza
>Omaha, NE 68116
>(402) 333-4053
>nducheneaux@ndnlaw.com
>
>Conly J. Schulte
>FREDERICKS PEEBLES & MORGAN, LLP
>1900 Plaza Drive
>Louisville, CO  80027
>(303) 673-9600
>cshulte@ndnlaw.com
>
>*Counsel for Plaintiff–Intervenor Cheyenne River Sioux Tribe*

        Matthew M. Marinelli
        Erica M. Zilioli
        U.S. DEP'T OF JUSTICE
        Environment & Natural Resources Division
        P.O. Box 7415
        Washington, D.C.  20044
        (202) 514-2000
        Matthew.Marinelli@usdoj.gov
        Erica.zilioli@usdoj.gov

        *Counsel for Defendant–Cross Defendant U.S.*
        *Army Corps of Engineers*


          /s/ William S. Scherman
        William S. Scherman
        GIBSON, DUNN & CRUTCHER LLP
        1050 Connecticut Avenue, N.W.
        Washington, D.C.  20036
        (202) 955-8500
        wscherman@gibsondunn.com

        *Counsel for Defendant–Intervenor–Cross*
        *Claimant Dakota Access, LLC*