IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>                Plaintiff,<br><br>    v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>                Defendant. | Case No. 1:16-cv-1534-JEB |

**PLAINTIFF STANDING ROCK SIOUX TRIBE'S OPPOSITION TO DAKOTA ACCESS PIPELINE'S MOTION FOR TEMPORARY RESTRAINING ORDER**

INTRODUCTION

Plaintiff Standing Rock Sioux Tribe ("Tribe") respectfully files this opposition to Dakota Access Pipeline, LLC's ("DAPL's") emergency motion for a temporary restraining order preventing publication of the environmental impact statement ("EIS") notice in the Federal Register, currently scheduled for tomorrow, January 18, 2017.  While the Court has scheduled a call today to discuss a briefing schedule for DAPL's motion, the Tribe believes that it is important to have its objection on the record prior to that call given the immediacy of the relief sought.  The Tribe will keep this short response focused on DAPL's request for emergency relief preventing tomorrow's publication, and respectfully reserves the right to supplement its

(No. 1:16-cv-1534-JEB) - 1

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

opposition according to any briefing schedule adopted by this Court, if one is necessary.

ARGUMENT

On December 4, 2016, defendant U.S. Army Corps of Engineers ("Corps") announced that it had decided not to issue the requested Mineral Leasing Act easement for the Lake Oahe crossing that gave additional consideration to the Tribe's treaty rights, the risk of oil spills, and alternative route locations. ECF 65-1. As the notice indicated, the Corps intends to pursue this analysis through the framework of an EIS. *Id*. DAPL did not challenge that decision, nor could it, as the choice to prepare an EIS before finalizing an agency decision is not a final agency action subject to Administrative Procedure Act ("APA") jurisdiction. *See* Tribe's Motion to Dismiss (ECF 78). Today, January 17, 2017—over six weeks later—the Corps took the next step in implementing its decision by formally signing a notice that the EIS process would begin and seeking written comments. ECF 81. The announcement is available already at the Federal Register online site and is scheduled for printing in tomorrow's Federal Register.[1] *Id*.

A.  The All Writs Act is an Extraordinary Remedy

DAPL brings its motion under the All Writs Act, which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law." 28 U.S.C. § 1651(a). The Act provides a means for the federal courts to issue appropriate writs and orders in support of their subject matter jurisdiction. *See Marshall v. Local Union No. 639, Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Inc.* 593 F.2d 1297, 1302 (D.C. Cir. 1979). The issuance of a writ pursuant to the Act is an extraordinary remedy which should be used sparingly and only in the most critical and exigent circumstances.

---

[1] https://s3.amazonaws.com/public-inspection.federalregister.gov/2017-00937.pdf

(No. 1:16-cv-1534-JEB) - 2

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

*Wisconsin Right to Life Inc., v. Federal Election Comm'n.*, 524 U.S. 1305 (2004).  "The All Writs Act authorizes federal courts to issue all writs necessary and appropriate in aid of jurisdiction and agreeable to usages and principles of law. The writs are extraordinary writs, and as such should be reserved for really extraordinary causes, such as a clear abuse of discretion or usurpation of judicial power." 51 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 208 (2011) (internal citations omitted).  The burden upon the party seeking the writ is heavy to establish a "clear and indisputable" right to relief and that there is no other adequate, ordinary remedy available.  *In re GTE Serv. Corp.*, 762 F.2d 1024, 1027 (D.C. Cir. 1985); *Donnelly v. Parker*, 486 F.2d 402, 406 (D.C. Cir. 1973).   As discussed further below, DAPL does not come close to meeting these standards.

   B. <u>Publication of the EIS Notice Does not Affect the Court's Jurisdiction</u>

  DAPL's motion rests on a fundamentally flawed premise:  that publication of the Corps' decision in tomorrow's federal register will affect this Court's jurisdiction over DAPL's counterclaim in some way and must be enjoined.

  The government made a decision on December 4 not to issue the easement at Lake Oahe based on the current review and to conduct a full review of the Tribe's interests and treaty rights, oil spill risk, and alternative site alignments.  It recently finalized a decision that would formally initiate this EIS process and invite public comments.  That decision is publicly available, but will not be published until tomorrow.  DAPL does not explain, nor can it explain, why the publication of the EIS announcement alters the legal status quo in some way relevant to this Court's jurisdiction over DAPL's cross-claim.  Publication of the EIS notice is simply the next step in the process, and initiates a comment period based on a decision that the Corps has already made.  Even DAPL appears to concede that publication of the EIS notice doesn't actually affect the Court's jurisdiction.  Instead, it complains that issuance of the notice will create confusion and

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

interject new issues into the case. These speculative concerns are not an appropriate basis to invoke the extraordinary and drastic relief of an injunction under the All Writs Act. *In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999).

