IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANDING ROCK SIOUX TRIBE,

Plaintiff,

and

CHEYENNE RIVER SIOUX TRIBE,

Plaintiff-Intervenor,

v.

UNITED STATES ARMY CORPS OF ENGINEERS,

Defendant-Cross Claimant,

and

DAKOTA ACCESS, LLC,

Defendant-Intervenor-Cross Claimant.

Civil Action No. 1:16-cv-1534 (JEB)

**CROSS-CLAIMANT DAKOTA ACCESS, LLC'S REPLY IN RESPONSE TO STANDING ROCK SIOUX TRIBE'S OPPOSITION (D.E. 82) TO TEMPORARY RESTRAINING ORDER**

Dakota Access brought this motion to prevent a new governmental action—an unauthorized formal notice to initiate preparation of an environmental impact statement—from depriving Dakota Access of the full benefits of the type of relief sought in its cross-claim. The cross-claim seeks a declaration that Dakota Access already received a right-of-way for Mineral Leasing Act purposes when the Corps decided on July 25, 2016, citing Section 408 of the Rivers and Harbors Act, to grant permission to cross federal land with the pipeline. The government's new proposed action illegally attempts to create a new basis for separating the Section 408 process from the right-of-way process, in a direct effort to thwart the legal effect of an eventual

determination that Dakota Access has already been granted a right-of-way. The Standing Rock Sioux Tribe asserts that the proposed notice in no way "alters the legal status quo." D.E. 82 at 3. Dakota Access disagrees, unless the Court is prepared to rule that this new attempt to formally initiate an EIS and the notice itself will be null and void, having no legal significance, should Dakota Access win recognition of its right-of-way either through this Court's judgment on the cross-claim or a belated acknowledgement by the government that the right-of-way was previously granted.

This motion therefore comes down to a simple either/or proposition: Either the Federal Register notice that prompted this motion would create new legal issues relevant to completing the pipeline or it wouldn't. If there is even *a risk* that it would, the Court should pause the EIS process for the limited time needed to resolve the cross-claim. The Standing Rock Sioux Tribe's opposition, D.E. 82, does not identify a single harm that could come to it or anyone else from a brief delay. Thus, the only way the Court should be willing to deny relief is if it can satisfy itself that no such risk would exist.

Dakota Access would have gladly refrained from this request if it could be confident the risk is non-existent. But that would mean Standing Rock went to great lengths, as it publicly committed to doing on December 21, to put "increasing pressure on the current administration to start the Environmental Impact Statement (EIS) process before the end of President Obama's term," D.E. 80-2, Ex. I, even though it now claims the success of its effort was irrelevant to stopping a right-of-way, *see* D.E. 82 at 3. The other sign of trouble is that Standing Rock's opposition brief is carefully written to dance around the real concern. It frames the issue as whether the new action will "affect this Court's jurisdiction over DAPL's counterclaim [sic]," *id*.

at 3, when the real question is whether the formal notice or any actions flowing from it would create more delay, or worse, unnecessarily add new issues to litigation over the pipeline.

If Plaintiffs are sincere in their position that nothing since December 4, 2016, adds any legal significance to litigation over Dakota Access's asserted right-of-way to proceed with its work below federal land at Lake Oahe, the Court should get that commitment from Plaintiffs themselves and memorialize it in the order that it issues. But if Plaintiffs continue to hedge on making that commitment—including a commitment that the Federal Register notice will be null and void if a right-of-way is recognized—the Court should grant the brief pause that Dakota Access requests.

Any doubt should be resolved in favor of Dakota Access. It (along with the Court) has been forced by the other parties to address this issue on an emergency basis. It didn't need to be that way. The Army deliberately sat on its Federal Register notice for more than a month—a notice that Standing Rock concedes adds no substance to what was written December 4. D.E. 82 at 3. Publication was instead strategically timed for two days before the Administration ends. The Army didn't even bother to advise the Court and Dakota Access last week that the decision was made to publish notice, despite this Court's request to be advised of "any decisions that any agency makes that would have direct relevance" to the Lake Oahe crossing. Dec. 9, 2016 Tr. at 20. Thus, by the time the Court had the chance to get the parties on the phone, the government announced it was literally too late to stop the presses.[1] If there is even a risk that Dakota Access

---

[1] The issues raised by the notice are complex for multiple reasons, not the least of which is that Assistant Secretary for Civil Works, Jo-Ellen Darcy, lacks authority to direct an EIS. That task lies within the purview of the Corps and other Army components, as explained in the motion. D.E. 80-1 at 11. It also cannot be done unless the District Commander makes findings—missing from the notice—about the inadequacy of an environmental assessment. 33 C.F.R. pt 230 App. C(2), (4). This absence of findings is especially problematic given that the Army and the Corps

will be prejudiced by this tactic, in which Standing Rock participated, the motion should be granted.

Dated: January 18, 2017

Respectfully submitted,

/s/ William S. Scherman

William S. Scherman
David Debold
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
(202) 530-9557 (fax)
wscherman@gibsondunn.com

Kimberly H. Caine
William J. Leone (*Pro Hac Vice* granted)
Robert D. Comer (*Pro Hac Vice* granted)
NORTON ROSE FULBRIGHT US LLP
799 9th St. N.W., Suite 1000
Washington, D.C. 20001
(202) 662-0200

Edward V. A. Kussy
NOSSAMAN LLP
1666 K Street, N.W., Suite 500
Washington, D.C. 20006
(202) 887-1400

*Counsel for Defendant–Intervenor–Cross Claimant Dakota Access, LLC*

have repeatedly said that all previous determinations were correct, which includes the finding that an environmental assessment *was* sufficient. D.E. 56-1; D.E. 47; D.E. 32; D.E. 21.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January, 2017, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the District of Columbia using the CM/ECF system. Service was accomplished by the CM/ECF system on the following counsel:

Patti A. Goldman
Jan E. Hasselman
EARTHJUSTICE
705 Second Avenue, Suite 203
Seattle, WA 98104
(206) 343-7340
pgoldman@earthjustice.org
jhasselman@earthjustice.org

*Counsel for Plaintiff Standing Rock Sioux Tribe*

Nicole E. Ducheneaux,
FREDERICKS PEEBLES & MORGAN, LLP
3610 North 163rd Plaza
Omaha, NE 68116
(402) 333-4053
nducheneaux@ndnlaw.com

Conly J. Schulte
FREDERICKS PEEBLES & MORGAN, LLP
1900 Plaza Drive
Louisville, CO 80027
(303) 673-9600
cshulte@ndnlaw.com

*Counsel for Plaintiff–Intervenor Cheyenne River Sioux Tribe*

Matthew M. Marinelli
Erica M. Zilioli
U.S. DEP'T OF JUSTICE
Environment & Natural Resources Division
P.O. Box 7415
Washington, D.C. 20044
(202) 514-2000
Matthew.Marinelli@usdoj.gov
Erica.zilioli@usdoj.gov

*Counsel for Defendant–Cross Defendant U.S. Army Corps of Engineers*

/s/ William S. Scherman
William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Defendant–Intervenor–Cross Claimant Dakota Access, LLC*