# Exhibit 2

*Standing Rock Sioux Tribe v. United States Army Corps of Engineers*,
Case No. 1:16-cv-1534 (JEB)
United States Department of the Army Memorandum



**DEPARTMENT OF THE ARMY**
OFFICE OF THE ASSISTANT SECRETARY
CIVIL WORKS
108 ARMY PENTAGON
WASHINGTON DC 20310-0108

FEB -7 2017

MEMORANDUM FOR RECORD

SUBJECT: Compliance with Presidential Memorandum (January 24, 2017)

1. References:

   a. U.S. Army Corps of Engineers ("Corps" or "USACE") Environmental Assessment ("EA") Dakota Access Pipeline Project Crossings of Flowage Easements and Federal Lands, and Mitigated Finding of No Significant Impact ("FONSI"), July 25, 2016
   b. Assistant Secretary of the Army (Civil Works) ("ASA(CW)") memorandum to Commander, U.S. Army Corps of Engineers, Subject: Proposed Dakota Access Pipeline Crossing at Lake Oahe, North Dakota, December 4, 2016 ("ASA(CW) Memorandum")
   c. Notice of Intent ("NOI") to Prepare an Environmental Impact Statement in Connection with Dakota Access, LLC's Request for an Easement to Cross Lake Oahe, North Dakota, 82 FR 5543 (January 18, 2017)
   d. Presidential memorandum for Secretary of the Army, Subject: Construction of the Dakota Access Pipeline, January 24, 2017 ("PM")
   e. Acting Secretary of the Army memorandum for ASA(CW) and the Chief of Engineers ("COE"), Subject: Presidential Memorandum – Construction of the Dakota Access Pipeline, January 31, 2017 ("Army Memorandum")
   f. U.S. Army Corps of Engineers memorandum for ASA(CW), Subject: Dakota Access Pipeline; USACE Technical and Legal Review for the Department of the Army, February 3, 2017 ("Corps Memorandum")

2. The PM directs the Secretary of the Army to instruct the ASA(CW) and the COE to complete the following actions:

   - Section 2(a)(i) of the PM directs the Secretary of the Army to instruct the ASA(CW) and the COE to review and approve in an expedited manner, to the extent permitted by law and as warranted, and with such conditions as are necessary or appropriate, requests for approvals to construct and operate the Dakota Access Pipeline, including easements or rights-of-way to cross Federal areas.
   - Section 2(a)(ii) of the PM directs the Secretary of the Army to instruct the ASA(CW) and the COE to consider, to the extent permitted by law and as

warranted, whether to rescind or modify the ASA(CW) Memorandum and whether to withdraw the NOI.

- Section 2(a)(iii) of the PM directs the Secretary of the Army to instruct the ASA(CW) and the COE to consider, to the extent permitted by law and as warranted, prior reviews and determinations, including the EA, as satisfying all applicable requirements of the National Environmental Policy Act ("NEPA") and any other provision of law that requires executive agency consultation or review.
- Section 2(a)(iv) of the PM directs the Secretary of the Army to instruct the ASA(CW) and the COE to review and grant, to the extent permitted by law and as warranted, requests for waivers of notice periods arising from or related to Corps real estate policies and regulations.
- Section 2(a)(v) of the PM directs the Secretary of the Army to instruct the ASA(CW) and the COE to issue, to the extent permitted by law and as warranted, any approved easements or rights-of-way immediately after notice is provided to the Congress pursuant to Section 28(w) of the Mineral Leasing Act, 30 U.S.C. §185(w).

3. As required by the Section 2 of the PM, the Acting Secretary of the Army by memorandum, dated January 31, 2017 instructed the ASA(CW) and the Corps to comply with the specific directives listed in subparagraphs (a)(i) through (a)(v) of Section 2.

4. This memorandum documents my actions and decisions as directed.

   - In accordance with Section 2(a)(i) of the PM, I have reviewed Dakota Access, LLC's request for approvals related to the Dakota Access Pipeline, including its request for an easement or right-of-way to cross Federal areas. Additionally, the Corps completed a full review of the administrative record, including the environmental review of Dakota Access, LLC's request for an easement at Lake Oahe last year, and recently completed a technical and legal review of the proposed Lake Oahe easement. See references 1.a. and 1.f.
   - In accordance with Section 2(a)(ii) of the PM, in light of the fact that the Army has already prepared an EA/FONSI, and considered the entire administrative record, including the Corps Memorandum, I have determined that there is no cause for completing any additional environmental analysis. Therefore, I have determined that the ASA(CW)'s Memorandum must be rescinded. I have further determined that the NOI previously published will be terminated, and a notice of this determination will be published in the Federal Register.
   - In accordance with Section 2(a)(iii) of the PM, I have considered prior reviews and determinations and found that all applicable requirements of NEPA and any other provision of law that requires executive agency consultation or review were satisfied by the EA/FONSI and the entire administrative record. See reference 1.a.

2

- In accordance with Section 2(a)(iv) of the PM, I am in agreement with the Corps that a partial waiver of the Congressional post-notification waiting period may be granted. *See* reference 1.f.
- In accordance with Section 2(a)(v) of the PM, the COE has full responsibility to take the reasonable steps necessary to execute the requested easement immediately following the Congressional post-notification waiting period as contemplated in Section 28(w) of the Mineral Leasing Act (30 U.S.C. §185(w)).

5. No further action is required of me or my office by the PM.

*[signature]*

Douglas W. Lamont, P.E.
Senior Official Preforming the Duties of the
Assistant Secretary of the Army
(Civil Works)