IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STANDING ROCK SIOUX TRIBE,**<br><br>Plaintiff,<br><br>and<br><br>**CHEYENNE RIVER SIOUX TRIBE,**<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>**U.S. ARMY CORPS OF ENGINEERS,**<br><br>Defendant – Cross-Defendant.<br><br>and<br><br>**DAKOTA ACCESS, LLP,**<br><br>Intervenor-Defendant – Cross-Claimant. | Case No. 1:16-cv-1534-JEB |

**INTERVENOR-PLAINTIFF CHEYENNE RIVER SIOUX TRIBE'S
MOTION TO AMEND COMPLAINT**

COMES NOW Intervenor-Plaintiff Cheyenne River Sioux Tribe for its Motion to Amend its Amended Complaint pursuant to Fed.R.Civ.Pro. 15(A)(2) and asks this Court for leave to file its Second Amended Complaint as attached hereto as **Exhibit 1**. This Motion is supported by the following Memorandum of Points and Authorities.

1

Dated: February 9, 2017

        CHEYENNE RIVER SIOUX TRIBE,
        Intervenor-Plaintiff,

By:   /s/ Nicole E. Ducheneaux
     Nicole E. Ducheneaux
     Joseph V. Messineo, *Pro Hac Vice*
     Fredericks Peebles & Morgan LLP
     3610 North 163rd Plaza
     Omaha, NE  68116
     Telephone:  (402) 333-4053
     Facsimile:  (402) 333-4761
     Email:  nducheneaux@ndnlaw.com
             jmessineo@ndnlaw.com

     Conly J. Schulte
     FREDERICKS PEEBLES & MORGAN LLP
     1900 Plaza Drive
     Louisville, CO  80027
     Telephone:  (303) 673-9600
     Facsimile:  (303) 673-9839
     Email:  cschulte@ndnlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STANDING ROCK SIOUX TRIBE,** | |
| Plaintiff, | **Case No. 1:16-cv-1534-JEB** |
| and | |
| **CHEYENNE RIVER SIOUX TRIBE,** | |
| Intervenor-Plaintiff, | |
| v. | |
| **U.S. ARMY CORPS OF ENGINEERS,** | |
| Defendant – Cross-Defendant. | |
| and | |
| **DAKOTA ACCESS, LLP,** | |
| Intervenor-Defendant – Cross-Claimant. | |

**INTERVENOR-PLAINTIFF CHEYENNE RIVER SIOUX TRIBE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO AMEND COMPLAINT**

Intervenor-Plaintiff files this Motion for Leave to File a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Federal Rule of Civil Procedure 15(a)(2) provides that, "the court should freely give leave when justice so requires." The Proposed Second Amended Complaint is included with this Motion as required by local Rule 15.1. The Amendments proposed include the addition of a Religious Freedom Restoration Act claim and related requests for relief; the addition of facts and claims related to the Corps' actions since the First Amended Complaint was filed; and technical amendments intended to clarify the claims originally presented in the interests of judicial economy.

Many facts giving rise to the Second Amended Complaint have arisen since the First Amended Complaint was filed on October 19, 2016 by Order of the Court. ECF 48. The Corps has reversed its position since the Complaint was filed, with its latest reversal done without notice, explanation, or compliance with applicable statutes and regulations. This gives rise to additional claims that were previously not ripe for consideration, and that should be considered by the Court under the Administrative Procedures Act and the applicable statutes in the interests of justice. Additionally, other claims must be allowed in the interest of justice given the gravity of the issues involved and the government's complete lack of consultation and consideration of how its actions as trustee with control over the trust property it is responsible for the effect on the rights and property interests of federally-recognized Indian tribes. Intervenor-Plaintiff must be allowed in the interest of justice to file its Second Amended Complaint.

The standard for allowing leave to amend is liberal and this liberality is a "mandate to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by plaintiff may be a proper subject for relief, [plaintiff] ought to be afforded an opportunity to test [plaintiff's] claim on the merits."). Leave to amend should be granted in the

absence of any apparent or declared reason, such as undue delay or prejudice to opposing parties. *Id.* In this case, an Answer to the First Amended Complaint by the Corps was held in abeyance as a result of the Joint Motion of the Plaintiffs and the Defendant in the interests of judicial economy. ECF 71; ECF 72. Given that not all responsive pleadings have even been filed, the amendment to the complaint will not result in substantial delay or prejudice to the parties. Additionally, the Corps' own actions led Intervenor-Plaintiff to believe that no further claims need be prosecuted in this matter. This accounts for any delay in filing additional claims.

