# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STANDING ROCK SIOUX TRIBE,**<br><br>　　　　　　Plaintiff,<br><br>　　and<br><br>**CHEYENNE RIVER SIOUX TRIBE,**<br><br>　　　　　　Intervenor-Plaintiff,<br><br>　　v.<br><br>**U.S. ARMY CORPS OF ENGINEERS,**<br><br>　　　　　　Defendant – Cross-Defendant.<br><br>　　and<br><br>**DAKOTA ACCESS, LLP,**<br><br>　　　　　　Intervenor-Defendant Cross-Claimant. | Case No. 1:16-cv-1534-JEB |

**SUPPLEMENTAL DECLARATION OF NICOLE DUCHENEAUX IN REPLY TO DAKOTA ACCESS'S OPPOSITION TO INTERVENOR-PLAINTIFF CHEYENNE RIVER SIOUX TRIBE'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

I, Nicole E. Ducheneaux, declare as follows:

1. I am counsel of record for Intervenor-Plaintiff Cheyenne River Sioux Tribe. I have been admitted to practice before this Court.

2. Attached hereto is a true and accurate copy of an excerpt of ECF No. 37, Cheyenne River Sioux Tribe's First Amended Complaint, filed on September 8, 2016, highlighting the

Tribe's previous reference to the impact that the Dakota Access Pipeline would have on its sacred waters. ECF No. 37 Excerpt, **Exhibit A**.

3. Attached hereto is a sampling of documents from the administrative process, which was abruptly cut short on February 7, 2017 when the Corps issued its final notice that it was granting the easement as soon as within 24 hours, representing Cheyenne River Sioux Tribe's emphasis of the impacts that the Dakota Access Pipeline would have on their sacred waters. Aug. 17, 2015 Letter from Cheyenne River Sioux Tribe to Richard Hamois, **Exhibit B**; Oct. 27, 2016 Federal Consultation with Tribes Regarding Infrastructure Decision-Making, **Exhibit C.**

4. Attached hereto is a sampling of documents from the administrative process representing other Tribes' emphasis of the impacts that the Dakota Access Pipeline would have on their sacred waters. Sept. 22, 2016, Letter from Standing Rock Sioux Tribe to Jo-Ellen Darcy, **Exhibit D**; Nov. 15, 2016 U.S. Department of the Interior, Justice, and Army Tribal Consultation regarding Tribal Input on Federal Infrastructure Decisions, discussion by Mark Maccaro, **Exhibit E**.

5. Attached hereto is a true and correct copy of an excerpt of the transcript from the February 6, 2017 Status Conference set by this Court in which counsel for the Cheyenne River Sioux Tribe agreed with Standing Rock Sioux Tribe's legal counsel that construction could constitute harm to the Tribe. Feb. 6, 2017 Status Conference Excerpt, **Exhibit F**.

6. Attached hereto is a Declaration of Ron Rovenko stating that oil could be flowing under Lake Oahe within thirty (30) days. Decl. of Ron Rovenko, **Exhibit G**.

7. Attached hereto is the January 31, 2017 Dakota Access Pipeline Status Report showing that oil is already positioned in the Dakota Access Pipeline and ready to be moved through the pipeline.  Jan. 31, 2017 DAPL Status Report, **Exhibit H**.

8. Attached hereto is the December 4, 2016 Memorandum from the Solicitor of the Department of Interior to the Secretary of the Department of Interior, which on page 15 sets forth the Department of Interior's analysis incorporating the Corps' own admissions regarding the same that the Tribe has *Winters* rights in the waters of Lake Oahe and the Corps' acknowledgment of its responsibilities to the Tribe pursuant to that doctrine.  Dec. 4, 2016 Memo, **Exhibit I**.

I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

Dated: February 13, 2017

/s/ Nicole E. Ducheneaux
Nicole E. Ducheneaux