**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| CHEYENNE RIVER SIOUX TRIBE, ) | |
| ) | |
| Plaintiff-Intervenor ) | |
| ) | |
| v. ) | Case No. 1:16-cv-01534 (JEB) |
| ) | |
| UNITED STATES ARMY CORPS OF ) | |
| ENGINEERS, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| DAKOTA ACCESS, LLC, ) | |
| ) | |
| Defendant-Intervenor and Cross-Claimant ) | |
| ) | |

**MOTION FOR EXTENSION OF TIME**

Defendant, the United States Army Corps of Engineers ("Corps"), hereby moves for a seven day enlargement of time, up to and including March 14, 2017, in which to file its Opposition and Cross-Motion to Plaintiff Standing Rock Sioux Tribe's ("Standing Rock") Motion for Partial Summary Judgment, ECF No. 117. This is the Corps' first such request. In support of this Motion the Corps states as follows:

1. Standing Rock moved for partial summary judgment on February 14, 2017. ECF No. 117.

2. Pursuant to this Court's Order of February 13, 2017, the Corps' Opposition is currently due March 7, 2017.

3. The Corps and counsel at the Department of Justice have been working diligently to respond to Standing Rock's Motion while simultaneously working on other matters in this case including, *inter alia*, (a) compiling the Administrative Record on an expedited basis (b) responding to intervenor Cheyenne River Sioux Tribe's ("Cheyenne River") Motion for Preliminary Injunction, ECF No. 98; (c) preparing for and attending oral argument on Cheyenne River's Motion for Preliminary injunction, ECF No. 98; (d) responding to Intervenor Dakota Access, LLP's, ("Dakota Access") motion for protective order, ECF No. 148; (e) responding to a Motion to Intervene by Steve Vance, ECF No. 111; and (f) responding to Intervenor Cheyenne River's Motion for Partial Summary Judgment, ECF No. 131, which is also subject to an expedited briefing schedule. *See* Order of February 23, 2017.

4. Standing Rock's motion for summary judgment presents a number of claims involving a wide variety of complex legal issues from tribal rights under 19th Century treaties to Administrative Procedure Act claims under the National Environmental Policy Act and the Clean Water Act. The claims involve a unique and complex procedural background as well. Despite having recently entered the appearance of new counsel on this case, the Corps and counsel have made substantial progress in responding to Standing Rock's Motion for Partial Summary Judgment. Counsel for the Corps has been rapidly reviewing the relevant administrative record documents and getting up to speed as quickly as possible while still responding to multitude of motions in the three related cases. Nevertheless, additional time is needed in order for counsel to review the voluminous administrative record (which is still being compiled); complete legal research and briefing; allow for Department of Justice and Corps management to review the brief and provide the requisite approvals for filing; and for counsel to address any comments raised by these officials.

5.   Pursuant to Local Rule 7(m) the undersigned counsel has discussed the contents of this motion with Standing Rock and Dakota Access. Standing Rock's counsel indicated Standing Rock would consent to an extension of two days, making the Opposition due March 9, 2017, but would oppose any longer extension.   The Corps does not believe an additional two days is sufficient given the required review that remains to be done and the additional tasks as described in paragraphs three and four above.   Dakota Access expressed that it does not request an extension, but in the event the Court gives the Corps additional time, Dakota Access asks that it be given the same due date which would not add any delay to completion of the briefing, and would provide Dakota Access the same opportunity for client input and consultation.

6.   There will not be prejudice to Standing Rock from a delay of only one week. The Corps understands that Standing Rock has an interest in prompt resolution of this matter and the Corps is working in good faith to move quickly.   However the Corps notes that Standing Rock has joined Cheyenne River's Motion for Preliminary Injunction, which is pending, and this Court has instructed Dakota Access to give notice within 48 hours of when oil will enter the pipeline (the alleged irreparable harm).   *See* ECF No. 98.   Standing Rock has not moved for any preliminary relief on any of the claims that are presented in their motion for summary judgment. Therefore to the extent Plaintiffs argue there could be irreparable harm that occurs before the pending motion is fully briefed, they have presented this argument to the Court and been heard. A delay of one week in briefing Standing Rock's Motion for Partial Summary Judgment will not affect this harm and therefore will not prejudice Standing Rock.

7.   However, there will be prejudice to the Corps in denying the Motion and not allowing sufficient time for the Corps to fully develop, research, vet, and refine its position in this factually and legally complex matter.

8.   Given the complexities of the legal and procedural issues presented in Standing Rock's motion, and the recent entry of appearance of new counsel on behalf of Federal Defendants, the extension would allow the Corps sufficient time to address those complexities and to obtain the requisite review and approvals from Corps and Department of Justice officials to fully develop the United States' arguments for the Court.

WHEREFORE, the United States Corps of Engineers, through undersigned counsel, respectfully requests that the Court grant this Motion  and extend the deadline for the Corps to file its Opposition to Standing Rock's Motion for Partial Summary Judgment by seven days, up to and including March 14, 2017.

Respectfully submitted on March 3rd, 2017,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division


By:      /s/  Reuben S. Schifman___
REUBEN S. SCHIFMAN, NY Bar
U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Benjamin Franklin Station
Washington, DC 20044
Phone: (202) 305-4224 (Schifman)
Fx: (202) 305-0506
reuben.schifman@usdoj.gov

ERICA M. ZILIOLI, D.C. Bar 488073
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 514-6390
Fax: (202) 514-8865
Erica.Zilioli@usdoj.gov

*Attorneys for the United States Army Corps of Engineers*

OF COUNSEL:

MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 3rd day of March, 2017, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.


*/s/  Reuben S. Schifman*

Reuben S. Schifman

U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Benjamin Franklin Station
Washington, DC 20044
Phone: (202) 305-4224
Fx: (202) 305-0506
reuben.schifman@usdoj.gov