IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>            Plaintiff,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>            Plaintiff-Intervenor,<br><br>  v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>            Defendant,<br><br>and<br><br>DAKOTA ACCESS LLC,<br><br>    Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-01534-JEB |

**RESPONSE OF DAKOTA ACCESS, LLC TO STANDING ROCK SIOUX TRIBE'S MOTION FOR LEAVE TO FILE A DECLARATION**

  As Standing Rock's motion for leave states, Dakota Access was not opposed to filing William Perry's declaration. But Standing Rock's motion has left the mistaken impression that Dakota Access has nothing to dispute about the content of Standing Rock's motion for leave. We write to correct that impression.

  Counsel for Standing Rock emailed defense counsel yesterday with the following:

> The Tribe will ask the court for leave to submit a declaration in support of its opposition to the motion for protective order, which responds to the characterizations made about the Comer declaration in DAPL's reply brief.
>
> We will not seek to file a sur-reply but just leave to submit the attached declaration.
>
> Please let m[e] know if you oppose such motion.

Mr. Perry's declaration was attached to the email.

1

With the understanding that Standing Rock would simply move for leave to file the declaration and make reference to the Court to the previous pleadings, Dakota Access told counsel for Standing Rock he could advise the Court that Dakota Access will not be filing a response in opposition.

Standing Rock then went ahead and filed a substantive reply arguing why and how it takes issue with the part of Dakota Access's reply brief that is relevant to the declaration.  Although Standing Rock's motion for leave says it is responding to an "Opp.", it is replying to a reply (otherwise known as a sur-reply).  The pleading ends by saying that Dakota Access will not be responding.

Dakota Access wants to be clear that it stands by its position:  Well before November 2016—and even before July—Standing Rock had the opportunity to review publicly withheld information *other than* just a few redactions in a facility response plan.  Dakota Access looks forward to establishing as much.

Dated:  March 10, 2017

Respectfully submitted,

 /s/ William S. Scherman

| | |
|---|---|
| Kimberly Caine | William S. Scherman |
| William J. Leone | David Debold |
| Robert D. Comer | GIBSON, DUNN & CRUTCHER LLP |
| NORTON ROSE FULBRIGHT US LLP | 1050 Connecticut Avenue, N.W. |
| 799 9th St. NW, Suite 1000 | Washington, D.C.  20036 |
| Washington, D.C.  20001-4501 | (202) 955-8500 |
| (202) 662-0200 | wscherman@gibsondunn.com |

*Counsel for Dakota Access, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March, 2017, I electronically filed the foregoing document using the CM/ECF system.  Service was accomplished by the CM/ECF system.

 /s/ William S. Scherman
William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*