**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **STANDING ROCK SIOUX TRIBE,** *et al.*,<br><br>    **Plaintiffs,**<br><br>        **v.**<br><br>**U.S. ARMY CORPS OF ENGINEERS,** *et al.*,<br><br>    **Defendants.** | **Civil Action No. 16-1534 (JEB)** |

**ORDER**

Last week this Court issued a decision denying Plaintiff Cheyenne River Sioux Tribe's

Motion for a Preliminary Injunction, which sought to block the introduction of oil into the stretch

of the Dakota Access Pipeline that runs under Lake Oahe.  See Standing Rock Sioux Tribe v.

U.S. Army Corps of Engineers, 2017 WL 908538 (D.D.C. Mar. 7, 2017).  Having filed its Notice

of Appeal on March 10, see ECF No. 164, the Tribe that same day also filed with this Court a

Motion for Injunction Pending Appeal.  See ECF No. 165.  As oil is likely to enter this segment

of the pipeline next week, see ECF No. 169 (Status Report), that Motion asked for an immediate

ruling.  See Mot. at 1.  After permitting Defendants only one day to respond, see Minute Order of

March 13, 2017, the Court complies with the timing of Plaintiff's request, but not with its

substance.  The Motion will thus be denied.

**I.     Legal Standard**

Federal Rule of Civil Procedure 62(c) provides: "While an appeal is pending from an

interlocutory order . . . that . . . denies an injunction, the court may . . . grant an injunction on . . .

terms that secure the opposing party's rights."  To assess the propriety of a stay or an injunction

1

pending appeal, the Court looks to four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." Cuomo v. Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985); see also Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 842 n.1 (D.C. Cir. 1977); McCammon v. United States, 584 F. Supp. 2d 193, 197 (D.D.C. 2008) (consider same factors when party seeks stay or injunction pending appeal).  In doing so, it bears in mind that an "injunction pending appeal is an extraordinary remedy." Memphis Publishing Co. v. F.B.I., 195 F. Supp. 3d 1, 3 (D.D.C. 2012) (citing Cuomo, 772 F.2d at 978).

## II.     Analysis

As in the Motion for a Preliminary Injunction, the critical factor here is Cheyenne River's lack of likelihood of success on the merits.  The Court is well aware of the delicate position a movant like the Tribe faces in asking a court to conclude that its decision is likely to be overturned on appeal.  See Loving v. I.R.S., 920 F. Supp. 2d 108, 110 (D.D.C. 2013).  This Court is equally aware (via reversals or remands) that the Court of Appeals does not always agree with its decisions.  That said, it nevertheless believes that Plaintiff does not have a strong case on appeal, and an injunction here, unlike a stay in some of the cases cited by Cheyenne River, would not preserve the status quo.  See Mot. at 2-3 (citing Loving, 920 F. Supp. 2d at 109; CREW v. Office of Admin., 593 F. Supp. 2d 156, 158-60 (D.D.C. 2009)).

As to the remaining factors, the Court acknowledges that the Tribe is likely to suffer irreparable harm to its members' religious exercise if oil is introduced into the pipeline, but Dakota Access would also be substantially harmed by an injunction, given the financial and

logistical injuries that would ensue.  Finally, the public interest, if consistent with the principles

articulated in the Presidential Memorandum Regarding Construction of the Dakota Access

Pipeline, see ECF No. 124-1, Exh. G, likely sides with denial.  As the Corps points out,

moreover, the Court's laches analysis in the original Opinion, Standing Rock, 2017 WL 908538,

at *4-7, also demonstrates that "[t]he public interest would not be served by an injunction

pending appeal."  Corps Opp. at 6.   A weighing of all four factors, therefore, tips the scale

against the Tribe.

III.    Conclusion

        The Court, consequently, ORDERS that the Motion for an Injunction Pending Appeal is

DENIED.

        IT IS SO ORDERED.

                                                    /s/ James E. Boasberg
                                                    JAMES E. BOASBERG
                                                    United States District Judge

Date:  March 14, 2017