IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANDING ROCK SIOUX TRIBE,

        Plaintiff,

and

CHEYENNE RIVER SIOUX TRIBE,

        Plaintiff-Intervenor,

  v.

U.S. ARMY CORPS OF ENGINEERS,

        Defendant-Cross Defendant,

and

DAKOTA ACCESS, LLC,

        Defendant-Intervenor-Cross Claimant.

Case No. 1:16-cv-1534-JEB
(and Consolidated Case Nos. 16-cv-1796 and 17-cv-267)

**REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT**

INTRODUCTION

Standing Rock Sioux Tribe ("Tribe") has filed a motion for leave to amend its complaint, ECF 106, which identifies facts and issues that have occurred since the Tribe filed its original complaint, and also including additional legal claims about events that happened prior to the filing of that complaint. Seeking to gain some tactical advantage from a routine procedural motion, intervenor Dakota Access Pipeline, LLC ("DAPL") has opposed the motion with respect to the latter category of amendments. ECF 193. As explained below, DAPL's arguments must be rejected. The Tribe did not do anything wrong by updating its complaint to include additional legal theories, and DAPL was not prejudiced by the timing of the amendment. Finally, DAPL's attempt to litigate the merits of the amended complaint through the guise of a motion to amend is highly inappropriate, particularly since the Tribe has already moved for summary judgment on some of these claims, and those motions are almost fully briefed.

BACKGROUND

DAPL takes the opportunity of this routine motion to retell its version of the history of this controversy. However, the pertinent facts are as follows. Defendant U.S. Army Corps of Engineers ("Corps") issued the first set of permits for the Lake Oahe crossing on July 25, 2016. Because DAPL had started construction of the pipeline months earlier, the Tribe moved as expeditiously as possible once the permits were issued. It filed its complaint a mere two days later, and a lengthy motion for a preliminary injunction a week after that. The same day that this Court denied the Tribe's preliminary injunction motion, however, the Corps and other agencies announced that the Tribe's concerns would receive greater scrutiny and that the remaining federal authorization for the Oahe crossing, the Mineral Leasing Act easement, would not be issued. Because the reconsideration process had the potential to resolve the Tribe's concerns about the permitting and environmental review at Oahe, the Tribe turned its attention to working

within the process as well as defending against DAPL's efforts to persuade the Court that it already had been granted the MLA easement. On December 4, 2016, those efforts bore fruit when the Corps announced that the easement would not be granted pending a full environmental impact statement ("EIS") review. The Tribe requested that its claims be held in abeyance pending resolution of that review. ECF 71.

However, at several points during the process, the Tribe observed that it intended to amend its complaint, but believed that such amendment should await final decisions on the easement. Thus, while the Tribe theoretically could have amended its complaint to add the parts that DAPL finds objectionable—a claim that the Corps should have prepared an EIS; a challenge to the environmental justice analysis; and the religious freedom claims—doing so would have required amending the complaint twice. There would be no benefit to so doing, and no obvious reason to move ahead with the amended complaint after September 9 when the Corps opened the door to additional conversations around the easement. Hearing no objection to proceeding in this manner, the Tribe waited until the Corps reversed itself, abandoned the EIS process, and issued the easement before bringing a single amended complaint with both kinds of amendments.

ARGUMENT

The federal rules authorize amendment of complaints once litigation is underway, and directs that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Motions are to be evaluated "using a generous standard," *Henok v. Chase Home Fin., LLC*, 915 F. Supp. 2d 109, 114 (D.D.C. 2013), and must consider the hardship on the plaintiff if the amendment is denied. *Smith v. Cafe Asia*, 598 F. Supp. 2d 45, 47–48 (D.D.C. 2009). Undue delay, undue prejudice to the defendant, or futility of the proposed amendments are factors that may warrant denying leave to amend. *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 425 (D.C.Cir.1996). A party opposing amendment "has the burden of showing why leave

to file an amended complaint should not be granted." *Cafe Asia*, 598 F. Supp. at 47–48.   None of these factors provides any basis to deny the request to amend.

