IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OGLALA SIOUX TRIBE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:17-cv-0267 (consolidated<br>) into Case No. 1:16-cv-1534 JEB) |
| UNITED STATES ARMY CORPS OF ENGINEERS, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## UNITED STATES ARMY CORPS OF ENGINEERS' ANSWER

Defendant United States Corps of Engineers ("Corps" or "Defendant") responds to the allegations in Plaintiff Oglala Sioux Tribe's ("Plaintiff") Complaint for Declaratory and Injunctive Relief (the "Complaint") as follows. Defendant denies all of the Complaint's allegations, express or implied, that are not otherwise expressly admitted, denied, or qualified herein.

## INTRODUCTION

1. The allegations in Paragraph 1 characterize the Complaint, which requires no response. To the extent a response is required, the allegations are denied.

2. The allegations in Paragraph 2 characterize the Complaint, which requires no response. To the extent a response is required, the allegations are denied.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 3, and on that basis, denies the allegation. With regard to the second sentence of Paragraph 3, Defendant admits that a portion of the Dakota Access Pipeline project crosses the Missouri River at Lake Oahe. Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth and fifth sentence of Paragraph 3 and, on that basis, denies the allegations.

4. Defendant admits the allegations in the first sentence of Paragraph 4. Defendant denies the remainder of the allegations in Paragraph 4.

5. Defendant admits that other tribes along the Missouri River submitted comments on the draft EA. Defendant denies the remainder of the allegations in the first sentence of Paragraph 5. With regard to sentence two of Paragraph 5, Defendant denies the Assistant Secretary for the Army for Civil Works announced that the Army would conduct an EIS before granting DAPL's owner the easement to cross Lake Oahe. Defendant admits that on January 18, 2017, the Army issued a Notice of Intent to Prepare an EIS in Connection with Dakota Access, LLC's Request for an Easement to Cross Lake Oahe, North Dakota. With respect to sentence three of Paragraph 5, Defendant admits that on January 24, 2017, President Donald Trump issued a Presidential Memorandum to the Secretary of the Army regarding the Construction of the Dakota Access Pipeline. The remaining allegations in the third sentence of Paragraph 5 characterize the January 24, 2017 Presidential Memorandum which speaks for itself and is the best evidence of its contents. To the extent the allegations in the third sentence of Paragraph 5 are inconsistent with the January 24, 2017 Presidential Memorandum, they are denied. With respect to the fourth sentence of Paragraph 5, Defendant admits the NOI was withdrawn on February 7, 2017 and Defendant admits that an easement was granted to Dakota Access, LLC on February 8, 2017 for a portion of the pipeline to cross under Federally-owned Corps-managed lands at Lake Oahe. Any remaining allegations in the fourth sentence of Paragraph 5 are denied.

6. The allegations in Paragraph 6 contain conclusions of law and characterize the Complaint and relief requested, which requires no response. To the extent a response is required,

the allegations are denied. In addition, Defendants deny any allegation that they in way violated any statute or regulation or otherwise breached any duties that it may have and further deny that Plaintiff is entitled to any relief whatsoever.

## JURISIDICTION AND VENUE

7. The allegations in Paragraph 7 contain conclusions of law, which require no response.

8. The allegations in Paragraph 8 contain conclusions of law, which require no response.

## PARTIES

9. The Corps admits the allegations in Paragraph 9.

10. The allegations in the first sentence of Paragraph 10 characterize the 1851 Treaty of Fort Laramie, which speaks for itself, and no response is required. To the extent the allegations in are inconsistent with the 1851 Treaty of Fort Laramie, they are denied. The allegations in the second sentence of Paragraph 10 consist of vague and ambiguous characterizations, which require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and, on that basis, denies the allegations. The allegations in the third sentence of Paragraph 10 contain conclusions of law, which require no response.

11. The allegation in the first sentence of Paragraph 11 characterizes a federal statute, which speaks for itself, and no response is required. To the extent the allegations in the first sentence of Paragraph 11 are inconsistent with the federal statute, they are denied. Defendant admits the Tribe's reservation is downstream from where the Dakota Access Pipeline Project crosses the Missouri River at Lake Oahe. The allegations in the third sentence of Paragraph 11

3

characterizes the Mni Wiconi Project Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the third sentence of Paragraph 11 are inconsistent with the Mni Wiconi Act, they are denied.

12. Defendant admits that the Corps is a federal agency in the Executive Branch of the Federal government and a sub-agency of the Department of Army. The remaining allegations in Paragraph 12 characterize federal statutes, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 12 are inconsistent with the statutes, they are denied.

