**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |
|---|
| OGLALA SIOUX TRIBE,<br><br>                              Plaintiff,<br><br>       v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>                              Defendant. |

Case No. 1:17-cv-0267 (consolidated
with Case No. 1:16-cv-01534-JEB)

## DAKOTA ACCESS LLC'S ANSWER

Intervenor Defendant Dakota Access, LLC ("Dakota Access") sets forth its Answer and
Defenses to Plaintiff Oglala Sioux Tribe's ("Plaintiff") Complaint for Declaratory and Injunctive
Relief (Case No. 1:17-cv-0267-JEB, D.E. 1) ("Complaint") in this case.  Dakota Access denies
each allegation of violation of law and also denies each allegation that is not specifically answered
otherwise.

### INTRODUCTION

1.      Dakota Access avers that the Oglala Sioux Tribe is federally recognized.  The re-
mainder of Paragraph 1 characterizes Plaintiff's statement of the case, to which no response is
required.  To the extent this paragraph is deemed to contain additional allegations of fact or law,
such allegations are denied.

2.      Paragraph 2 characterizes Plaintiff's statement of the case, to which no response is
required.  To the extent this paragraph is deemed to contain additional allegations of fact or law,
such allegations are denied.

3.      Dakota Access avers that the Dakota Access Pipeline ("DAPL") is a crude oil pipe-
line owned by Dakota Access that will carry up to 570,000 barrels per day, running from North

Dakota to Illinois and crossing the Missouri River at Lake Oahe.  Dakota Access is without infor-

mation or knowledge sufficient to form a belief as to the remaining factual allegations contained

in Paragraph 3 and therefore denies the same.  To the extent that Paragraph 3 is deemed to contain

allegations of law, such allegations are denied.

     4.     Dakota Access avers that the U.S. Army Corps of Engineers ("Corps") issued cer-

tain federal verifications and authorizations regarding DAPL on July 25, 2016, including a Final

Environmental Assessment ("EA") and Finding of No Significant Impact ("FONSI").  To the ex-

tent that Paragraph 4 purports to characterize the EA and FONSI, those documents speak for them-

selves and are the best evidence of their contents, and no response is required.  To the extent that

Paragraph 4 contains allegations of law or additional allegations of fact, such allegations are de-

nied.

     5.     Dakota Access avers that several federally recognized tribes submitted comments

to the draft Environmental Assessment ("Draft EA") that was published in December 2015.  Da-

kota Access avers that on January 18, 2017, the Army issued a Notice of Intent to Prepare an EIS

in connection with Dakota Access's Request for an Easement to Cross Lake Oahe, North Dakota.

Dakota Access avers that on January 24, 2017, President Donald Trump issued a Presidential

Memorandum to the Secretary of the Army regarding the construction of DAPL.  The remaining

allegations in the third sentence of Paragraph 5 characterize the January 24, 2017 Presidential

Memorandum, which speaks for itself and is the best evidence of its contents.  To the extent the

allegations in the third sentence of Paragraph 5 are inconsistent with the January 24, 2017 Presi-

dential Memorandum, they are denied.  With respect to the fourth sentence of Paragraph 5, Dakota

Access avers that the Notice of Intent was withdrawn on February 7, 2017, and that an easement

was granted to Dakota Access on February 8, 2017, for a portion of DAPL to cross under federally

owned Corps-managed lands at Lake Oahe.  To the extent that Paragraph 5 is deemed to contain allegations of law or additional allegations of fact, such allegations are denied.

6.     Paragraph 6 characterizes Plaintiff's requested relief and statement of the case, to which no response is required.  Paragraph 6 also contains conclusions of law and purports to characterize the Mineral Leasing Act ("MLA") and the National Environmental Policy Act ("NEPA"), statutes that speak for themselves and contain the best evidence of their contents, and to which no response is required.  To the extent that this Paragraph is deemed to contain allegations of law or fact, such allegations are denied.

## JURISDICTION AND VENUE

7.     Paragraph 7 contains conclusions of law, which require no response.  Dakota Access denies that this case arises under the 1851 Treaty of Fort Laramie, the 1868 Sioux Nation Treaty, or the Mni Wiconi Project Act of 1988 (as amended).  To the extent this Paragraph is deemed to contain allegations of fact or additional allegations of law, such allegations are denied.

8.     Dakota access avers that the United States Army Corps of Engineers is an agency of the United States.  The remainder of Paragraph 8 contains conclusions of law, which require no response.  To the extent that Paragraph 8 is deemed to contain allegations of fact or additional allegations of law, such allegations are denied.

