## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STANDING ROCK SIOUX TRIBE;
YANKTON SIOUX TRIBE; ROBERT
FLYING HAWK; and OGLALA SIOUX
TRIBE,

               Plaintiffs,

and

CHEYENNE RIVER SIOUX TRIBE,

               Intervenor-Plaintiff,

v.

UNITED STATES ARMY CORPS OF
ENGINEERS

And

UNITED STATES FISH AND WILDLIFE
SERVICE,

               Defendants,

and

DAKOTA ACCESS, LLC,

               Intervenor-Defendant.

Case No. 1:16-cv-01534 (JEB)

(Consolidated with Cases No.
1:16-cv-1796 and 1:17-cv-00267)

## YANKTON SIOUX TRIBE'S RESPONSE IN OPPOSITION TO THE
## UNITED STATES' MOTION TO EXTEND TIME

     The Yankton Sioux Tribe (the "Tribe") files this response in opposition to the United

States' factually and legally incorrect motion to extend time.

## I.      THE UNITED STATES HAS NOT MET ITS BURDEN OF PROOF.

This Court's rules provide the United States two weeks to respond to the Tribe's motion for partial summary judgment.  As the movant of the request for extension of time, the United States is required to provide good cause for an extension.

The United States simply did not carry its burden of proof.  Instead of providing a discussion on the relevant issue—whether there is good cause for the Court to grant the United States an extension; and whether such a long extension is justified—the United States uncharacteristically engages in *ad hominem* attacks and an attempt to shift the burden from itself to the Tribe.

The only relevant discussion in the United States' brief is a statement that it has a discovery deadline in another case in January and has one or more depositions in December.  This sounds like a very light schedule for any attorney, particularly for a federal litigation team, and the due dates for those two matters are well after the United States' brief is currently due in this matter.  Those two matters are plainly not a sufficient basis to grant the United States the extremely lengthy extension it requests in the current matter.

Because the United States has not shown any cause for extending the time beyond that set by court rule, the court rule should apply, and the United States' motion should be denied.

## II.     THE UNITED STATES' *AD HOMINEM* ARGUMENTS AND OTHER ARGUMENTS ARE BOTH IMMATERIAL AND BASED UPON INACCURATE ALLEGATIONS OF FACTS AND PROCEDURAL HISTORY.

The remainder of the United States' discussion is immaterial to the issue presented—whether it has good cause to extend the due date for its brief.  The Tribe will not respond in detail to the United States' inaccurate discussion of facts and law, but the Tribe will briefly make the following points.

**A.    THE UNITED STATES' ATTEMPT TO CHANGE THE SCHEDULING ORDER AFTER THE FACT IS NOT A BASIS FOR A LENGTHY EXTENSION OF TIME TO FILE ITS RESPONSE BRIEF ON THE PENDING MOTION FOR PARTIAL SUMMARY JUDGMENT.**

In Section II of its brief, the United States falsely accuses the Tribe of "declin[ing] Federal Defendants' invitation to engage in timely motions practice." The United States is not merely wrong; it has the facts backward.

First, the Tribe is engaged in "timely motions practice." The issues presented in the Tribe's motion for summary judgment have not been resolved. They have to be resolved, and a motion for partial summary judgment can be filed at any time.

Second, if the United States actually believed that the issue should have been resolved on summary judgment earlier, it should have filed one. Its remedy is not to wait for the Tribe to file and then complain that the Tribe is being dilatory. The United States has had the exact same opportunity as the Tribe to file a motion for judgment on any or all claims. The United States was not required to "invite" the Tribe to file a motion, and cannot use what it incorrectly refers to as an "invitation" to file a motion as a basis for extending its time when the Tribe does file a motion.

Third, the United States' argument is contrary to the factual record in this case. That record shows that the United States has consistently been working to delay the Tribe from filing. The United States sought and obtained a court order barring the Tribe from filing for summary judgment for a period of time, and the United States has also indicated that any motion for summary judgment by the Tribe would be met with the type of expensive delaying tactics the United States is now using. The United cannot now use the delay that it caused to its own advantage

Fourth, the United States contradicts its own argument that the Tribe should have filed earlier when it asserts that the Tribe's motion is not yet ripe and will not be ripe until the remand

is completed.  The Tribe, of course, believes its current motion is ripe,[1] but that is an issue, which, if necessary, would be dealt with on the merits of the Tribe's pending motion for summary judgment.  It is not a basis for delaying substantive briefing for over a month.

