**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **STANDING ROCK SIOUX TRIBE,**<br><br>                               **Plaintiff,**<br><br>          **and**<br><br>**CHEYENNE RIVER SIOUX TRIBE,**<br><br>                           **Intervenor-Plaintiff,**<br><br>          **v.**<br><br>**U.S. ARMY CORPS OF ENGINEERS,**<br><br>                           **Defendant.**<br><br>          **and**<br><br>**DAKOTA ACCESS, LLP,**<br><br>                           **Intervenor-Defendant.** | **Case No. 1:16-cv-1534-JEB**<br>**[Consolidated with 1:16-cv-1796 and 1:17-cv-267]** |

**SURREPLY TO THE ARMY CORPS' REPLY TO THE YANKTON SIOUX TRIBE
AND ROBERT FLYING HAWK'S RESPONSE TO THE ARMY CORPS'
STATUS REPORT REGARDING REMAND**

Plaintiffs Yankton Sioux Tribe ("Tribe") and Robert Flying Hawk submit this surreply to provide further clarification to the Court regarding assertions contained in Defendant United States Army Corps of Engineers' (the "Corps") Status Report Regarding Remand and its reply to Plaintiffs' response.

In its initial status report, the Corps asserted it had sent a letter to the Tribe on September 25, 2017 and that the Tribe had acknowledged the Corps' request. As the Tribe discussed in its response to the status report, that was incorrect. The Tribe actually responded that the letter needed to be corrected, and the Tribe provided the applicable consultation protocols.

The United States does not dispute those facts, but now criticizes the Tribe or its attorneys for correcting the United States' misstatements of fact. It now states that it sent an October 20 letter, not the incorrect September 25 letter, seeking information from the Tribe. Plaintiffs were wholly unaware of the existence of a letter from the Corps dated October 20, 2017, until the Corps filed its reply to Plaintiffs' response to the status report. Upon learning of the letter, Plaintiffs and their counsel conducted a thorough search of their records in an attempt to locate the October 20 letter that was allegedly sent "by mail, fax, and email to Chairman Flying Hawk." Despite the fact that the October 20 letter asserts that a carbon copy of the letter was sent to Plaintiffs' counsel, Plaintiffs' counsel has no record of receiving the letter in any format. Furthermore, Plaintiffs have no record of receiving the October 20 letter by mail or by fax. A search of Chairman Flying Hawk's email did produce an email from Joel Ames, NWO Tribal Liaison, to which a copy of the October 20 letter was attached, but this email was not discovered until the Tribe was notified of the date of the letter and the fact that it had been sent by email through the Corps' reply.

Notably, the email from Joel Ames transmitting the October 20 letter includes a request that Chairman Flying Hawk confirm receipt. Chairman Flying Hawk did not confirm receipt, which should have alerted the Corps that the email and letter had not been either read or received. This failed communication attempt falls far short of the standard for meaningful consultation.

It is also of note that the Corps sent Plaintiffs a letter dated November 27, 2017, which Plaintiffs did in fact receive and which referenced the original September 25 letter (which sought information from the *Oglala Sioux Tribe* regarding that tribe's interests) but made no mention of the corrected October 20 letter.

Dated: December 21, 2017.

        YANKTON SIOUX TRIBE, et al.

        By: */s/ Jennifer S. Baker*
        Jennifer S. Baker, OKBA# 21938
        (*Pro Hac Vice*)
        Jeffrey S. Rasmussen, WA #21121
        (*Pro Hac Vice*)
        Fredericks Peebles & Morgan LLP
        1900 Plaza Drive
        Louisville, CO 80027
        Phone: (303) 673-9600
        Facsimile: (303) 673-9155
        jbaker@ndnlaw.com
        jrasmussen@ndnlaw.com
        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of December, 2017, a copy of the foregoing was filed electronically with the Clerk of the Court. The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.

        /s/Halene A. Phelps