**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **STANDING ROCK SIOUX TRIBE,**<br><br>  **Plaintiff,**<br><br>  **and**<br><br>**CHEYENNE RIVER SIOUX TRIBE,**<br><br>  **Intervenor-Plaintiff,**<br><br>**v.**<br><br>**U.S. ARMY CORPS OF ENGINEERS,**<br><br>  **Defendant – Cross-Defendant.**<br><br>  **and**<br><br>**DAKOTA ACCESS, LLP,**<br><br>  **Intervenor-Defendant Cross-Claimant.** | **Case No. 1:16-cv-1534-JEB (and Consolidated Case Nos. 16-cv-1796 and 17-cv-267)** |

**CHEYENNE RIVER SIOUX TRIBE'S RESPONSE TO UNITED STATES ARMY
CORPS OF ENGINEERS' FEBRUARY 1, 2018 STATUS REPORT REGARDING
REMAND AND REQUEST FOR MEANINGFUL CONSULTATION ON REMAND**

Plaintiff Cheyenne River Sioux Tribe ("Tribe") hereby submits this response to the United

States Army Corps of Engineers' ("Corps") February 1, 2018 Status Report Regarding Remand.

The Corps' Response claims that it is actively "reviewing multiple letters from Plaintiff

Tribes. . . [that] generally concern the scope, timing, and format of the Corps' prior information

requests instead of responding with the actual information requested by the Corps." ECF 326 at

2. The Corps further states that it has "followed-up with the Tribes about [its] request for

1

information that will inform the remand analysis," noting further that it has not yet received "the substantive information requested from the Tribes. . ."  ECF 326 at 2.

This narrative obscures the fact that the Corps has been almost completely non-responsive to requests from the Cheyenne River Sioux Tribe to engage in active discussion about the ongoing remand process or any of the Tribe's substantive requests.  Further, the February 1, 2018 Status Report Regarding Remand confirms the fact that the Corps is actively engaging with ***Defendant Dakota Access, LLC*** ("Dakota Access") to prepare a remand document, including allowing Dakota Access's schedule to dictate the proposed remand timeline.  This disparity puts the Tribe at a distinct disadvantage.

On <u>**July 7, 2017**</u>, the Tribe transmitted correspondence to Colonel John Henderson and Acting Assistant Secretary for Civil Works, Douglas Lamont, in which the Tribe (1) resubmitted to the Corps numerous technical materials related to the substance of the remand, (2) requested to participate in the remand process as a Cooperating Agency pursuant to 40 C.F.R. § 1501.6, and (3) specifically requested government-to-government consultation on the remand process and substance.  *See* Ducheneaux Declaration ("Ducheneaux Decl.") **Exhibit A**.

On <u>**August 15, 2017**</u>, having received no response, the Tribe elevated its request to Ryan McCarthy, the Acting United States Secretary of the Army, and Douglas Lamont with a carbon copy to Colonel Hudson, forwarding the prior correspondence and reiterating the prior requests, including requests for pre-decisional consultation.  *See* Ducheneaux Decl., **Exhibit B**.  On <u>**September 8, 2017**</u>, still having received no response, the Tribe sent a third letter to the Corps forwarding prior correspondence and requesting a response from the Corps.  *See* Ducheneaux Decl., **Exhibit C**.

On **September 11, 2017**, the Tribe finally received a response that acknowledged the Tribe's request for consultation, but did not substantially address consultation.  *See* Ducheneaux Decl., **Exhibit D.**   On **September 25, 2017**, the Tribe received the Corps' correspondence requesting remand information to be submitted within 30 days of that date.  *See* Ducheneaux Decl., **Exhibit E**.

On **October 6, 2017**, the Corps advised this Court that it had consulted with the Defendant Dakota Access concerning ***Dakota Access's*** substantive submissions for the remand and that the Corps' remand decision would be delayed in light of Dakota Access's timeline for submission of additional spill modeling.  ECF 281.

On **October 24, 2017**, the Tribe responded to the September 25, 2017 letter advising that 30 days was too short for the Tribe to meaningfully respond to its questions and further requested adjustment of the proposed timeline to allow the Tribe to receive and evaluate Dakota Access's new spill modeling data, as that data is critical to the Tribe's ability to assess impacts on its Treaty and other rights.  *See* Ducheneaux Decl., **Exhibit F**.  On **November 27, 2017**, the Corps responded to the Tribe's October 24, 2017 correspondence.  However, instead of answering the request from the Tribe concerning Cooperating Agency Status, government-to-government consultation, or access to spill modeling data, the Corps simply advised that it would require the Tribe's submissions by December 20, 2017.  *See* Ducheneaux Decl. **Exhibit G**.

The Tribe again requested substantive responses to its prior inquiries, including the Corps' position on providing spill modeling data to the Tribe in correspondence dated **December 18, 2017**.  *See* Ducheneaux Decl., **Exhibit H**.  Finally, on **January 30, 2018**, having never received a response from the Corps on the many issues that are relevant to a meaningful remand process, the Tribe sent its latest correspondence to the Corps addressing the agency's failure to respond or even

acknowledge these substantive questions and concerns.  As set forth in that correspondence "[i]n this process, which is so critical to the Tribe's interest and in light of the government-to-government relationship, [the Corps'] failure to respond is not only unprofessional, but disrespectful to the special relationship between [the] two governments and the integrity of the remand process."  The correspondence has requested again a prompt, substantive response to all of the Tribe's pending requests and inquiries.  *See* Ducheneaux Decl., **Exhibit I**.

In view of the almost completely one-sided remand relationship between the Tribe and the Corps, characterized by the Corps' failure to engage in meaningful discussion or dialog with the Tribe on critical issues, the Tribe is concerned that the most recent Status Report notes that the Corps has had two in-person meetings with Defendant Dakota Access.  The Tribe is likewise concerned that this Status Report suggests that the Tribe has been non-responsive concerning the remand process.  The Tribe submits that lack of meaningful communication between some or all of the parties is unlikely to produce an adequate remand result.

The Tribe will produce to the Corps additional information and responses to the Corps' request for information no later than **March 2, 2018**, notwithstanding the Corps' failure to engage meaningfully with the Tribe.  However, these materials will be incomplete as the Tribe has not been permitted to access the spill modeling data produced by Dakota Access.  The Tribe reserves its right to submit supplemental materials.

In light of the foregoing, the Tribe requests that the Court require the Corps to engage in meaningful consultation by responding to the Tribe's numerous substantive requests for information.  Thus far, all Tribal efforts to engage in meaningful consultation with the Corps on remand have been ignored.  As a result, the Tribe has been excluded from the remand process and has been denied the opportunity to provide meaningful information relevant to the remand.

Dated: February 7, 2018

CHEYENNE RIVER SIOUX TRIBE,
Intervenor-Plaintiff,

By:   /s/ Nicole E. Ducheneaux
Nicole E. Ducheneaux
Fredericks Peebles & Morgan LLP
3610 North 163rd Plaza
Omaha, NE  68116
Telephone:  (402) 333-4053
Facsimile:  (402) 333-4761
Email: nducheneaux@ndnlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of February, 2018 a copy of the foregoing was filed electronically with the Clerk of the Court.  The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords.


    /s/ Nicole E. Ducheneaux

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANDING ROCK SIOUX TRIBE,

            Plaintiff,

and

CHEYENNE RIVER SIOUX TRIBE,

            Intervenor-Plaintiff,

v.

