UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**STANDING ROCK SIOUX TRIBE,**

  Plaintiff,

  and

**CHEYENNE RIVER SIOUX TRIBE,**

  Plaintiff-Intervenor,

  v.

**U.S. ARMY CORPS OF ENGINEERS,**

  Defendant,

  and

**DAKOTA ACCESS, LLC,**

  Defendant-Intervenor and Cross-Claimant.

Civil Action No. 16-1534 (JEB) (and Consolidated Case Nos. 16-1769 and 16-267)

**ORDER**

In a Memorandum Opinion and separate Order issued on December 4, 2017, the Court imposed three conditions related to the remand process in which the U.S. Army Corps is engaging. See ECF Nos. 303-04. Plaintiffs Standing Rock and Cheyenne River Sioux Tribes now ask the Court to require further discrete actions from the Corps during remand. See ECF Nos. 328, 336. As the Court's authority here is limited and the conditions largely satisfied, the Court will deny the Motions.

1

In its December Opinion, the Court explained that the conditions imposed were "largely a means of providing the Court with relevant information during this [remand] period." Mem. Op. at 3. They were not "constraints on the Corps' analysis" and did "not concern the scope of the remand." Id. at 5. More specifically, the Court ordered that: 1) The parties coordinate and submit an oil-spill response plan by April 1, 2018; 2) Dakota Access, with Tribal input, select an independent expert engineering firm to file an audit by the same date; and 3) Dakota Access submit bi-monthly reports. See Order at 1-2.

The Tribes believe that there has not been enough consultation regarding the response plan, that Defendants have not provided them with the relevant information they believe necessary to evaluate the proposals, and that the expert is not sufficiently independent. Yet even were the Court empowered to manage the process at the level Plaintiffs seek, the issue is now essentially moot. As required by the Order, both the oil-spill response plan and the audit have now been submitted, and Dakota Access has complied with its bi-monthly reporting requirements. See ECF Nos. 334, 349-50. Although the Tribes may disagree with the process, Dakota Access has complied with the Court's directive.

More generally, Standing Rock believes that the Corps is mishandling the remand process beyond the aforementioned limited conditions. The parties engage in a lengthy dispute over who is refusing to talk to whom. The Court does not believe that further inserting itself into the minutiae of this disagreement is either permissible or wise. If the Tribes believe that the Corps has not conducted the remand appropriately or has not sought out information it should have, then Plaintiffs are, of course, free to make such arguments in the post-remand briefing that the Court expects will occur. At this time, however, further intervention is unwarranted.

The Court, accordingly, ORDERS that Plaintiffs' [328, 336] Motions are DENIED.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: April 16, 2018