

**DEPARTMENT OF THE ARMY**
CORPS OF ENGINEERS, OMAHA DISTRICT
1616 CAPITOL AVENUE
OMAHA NE 68102-4901

REPLY TO
ATTENTION

CENWO-OC                                                                                   31 August 2018

MEMORANDUM FOR RECORD

SUBJECT: Consideration of the Issues Remanded by the U.S. District Court for the District of Columbia related to the Dakota Access Pipeline Crossing at Lake Oahe, North Dakota

1. The purpose of this memorandum and enclosure is to respond to the issues remanded back to the U.S. Army Corps of Engineers for additional analysis by the U.S. District Court for the District of Columbia. *See Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs,* No. 16-1534, Memorandum Opinion (D. D.C. June 14, 2017)(ECF No. 239). On remand, the Corps was directed to "consider the impacts of an oil spill on fishing rights, hunting rights, or environmental justice, or the degree to which the pipeline's effects are likely to be highly controversial." Memorandum Opinion at 2.

2. To address these three issues, the Corps sought input from Energy Transfer Partners, the Standing Rock Sioux Tribe, the Cheyenne River Sioux Tribe, the Oglala Sioux Tribe, and the Yankton Sioux Tribe. In addition, the Corps conducted its own analysis of available information and considered materials in the administrative record and has fully considered "the impacts of an oil spill on fishing rights, hunting rights, or environmental justice, or the degree to which the pipeline's effects are likely to be highly controversial." The Corps' review on remand did not reveal "significant new circumstance[s] or information relevant to environmental concerns." 40 C.F.R. § 1502.9(c). Therefore, the Corps concludes that a formal reconsideration of the July 2016 Final Environmental Assessment and Finding of No Significant Impact or the preparation of supplemental National Environmental Policy Act documentation is not required. With respect to each of the remand issues, the Corps finds:

   a. The Corps' review on remand of the potential impacts of an oil spill to hunting and fishing resources did not reveal any significant impacts because the risk of an incident is low and any impacts to hunting and fishing resource will be of limited scope and duration.

   b. With respect to Environmental Justice, the Corps finds that granting Section 408 permission and conveying a right-of-way to Energy Transfer Partners to construct and operate a portion of the DAPL under federally-owned Corps-managed land does not result in disproportionately high and adverse human health or environmental effects on minority populations, including Tribes, and low-income populations. Further NEPA analysis or any new mitigation beyond the EA/FONSI and the February 8, 2017 Easement conditions is not required.

SUBJECT: Consideration of the Issues Remanded by the U.S. District Court for the District of Columbia related to the Dakota Access Pipeline Crossing at Lake Oahe, North Dakota

    c. The Corps considered the comments and concerns expressed by the Tribes regarding the data and methodologies used by the Corps. While the Tribes opposed the Corps' authorizations for the pipeline's Lake Oahe crossing, they did not provide information that demonstrated that a substantial dispute exists as to the size, nature, or effect of the federal action. Accordingly, the Corps finds that the effects of the federal action here are not "likely to be highly controversial." 40 C.F.R. § 1508.27(b)(4).

3. The Corps has outlined the rationale supporting these findings in the enclosed document and in the Administrative Record.

Encl
as

JOHN L. HUDSON, P.E.
Colonel, EN
Commanding