Publication of the EIS notice does not even effect, let alone "frustrate," this Court's jurisdiction over DAPL's cross-claim. The Army Corps has already decided it must fully review and address impacts of the pipeline on the Tribe's Treaty rights and that it will do so through the EIS process. Publication is simply the next step in the process of implementing that decision.

C. DAPL Has Not Established A Likelihood of Irreparable Harm

It is axiomatic that in order to be entitled to a temporary restraining order, a party must establish a likelihood of irreparable harm, as well as the other components of the traditional test for emergency injunctive relief. *Morgan Stanley DW Inc. v. Rothe*, 150 F. Supp. 2d 67, 72 (D.D.C. 2001); *Experience Works, Inc. v. Chao*, 267 F. Supp. 2d 93, 96 (D.D.C. 2003). DAPL does not even try to establish a likelihood that it will be irreparably harmed in the absence of an injunction preventing publication of the EIS notice. Instead, it merely shares a concern that the newly announced EIS process will "raise serious questions" and "interject a host of new disputed legal and factual issues" in the ongoing litigation, in the unlikely event that it prevails on its summary judgment motion. ECF 80-1, at 2.

This concern over additional potential legal arguments does not entitle DAPL to an extraordinary injunction. First, the impact of publication of the EIS notice on the litigation is speculative. DAPL would have to succeed in its cross-claim despite major jurisdictional and legal defects in its argument. How an EIS notice would affect the potential outcomes in that scenario has not yet been briefed. Second, as noted above, the decision to proceed with the EIS has already been made—publication of the notice in the Federal Register does not alter that decision. Accordingly, whatever "serious questions" might exist if DAPL prevails are already in

(No. 1:16-cv-1534-JEB) - 4

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

play, whether or not the notice is actually published.  Finally, and most importantly, the possibility that someone will raise a new argument in litigation is simply not irreparable harm that warrants an injunction.  As this Court held in its Memorandum Opinion denying the Tribe's preliminary injunction motion, "injunctive relief" is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *See* Memorandum Opinion, at 37 (ECF 39), *citing Winter v. Nat. Res. Def. Advisory Council, Inc.*, 555 U.S. 7, 22 (2008).  DAPL's motion does not meet this rigorous standard.[2]

### D.   DAPL's Arguments About the EIS Process Can be Accommodated Within the Existing Briefing Schedule

Issuance of a writ is only appropriate where there is no other adequate, ordinary remedy available.  *See In re GTE Serv. Corp.*, 762 F.2d 1024, 1027 (D.C. Cir. 1985).  However, DAPL has a more than adequate remedy to address its concerns about the effect of the EIS notice within the context of the existing briefing schedule on the pending motions.  If it believes, as it apparently does, that success on the merits of its motion would be affected by the recently announced EIS process, it can present its arguments to the Court in its forthcoming reply in support of its summary judgment motion.  The Tribe and the federal defendant will have an opportunity to respond.  If the Court finds, as it should, that DAPL's summary judgment motion lacks merit, then the validity of the EIS notice is not implicated in the pending motions.  If, as DAPL contends, the Court finds that DAPL already has an easement for the Lake Oahe crossing, the Court can address the EIS notice in determining the remedy.  There is no need for the extraordinary remedy of blocking the publication of a decision that has already been made and already sent to the Federal Register for publication.

---

[2] DAPL's motion also fails under the other components of the injunction test.  For example, delaying the EIS process would harm the Tribe as it is the Tribe's interests that are to be considered in that process.

CONCLUSION

Publication of the EIS notice is scheduled for tomorrow, January 18, 2017. This Court should deny the requested TRO and direct DAPL to address any concerns about the impact of that process in its reply brief due on or before January 31.

Dated: January 17, 2017						Respectfully submitted,

						/s/ Jan E. Hasselman
						Patti A. Goldman, DCB # 398565
						Jan E. Hasselman, WSBA # 29107
						(*Admitted Pro Hac Vice*)
						Stephanie Tsosie, WSBA # 49840
						(*Admitted Pro Hac Vice*)
						Earthjustice
						705 Second Avenue, Suite 203
						Seattle, WA  98104
						Telephone:  (206) 343-7340
						pgoldman@earthjustice.org
						jhasselman@earthjustice.org
						stsosie@earthjustice.org

						*Attorneys for Plaintiff*

(No. 1:16-cv-1534-JEB) - 6

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2017, I electronically filed the foregoing *Plaintiff Standing Rock Sioux Tribe's Opposition To Dakota Access Pipeline's Motion For Temporary Restraining Order* with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*/s/ Jan E. Hasselman*
Jan E. Hasselman