Most importantly, leave must be granted "when justice so requires." *Id*; Fed.R.Civ.Pro. 15(a)(2). The justice in allowing Intervenor-Plaintiff to file its Second Amended Complaint in this matter is self-evident. The speed at which Intervenor-Plaintiff's rights are being destroyed is shocking and offensive to any sense of justice.

That this matter has become a political issue is undeniable. But those politics do not change the law, and they do not change Intervenor-Plaintiff's rights under the law. On January 18, 2017, the Army Corps of Engineers ("Corps") filed an official notice in the Federal Register setting forth notice that it was undertaking an Environmental Impact Statement pursuant to the National Environmental Policy Act ("EIS notice") on granting a right-of-way under the Mineral Leasing Act for the pipeline crossing at Lake Oahe. The EIS notice was the culmination of a months-long process whereby the Corps made it absolutely clear that it intended to give due consideration to this matter pursuant to the law. The EIS notice invited persons to submit information as part of the EIS process. Intervenor-Plaintiff, assuming the good and honest intentions of the government, submitted information as part of that process.

On January 24, 2017, President Trump issued a Presidential Memorandum entitled Construction of the Dakota Access Pipeline ("Trump memo"). The Trump memo orders the Corps

to expedite this matter. However, the Trump memo is also specifically restrained by the language "to the extent permitted by law." Then on February 7, 2017, without any indication that the Corps considered information provided to it pursuant to the EIS notice or that it made any reasoned decision at all, the Corps stopped the entire process and noticed Congress of its intent to grant the right-of-way. ECF 95-1; ECF 95-2. Furthermore, the Corps waived its own policy of giving Congress 14 days' notice prior to the grant of the easement at issue. On February 8, 2017 the easement was granted. ECF 96-1. This decision must be tested in this Court to determine if such a sudden and naked repudiation of agency policies, without any discernable change in facts, is permitted by law. Plaintiff-Intervenor has moved quickly to Amend in the interests of not creating any prejudice or delay to any of the parties.

The Second Amended Complaint also adds a claim pursuant to the Religious Freedom Restoration Act ("RFRA"). Justice also requires this amendment to be allowed. It is clear from the record in this matter that the Corps gave no consideration at all as to the substantial impact of this project on tribal members' free exercise of their religion. Intervenor-Plaintiff was informed by the Corps that the EIS process would be the vehicle by which they could express their concerns and press their rights with the government. However, the Corps suddenly, and without notice, terminated this process and with it, any chance to be heard on these Constitutionally and statutorily protected religious rights outside of this litigation. It was the Tribe's belief that it would be heard at the administrative level on these issues that led it to not seek amendment sooner.

The Corps notified the Tribes and other interested parties that they were going to be heard at the administrative level on their property rights and statutorily-protected religious rights, only to have that opportunity literally disappear overnight without notice to them. The politics of this matter cannot overcome Intervenor-Plaintiff's legal rights to present their claims and to be heard.

3

The Trump memo recognizes this, setting forth specifically that it is only operative "to the extent permitted by law."  While it is appropriate for the President to specify that he may act only within the bounds of the law, such specific reference was unnecessary as it is axiomatic that the executive may only act within the bounds of the law.  This Court must weigh the actions of the Corps and the executive to ensure that they comport with the law.  Justice mandates that Intervenor-Plaintiff be allowed leave to file its Second Amended Complaint.  This Court is the only forum available to the Intervenor-Plaintiff to protect the rights to religious freedom, proper review of government actions under NEPA and protection of its trust resources from damage and destruction.

Given the exigent circumstances of an easement granted after business hours, the Tribe has not consulted with counsel for the other parties to this suit, and the undersigned cannot represent to this Court that they support, oppose or on neutral on this Motion.

Dated: February 9, 2017

                                                                    CHEYENNE RIVER SIOUX TRIBE,
Intervenor-Plaintiff,

By:   /s/ Nicole E. Ducheneaux
Nicole E. Ducheneaux
Joseph V. Messineo, *Pro Hac Vice*
Fredericks Peebles & Morgan LLP
3610 North 163rd Plaza
Omaha, NE  68116
Telephone:  (402) 333-4053
Facsimile:  (402) 333-4761
Email:   nducheneaux@ndnlaw.com
            jmessineo@ndnlaw.com

Conly J. Schulte
FREDERICKS PEEBLES & MORGAN LLP
1900 Plaza Drive
Louisville, CO  80027
Telephone:  (303) 673-9600
Facsimile:  (303) 673-9839
Email:   cschulte@ndnlaw.com

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of February, 2017, a copy of the foregoing was filed electronically with the Clerk of the Court. The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.

/s/ Nicole E. Ducheneaux