As to the first issue, the Tribe has engaged in no "delay" at all, let alone an undue one. "Where an amendment would do no more than clarify legal theories or make technical corrections, we have consistently held that delay, without a showing of prejudice, is not a sufficient ground for denying the motion." *Harrison v. Rubin*, 174 F.3d 249, 252 (D.C. Cir. 1999) (reversing District Court's denial of a motion to amend where plaintiff made motion two years after filing initial complaint); *Estate of Gaither ex rel. Gaither v. D.C*., 272 F.R.D. 248, 252 (D.D.C. 2011) ("[T]he mere passage of time does not preclude amendment—the delay must result in some prejudice to the judicial system or the opposing party.").  As described above, the Tribe made a sensible decision to focus its efforts on the Corps' process to reconsider the easement, and only amended its complaint once that process was abandoned and the easement issued.  In so doing it clarified some legal claims that were not stated as clearly as they could have been in the original complaint (e.g., the Corps' failure to prepare an EIS and the environmental justice claim), and added another claim which was not immediately apparent in the two days between the issuance of the permits and the filing of the original complaint.[1]

As to the second issue, DAPL bears the burden of proving that it would suffer prejudice, and must offer more than mere "generalities." *Estate of Gaither,* 272 F.R.D. at 253.  But DAPL hasn't offered any argument that it was prejudiced by the failure to include the EIS, environmental justice, and religious freedom claims in the original complaint.  *Driscoll v.*

---

[1] Ironically, while complaining that the Tribe's amended complaint should have been filed sooner, DAPL offers no explanation at all for why it took six weeks to respond to the Tribe's two-page motion seeking leave.  During the intervening time, the parties have exchanged cross motions for summary judgment on the issues raised in the amended complaint.

*George Washington Univ.*, 42 F. Supp. 3d 52, 57 (D.D.C. 2012) ("[W]here, as here, the party opposing amendment has not put forward a colorable basis of prejudice, the contention of undue delay is [even] less persuasive."). The amendment does not change the complexion or the timing of this case in any way. The amendments do not change the scope or the timing of the administrative record or subject DAPL to burdensome discovery. They simply clarify and refine the legal theories attendant to the original set of facts and circumstances. Amendments that "merely fine-tune the basis for the relief [sought]," are "rarely a bad thing" and "certainly do[] not provide a basis for denying leave to amend." *Council on American–Islamic Relations Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 324 (D.D.C.2011)

As to futility, motion for leave to amend can be denied where the amended complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint must contain factual allegations that "'possess enough heft to sho[w] that the pleader is entitled to relief.'" *Amore v. Accor. N. Am., Inc.*, 529 F. Supp. 2d 85, 94–95 (D.D.C.2008). Here, two of the issues at stake in the amended complaint—the environmental justice challenge and the Corps' failure to prepare an EIS—are already the subject of a formidable set of briefs on cross motions of summary judgment. The religious freedom claim was already the subject of a preliminary injunction motion, and is currently on appeal in the D.C. Circuit. While the Corps and DAPL have opposed the Tribe as to those issues, plainly they have more than enough "heft" to warrant an amended complaint. This motion is not the place to litigate the merits of those issues.

In sum, the Tribe's amended complaint meets all the criteria under Fed. R. Civ. P. 15(a)(2) under any standard, let alone the liberal and generous standard called for under the rule. The Tribe respectfully requests that its motion for leave to amend be granted.

Dated: April 3, 2017                    Respectfully submitted,

/s/ Jan E. Hasselman
Patti A. Goldman, DCB # 398565
Jan E. Hasselman, WSBA # 29107
(*Admitted Pro Hac Vice*)
Stephanie Tsosie, WSBA # 49840
(*Admitted Pro Hac Vice*)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
Telephone:  (206) 343-7340
pgoldman@earthjustice.org
jhasselman@earthjustice.org
stsosie@earthjustice.org

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2017, I electronically filed the foregoing *Reply In Support of Motion to Amend Complaint* with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*/s/ Jan E. Hasselman*
Jan E. Hasselman