## RELEVANT LAW

### I. THE 1851 FORT LARAMIE TREATY AND 1868 SIOUX NATION TREATY

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Defendant admits that the Sioux Nation was a party to the 1851 Treaty of Fort Laramie. The remainder of the allegations in the first sentence of Paragraph 14 contain conclusions of law, which require no response. The remainder of the allegations in Paragraph 14 characterize the 1851 Treaty of Fort Laramie, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 14 are inconsistent with the 1851 Treaty of Fort Laramie, they are denied.

15. The allegations in the first sentence of Paragraph 15 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied. The remainder of the allegations in Paragraph 15 characterize the 1868 Sioux Nation Treaty, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 15 are inconsistent with the 1868 Sioux Nation Treaty, they are denied.

## II. THE ACT OF MARCH 2, 1889

16. The allegations in the first sentence of Paragraph 16 contain conclusions of law, which require no response. To the extent a response is required, the allegations are denied. The remainder of the allegations in Paragraph 16 characterize the Act of March 2, 1889, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 16 are inconsistent with the Act of March 2, 1889, they are denied.

17. The allegations in the first and second sentence of Paragraph 17 characterize the Act of March 2, 1889, which speaks for itself, and no response is required. To the extent the allegations in the first and second sentence of Paragraph 17 are inconsistent with the Act of March 2, 1889, they are denied. The allegations in the third sentence of Paragraph 17 characterize a Supreme Court decision, which speaks for itself, and no response is required. To the extent the allegations in the third sentence of Paragraph 17 are inconsistent with the Supreme Court decision, they are denied. The allegations in fourth sentence of Paragraph 17 contain conclusions of law, which require no response. The allegations in the fifth sentence of Paragraph 17 characterize 55 Fed. Reg. 9223, which speaks for itself, and no response is required. To the extent the allegations in the fifth sentence Paragraph 17 are inconsistent with 55 Fed. Reg. 9223, they are denied.

## III. THE MNI WICONI PROJECT ACT

18. The allegations in Paragraph 18 characterize the Mni Wiconi Project Act, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 18 are inconsistent with the Mni Wiconi Project Act, they are denied.

19. The allegations in Paragraph 19 characterize the Mni Wiconi Project Act, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 19 are inconsistent with the Mni Wiconi Project Act, they are denied.

20.     The allegations in Paragraph 20 characterize the Mni Wiconi Project Act, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 20 are inconsistent with the Mni Wiconi Project Act, they are denied.

## IV.    THE FEDERAL TRUST RESPONSIBILITY

21.     The allegations in Paragraph 21 characterize the United States Constitution, Treaties, and a Supreme Court decision, which speak for themselves, and no response is required. To the extent the allegations in Paragraph 21 are inconsistent with the United States Constitution, Treaties, and a Supreme Court decision, they are denied.

22.     The allegations in Paragraph 22 characterize a Supreme Court decision, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 22 are inconsistent with the Supreme Court decision, they are denied.

23.     The allegations in Paragraph 23 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 23 are inconsistent with the federal statute, they are denied.

24.     The allegations in the first and second sentence of Paragraph 24 consist of vague and ambiguous characterizations and require no response. To the extent a response is required, the allegations are denied. The allegations in the third and fourth sentence of Paragraph 24 characterize the USACE Tribal Consultation Policy and the DoD Instruction 4710.02, which speak for themselves, and are the best evidence of their contents. To the extent the allegations in the third and fourth sentence of Paragraph 24 are inconsistent with the USACE Tribal Consultation Policy and the DoD Instruction 4710.02, they are denied. Any remaining allegations in Paragraph 24 are denied.

## V.    THE CLEAN WATER ACT

25.    The allegations in Paragraph 25 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 25 are inconsistent with the federal statute, they are denied.

26.    The allegations in Paragraph 26 characterize a federal statute and regulations, which speak for themselves, and no response is required. To the extent the allegations in Paragraph 26 are inconsistent with the federal statute and regulations, they are denied.

## VI.   THE RIVERS AND HARBORS ACT

27.    The allegations in Paragraph 27 characterize a federal statute and regulations, which speak for themselves, and no response is required. To the extent the allegations in Paragraph 27 are inconsistent with the federal statute and regulations, they are denied.

## VII.  THE NATIONAL ENVIRONMENTAL POLICY ACT

28.    The allegations in Paragraph 28 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 28 are inconsistent with the federal statute, they are denied.

29.    The allegations in Paragraph 29 characterize a federal statute and regulations, which speak for themselves, and no response is required. To the extent the allegations in Paragraph 29 are inconsistent with the federal statute and regulations, they are denied.