## PARTIES

9.     Dakota Access avers that the Oglala Sioux Tribe is a federally recognized Indian tribe.  Dakota Access is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 9 and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

10.    Paragraph 10 contains conclusions of law and purports to characterize the 1851 Fort Laramie Treaty and the 1868 Sioux Nation Treaty, treaties that speak for themselves and are the

best evidence of their contents, and to which no response is required.  Dakota Access denies that any part of DAPL crosses Plaintiff's tribal lands.  Dakota Access is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 10 and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

11.     Paragraph 11 contains conclusions of law and purports to characterize the Act of March 2, 1889, an Act that speaks for itself and is the best evidence of its contents, and to which no response is required.  Dakota Access avers that DAPL crosses the Missouri River at Lake Oahe. Dakota Access is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 11 and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

12.     Dakota Access avers that the Corps is an agency in the Executive Branch of the Federal government and a division of the Department of the Army.  The remaining allegations in Paragraph 12 purport to characterize the Clean Water Act ("CWA"), the Rivers and Harbors Act ("RHA"), and the MLA, statutes that speak for themselves and are the best evidence of their contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

## RELEVANT LAW

## I. THE 1851 FORT LARAMIE TREATY AND 1868 SIOUX NATION TREATY

13.     Dakota Access is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13, and therefore denies the same.

14.     Paragraph 14 contains conclusions of law and purports to characterize the 1851 Fort Laramie Treaty, a treaty that speaks for itself and is the best evidence of its contents, and to which no response is required.  Dakota Access is without information or knowledge sufficient to form a

belief as to the remaining allegations contained in Paragraph 14 and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

15.     Paragraph 15 contains conclusions of law and purports to characterize the 1868 Sioux Nation Treaty, a treaty that speaks for itself and is the best evidence of its contents, and to which no response is required.  Dakota Access is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 15 and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

## II. THE ACT OF MARCH 2, 1889

16.     Paragraph 16 contains conclusions of law and purports to characterize the Act of March 2, 1889, a statute that speaks for itself and is the best evidence of its contents, and to which no response is required.  Dakota Access is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 16 and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

17.     Paragraph 17 contains conclusions of law and purports to characterize the Act of March 2, 1889, *Winters v. United States*, 207 U.S. 564 (1908), and a March 12, 1990 Department of the Interior ("DOI") Notice, all of which speak for themselves and are the best evidence of their contents, and to which no response is required.  Dakota Access is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 17 and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

### III. THE MNI WICONI PROJECT ACT

18.     Paragraph 18 contains conclusions of law and purports to characterize the Mni Wiconi Project Act, a statute that speaks for itself and is the best evidence of its contents, and to which no response is required.  Dakota Access is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 18 and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

19.     Paragraph 19 contains conclusions of law and purports to characterize the Mni Wiconi Project Act, a statute that speaks for itself and is the best evidence of its contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

20.     Paragraph 20 contains conclusions of law and purports to characterize the Mni Wiconi Project Act, a statute that speaks for itself and is the best evidence of its contents, and to which no response is required.  Dakota Access is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 20 and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

### IV. THE FEDERAL TRUST RESPONSIBILITY

21.     Paragraph 21 contains conclusions of law and purports to characterize *United States v. Mitchell*, 463 U.S. 206 (1983), a judicial opinion that speaks for itself and is the best evidence of its contents, and to which no response is required.  Dakota Access is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 21 and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

22.     Paragraph 22 contains conclusions of law and purports to characterize *United States v. Mitchell*, 463 U.S. 206 (1983), a judicial opinion that speaks for itself and is the best evidence of its contents, and to which no response is required.  Dakota Access is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 22 and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

23.     Paragraph 23 contains conclusions of law and purports to characterize 25 U.S.C. § 1632(a)(5), a statute that speaks for itself and is the best evidence of its contents, and to which no response is required.  Dakota Access is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 23 and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

24.     Paragraph 24 contains conclusions of law and purports to characterize the Corps's Tribal Consultation Policy and the Department of Defense's Instruction No. 4710.02, documents which speak for themselves and are the best evidence of their contents, and to which no response is required.  Dakota Access is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 24 and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

## V. THE CLEAN WATER ACT

25.     Paragraph 25 contains conclusions of law and purports to characterize the CWA, a statute that speaks for itself and is the best evidence of its contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

26.     Paragraph 26 contains conclusions of law and purports to characterize the CWA and regulations thereunder, a statute and implementing regulations that speak for themselves and are the best evidence of their contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

## VI. RIVERS AND HARBORS ACT

27.     Paragraph 27 contains conclusions of law and purports to characterize the RHA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