Fifth, now that the Tribe has been able to file its motion despite the United States' prior efforts to delay such filing, the United States is attempting, after-the-fact, to block the filing based upon claims, which are not supported by court rules or this Court's prior orders.  The United States is correct that in some Administrative Procedure Act cases courts issue scheduling/case management orders which provide for simultaneous cross-motions for full summary judgment.  Such orders alter the procedure which would otherwise apply under the more flexible standard in Federal Rule of Civil Procedure 56.  Any party could have requested such an order, and there likely would have then been a case-specific debate regarding whether this Court should have issued such an order in this case, and the Tribe would then have complied with that order.  But the Tribe's current motion was filed consistent with FRCP 56 and this Court's orders.  If the United States wanted to change the scheduling or case management plan on a forward-going basis, it could have filed that motion, as Intervenor Defendant Dakota Access, LLC has now done.  But it cannot change that plan after-the-fact.  And as material to the present motion, its argument on this issue is immaterial to its motion seeking a lengthy extension of time to file a response brief.

Sixth, the United States' assertion that the Tribe is required to move for summary judgment on all claims simultaneously is simply wrong.  FRCP 56 expressly permits motions for summary judgment on less than all claims, or on parts of claims.  Such motions are, in fact, common.  It is

---

[1] The Tribe's view is that it does have one issue for which it would be best to wait until the remand is completed.  For that issue, the Tribe is waiting (and the United States is then using the fact that the Tribe agrees in part with the United States to incorrectly argue that the Tribe is engaged in improper piecemeal litigation).  But the issues in the current motion are ripe for summary judgment.

particularly troubling that the United States accuses the Tribe of impropriety here, because the United States has already and repeatedly stated that its position is that claims which might be impacted by the current remand order are not ripe for summary judgment.  If the Tribe had moved for summary judgment on its "failure to consult" claim, the United States would have, no doubt, asserted that the claim was not ripe because there could be federal/tribal consultation as part of the current remand.

Seventh, other parties to this proceeding, including the United States, have already moved for partial summary judgment.  It would be unfair to deny the Tribe this opportunity and it is improper for the United States to argue that the Tribe should be denied an opportunity of which it has already taken advantage.  Similarly, when those previous motions for partial summary judgment were filed, the United States failed to raise the issue with which it is now preoccupied regarding page limits.  In fact, in its own cross-motion for partial summary judgment against Intervenor Plaintiff Cheyenne River Sioux Tribe, the United States used 42 pages, while the Tribe's motion is only 32 pages.  Likewise, in its cross-motion for partial summary judgment against Plaintiff Standing Rock Sioux Tribe, the United States used 46 pages.  In combination, those two motions alone exceeded the standard page limitation imposed by rule for a single motion.

## B.   THE TRIBE DID NOT "FLATLY MISSTATE[] FEDERAL DEFENDANTS' POSITION."

Prior to filing its motion for leave to file, the Tribe asked the United States for its position. The United States responded:

> While the Yankton Sioux Tribe may file a motion for summary judgment at any time, we therefore oppose the tribe filing more than a single summary judgment motion.  Please note that we intend to file a response to any motion for leave to file a motion for partial summary judgment that Yankton files.

The Tribe noted that the United States intended to file a response.  The Tribe's understanding (now confirmed in the United States motion for a lengthy extension of time) was

that the United States wanted to make yet another run at the wholly unsupported argument that the Tribe should not be allowed to move for summary judgment on remaining issues until after the completion of remand.  The Tribe expects that the United States will continue to make that unsupported argument in its substantive response to the Tribe's motion for summary judgment. But the fact that the United States wants to argue that the Tribe's motion is not ripe is not a basis for a lengthy extension of time to file a substantive response.

## CONCLUSION

This Court should deny the United States' motion to extend time.  The United States has not met its burden to plead and prove a factual basis for the motion.  The fact that it has two other due dates over the next two months is not a basis for extension, nor is the United States' premature discussion of possible substantive responses to the motion.

**FREDERICKS PEEBLES & MORGAN LLP**

  *s/Jennifer S. Baker*
Jennifer S. Baker, OKBA# 21938
(*Pro Hac Vice*)
Jeffrey S. Rasmussen, WA #21121
Fredericks Peebles & Morgan LLP
1900 Plaza Drive
Louisville, CO 80027
Phone: (303) 673-9600
Facsimile: (303) 673-9155
jbaker@ndnlaw.com
*Attorney for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 20th day of November, 2017, a copy of the foregoing was filed electronically with the Clerk of the Court.  The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.

*s/Jennifer S. Baker*