U.S. ARMY CORPS OF ENGINEERS,

            Defendant.

and

DAKOTA ACCESS, LLP,

            Intervenor-Defendant.

Case No. 1:16-cv-1534-JEB

**DECLARATION OF NICOLE E. DUCHENEAUX IN SUPPORT OF
RESPONSE TO UNITED STATES ARMY CORPS OF ENGINEERS' FEBRUARY 1,
2018 STATUS REPORT REGARDING REMAND AND REQUEST FOR MEANINGFUL
CONSULTATION ON REMAND**

I, Nicole E. Ducheneaux, declare as follows:

    1.    I am counsel of record for Intervenor-Plaintiff Cheyenne River Sioux Tribe.  I have

been admitted to practice before this Court *pro hac vice.*

    2.    A true and correct copy of the July 7, 2017 correspondence the Tribe transmitted to

Colonel John Henderson and Acting Assistant Secretary for Civil Works, Douglas Lamont is

attached hereto as **Exhibit A.**

    3.    A true and correct copy of the August 15, 2017 request to Ryan McCarthy, the

Acting United States Secretary of the Army, and Douglas Lamont with a carbon copy to Colonel

Hudson, forwarding the prior correspondence and reiterating the prior requests, including requests for pre-decisional consultation is attached hereto as **Exhibit B**.

4.     A true and correct copy of the September 8, 2017 letter the Tribe sent to the Corps forwarding prior correspondence and requesting a response from the Corps is attached hereto as **Exhibit C**.

5.     A true and correct copy of the September 11, 2017 response the Tribe received that acknowledged the Tribe's request for consultation, but did not address consultation is attached hereto as **Exhibit D**.

6.     A true and correct copy of the September 25, 2017 correspondence the Tribe received from the Corps requesting remand information to be submitted within 30 days of that date is attached hereto as **Exhibit E**.

7.     A true and correct copy of the October 24, 2017 Tribe's response to the September 25, 2017 letter advising that 30 days was too short for the Tribe to meaningfully respond to its questions and further requested adjustment of the proposed timeline to allow the Tribe to receive and evaluate Dakota Access's new spill modeling data, as that data is critical to the Tribe's ability to assess impacts on its Treaty and other rights is attached hereto as **Exhibit F**.

8.     A true and correct copy of the November 27, 2017 Corps' response to the Tribe's October 24, 2017 correspondence is attached hereto as **Exhibit G**.

9.     A true and correct copy of the December 18, 2017 correspondence the Tribe sent to the Corps requesting substantive responses to its prior inquiries, including the Corps' position on providing spill modeling data is attached hereto as **Exhibit H**.

10.     A true and correct copy of the January 30, 2018 correspondence the Tribe sent to the Corps addressing the agency's failure to respond or even acknowledge these substantive questions and concerns is attached hereto as **Exhibit I**.


I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

Dated: February 7, 2018

_____
Nicole E. Ducheneaux

Case No. 1:16-cv-1534-JEB

# CHEYENNE RIVER SIOUX TRIBE

# EXHIBIT A

Case No. 1:16-cv-1534-JEB



**CHAIRMAN**
Harold C. Frazier

**SECRETARY**
EvAnn White Feather

**TREASURER**
Benita Clark

**VICE-CHAIRMAN**
Robert Chasing Hawk

**TRIBAL COUNCIL MEMBERS**

**DISTRICT 1**
Bernita In the Woods
Bryce In the Woods

**DISTRICT 2**
Theodore Knife, Jr.

**DISTRICT 3**
Edward Widow
John Kessler

**DISTRICT 4**
Jim Pearman
Kevin Keckler
Merrie Miller-White Bull
Mark Knight

**DISTRICT 5**
Ryman LeBeau
Raymond Uses The Knife
Robert Chasing Hawk
Derek Bartlett

**DISTRICT 6**
Tuffy Thompson
Wade "Tater" Ward

P.O. Box 590
Eagle Butte, South Dakota 57625
Phone: (605) 964-4155
Fax: (605) 964-4151

July 7, 2017

**VIA EMAIL AND FEDERAL EXPRESS**

Douglas W. Lamont
Acting Assistant Secretary for Civil Works
Office of the Assistant Secretary of the Army
108 Army Pentagon
Washington, DC  20310-0108
Douglas.w.lamont2.civ@mail.mil
FedEx Tracking No:  779578368476

Col. John Henderson, P.E.
District Commander
U.S. Army Corps of Engineers–Omaha District
CENWO-DE
1616 Capitol Ave., Ste. 9000
Omaha, NE  68102-4901
John.w.henderson@usace.army.mil
FedEx Tracking No:  779578405419

> **Re:**   *Standing Rock Sioux, et al. v. U.S. Army Corps of Engineers* – **Request for Cooperating Agency Status and Tribal Participation on Remand**

Dear Sirs:

On June 14, 2017, Judge Boasberg ruled on partial motions for summary judgment and cross-motions in the above-captioned matter.  The court's decision remanded three key issues to the U.S. Army Corps of Engineers ("Corps") for reconsideration.  The three issues remanded for reconsideration include the sufficiency of the Corps' July 25, 2016 Environmental Assessment ("EA") regarding: (1) post-construction spill risks and impacts to the Cheyenne River Sioux Tribe's ("Tribe") hunting and fishing treaty rights; (2) the highly controversial methods and data relied upon by the agency in reaching its conclusions; and (3) environmental justice considerations.  In addressing these three issues, we concur with the letter submitted to the Corps on June 29, 2017 by Dave Archambault, Standing Rock Sioux Tribe Chairman (enclosed herewith as **Attachment**

The blue represents the thunderclouds above the world where live the thunder birds who control the four winds. The rainbow is for the Cheyenne River Sioux people who are keepers of the Most Sacred Calf Pipe, a gift from the White Buffalo Calf Maiden. The eagle feathers at the edges of the rim of the world represent the spotted eagle who is the protector of all Lakota. The two pipes fused together are for unity. One pipe is for the Lakota, the other for all the other Indian Nations. The yellow hoops represent the Sacred Hoop, which shall not be broken. The Sacred Calf Pipe Bundle in red represents Wakan Tanka – The Great Mystery. All the colors of the Lakota are visible. The red, yellow, black and white represent the four major races. The blue is for heaven and the green for Mother Earth.

**A)**, but write separately to address the issues as they specifically affect the Cheyenne River Sioux Tribe.

Based on the court's findings and the fact that the Cheyenne River Sioux Tribe relies on hunting and fishing for subsistence and economic revenue, we believe that the Corps must draft an Environmental Impact Statement ("EIS") that fully addresses the three issues remanded by the court. To best ensure that the EIS fully addresses all of the Dakota Access Pipeline's ("DAPL") potential impacts, we request that the Corps include the Cheyenne River Sioux Tribe as a Cooperating Agency for the EIS. The Cheyenne River Sioux Tribe can provide the Corps with unique expertise into the resources surrounding Lake Oahe that are affected by DAPL construction and operation. Indeed, with regard to impacts on the Tribe's treaty rights and impacts upon the Tribe's water, *only* the Tribe can provide adequate input, data, and analysis on these issues. The Tribe looks forward to providing its expertise in a Cooperative Agency capacity and during the remand process implemented by the Corps.