30.    The allegations in Paragraph 30 characterize a federal statute, regulations, and a Supreme Court decision which speak for themselves, and no response is required. To the extent the allegations in Paragraph 30 are inconsistent with the federal statute, regulations, and Supreme Court decision, they are denied.

31. The allegations in Paragraph 31 characterize federal regulations, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 31 are inconsistent with the federal regulations, they are denied.

32. The allegations in Paragraph 32 characterize federal regulations, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 32 are inconsistent with the federal regulations, they are denied.

33. The allegations in Paragraph 33 characterize federal regulations, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 33 are inconsistent with the federal regulations, they are denied.

34. The allegations in Paragraph 34 characterize CEQ guidance, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 34 are inconsistent with the CEQ guidance, they are denied.

35. The allegations in Paragraph 35 characterize case law, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 35 are inconsistent with the case law, they are denied.

**VIII.  THE MINERAL LEASING ACT**

36. The allegations in Paragraph 36 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 36 are inconsistent with the federal statute, they are denied.

37. The allegations in Paragraph 37 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 37 are inconsistent with the federal statute, they are denied.

38. The allegations in Paragraph 38 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 38 are inconsistent with the federal statute, they are denied.

## IX. ADMINISTRATIVE PROCEDURE ACT

39. The allegations in Paragraph 39 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 39 are inconsistent with the federal statute, they are denied.

40. The allegations in Paragraph 40 characterize a federal statute, which speaks for itself, and no response is required. To the extent the allegations in Paragraph 40 are inconsistent with the federal statute, they are denied.

## FACTUAL ALLEGATIONS

## I. INTERESTS OF THE OGLALA SIOUX TRIBE

41. The allegations in the first and second sentence of Paragraph 41 consist of vague and ambiguous characterizations and require no response. To the extent a response is required, the Corps lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentence of Paragraph 41. The allegations in the third sentence of Paragraph 41 contain conclusions of law, which require no response.

42. The allegations in Paragraph 42 characterize the Mni Wiconi Project Act which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 42 are inconsistent with the Mni Wiconi Project Act, those allegations are denied.

43. The allegations in Paragraph 43 consist of vague and ambiguous characterizations and require no response. To the extent a response is required, the Corps lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and on that basis, denies the allegations.

44. The allegations in Paragraph 44 characterize NWP 12, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 44 are inconsistent with NWP 12, those allegations are denied.

45. Defendant admits that Dakota Access sought verification under NWP 12 to construct portions of the Pipeline in waters of the United States that are under the jurisdiction of the Corps. The remaining allegations in Paragraph 43 consist of vague and ambiguous characterizations and require no response. To the extent a response is required, the allegations are denied.

46. Defendant admits the Draft EA was published on December 9, 2015. The remainder of the allegations in Paragraph 46 characterize the Draft EA, which speaks for itself, and is the best evidence of its contents. To the extent the allegations are inconsistent with the Draft EA, they are denied.

47. Defendant admits the allegations in the first and second sentence of Paragraph 47. The remainder of the allegations in Paragraph 47 characterize the January 8, 2016 letter from EPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the January 8, 2016 letter from EPA, they are denied.

48. The allegations in Paragraph 48 characterize the March 11, 2016 letter from EPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the March 11, 2016 letter from EPA, they are denied.

49. Defendant admits the allegations in the first sentence of Paragraph 49. The remainder of the allegations in Paragraph 49 characterize comments from the Standing Rock Sioux Tribe, which speak for themselves and are the best evidence of their contents. To the

extent the allegations are inconsistent with the Standing Rock Sioux Tribes comments, they are denied.

50. The allegations in Paragraph 50 characterize the March 29, 2016 letter from DOI, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the March 29, 2016 letter from DOI, they are denied.

51. Defendant admits the allegations in the first and second sentences of Paragraph 51. With respect to sentence three, Defendant admits that the Corps issued the NWO EA/FONSI on July 25, 2016. The fourth sentence of Paragraph 51 characterizes the FONSI, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the FONSI, they are denied. Any remaining allegations are denied.

52. Defendant denies the allegations in the first sentence of Paragraph 52. The allegations in the second and third sentence of Paragraph 52 characterizes the Final EA, which speaks for itself, and is the best evidence of its contents. To the extent the allegations are inconsistent with the Final EA, they are denied. Defendant denies the allegations in the fourth and fifth sentence of Paragraph 52.