## VII. THE NATIONAL ENVIRONMENTAL POLICY ACT

28.     Paragraph 28 contains conclusions of law and purports to characterize NEPA and regulations thereunder, a statute and implementing regulations that speak for themselves and are the best evidence of their contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

29.     Paragraph 29 contains conclusions of law and purports to characterize NEPA and regulations thereunder, a statute and implementing regulations that speak for themselves and are the best evidence of their contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

30.     Paragraph 30 contains conclusions of law and purports to characterize NEPA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents, and to which no response is required.  Paragraph 30 also contains conclusions of law and purports to characterize *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332 (1989), a judicial opinion that speaks for itself and is the best evidence of its contents, and to which

no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

31.    Paragraph 31 contains conclusions of law and purports to characterize NEPA and regulations thereunder, a statute and implementing regulations that speak for themselves and are the best evidence of their contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

32.    Paragraph 32 contains conclusions of law and purports to characterize NEPA and regulations thereunder, a statute and implementing regulations that speak for themselves and are the best evidence of their contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

33.    Paragraph 33 contains conclusions of law and purports to characterize NEPA and regulations thereunder, a statute and implementing regulations that speak for themselves and are the best evidence of their contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

34.    Paragraph 34 contains conclusions of law and purports to characterize Council on Environmental Quality guidance, which speaks for itself and is the best evidence of its contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

35.    Paragraph 35 contains conclusions of law and purports to characterize judicial opinions that speak for themselves and are the best evidence of their contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

## VIII. THE MINERAL LEASING ACT

36.     Paragraph 36 contains conclusions of law and purports to characterize the MLA, a statute that speaks for itself and is the best evidence of its contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

37.     Paragraph 37 contains conclusions of law and purports to characterize the MLA, a statute that speaks for itself and is the best evidence of its contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

38.     Paragraph 38 contains conclusions of law and purports to characterize the MLA, a statute that speaks for itself and is the best evidence of its contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

## IX. ADMINISTRATIVE PROCEDURE ACT

39.     Paragraph 39 contains conclusions of law and purports to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

40.     Paragraph 40 contains conclusions of law and purports to characterize the APA, a statute that speaks for itself and is the best evidence of its contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

## FACTUAL ALLEGATIONS

### I. INTERESTS OF THE OGLALA SIOUX TRIBE

41.     Dakota Access is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 41, and therefore denies the same.  The third sentence of Paragraph 41 contains conclusions of law and purports to characterize treaties and statutes that speak for themselves and are the best evidence of their contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

42.     Paragraph 42 contains conclusions of law and purports to characterize the Mni Wiconi Project Act, a statute that speaks for itself and is the best evidence of its contents, and to which no response is required.  Dakota Access is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 42, and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

43.     Dakota Access is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 43, and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

### II. PERMITTING OF THE LAKE OAHE CROSSING

44.     Dakota Access avers that the Corps issued Nationwide Permit 12 in February 2012. The remainder of Paragraph 44 contain conclusions of law and purports to characterize Nationwide Permit 12, which speaks for itself and is the best evidence of its contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

45.     Dakota Access avers that it has sought authorizations for DAPL under Nationwide Permit 12 and that DAPL crosses under the Missouri River at Lake Oahe, which is a dammed section of the Missouri River.  The last sentence in Paragraph 45 contains conclusions of law to which no response is required.  Dakota Access is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 45, and therefore denies the same.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

46.     Dakota Access avers that the Corps published a Draft EA in December 2015.  Dakota Access denies the remaining allegations in Paragraph 46.

47.     Dakota Access avers that the Corps received comments from the general public and from state and federal agencies on the Draft EA that issued in December 2015.  Dakota Access avers that EPA sent two comment letters to the Corps.  Paragraph 47 purports to characterize the letters from EPA, documents which speak for themselves and are the best evidence of their contents, and to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law, to which no response is required and which are denied.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

48.     Paragraph 48 contains conclusions of law and purports to characterize an EPA letter from March 11, 2016, a document that speaks for itself and is the best evidence of its contents, and to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law, to which no response is required and which are denied.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

49.     Dakota Access avers that the Standing Rock Sioux Tribe submitted comments to the Draft EA that was issued in December 2015.  The remainder of Paragraph 49 contains conclusions of law and purports to characterize Standing Rock's comments, that speak for themselves and are the best evidence of their contents, and to which no response is required.  Dakota Access also denies the remaining allegations in this Paragraph as vague or ambiguous.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