As you may know, under Council for Environment Quality ("CEQ") regulations, the Corps is required to include Cooperating Agencies that have "jurisdiction by law" and "special expertise with respect to any environmental issue." 40 C.F.R. § 1501.6. The Corps is also required to "use the environmental analysis and proposals of cooperating agencies . . . to the maximum extent possible. . . ." 40 C.F.R. § 1501.6 (a)(2). CEQ regulations include Indian tribes in the definition of Cooperating Agencies "when the effects are on a reservation." 40 C.F.R. § 1508.5. The Cheyenne River Sioux Tribe meets these standards for Cooperating Agencies.

The Cheyenne River Sioux Reservation is a relatively short distance downstream from the DAPL crossing and, consequently, impacts arising from a DAPL spill would impair the Tribe's reserved water rights and hunting and fishing rights. The eastern exterior boundary of the Cheyenne River Sioux Reservation lies underneath Lake Oahe, and over 70 miles of Missouri River shoreline are located within the exterior boundaries of the Reservation. The Cheyenne River Sioux Tribe reserved these homelands, resources, and waters in Treaties with the United States. Under these Treaties and other laws, including the Oahe Taking Act, Pub. L. No. 83-776, 68 Stat. 1191 (Sep. 3, 1954), the Cheyenne River Sioux Tribe exercises legal jurisdiction over portions of Lake Oahe and has treaty fishing and hunting rights in the Lake that were further guaranteed in the Oahe Taking Act. The Tribe also governs Reservation lands, waters, and resources to provide for the Tribe's members and future generations.

The Cheyenne River Sioux Tribe has special expertise in assessing the Treaty and environmental impacts of the DAPL crossing on Reservation lands, resources, and waters. The Missouri River running through the Reservation is a "blood line" of the Sioux or Lakota people. The Cheyenne River Sioux Tribe relies on the sacred waters of the Missouri River and Lake Oahe for subsistence, revenue-based hunting and fishing, and religious ceremonies. Hunting and fishing—along with many other interests at issue here—are rights reserved to the Great Sioux Nation in the 1851 Fort Laramie Treaty (11 Stat. 749 (Sep. 17, 1851)), the 1868 Fort Laramie Treaty (15 Stat. 635 (Apr. 29, 1868), and the Oahe Taking Act Pub. L. No. 83-776, 68 Stat. 1191.

Inclusion of the Cheyenne River Sioux Tribe as a Cooperating Agency also helps to fulfill the Corps' November 1, 2012 Tribal Consultation Policy ("Policy"). The Corps' Policy defines consultation as an "open, timely, meaningful, collaborative and effective deliberative communication process" that begins at the "earliest planning stages, before decisions are made and actions are taken; [and includes] an active and respectful dialogue concerning actions … that may significantly affect tribal resources, tribal rights (including treaty rights) or Indian lands." Policy at 2. The Policy further requires that the Corps "ensure that it addresses Tribal concerns regarding protected tribal resources, tribal rights (including treaty rights) and Indian lands." Policy at 3.

There are a number of ways that the Cheyenne River Sioux Tribe's expertise will assist the Corps during the remand process. For example, the Court's June 14, 2017 opinion emphasized the fundamental interest that the Cheyenne River Sioux Tribe has in the procedural process required to correct the deficient EA issued on the DAPL. We expect that the Corps will honor the Tribe's interest during its remand process. This fundamental interest is firmly rooted in the Fort Laramie Treaties of 1851 and 1868, and reaffirmed by federal statute, federal decisional law, and the Cheyenne River Sioux Tribe's present-day reliance on Lake Oahe and its associated resources. Not only does the June 14, 2017 opinion expressly recognize the Cheyenne River Sioux Tribe's resource-based interests, it explains that the July 25, 2016 EA was devoid of post-construction oil-spillage analyses on hunting and fishing treaty rights.

Additionally, the court's decision recognized that the EA inadequately addressed the basic environmental justice question of whether the Corps considered disproportionate impacts to the Tribe caused by a potential oil spill. For example, Judge Boasberg noted that the "EA is silent . . . on the distinct cultural practices of the Tribe and the social and economic factors that might amplify its experience of the environmental effects of an oil spill." Op. at 54. Because the Cheyenne River Sioux Tribe relies on the waters of Lake Oahe for its very existence and because its members require clean safe water for their health, safety, economy, and religious practices, an oil spill would negatively impact the Tribe and Reservation more than other surrounding areas. Environmental justice also requires agency consideration on the harms caused by an oil spill to game and fish. Since the Tribe relies on game and fish for subsistence and economic development, consistent with its Treaty rights, a spill has the potential to impair the Tribe and its members both financially and as to members' health and nutrition. These potential harms were not considered in the agency's July 25, 2016 EA.

We are including in the appended document specific information on the Cheyenne River Sioux Tribe water intake, already on file with the Corps as well as relevant declarations from Leo "Earp" Fischer and Chairman Harold Frazier, relevant to this issue, as the EA mitigation measures fail to account for the impact on water supply to the Tribe due to the unique nature of the Cheyenne River Sioux Tribe's dependence on the Missouri River for all water supply for the entire Reservation.

Moreover, the court's decision emphasized the highly controversial nature of the methods and data relied upon by the agency in reaching its EA conclusions. For example, the Court astutely pointed out that "the agency did not demonstrate that it considered, as the CEQ regulations require,

Douglas W. Lamont
Col. John Henderson, P.E.
July 7, 2017
Page 4

the degree to which [DAPL] effects are likely to be highly controversial, despite being presented with evidence of scientific flaws." Op. at 32. Given these deficiencies, the court found that the Corps lacked sufficient evidence to conclude that DAPL would have no significant impact and did not give the issues the required hard look.

Significantly, regardless of the specific process that the Corps undertakes on remand, it is clear from the existing record that the Corps lacks sufficient data or information to reach any of the three questions on which the court has remanded. To help address these deficiencies in the existing record, the Tribe encloses herewith preliminary expert materials and analysis, including materials previously submitted to the Corps on January 18, 2017, declarations filed in this litigation, and Standing Rock's letter referenced above, that must be considered in this remand proceeding. An index of our enclosures is below[1]:

1.  January 19, 2017 Preliminary Informational Paper with Expert Reports is attached hereto as **Attachment B** and contain the below attachments:

    a.  December 16, 2016 Order Granting Standing Rock Sioux Tribe, Cheyenne River Sioux Tribe, and the U.S. Army Corps of Engineers' Joint Motion to Hold Claims in Abeyance;

    b.  August 10, 2016 Declaration of Cheyenne River Sioux Tribe Chairman Harold Frazier;

    c.  March 11, 2016 Letter to Brett Cossette, US Army Corps of Engineers, Omaha District from Phillip S. Strobel, Director, NEPA Compliance and Review Program, Office of Ecosystems Protection and Remediation, Environmental Protection Agency, Region 8 re Additional Comments on Dakota Access Pipeline Draft Environmental Assessment;

    d.  March 29, 2016 Letter to Brett Cossette, US Army Corps of Engineers, Omaha District from Lawrence S. Roberts, Acting Assistant Secretary, Indian Affairs, US Department of Interior;

    e.  January 6, 2017 United States Army Corps of Engineers Motion to Dismiss and in Opposition to Dakota Access, LLC's Motion for Summary Judgment and Memorandum in Support of the same;

    f.  January 18, 2017 Letter to Hon. Jo-Ellen Darcy, Assistant Secretary of the Army for Civil Works, Department of the Army from Harold Frazier, Chairman, Cheyenne River Sioux Tribe;

---

[1] Please note that the Tribe also wishes to submit for consideration the Declarations of Hakan Bekar and Steve Martin that were filed under seal at ECF No. 132. The Tribe has not attached those declarations to this letter since they are sealed.