53. The allegations in the first sentence of Paragraph 53 are denied. With respect to sentence two of Paragraph 53, Defendant admits that Dakota Access, LLC considered but eliminated an alternative centerline that crossed Lake Oahe approximately 10 miles north of Bismarck, any remaining allegations in the second sentence are denied. Defendant denies the remaining allegations in the remainder of Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in the first and second sentences of Paragraph 57. With respect to the third sentence, Defendant admits the EA includes a discussion of a worst case discharge scenario and that information is redacted from the facility response plan in Appendix L of the EA. Any remaining allegations in the third sentence of Paragraph 57 are denied.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. The allegations in the first and second sentence of Paragraph 60 characterize the EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the EA, they are denied. Defendant denies the allegations in the third sentence of Paragraph 60. The allegations in the fourth and fifth sentence of Paragraph 60 characterize the NOAEL for benzene established by the Savannah River National Laboratory and the National Oceanic Atmospheric Administration, which speak for themselves, and are the best evidence of their contents. To the extent the allegations are inconsistent with the NOAEL for benzene established by the Savannah River National Laboratory and the National Oceanic Atmospheric Administration, they are denied. The allegations in the sixth and seventh sentence of Paragraph 60 characterize Plaintiff's independent calculation, and no response is required.

61. Defendant denies the allegations in the first sentence of Paragraph 61. The allegations in the second sentence of Paragraph 61 characterize the EA and Section 33-16-02.1 of the North Dakota Administrative Code, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the EA and Section 33-16-02.1, they are denied. Defendant denies the allegations in the third and fourth sentence of Paragraph 61.

62.     Defendant denies the allegations in the first and third sentence of Paragraph 62. The allegations in the second sentence of Paragraph 62 characterize the EA and public comment process, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the EA or public comment process, they are denied.

63.     Defendant denies the allegations in Paragraph 63.

64.     The allegations in the first, second, and fourth sentence of Paragraph 64 characterize the EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the EA, they are denied.  Defendant denies the allegations in the third sentence of Paragraph 64.

65.     Defendant denies the allegations in Paragraph 65.

66.     Defendant admits the "Lake Oahe Spill Model Discussion Report" and the "Lake Oahe HDD Risk Analysis Report" were not included in the EA.  Defendant denies the remainder of the allegations in Paragraph 66.

67.     With respect to the first sentence of Paragraph 67, Defendant admits that it relied on, among many other things, the NWO EA/FONSI to support and inform a decision under the Mineral Leasing Act.  Any remaining allegations in the first sentence of paragraph 67 are denied. The allegations in the second sentence of Paragraph 67 characterize the EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the EA, they are denied.  The allegations in the third sentence of Paragraph 67 consist of vague and ambiguous characterizations and require no response.  To the extent a response is required, the allegations are denied.  The allegation in the fourth sentence of Paragraph 67 contains conclusions of law, and no response is required.  To the extent a response is required, the allegation is denied.  Any remaining allegations in Paragraph 67 are denied.

68. The allegations in Paragraph 68 characterize the September 9, 2016 Joint Statement from the Departments of Justice, the Department of the Army, and the Department of the Interior Regarding Standing Rock Sioux Tribe v U.S. Army Corps of Engineers, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the September 9, 2016 Joint Statement, they are denied.

69. The allegations in Paragraph 69 characterize Plaintiff's September 25, 2016 letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the September 25, 2016 letter, they are denied.

70. The allegations in Paragraph 70 characterize Plaintiff's December 3, 2016 letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the December 3, 2016 letter, they are denied.

71. Defendant denies the allegations in the first sentence of Paragraph 71. The remainder of the allegations in Paragraph 71 characterize the Assistant Secretary of the Army for Civil Works December 4, 2016 Memorandum on the Proposed Dakota Access Pipeline Crossing at Lake Oahe, North Dakota, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the December 4, 2016 Memorandum, they are denied.

72. The allegations in Paragraph 72 characterize a federal register notice, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the federal register notice, they are denied.

73. Defendant admits that Donald J. Trump was inaugurated as the 45th President of the United States on January 20, 2017. The remainder of the allegations in Paragraph 73 characterize the January 24, 2017 Presidential Memorandum regarding the Construction of the

Dakota Access Pipeline, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the January 24, 2017 Presidential Memorandum, they are denied.

74. The allegations in Paragraph 74 characterize the January 31, 2017 Memorandum for the Assistant Secretary of the Army for Civil Works and the Chief of Engineers/Commanding General, U.S. Army Corps of Engineers, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the January 31, 2017 Memorandum, they are denied.

75. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis, denies the allegations.