50.     Paragraph 50 purports to characterize a March 29, 2016 DOI letter, which speaks for itself and is the best evidence of its contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

51.     Dakota Access avers that the Corps did not prepare an EIS and that it issued authorizations and verifications, as well as a Final EA and FONSI, on July 25, 2016 that speak for themselves and are the best evidence of their contents.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

52.     Paragraph 52 contains conclusions of law and purports to characterize the EA, which speaks for itself and is the best evidence of its contents, and to which no response is required.  The remainder of Paragraph 52 contains vague and ambiguous characterizations of alleged fact and law, to which no response is required and which are denied.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

53.     Paragraph 53 contains conclusions of law and purports to characterize the EA, which speaks for itself and is the best evidence of its contents, and to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact

and law, to which no response is required and which are denied.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

54.     Dakota Access denies the allegations in Paragraph 54.

55.     Dakota Access denies the allegations in Paragraph 55.

56.     Dakota Access denies the allegations in Paragraph 56.

57.     Dakota Access avers that the EA includes a discussion of a worst case discharge scenario and that security-sensitive information is redacted from the facility response plan in Appendix L of the EA.  Dakota Access denies the remaining allegations in Paragraph 57.

58.     Dakota Access denies the allegations in Paragraph 58.

59.     Dakota Access denies the allegations in Paragraph 59.

60.     Paragraph 60 purports to characterize the EA and adverse effect levels established by the Savanah River National Laboratory and the National Oceanic and Atmospheric Administration, which speak for themselves and are the best evidence of their contents, and to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law, to which no response is required and are denied.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

61.     Paragraph 61 contains conclusions of law and purports to characterize the EA and the North Dakota Administrative Code, which speak for themselves and are the best evidence of their contents, and to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law, to which no response is required and which are denied.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

62.     Paragraph 62 contains conclusions of law and purports to characterize the EA and Geographic Response Plans, which speak for themselves and are the best evidence of their contents, and to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law, to which no response is required and are denied.  To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

63.     Paragraph 63 contains conclusions of law and purports to characterize the EA, which speaks for itself and is the best evidence of its contents, and to which no response is required. The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law, to which no response is required and are denied.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

64.     Paragraph 64 contains conclusions of law and purports to characterize the EA, which speaks for itself and is the best evidence of its contents, and to which no response is required. The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law, to which no response is required and are denied.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

65.     Dakota Access denies the allegations in Paragraph 65.

66.     Dakota Access avers that the "Lake Oahe Spill Model Discussion Report" and the "Lake Oahe HDD Risk Analysis Report" were not included in the EA.  Dakota Access denies the remainder of Paragraph 66.

67.     Paragraph 67 contains conclusions of law and purports to characterize the EA, the easement, and a judicial opinion, which speak for themselves and are the best evidence of their

contents, and to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

## III. SUBSEQUENT ADMINISTRATIVE ACTION

68.     Paragraph 68 purports to characterize the September 9, 2016 Joint Statement issued by the Departments of the Army, the Interior, and Justice, which speaks for itself and is the best evidence of its contents, and to which no response is required.

69.     Paragraph 69 purports to characterize a September 25, 2016 Tribal Letter, which speaks for itself and is the best evidence of its contents, and to which no response is required.

70.     Paragraph 70 purports to characterize a December 3, 2016 Tribal Letter, which speaks for itself and is the best evidence of its contents, and to which no response is required.

71.     Paragraph 71 purports to characterize a December 4, 2016 memorandum (incorrectly attributed to the Corps), which speaks for itself and is the best evidence of its contents, and to which no response is required.

72.     Paragraph 72 purports to characterize a January 18, 2017 Notice of Intent from the Army, which speaks for itself and is the best evidence of its contents, and to which no response is required.

73.     Dakota Access avers that Donald J. Trump assumed the office of the President of the United States on January 20, 2017.  The remainder of this Paragraph purports to characterize a January 24, 2017 Presidential Memorandum, which speaks for itself and is the best evidence of its contents, and to which no response is required.

74.     Paragraph 74 purports to characterize a January 31, 2017 memorandum from the Acting Secretary of the Army, which speaks for itself and is the best evidence of its contents, and to which no response is required.

75.     Paragraph 75 purports to characterize a January 30, 2017 letter from the Tribe and February 7, 2017 comments from the Tribe, which speak for themselves and are the best evidence of their contents, and to which no response is required.