Douglas W. Lamont
Col. John Henderson, P.E.
July 7, 2017
Page 5

     g.  January 5, 2017 Report Prepared by Steve Martin and Envy Consultants

     h.  January 5, 2017 Report Prepared by Ronald Rovenko

     i.  January 2017 Report Prepared by Gillian Bowser, Ph.D.

     j.  Report Prepared by Hooshang Nezafati, Ph.D.

     k.  January 11, 2017 Report Prepared by Frank Ackerman, Ph.D

2. February 22, 2017 Declaration of Chairman Frazier Declaration in Support of Motion for Summary Judgment (ECF 131-4) is attached hereto as **Attachment C** and contain the below attachments:

     a.  November 16, 2017 Letter from Jo-Ellen Darcy, Assistant Secretary of the Army (Civil Works) to Chairman Harold Frazier;

     b.  January 18, 2017 Letter from Chairman Harold Frazier to Jo-Ellen Darcy, Assistant Secretary of the Army (Civil Works) regarding NOI Comments, Dakota Access Pipeline Crossing – Request for Cooperating Agency Status;

     c.  January 27, 2017 Letter from Chairman Harold Frazier to Robert Speer, Acting Secretary of the Army regarding Tribal Consultation on the Dakota Access Pipeline;

     d.  February 1, 2017 Letter from Chairman Harold Frazier to Colonel Henderson regarding the Congressional 14-Day Waiting Period; and

     e.  February 3, 2017 Letter from Colonel Henderson to Chairman Harold Frazier.

3. February 22, 2017 Declaration of Leo Fischer in Support of Motion for Summary Judgment (ECF 131-1) is attached hereto as **Attachment D** and contain the below referenced attachments:

     a.  Cap Point Water System and Intake Map;

     b.  April 29, 2005 Project Information Report regarding Emergency Water Assistance Due to Drought- Cheyenne River Sioux Tribe – Mni Waste' Water System, Fox Ridge Intake;

     c.  Spreadsheet listing Mni Waste' Emergency Water Supply Budget; and

     d.  Spreadsheet listing total water system projects to date;

Douglas W. Lamont
Col. John Henderson, P.E.
July 7, 2017
Page 6

4.  April 13, 2017 Declaration of Nicole E. Ducheneaux in Support of the Cheyenne River Sioux Tribe's Motion for Partial Summary Judgment and Opposition to the US Army Corps of Engineers and Dakota Access's Cross-Motions for Summary Judgment is attached hereto as **Attachment E** and contain the below attachments:

   a.  Intake Diversion Dam Modification, Lower Yellowstone Project, Supplemental EA Appendix EA Appendix H – Indian Trust Assets;

   b.  Hearing on H.R. 5372 before the Subcommittee on Indian Affairs of the Senate Committee on Interior and Insular Affairs on May 10, 1950;

   c.  Joint Hearing on S. 695 before the Subcommittee on Indian Affairs of the Senate Committee Interior and Insular Affairs and the Subcommittee on Indian Affairs of the House Committee Interior and Insular Affairs on May 20, 1954

   d.  Joint Hearing on H.R. 2233 and S. 695 before the Senate Committee Interior and Insular Affairs and the Subcommittee on Indian Affairs of the House Committee Interior and Insular Affairs on May 19, 1954;

   e.  April 12, 2017 email communication between Nicole E. Ducheneaux and Reuben Shifman.

Further, the Tribe hereby provides notice that additional materials relevant to all three issues will be forthcoming as we proceed through this remand process.

Finally, to streamline the remand process, regardless of how the Corps proceeds, the Cheyenne River Sioux Tribe has two preliminary inquiries as follows:

(1) The Corps' briefing in the present litigation suggests that the Corps has considered Colonel Henderson to be the designated administrator of processes related to DAPL. This, unfortunately, was not properly communicated to the Tribe in the prior comment process related to the easement.  Hence, we request that the Corps specifically identify the Corps' official tasked with making decisions on the process to follow on remand.

(2) Further, the Tribe requests the Corps engage in consultation with the Tribe concerning the structure, timeline, and nature of the remand process, especially methods and timelines relating to the Tribe's submission of further data to the Corps on the remand issues.

**The Tribe requests a response to both of these inquiries before the Corps issues a final decision on the remand process so the Tribe may exercise its right to elevate the issue under the Corps' Consultation Policy if necessary.**

Douglas W. Lamont
Col. John Henderson, P.E.
July 7, 2017
Page 7

Under CEQ regulations and in fulfillment of the Corps' Policy, the Cheyenne River Sioux Tribe looks forward to working with the Corps, other tribes, and other federal agencies in this remand process, and it is our desire to be granted Cooperating Agency status to provide a full analysis. Impacts of a spill to our lands, natural resources, and Treaty rights from the pipeline crossing cannot be fully or effectively analyzed without the involvement of the Cheyenne River Sioux Tribe.

To schedule scoping meetings and upcoming work under NEPA, please contact my Washington, D.C. counsel, Rollie Wilson, at 202-340-8232.

Very Truly Yours,

Harold C. Frazier, Chairman
Cheyenne River Sioux Tribe

Case No. 1:16-cv-1534-JEB

## CHEYENNE RIVER SIOUX TRIBE

## EXHIBIT B

Case No. 1:16-cv-1534-JEB

**CHAIRMAN**
Harold C. Frazier

**SECRETARY**
EvAnn White Feather

**TREASURER**
Benita Clark

**VICE-CHAIRMAN**
Ryman LeBeau



**TRIBAL COUNCIL MEMBERS**

**DISTRICT 1**
Bernita In the Woods
Bryce In the Woods

**DISTRICT 2**
Theodore Knife, Jr.

**DISTRICT 3**
Edward Widow
John Kessler

**DISTRICT 4**
Jim Pearman
Kevin Keckler
Merrie Miller-White Bull
Mark Knight

**DISTRICT 5**
Ryman LeBeau
Raymond Uses The Knife
Robert Chasing Hawk
Derek Bartlett

**DISTRICT 6**
Tuffy Thompson
Wade "Tater" Ward

P.O. Box 590
Eagle Butte, South Dakota 57625
Phone: (605) 964-4155
Fax: (605) 964-4151

August 15, 2017

## VIA FEDERAL EXPRESS OVERNIGHT MAIL AND E-MAIL

**Fed Ex Tracking No.**
779999095941

**Fed Ex Tracking No.**
779999157119

Ryan McCarthy
Acting United States Secretary of the Army
101 Army Pentagon
Washington, D.C. 20310-0101

Douglas W. Lamont
Acting Assistant Secretary for Civil Works
Office of the Assistant Secretary of the Army
108 Army Pentagon
Washington, D.C. 20310-0108
Douglas.w.lamont2.civl@mail.mil

Re:     Tribal Consultation Policy and Cheyenne River Sioux Tribe Request for Consultation

Dear Sirs:

The purpose of this letter is to request your response to my letter to Colonel John Henderson and Douglas Lamont, dated July 7, 2017, a copy of which is enclosed herewith for your reference. I have submitted this letter consistent with the Corps' October 2012 Tribal Consultation Policy that entitles us to elevate our concerns above the Omaha District office. It has been over thirty days since this request was made and the Tribe has not received any communications verbally or in writing from the Corps on this request. While this letter renews requests set forth in the original letter, in light of changed circumstances over the last month, by this letter, I also request the following:

The blue represents the thunderclouds above the world where live the thunder birds who control the four winds. The rainbow is for the Cheyenne River Sioux people who are keepers of the Most Sacred Calf Pipe, a gift from the White Buffalo Calf Maiden. The eagle feathers at the edges of the rim of the world represent the spotted eagle who is the protector of all Lakota. The two pipes fused together are for unity. One pipe is for the Lakota, the other for all the other Indian Nations. The yellow hoops represent the Sacred Hoop, which shall not be broken. The Sacred Calf Pipe Bundle in red represents Wakan Tanka – The Great Mystery. All the colors of the Lakota are visible. The red, yellow, black and white represent the four major races. The blue is for heaven and the green for Mother Earth.