76. Defendant admits that it granted an easement to Dakota Access, LLC on February 8, 2017. The remainder of the allegations in Paragraph 76 characterize the February 7, 2017 Memorandum for Record, Compliance with Presidential Memorandum (January 24, 2017), and the February 7, 2017 letter to the Director of the Office of the Federal Register with a Notice of Termination of the Intent to Prepare an EIS, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the February 7, 2017 Memorandum for Record or letter, they are denied.

77. Defendant admits that the Corps did not hold any public scoping meetings relating to the potential EIS and aver that the NOI was withdrawn and that no scoping meetings were required. Defendant denies the allegations in the second sentence of Paragraph 77.

## CAUSES OF ACTION

### I. FIRST CAUSE OF ACTION: VIOLATION OF NEPA AND THE APA

78. The Corps incorporates by reference responses to Paragraph 1 through 77.

79. The allegations in Paragraph 79, subparagraphs a.-i. contain conclusions of law, which require no response. To the extent Paragraph 79, subparagraphs a-i. are deemed to contain facts or allegations of violations of laws, such facts or allegations are denied.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

## II. SECOND CAUSE OF ACTION: VIOLATION OF NEPA, APA, AND REGULATION

84. The Corps incorporates by reference responses to Paragraph 1 through 83.

85. Defendant denies the allegations in Paragraph 85.

86. The allegations in Paragraph 86 characterize regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the regulations, they are denied. To the extent Paragraph 86 is deemed to contain facts or allegations of violations of laws, such facts or allegations are denied.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

## III. THIRD CAUSE OF ACTION: VIOLATION OF MINERAL LEASING ACT AND THE APA

90. The Corps incorporates by reference responses to Paragraph 1 through 89.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

**IV.  FOURTH CAUSE OF ACTION: BREACH OF TREATY RIGHTS AND THE APA**

95. The Corps incorporates by reference responses to Paragraph 1 through 94.

96. The allegations in Paragraph 96 consist of conclusions of law and vague and ambiguous characterizations and require no response. To the extent a response is required, the allegations are denied.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

**V.  FIFTH CAUSE OF ACTION: BREACH OF TRUST, MNI WICONI PROJECT ACT, AND THE APA**

99. The Corps incorporates by reference responses to Paragraph 1 through 99.

100. The allegations in Paragraph 100 consist of conclusions of law and vague and ambiguous characterizations and require no response. To the extent a response is required, the allegations are denied.

101. Defendant denies the allegations in Paragraph 101.

102. Defendant denies the allegations in Paragraph 102.

## PRAYER FOR RELIEF

The remaining allegations in the Complaint consist of Plaintiff's Prayer for Relief, which requires no response. To the extent a response is required, Defendant denies that Plaintiff is entitled to such relief.

## GENERAL DENIAL

To the extent any allegations have not been specifically addressed in the preceding paragraphs, Defendant hereby denies such allegations.

## DEFENSES

Without limiting or waiving any defenses available to it, Defendant hereby asserts the following defenses:

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of Plaintiff's claims are barred by waiver.

## THIRD DEFENSE

Plaintiff lacks standing to bring some or all of its claims.

Dated: April 28, 2017                           Respectfully submitted,

                                JEFFREY H. WOOD
                                Acting Assistant Attorney General
                                Environment & Natural Resources Division

By:   /s/ *Amarveer S. Brar*
      AMARVEER S. BRAR, CA Bar 309615
      REUBEN SCHIFMAN, NY BAR
      MATTHEW MARINELLI, IL Bar 6277967
      U.S. Department of Justice
      Natural Resources Section
      P.O. Box 7611
      Benjamin Franklin Station
      Washington, DC 20044
      Phone: (202) 305-0479 (Brar)
      Phone: (202) 305-4224 (Schifman)
      Phone: (202) 305-0293 (Marinelli)
      Fax:    (202) 305-0506
      amarveer.brar@usdoj.gov
      reuben.schifman@usdoj.gov
      matthew.marinelli@usdoj.gov

      ERICA M. ZILIOLI, D.C. Bar 488073
      U.S. Department of Justice
      Environmental Defense Section
      P.O. Box 7611
      Washington, DC 20044
      Phone: (202) 514-6390
      Fax: (202) 514-8865
      Erica.Zilioli@usdoj.gov

*Attorneys for the United States Army Corps of Engineers*

OF COUNSEL:

MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

## CERTIFICATE OF SERVICE

I hereby certify that, on the 28th day of April, 2017, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.

/s/ *Amarveer S. Brar*
Amarveer S. Brar