76.     Dakota Access avers that the Notice of Intent was withdrawn on February 7, 2017, and that an easement was granted to Dakota Access on February 8, 2017, for a portion of DAPL to cross under federally owned Corps-managed lands on either shore of Lake Oahe.  The remainder of Paragraph 76 purports to characterize a February 7, 2017 Army memorandum, which speaks for itself and is the best evidence of its contents, and to which no response is required.

77.     Dakota Access avers that no scoping session was held in connection with the EIS process described in Paragraph 72.  Dakota Access denies the remainder of Paragraph 77.

## CAUSES OF ACTION

## I. FIRST CAUSE OF ACTION: VIOLATION OF NEPA AND THE APA

78.     Dakota Access incorporates its answers to the allegations in all preceding paragraphs.

79.     This paragraph consists of conclusions of law to which no response is required.  To the extent this Paragraph is deemed to contain additional allegations of fact or law, such allegations are denied.

80.     Dakota Access denied the allegations in Paragraph 80.

81.     Dakota Access denied the allegations in Paragraph 81.

82.     This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph.

83.     This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph.

## II. SECOND CAUSE OF ACTION: VIOLATION OF NEPA, THE APA, AND REGULATION

84.    Dakota Access incorporates its answers to the allegations in all preceding paragraphs.

85.    This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph.

86.    This Paragraph consists of conclusions of law to which no response is required.

87.    This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph.

88.    This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph.

89.    This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph..

## III. THIRD CAUSE OF ACTION: VIOLATION OF MINERAL LEASING ACT AND THE APA

90.    Dakota Access incorporates its answers to the allegations in all preceding paragraphs.

91.    This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph.

92.    This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph.

93.    This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph.

94.     This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph.

## IV. FOURTH CAUSE OF ACTION: BREACH OF TREATY RIGHTS AND THE APA

95.     Dakota Access incorporates its answers to the allegations in all preceding paragraphs.

96.     This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph.

97.     This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph.

98.     This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph..

## V. FIFTH CAUSE OF ACTION: BREACH OF TRUST, MNI WICONI PROJECT ACT, AND THE APA

99.     Dakota Access incorporates its answers to the allegations in all preceding paragraphs.

100.    This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph.

101.    This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph.  To the extent this Paragraph contains allegations of violations of law, such allegations are denied.

102.    This Paragraph consists of conclusions of law to which no response is required. Dakota Access denies the remaining allegations in this Paragraph.

## PRAYER FOR RELIEF

Paragraphs 1–9 characterize Plaintiff's prayer for relief, to which no response is required.

## ALL CLAIMS

Dakota Access denies each and every allegation of the Complaint not expressly admitted above.

## AFFIRMATIVE DEFENSES

Dakota Access alleges the following affirmative defenses to Plaintiff Oglala Sioux Tribe's Complaint, without assuming the burden of proof where such burden is otherwise on the Plaintiff pursuant to applicable substantive or procedural law.  Dakota Access reserves the right to amend or supplement its Affirmative Defenses.

1.      Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to pursue its claims.

2.      Plaintiff's claims are barred, in whole or in part, because Plaintiff did not exhaust its administrative remedies before invoking the jurisdiction of this Court.

3.      Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

4.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

6.      Plaintiff's claims are barred, in whole or in part, because they were never raised in the administrative process.

7.      Plaintiff's claims fail, in whole or in part, to the extent it has suffered no injury.

8.      Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

9.      Without any admission by Dakota Access that Plaintiff suffered injury or will suffer injury in any way, to the extent Plaintiff did or will suffer such injury, its claims are barred in

whole or in part because it failed to use reasonable means to prevent the alleged injury and failed to use reasonable means to mitigate its injury.

10.     Plaintiff's requests for injunctive relief are barred because they are overbroad and fail to adequately specify the grounds and scope of the requested injunctive relief.

11.     Dakota Access reserves the right to assert further affirmative defenses as Plaintiff makes disclosures and discovery proceeds herein.

Dated:  May 17, 2017                                     Respectfully submitted,

                                                          /s/ William S. Scherman
Kimberley Caine                                         William S. Scherman
William J. Leone                                        David Debold
Robert D. Comer                                         GIBSON, DUNN & CRUTCHER LLP
NORTON ROSE FULBRIGHT US LLP                            1050 Connecticut Avenue, N.W.
799 9th St. NW, Suite 1000                              Washington, D.C.  20036
Washington, D.C.  20001-4501                            (202) 955-8500
(202) 662-0200                                          wscherman@gibsondunn.com


                         *Counsel for Dakota Access, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of May, 2017, I electronically filed the foregoing

document using the CM/ECF system.  Service was accomplished by the CM/ECF system.

 /s/ William S. Scherman
William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*