Ryan McCarthy
Douglas W. Lamont
August 15, 2017
Page 2

1) That the U.S. Army Corps of Engineers ("Corps") and the Army contact the Cheyenne River Sioux Tribe as soon as possible to discuss the details of the current remand process concerning permissions granted by the Corps to Dakota Access, LLC ("Dakota Access") to construct the Dakota Access Pipeline ("DAPL") under the Missouri River at Lake Oahe;

2) That the Corps and the Army identify the proper point of contact for communications from the Tribe concerning the remand process; and

3) That the Corps and the Army advise the Tribe of a general timeline and any deadlines for Tribal participation in the remand process.

As you should know, on June 14, 2017, Judge Boasberg granted partial summary judgment in favor of the Cheyenne River Sioux Tribe ("Tribe") and the Standing Rock Sioux Tribe (collectively "Tribes") in the Tribes' suit challenging the Corps' issuance of permission to Dakota Access to construct the DAPL under the Missouri River at Lake Oahe. In conjunction with that decision, the Court remanded to the Corps to reconsider three important issues: (1) the impact of a spill on the Tribes' treaty hunting and fishing rights; (2) environmental justice; and (3) the extent to which the project is highly controversial pursuant to the Council on Environmental Quality regulations.

My July 7, 2017 correspondence to the Corps requested that the Corps consider conducting a full Environmental Impact Statement ("EIS") on remand and that the Tribe be afforded cooperating agency status in that process. But, more importantly, the Tribe specifically requested, *regardless of the nature of the remand process*, that the Corps respond to two important inquiries: (1) the identity of the appropriate point of contact at the Corps with whom the Tribe may communicate to participate and consult on the remand; and (2) information concerning the schedule and process on remand and consultation regarding the same.

As ordered by Judge Boasberg, the Corps advised the Court of the status of the remand in a brief filed on July 17, 2017, a copy of which is enclosed herewith for your reference with the relevant language highlighted. In that status report, the Corps advised that it was "actively engaged in developing a remand plan," and that it "expects to seek information from, at a minimum, Dakota Access, Standing Rock, Cheyenne River, the Yankton Sioux Tribe, and the Oglala Sioux Tribe. . . ." Further, the Corps indicated that it "expects to complete its independent review and analysis of the remand issues in approximately four to five months . . . ."

Despite the Tribe's July 7, 2017 letter, which requested a response, and despite the Corps' representation to the Court that it would *seek* information from the Tribe, the Corps has not contacted the Tribe concerning the present remand. Moreover, it has been a month since the Corps advised the Court of its general timeline, and hence, the remand process is now scheduled to conclude in a mere three to four months.

As set forth in my original letter, it is clear from the existing record in this matter that the Corps lacks sufficient data, information, and expertise to properly and legally reach conclusions on the three questions the Court has remanded to the Corps to address. It is the Tribe itself and the Tribe's experts

Ryan McCarthy
Douglas W. Lamont
August 15, 2017
Page 3

that have such expertise, particularly on the question of impacts of a spill on the Tribe and its rights. As such, it is critical that the Corps seek information from the Tribe, as it has advised the Court it will do, concerning effects of potential spills on the Tribe's and its Treaty-based hunting and fishing rights, as well as the concerns raised by the Tribe's experts concerning the methods and data that the Corps originally relied upon.  To this end, the Tribe resubmitted declarations and technical reports the Tribe already had provided to the Corps in January 2017 directly and other materials that were filed in the above-referenced litigation with my July 7, 2017 letter.

In light of the Court's specific remand order, and as I indicated in my July 7, 2017 letter, the Tribe is in the process of preparing additional materials that it intends to submit to the Corps to ensure a full and objective evaluation of the issues on remand.

As I explained in my prior letter, and consistent with the Corps' representation to the Court that it will seek information from the Tribe to inform the remand process, it is absolutely essential that the Corps permits the Tribe to participate meaningfully in the remand.  And in order to do so, we must know who to contact, the Corps' timeline, the remand process that the Corps will follow including pre-decisional consultation with the Tribe, and any deadlines.  It is of the utmost importance that the Tribe receives a response from the Corps and the Army as soon as possible in order to ensure the integrity of the remand process and the Corps' compliance with its Tribal Consultation policies.  In light of the very short remand process outlined by the Corps in its July 17, 2017 filing, time is of the essence.

Further, the Corps informed the Court in its July 17, 2017 brief to the Court that there was a huge probability, based on information the Corps already had access to, that it would reach a FONSI on the remand issues.  The Corps has no information nor has it requested any information on the subsistence uses and treaty hunting and fishing rights of the Tribe's members.  Further, the Corps' Administrative Record includes no analysis of the impacts on hunting and fishing species.  This raises a serious concern for the Tribe that the Corps is excluding the Tribe from the remand process and excluding the most accurate sources of information available to analyze these important factual issues.

Please provide a response to both my original correspondence, sent on July 7, 2017, and to the requests set forth in this letter at your earliest convenience but no later than August 22, 2017.  To schedule any meetings, please contact the Tribe's Washington, D.C. counsel Rollie Wilson at 202-340-8232.

Sincerely,

Harold C. Frazier, Chairman
Cheyenne River Sioux Tribe

Enc.

cc:    Col. John Henderson, P.E.
       John.w.henderson@usace.army.mil

Case No. 1:16-cv-1534-JEB

# CHEYENNE RIVER SIOUX TRIBE

# EXHIBIT C

Case No. 1:16-cv-1534-JEB



**CHAIRMAN**
Harold C. Frazier

**SECRETARY**
EvAnn White Feather

**TREASURER**
Benita Clark

**VICE-CHAIRMAN**
Robert Chasing Hawk

**TRIBAL COUNCIL MEMBERS**

**DISTRICT 1**
Bernita In the Woods
Bryce In the Woods

**DISTRICT 2**
Theodore Knife, Jr.

**DISTRICT 3**
Edward Widow
John Kessler

**DISTRICT 4**
Jim Pearman
Kevin Keckler
Merrie Miller-White Bull
Mark Knight

**DISTRICT 5**
Ryman LeBeau
Raymond Uses The Knife
Robert Chasing Hawk
Derek Bartlett

**DISTRICT 6**
Tuffy Thompson
Wade "Tater" Ward

P.O. Box 590
Eagle Butte, South Dakota 57625
Phone: (605) 964-4155
Fax: (605) 964-4151

September 8, 2017

Col. John L. Hudson
District Commander
U.S. Army Corps of Engineers–Omaha District
CENWO-DE
1616 Capitol Ave., Ste. 9000
Omaha, NE  68102-4901
john.l.hudson@usace.army.mil
FedEx Tracking No: 770218324649

Re:    Cheyenne River Sioux Tribe Request for Information on Remand Process Arising from
*Standing Rock Sioux Tribe et al. v. U.S. Army Corps of Engineers*, Case No. 1:16-cv-01534
(D.D.C.)

Dear Colonel Hudson:

This is my third letter to the U.S. Army Corps of Engineers ("Corps") requesting details of
the remand process ordered by the United States District Court for the District of Columbia in
*Standing Rock Sioux Tribe et al. v. United States Army Corps of Engineers*, Case No. 1:16-cv-
01534 and requesting that the Corps identify a point of contact for further requests and submission
of information by the Cheyenne River Sioux Tribe ("Tribe").   Copies of my previous
communications dated July 7, 2017 and August 15, 2017 are enclosed herewith for your reference.

On August 21, 2017 having received no response to my letters, counsel for the Tribe
contacted the Corps' counsel to request a response and guidance on the manner in which the Tribe
could communicate with the Corps and receive communication in return concerning this critical
issue.

The blue represents the thunderclouds above the world where live the thunder birds who control the four winds.  The rainbow is for the Cheyenne River Sioux people
who are keepers of the Most Sacred Calf Pipe, a gift from the White Buffalo Calf Maiden.  The eagle feathers at the edges of the rim of the world represent the
spotted eagle who is the protector of all Lakota.  The two pipes fused together are for unity.  One pipe is for the Lakota, the other for all the other Indian Nations.  The
yellow hoops represent the Sacred Hoop, which shall not be broken.  The Sacred Calf Pipe Bundle in red represents Wakan Tanka – The Great Mystery.  All the colors
of the Lakota are visible.  The red, yellow, black and white represent the four major races.  The blue is for heaven and the green for Mother Earth.

Col. John Hudson
September 8, 2017
Page 2

On August 23, 2017, the Corps' counsel responded and indicated that Corps plans to conduct the remand through the Omaha District Office and that "[t]he Corps expects to reach out to the Cheyenne River Sioux Tribe shortly." The Corps' counsel requested, and the Tribe's counsel provided, mailing address and email for the Tribe's point of contact: me, with carbon copies requested to the Tribe's attorney Nicole Ducheneaux. The Corps' counsel also advised that "[a]ll communications regarding the remand process should proceed through the proper program channels at the Corps." I have enclosed herewith a copy of those email communications for your review.

We still have not received any communication from the Corps either in response to my letters or consistent with your counsel's representation that the Corps would be reaching out to the Tribe "shortly." Furthermore, we remain mystified as to what the "proper program channels" for communication with your agency may be in light of the Corps' failure to respond to repeated letters to the Omaha District, the Office of Civil Works, and even the Secretary of the Army.

Consequently, as in my previous two letters, I request the following:

1) That the Corps contact the Cheyenne River Sioux Tribe as soon as possible to discuss the details of the current remand process concerning permissions granted by the Corps to Dakota Access, LLC to construct the Dakota Access Pipeline under the Missouri River at Lake Oahe;

2) That the Corps identify the proper point of contact and "proper program channels" for communications from the Tribe concerning the remand process; and

3) That the Corps advise the Tribe of a general timeline and any deadlines for Tribal participation in the remand process.

Please provide a response to both my July 7, 2017 and August 15, 2017 correspondences and to the requests set forth in this letter as soon as possible. To schedule any meetings, please contact the Tribe's Washington, D.C. counsel, Rollie Wilson at (202) 340-8232.

Sincerely,

Harold C. Frazier, Chairman
Cheyenne River Sioux Tribe

Enc.

cc:   Douglas W. Lamont, Acting Assistant Secretary for Civil Works, *via email only*
      Ryan McCarthy, Acting United Secretary of the Army, *via email only*

Case No. 1:16-cv-1534-JEB

CHEYENNE RIVER SIOUX TRIBE

EXHIBIT D

Case No. 1:16-cv-1534-JEB



DEPARTMENT OF THE ARMY
OFFICE OF THE ASSISTANT SECRETARY
CIVIL WORKS
108 ARMY PENTAGON
WASHINGTON DC 20310-0108

SEP 1 1 2017

Mr. Harold C. Frazier
Chairman
Cheyenne River Sioux Tribe
P.O. Box 590
Eagle Butte, South Dakota 57625

Dear Chairman Frazier:

This is in response to your letter to Mr. Ryan McCarthy, Acting Secretary of the Army and me, dated August 15, 2017, regarding initiation of Tribal consultation with the Cheyenne River Sioux as part of the U.S. Army Corps of Engineers (Corps) Dakota Access Pipeline remand process. I am responding on behalf of acting Secretary McCarthy.

The Omaha District is in the process of addressing the remand and expects to seek information from, at a minimum, Dakota Access, LLC, Standing Rock Sioux, Cheyenne River Sioux, Yankton Sioux, and the Oglala Sioux Tribes, and may confer with other entities, to include Federal agencies, as appropriate.

Thank you for your interest in the Army Civil Works program.

Sincerely,

Douglas W. Lamont, P.E.
Senior Official Performing the Duties of the
Assistant Secretary of the Army
(Civil Works)

Case No. 1:16-cv-1534-JEB

CHEYENNE RIVER SIOUX TRIBE

EXHIBIT E

Case No. 1:16-cv-1534-JEB



**DEPARTMENT OF THE ARMY**
CORPS OF ENGINEERS, OMAHA DISTRICT
1616 CAPITOL AVENUE
OMAHA NE 68102-4901

**SEP 2 5 2017**

REPLY TO
ATTENTION OF

District Commander

Chairman Harold Frazier
P.O. Box 590
Eagle Butte, South Dakota 57625

Dear Chairman Frazier:

The purpose of this letter is to request information from the Cheyenne River Sioux Tribe (Tribe) to help us in our review of the three issues that the U.S. District Court for the District of Columbia remanded to the U.S. Army Corps of Engineers for further review. *See Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, No. 16-1534, Memorandum Opinion (D. D.C. June 14, 2017) (ECF No. 239). Specifically, the Corps requests that the Tribe participate in the remand analysis being undertaken by the Corps by providing the following information and supporting documentation.

(1) A copy of the current Cheyenne River Sioux Tribe's Hunting, Fishing & Outdoor Recreation Code and associated policy and/or guidance.

(2) A summary of the number of the game, fish, and wildlife licenses and permits that were issued by the Tribe, to both Tribal members (resident and non-resident), members of other federally recognized Tribes, and non-members, during 2015, 2016, and 2017. The summary should include a description of the activity permitted and the classification of the license or permit (e.g. Tribal Member, Big Game; Non-resident non-member Prairie Dog), the duration of the permit or license, and any other details you wish to provide.

(3) A summary of the subsistence hunting or fishing licenses or permits that have been issued by the Tribe to Tribal members during 2015, 2016, and 2017. Please also provide citations to all Tribal regulations established for permitting the taking of game, fish, wildlife, timber and plants for subsistence and ceremonial purposes.



Printed on Recycled Paper

-2-

(4). A summary of harvest reports of game taken during 2015, 2016, and 2017, including the type of species taken, quantity of each species taken, location where the game was taken, and the type of the license or permit under which the game was taken.

(5) Documentation of hunting or fishing permit reciprocity between the Cheyenne River Sioux Tribe and the Standing Rock Sioux Tribe, during the years of 2015, 2016 and 2017.

(6) Any studies or reports on game species (aquatic life, birds and mammals), estimated population, habitat within the Cheyenne River Sioux Reservation, and the designated hunting grounds for such game in relation to Lake Oahe.

(7) Documentation of distinct cultural practices of the Tribe that are connected to Lake Oahe. Please describe the practice, its historical origins, and how the practice is connected to Lake Oahe. Please identify any information that you believe is sensitive. To the extent allowed by applicable federal law, cultural practices information will be treated as sensitive information, and will be protected or redacted to ensure the confidentiality of the provided information.

(8) Please verify the completeness of the following list of documents as what has been provided by the Tribe to the Corps since July 25, 2016:

- ENVY Enerji ve Çevre Yatırımları A.Ş., Technical Engineering and Safety Assessment: Routing, Construction, and Operation of the Dakota Access Pipeline in North Dakota (Jan. 5, 2016).

- January 5, 2017 Report Prepared by Ronald Rovenko

- Hooshang Nezafati, Ph.D., Examining the Potential Adverse

- Impacts of the Dakota Pipeline Crossings to the Water Quality at the Cheyenne River Sioux Tribe Water Intake in the Missouri River, (Jan. 2017)(ECF 131-5, p. 196).

- Frank Ackerman, Ph.D., January 11, 2017 Report.

- Gillian Bowser, Ph.D., Assessment and Review Dakota Access Pipeline Environmental Assessment Terrestrial and Aquatic Organisms (Jan. 2017) (ECF No. 131-5).

-3-

We would appreciate receiving this information in the next thirty days.  If you need additional time, please let us know.  We will determine the next steps in the remand process and whether we need any additional information from your tribe after we receive the requested information and documentation.

Please send your response to Mr. Brent Cossette, at the above address. If you have any questions, then you may contact Mr. Cossette at brent.j.cossette@usace.army.mil or at (402) 995-2712.

Sincerely,

**SIGNED**
**COL JOHN L. HUDSON**
John L. Hudson, PE
Colonel, Corps of Engineers
District Commander

CC:
Nicole Ducheneaux
Fredericks Pebbles & Morgan LLP
3610 N. 163rd Plaza.
Omaha, NE 68116

Case No. 1:16-cv-1534-JEB

CHEYENNE RIVER SIOUX TRIBE

EXHIBIT F

Case No. 1:16-cv-1534-JEB

**CHAIRMAN**
Harold C. Frazier

**SECRETARY**
EvAnn White Feather

**TREASURER**
Benita Clark

**VICE-CHAIRMAN**
Ryman LeBeau



**TRIBAL COUNCIL MEMBERS**

**DISTRICT 1**
Bernita In the Woods
Bryce In the Woods

**DISTRICT 2**
Theodore Knife, Jr.

**DISTRICT 3**
Edward Widow
John Kessler

**DISTRICT 4**
Jim Pearman
Kevin Keckler
Merrie Miller-White Bull
Mark Knight

**DISTRICT 5**
Ryman LeBeau
Raymond Uses The Knife
Robert Chasing Hawk
Derek Bartlett

**DISTRICT 6**
Tuffy Thompson
Wade "Tater" Ward

P.O. Box 590
Eagle Butte, South Dakota 57625
Phone: (605) 964-4155
Fax: (605) 964-4151

October 24, 2017

**VIA REGULAR MAIL AND EMAIL**
Colonel John L. Hudson
Mr. Brent Cossette
U.S. Army Corps of Engineers, Omaha District
1616 Capitol Ave., Ste. 9000
Omaha, NE 68102-4901

Re:     Cheyenne River Sioux Tribe: *Standing Rock Sioux Tribe et al. v. U.S. Army Corps of Engineers et al.*, Case No. 1:16-cv-01534 (D.D.C.)

Dear Colonel Hudson and Mr. Cossette:

The purpose of this letter is to address your request for information from the Cheyenne River Sioux Tribe ("Tribe") dated September 25, 2017. In that letter, you requested that the Tribe respond to your request, including eight enumerated substantive areas, within "the next thirty days." That request came in the context of the remand timeline that counsel for the U.S. Army Corps of Engineers ("Corps") previously had described to the U.S. District Court for the District of Columbia in *Standing Rock Sioux Tribe et al. v. United States Army Corps of Engineers*, Case No. 1:16-cv-01534, which committed the Corps to completing the remand process by December 2017.

The blue represents the thunderclouds above the world where live the thunder birds who control the four winds. The rainbow is for the Cheyenne River Sioux people who are keepers of the Most Sacred Calf Pipe, a gift from the White Buffalo Calf Maiden. The eagle feathers at the edges of the rim of the world represent the spotted eagle who is the protector of all Lakota. The two pipes fused together are for unity. One pipe is for the Lakota, the other for all the other Indian Nations. The yellow hoops represent the Sacred Hoop, which shall not be broken. The Sacred Calf Pipe Bundle in red represents Wakan Tanka – The Great Mystery. All the colors of the Lakota are visible. The red, yellow, black and white represent the four major races. The blue is for heaven and the green for Mother Earth.

Colonel John Hudson
Mr. Brent Cossette
October 24, 2017
Page 2

On October 6, 2017, however, the Corps' counsel submitted to the Court its Notice of Revised Schedule of Remand, ECF No. 281, a copy of which is enclosed herewith, which indicated that the Corps would not meet its original proposed deadline in light of Dakota Access, LLC's ("Dakota Access") timeline for submission of materials requested of them. Counsel for the Tribe was advised by the Corps' counsel Matt Marinelli that the materials in question included additional spill modeling.

The Tribe also will not be able to submit the requested materials within the Corps' requested timeline. While the Tribe is currently working diligently on responding to the eight enumerated items, the Tribe does not expect to be able to complete those until early 2018. Further, Dakota Access's spill modeling is vitally important to the Tribe's assessment of, among other things, impacts on our Treaty hunting and fishing rights. Therefore, I request that the Corps provide me with a copy of the updated spill modeling information as soon as you receive it. I further propose that the Tribe be provided with 90 additional days after receipt of spill modeling information to submit our remand materials and reports, as our technical team must review and analyze that data if the Tribe is to provide a complete and accurate response to your request for information regarding the impacts on the Tribe and its members.

We request your response to this letter as soon as possible.

Sincerely,

Harold C. Frazier, Chairman
Cheyenne River Sioux Tribe

Enc.

cc:     Douglas Lamont, via regular mail & email
        Ryan McCarthy, via regular mail & email
        Joel Ames, via regular mail & email

Case No. 1:16-cv-1534-JEB

CHEYENNE RIVER SIOUX TRIBE

EXHIBIT G

Case No. 1:16-cv-1534-JEB



**DEPARTMENT OF THE ARMY**
CORPS OF ENGINEERS, OMAHA DISTRICT
1616 CAPITOL AVENUE
OMAHA NE 68102-4901

**NOV 27 2017**

REPLY TO
ATTENTION OF

District Commander

Chairman Harold Frazier
Cheyenne River Sioux Tribe
P.O. Box 590
Eagle Butte, South Dakota 57625

Dear Chairman Frazier:

This letter is in response to your October 24, 2017 letter regarding my September 25, 2017 letter requesting information from your Tribe to assist the Corps in its review of the three issues remanded to the Corps by the U.S. District Court for the District of Columbia in *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*. I appreciate your Tribe's willingness to participate with the Corps in the remand process. In your letter, you requested additional time to submit information in response to my September 25, 2017 letter. Please submit the requested materials by December 20, 2017 so that we can maintain the schedule that we provided to the court.

Please send the requested information to Mr. Brent Cossette at the above address. If you have any questions, you may contact Mr. Cossette at Brent.j.cossette@usace.army.mil or at (402) 995-2712.

Sincerely,

John L. Hudson, P.E.
Colonel, Corps of Engineers
District Commander

cc:
Counsel for Cheyenne River Sioux Tribe:
Nicole Ducheneaux
Fredericks Peebles & Morgan LLP
3610 N. 163rd Plaza
Omaha, NE 68116



Printed o  Recycled Paper

Case No. 1:16-cv-1534-JEB

# CHEYENNE RIVER SIOUX TRIBE

# EXHIBIT H

Case No. 1:16-cv-1534-JEB



**CHAIRMAN**
Harold C. Frazier

**SECRETARY**
EvAnn White Feather

**TREASURER**
Benita Clark

**VICE-CHAIRMAN**
Robert Chasing Hawk

**TRIBAL COUNCIL MEMBERS**

**DISTRICT 1**
Bernita In the Woods
Bryce In the Woods

**DISTRICT 2**
Theodore Knife, Jr.

**DISTRICT 3**
Edward Widow
John Kessler

**DISTRICT 4**
Jim Pearman
Kevin Keckler
Merrie Miller-White Bull
Mark Knight

**DISTRICT 5**
Ryman LeBeau
Raymond Uses The Knife
Robert Chasing Hawk
Derek Bartlett

**DISTRICT 6**
Tuffy Thompson
Wade "Tater" Ward

P.O. Box 590
Eagle Butte, South Dakota 57625
Phone: (605) 964-4155
Fax: (605) 964-4151

December 18, 2017

<u>**VIA REGULAR MAIL AND EMAIL**</u>

Colonel John L. Hudson
U.S. Army Corps of Engineers, Omaha District
1616 Capitol Ave., Ste. 9000
Omaha, NE 68102-4901

Re:   Cheyenne River Sioux Tribe: *Standing Rock Sioux Tribe et al. v. U.S. Army Corps of Engineers et al.*, Case No. 1:16-cv-01534 (D.D.C.)

Dear Colonel Hudson:

This letter responds to your correspondence dated November 27, 2017. As noted in my previous correspondence, the Cheyenne River Sioux Tribe ("Tribe") is continuing to prepare materials in response to the ongoing remand process. I appreciate the Corps' invitation to submit these materials by December 20, 2017; however, as you may be aware, the Tribe's resources and personnel are limited. The Tribe is working under these constraints to have materials and documents relevant to the substance of the remand prepared by January 30, 2018 at the earliest.

Furthermore, it remains the Tribe's position that it is entitled to review the results of the spill modeling currently being prepared by Dakota Access. You did not respond to the Tribe's request to review that information nor did you respond to the Tribe's request to participate in this remand as a cooperating agency. Please advise of your position on those issues as soon as possible.

The blue represents the thunderclouds above the world where live the thunder birds who control the four winds. The rainbow is for the Cheyenne River Sioux people who are keepers of the Most Sacred Calf Pipe, a gift from the White Buffalo Calf Maiden. The eagle feathers at the edges of the rim of the world represent the spotted eagle who is the protector of all Lakota. The two pipes fused together are for unity. One pipe is for the Lakota, the other for all the other Indian Nations. The yellow hoops represent the Sacred Hoop, which shall not be broken. The Sacred Calf Pipe Bundle in red represents Wakan Tanka – The Great Mystery. All the colors of the Lakota are visible. The red, yellow, black and white represent the four major races. The blue is for heaven and the green for Mother Earth.

Col. John Hudson
December 18, 2017
Page 2

Please do not hesitate to contact me if you should have any questions.

Sincerely,

Harold Frazier, Chairman
Cheyenne River Sioux Tribe

Case No. 1:16-cv-1534-JEB

CHEYENNE RIVER SIOUX TRIBE

EXHIBIT I

Case No. 1:16-cv-1534-JEB



**CHAIRMAN**
Harold C. Frazier

**SECRETARY**
EvAnn White Feather

**TREASURER**
Benita Clark

**VICE-CHAIRMAN**
Robert Chasing Hawk

**TRIBAL COUNCIL MEMBERS**

**DISTRICT 1**
Bernita In the Woods
Bryce In the Woods

**DISTRICT 2**
Theodore Knife, Jr.

**DISTRICT 3**
Edward Widow
John Kessler

**DISTRICT 4**
Jim Pearman
Kevin Keckler
Merrie Miller-White Bull
Mark Knight

**DISTRICT 5**
Ryman LeBeau
Raymond Uses The Knife
Robert Chasing Hawk
Derek Bartlett

**DISTRICT 6**
Tuffy Thompson
Wade "Tater" Ward

P.O. Box 590
Eagle Butte, South Dakota 57625
Phone: (605) 964-4155
Fax: (605) 964-4151

January 30, 2018

**VIA REGULAR MAIL AND EMAIL**

Colonel John L. Hudson
U.S. Army Corps of Engineers, Omaha District
1616 Capitol Ave., Ste. 9000
Omaha, NE  68102-4901

Re:   Cheyenne River Sioux Tribe: *Standing Rock Sioux Tribe et al. v. U.S. Army Corps of Engineers et al.*, Case No. 1:16-cv-01534 (D.D.C.)

Dear Colonel Hudson:

This letter is a follow-up to my previous correspondence to you dated December 18, 2017. In that correspondence, I advised you that in light of the Cheyenne River Sioux Tribe's ("Tribe") limited resources and personnel, the Tribe would not be able to submit remand materials to the U.S. Army Corps of Engineers ("Corps") any earlier than January 30, 2018.  The Tribe has continued to work toward generating that material, but the Tribe's existing constraints and cooperation meeting with remand conditions has further delayed finalization of the Tribe's remand materials.  At this time, the Tribe does not anticipate having final remand materials until the end of February 2018.

My last correspondence to you addressed your failure to respond to the Tribe's request to review Dakota Access's spill modeling and the Tribe's request to participate in this remand as a cooperating agency.  You still have not responded.  Furthermore, you have not even acknowledged

The blue represents the thunderclouds above the world where live the thunder birds who control the four winds. The rainbow is for the Cheyenne River Sioux people who are keepers of the Most Sacred Calf Pipe, a gift from the White Buffalo Calf Maiden. The eagle feathers at the edges of the rim of the world represent the spotted eagle who is the protector of all Lakota. The two pipes fused together are for unity. One pipe is for the Lakota, the other for all the other Indian Nations. The yellow hoops represent the Sacred Hoop, which shall not be broken. The Sacred Calf Pipe Bundle in red represents Wakan Tanka – The Great Mystery. All the colors of the Lakota are visible. The red, yellow, black and white represent the four major races. The blue is for heaven and the green for Mother Earth.

Col. John Hudson
January 30, 2018
Page 2

receipt of my correspondences concerning the remand.  In this process, which is so critical to the Tribe's interest and in light of the government-to-government relationship, your failure to respond is not only unprofessional, but disrespectful to the special relationship between our two governments and the integrity of this remand process.

Please contact me as soon as possible, but no later than February 7, 2018, to provide a response to my previous requests and to discuss the ongoing timeline.  You may reach me at haroldcfrazier@yahoo.com, with a cc to my attorney Nicole Ducheneaux (nducheneaux@ndnlaw.com) or via telephone at 605-964-4155.

Sincerely,

Harold Frazier, Chairman
Cheyenne River Sioux Tribe