IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>     Plaintiff,<br><br> and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>     Plaintiff-Intervenor,<br> v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>     Defendant-Cross<br>     Defendant,<br><br> and<br><br>DAKOTA ACCESS, LLC,<br><br>     Defendant-Intervenor-<br>     Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796<br>and 17-cv-267)<br><br>JOINT STATUS REPORT |

In its Nov. 15, 2018, minute order, this Court directed the parties to submit a joint status

report that: a) proposes how supplemental/amended complaints should be handled; b) identifies

claims that Plaintiffs intend to pursue; and c) proposes a summary judgment schedule for

resolution of the remainder of this case, assuming only one round of briefing.  The parties have

met and conferred and have not reached agreement on all issues.

I.      PLAINTIFFS' JOINT PROPOSAL[1]

a. Supplemental/amended complaints:  The parties do not all agree on whether additional complaints are required under the circumstances here. However, because no party disputes this Court's jurisdiction to hear arguments regarding the adequacy of the defendant's remand decision, the Plaintiffs propose that all pending motions to supplement or amend the complaints be granted.

b. Status of Claims:  Plaintiffs Standing Rock Sioux Tribe, Cheyenne River Sioux Tribe, Oglala Sioux Tribe, and Yankton Sioux Tribe and Jumping Eagle Plaintiffs are mindful of this Court's directive to identify which specific claims they intend to pursue.  All plaintiffs expect that the primary focus of the summary judgment briefing will be on defendants' remand decision.  However, the decision as to whether to proceed on any claims that have not been fully resolved turns in part on the administrative record and the evaluation of both new and old claims together in light of the record.  Additionally, in light of this Court's direction that there be only one round of briefing, there further appears to be no clear need to resolve precisely what the scope of summary judgment briefing is at this juncture, prior to the production of the administrative record.

Accordingly, plaintiff Tribes propose that any claims that they wish the Court to resolve be identified in their summary judgment briefs filed in accordance with the proposed schedule below.  This includes claims which the parties could seek to ask the Court to convert any

---

[1] Although plaintiffs' joint statement was provided to all parties several days ago, federal defendant and intervenors did not provide plaintiffs with their proposed language for this status report until 4:58 pm on the day it was due, surprising plaintiffs with what is effectively several pages of legal briefs that plaintiffs have not had any opportunity to respond to.  Plaintiffs strongly object to this approach and will be prepared to discuss these matters further at the pending status conference.

STATUS REPORT
(No. 1:16-cv-1534-JEB)

preliminary injunction into summary judgment, with or without additional briefing.  To the

extent it is helpful, plaintiff Tribes can continue to communicate with defendants about the scope

of the summary judgment briefs to address concerns about schedule.

     c.  <u>Proposed Schedule</u>:

Any motions relating to the scope or completeness of the administrative record will be

due 14 days after receiving the administrative record.   Oppositions due 7 days later; replies 4

days after that.

Motions with respect to the administrative record are limited to the question of whether

the record is complete.  Plaintiff Tribes strongly disagree with Defendants' proposal that this

early motions practice should also encompass whether the Court should consider extra-record

evidence.  It would be prejudicial to plaintiffs to require them to develop any extra-record

evidence (e.g., expert declarations) at such an early phase of the process.  Plaintiff Tribes

propose that any motions for consideration of extra-record evidence be considered along with

summary judgment motions, as is customary and as occurred during earlier phases of this

litigation.

Plaintiff Tribes propose a date certain schedule that provides sufficient time for any

rulings on the scope of the administrative record.

| Plaintiffs' Motions for Summary Judgment: | May 1, 2019 |
|---|---|
| Cross-motions and oppositions: | June 3, 2019 |
| Oppositions and replies: | July 1, 2019 |
| Replies: | July 29, 2019 |

Plaintiffs recognize that defendant has concerns about the scope of their opposition briefs in light

of the number of parties and propose that, if necessary, the schedule can be adjusted as

circumstances require.

II.     FEDERAL DEFENDANTS' STATEMENT

Plaintiffs and Plaintiff-intervenors[2] have failed to comply with this Court's Order to "identify each claim they intend on continuing to pursue."   November 15, 2018 Minute Order. This judicial directive was the result of the November 15 scheduling conference.  At this conference, the Parties agreed this approach was reasonable; indeed, no party raised any objection. *See* 11/15/18 Tran. at 10:16-11:15; 19:21-20:21; *id.* at 10:1-15.  Following the conference Federal Defendants initiated discussions and conferred with the Parties in order to attempt to comply with the Order.  However, the Plaintiffs made clear they did not intend to comply with this Court's order.

There are currently six complaints pending as well as multiple proposed supplemental complaints.  In total, these various complaints set forth approximately 50 causes of action.  Due to Plaintiffs and Plaintiff-Intervenors failure to produce the Court ordered information about the disposition of their claims, at this juncture, it is difficult to propose a briefing schedule. Therefore as the Parties agreed, and the Court ordered at the November 15, 2018 conference, it would assist with the orderly resolution of this case if the Plaintiffs and Plaintiff-Intervenors clarify which claims they contend have already been adjudicated, which could be resolved by conversion from a ruling on a Preliminary Injunction to a ruling on Summary Judgment, and which they will pursue in the final round of summary judgment briefing.

Federal Defendants respectfully submit that the Plaintiffs and Plaintiff-Intervenors should be directed to comply with the Court's order and advise all parties as to which claims they intend to pursue.

---

[2] Hereinafter, Federal Defendants will refer to both simply as "Plaintiffs."

STATUS REPORT
(No. 1:16-cv-1534-JEB)

Despite the lack of necessary information, the Federal Defendants  endeavor below to comply with the remainder of the Court's November 15 Order as best they can, recognizing that this effort would benefit from the additional information requested by the Court that Plaintiffs and Plaintiff-Intervenors have failed to disclose.

**Federal Defendants' statement regarding supplemental complaints:**

Federal Rule of Civil Procedure 15(d) provides for a party to file "a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." A supplemental pleading "may introduce new causes of action *not alleged in the original complaint* so long as their introduction does not create surprise or prejudice to the rights of the adverse party." *Aftergood v. Central Intelligence Agency,* 225 F.Supp.2d 27, 30 (D.D.C.2002) (citation omitted) (emphasis added).

It is inconsistent with the purpose of a supplemental complaint to re-allege facts and re-state existing claims that predate and are already included in the operative complaint, as each proposed supplemental complaint submitted by Plaintiff and Plaintiff-Intervenors does.  *See, e.g.,* ECF No. 377-1 at ¶ 7; ECF No. 378-1 at ¶¶ 17-23.  The text of the rule and case law make clear that a supplemental pleading "is designed to cover matters *subsequently* occurring but pertaining to the original cause." *Health Ins. Ass'n of Am. v. Goddard Claussen Porter Novelli*, 213 F.R.D. 63, 65–66 (D.D.C. 2003) (quoting *Rowe v. United States Fidelity & Guaranty Co.,* 421 F.2d 937, 942 (4th Cir.1970)) (emphasis added).

Thus, Federal Defendants do not object in principle to Plaintiffs adding facts and causes of action arising out of events that "have happened since the date of the pleading sought to be supplemented."  Fed. R. Civ. P. 15.  Federal Defendants oppose the proposed supplemental Complaints, however, as they are not limited to new transactions or occurrences, and appear to

seek to revive old claims from their original complaints, many of which have already been decided or mooted.

Federal Defendants therefore propose that the Court deny the Motions for Leave and allow the Plaintiffs an opportunity to file a motion for leave that involve only events and claims that post-date the operative Complaints. Alternately, the Parties can brief the issue further as contemplated in the schedule below.

**Federal Defendants' proposed briefing schedule:**

| Disposition of Pending Claims | |
|---|---|
| December 14, 2018 | Deadline for Plaintiffs to identify (a) each pre-remand claim they intend to continue pursuing; (b) whether they will agree to convert a preliminary ruling of the Court on claims identified in (a) into a judgement or whether the will include such claims in further briefing; |
| December 21, 2018 | Deadline for Defendants to agree to or oppose conversions of preliminary rulings Plaintiffs identify in (b) above.[3] |
| Motions to amend or supplement | |
| December 21, 2018 | Deadline for Defendants' oppositions to motions for leave to supplement and Oglala's motion to amend. |
| December 31, 2018 | Deadline for Plaintiffs' replies in support of all motions for leave to supplement or amend complaints. |
| Administrative Record | |
| January 31, 2019 | Deadline for the Corps to lodge a certified copy of the administrative record supporting the remand as directed by the Court in the November 15 Minute Order. |
| February 15, 2019 | Deadline for any motion challenging the completeness of the administrative record, the applicability of any exceptions to record review, or for inclusion of extra-record materials in summary judgment briefing. |

---

[3] Defendants reserve the right to seek additional relief from the Court following receipt and evaluation of Plaintiff's above referenced filing.

| February 25, 2019 | Deadline for oppositions to any motion regarding the administrative record. |
|---|---|
| March 1, 2019 | Deadline for replies in support of any motion regarding the administrative record. |
| **Summary Judgment Briefing** | |
| March 18, 2019, if no motion regarding the administrative record is filed, or 30 days following a ruling on any motion regarding the AR | Deadline for Plaintiffs' motions for summary judgment. |
| April 1, 2019 | Deadline for the Parties to propose a schedule for summary judgment briefing.[4] |

### Federal Defendants' position regarding proposed motions practice regarding the administrative record

Plaintiffs argue that it is "customary" to consider motions for extra-record evidence at the same time as summary judgment motions. Plaintiffs do not cite to authority for this proposition. Regardless, it is most efficient to conduct summary judgment briefing after it is clear that the record is complete and after it is known what, if any, extra-record evidence will be considered by the Court. Otherwise, either Party's summary judgment brief could rely on evidence that is ultimately determined not to be part of the administrative record, or that is not properly considered as extra-record evidence.

It is basic administrative law that the reviewing court may "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706; *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971). If what constitutes "the whole record" is not settled at the time of summary judgment briefing, however the Parties may be prejudiced by relying on evidence that the Court ultimately does not consider. *See Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, 255 F. Supp. 3d 101, 125 (D.D.C. 2017) (declining to consider extra-record

---

[4] If all six Plaintiffs file a motion for summary judgment and avail themselves of the maximum page limitations, Federal Defendants will be required to respond to hundreds pages of briefing on dozens of claims. Accordingly, Federal Defendants will need an opportunity to evaluate how many motions are filed and on which claims in order to propose a meaningful schedule.

evidence).  It is most efficient to resolve this issue in advance of summary judgment briefing so that the Parties can focus their briefing on the issues and evidence that is relevant.

### Federal Defendants' position regarding answering the pending complaints and proposed supplemental complaints

By Order of this Court on October 18, 2017, Defendants' obligation to file Answers are held in abeyance.  Federal Defendants respectfully request that this obligation to answer continue to be held in abeyance, and that any obligation to answer supplemental complaints be held in abeyance as well.

III.    DAKOTA ACCESS'S PROPOSAL[5]

### Status of Claims Including Compliance With November 15, 2018 Order

Dakota Access agrees with the Corps that it is regrettable Plaintiffs are not complying with the clear directive in the Court's Minute Order.  As a result of Plaintiffs' failure to comply, we are no further along than we were before the November 15 Status Conference.

Plaintiffs' refusal to comply with the Court's Order is inexcusable.  Not only was this Order clear, the Court spelled out its terms at the conference.  Each Plaintiff had ample opportunity to comment.  No party objected to the proposed order or so much as hinted that they would not comply.  *See* 11/15/18 Tran. at 10:16-11:15; 19:21-20:21.  Instead, one of them said this path "seems like a reasonable suggestion."  *Id.* at 10:1-15.  Nobody disagreed.  Nobody moved for reconsideration.

Moreover, Plaintiffs' new-found reason for flouting the Order—the need to see the updated administrative record first—is meritless.  Plaintiffs do not need to see a *post*-remand

---

[5] Dakota Access proceeded with this separate section of the status report based on an email from counsel for Standing Rock on November 30, 2018, stating that "[b]ased on the conversations so far," his guess was that the parties "will not be able to reach agreement on how to proceed but will present [the court] with separate proposals, preferably in a single joint status report."

administrative record to decide whether they want to continue pursuing *pre*-remand claims, such

as those under the National Historic Preservation Act (NHPA) or the Religious Freedom

Restoration Act.  To suggest otherwise is directly contrary to Standing Rock's concession at the

conference that most, if not all, pre-remand claims are no longer viable.  *See* 11/15/18 Tran. at

9:10-20.  As for *post*-remand claims, the Corps already explained at the conference that the

content of the post-remand administrative record is determined by which post-remand claims are

at issue.  *Id.* at 16:20-24.  Plaintiffs therefore seek to turn the process upside down by insisting

that they see the post-remand administrative record before they decide which post-remand claims

to pursue.

The Corps correctly points out that a realistic briefing schedule for summary judgment

depends on the number and nature of claims that Plaintiffs intend to pursue in their motions.

*See, e.g.,* 11/15/18 Tran. at 8:20-9:9.  Plaintiffs' refusal to comply with this Court's Order thus

threatens even more delay, both in lodging the administrative record and devising a summary

judgment briefing schedule.

Dakota Access believes the Court should make clear that compliance with its orders is

not optional.  Federal Rule of Civil Procedure 41(b) permits dismissal of an action in whole or

part, on defendant's motion or *sua sponte*, when a "plaintiff fails to prosecute or to comply with

these rules or a court order."  *See also* Local R. 85.23 ("A dismissal for failure to prosecute may

be ordered by the Court upon motion by an adverse party, or upon the Court's own motion.");

*Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) (affirming *sua sponte* dismissal of action under

Rule 41 where plaintiff's counsel failed to appear at a court date with inadequate explanation,

and "it could reasonably be inferred . . . from the drawn-out history of the litigation . . . that

petitioner had been deliberately proceeding in a dilatory fashion").  In deciding whether to

dismiss claims under Rule 41(b), this circuit considers such factors as "the effect of a plaintiff's dilatory or contumacious conduct on the court's docket, whether the plaintiff's behavior has prejudiced the defendant, and whether deterrence is necessary to protect the integrity of the judicial system." *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990); *see also Stella v. Mineta*, 231 F.R.D. 44, 48-49 (D.D.C. 2005) (dismissing action under Rule 41(b) following plaintiff's failure to meet deadlines and comply with court orders and rules, including its failure to timely file a statement of issues for summary judgment briefing).

The Court should invoke Rule 41(b) by giving Plaintiffs until December 14, 2018 to do what it previously ordered:  identify, by reference to the counts in their operative complaints, every claim that they will continue to prosecute.  As before, the Court should give Plaintiffs the option of (i) converting an earlier preliminary injunction order to a ruling on the merits or (ii) briefing it in a motion for summary judgment.  *See* 11/15/18 Minute Order.  For claims brought under the NHPA, the converted ruling would be in the alternative to the Court's previous order holding that claims under that Act are now moot.  D.E. 340 & 341.  Any claim that Plaintiffs have not given notice of an intent to pursue by December 14 would be dismissed under Rule 41(b).

We expect Plaintiffs will obey an order that spells out express consequences for non-compliance.  But if the Court were left with no choice but to follow through on dismissal under Rule 41(b), there would be ample basis to justify it.  The Court would be able to point to a pattern of failing to consult in the course of this litigation and the administrative process on which it is based.  For example, this Court recognized when denying the first motion for preliminary injunction, that before final agency action, "the Tribe largely refused to engage in consultations" and "chose instead to hold out for more[.]"  D.E. 39 at 11-33, 48-50; *see also*

10/5/16 D.C. Circuit 16-5259 Oral Argument Tran. at 23:10-19 (Standing Rock counsel, when asked why the Tribe sometimes refused to cooperate with the Corps: "The Tribe took a position on principle that it wasn't going to go" and have dialogue with the Corps "and validate their narrow scope, because that's the kind of thing that gets used against them.").

It happened again during the remand process. *See, e.g.,* D.E. 337 at 1-2, 7-14 (detailing the Corps' attempts to work with the Tribes on remand, only to have those efforts rebuffed: "[W]hen the Corps sought information from the Tribes, they have either not provided it timely, or not provided it at all"); D.E. 339 at 1-2, 7-24 (detailing unsuccessful efforts by the Corps and Dakota Access to get the Tribes to provide information during the remand process, including a failure by two of the Tribes to participate in developing the emergency response plans that this Court ordered). The Court previously saw no occasion to wade into the "minutiae" of these post-remand interactions. D.E. 352 at 2. If Plaintiffs do as the Court orders pursuant to its authority under Rule 41(b), that need will again be avoided.

### Motions to Supplement or Amend

As the Court proposed at the outset of the November 15 Status Conference, it should deny Plaintiffs' motions for leave to supplement without prejudice, on the grounds that supplementation is not necessary to brief summary judgment related to the remand process. 11/15/18 Tran. at 7:19-23. Cheyenne River has identified multiple cases in this district where post-remand proceedings did not need to include supplemental complaints. D.E. 378 at 2. And no Plaintiff has pointed to anything it cannot argue at the summary judgment stage if these motions are denied. As the Court further suggested, though, if the Corps later argues that a post-remand claim made in the proposed supplemental complaints has not been preserved, Plaintiffs could renew their motions and the parties could brief the issue. 11/15/18 Tran. at 7:19-23.

Failing that approach, Dakota Access is in accord with the Corps in opposing the filing of

supplemental or amended complaints.  The proposed supplemental complaints go beyond what the rules allow, including being worded such that they are not necessarily limited to the three narrow remand topics (hunting and fishing effects; environmental justice; and highly controversial effects).  If, instead of denying the motions for leave to supplement without prejudice, the court seeks briefing on them, Dakota Access asks for the same schedule proposed by the Corps.  Likewise, Dakota Access opposes the Oglala Sioux Tribe's motion for leave to amend as it seeks to raise new allegations for pre-remand claims, and requests the same schedule for responding to that motion.

Finally, Dakota Access supports the Corps' position on continuing to hold in abeyance the need to file answers to any complaints.

**Motions Practice Regarding Administrative Record**

Dakota Access agrees with the position of the Corps on briefing disputes about the record.

**Proposed Schedule**

In light of the foregoing, Dakota Access agrees with the Corps' proposed schedule with only the following differences:

| Disposition of Pending Claims |
|---|
| Same as Corps |
| **Motions to Amend or Supplement** |
| Same as Corps |
| **Administrative Record** |
| Same as Corps |

| Summary Judgment Briefing | |
|---|---|
| March 18, 2019 | Deadline for Plaintiffs' motions for summary judgment. |
| May 3, 2019 | Deadline for oppositions to Plaintiffs' motions for summary judgment and Defendants' cross-motions for summary judgment. |
| June 3, 2019 | Deadline for Plaintiffs' replies in support of their motions for summary judgment and oppositions to Defendants' motions for summary judgment. |
| June 24, 2019 | Deadline for Defendants' replies in support of their cross-motions for summary judgment. |

Respectfully submitted this 6th day of December, 2018.

/s/ Jan E. Hasselman
Jan E. Hasselman, WSBA # 29107
(*Admitted Pro Hac Vice*)
Stephanie Tsosie, WSBA # 49840
(*Admitted Pro Hac Vice*)
Patti A. Goldman, DCBA # 398565
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
Telephone: (206) 343-7340
jhasselman@earthjustice.org
stsosie@earthjustice.org
pgoldman@earthjustice.org

*Counsel for Standing Rock Sioux Tribe*

/s/ Michael L. Roy
Michael L. Roy (DC Bar No. 411841)
mroy@hobbsstraus.com
Jennifer P. Hughes (DC Bar No. 458321)
jhughes@hobbsstraus.com
Elliott A. Milhollin (DC Bar No. 474322)
emilhollin@hobbsstraus.com
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW, Suite 700
Washington, DC 20037
Telephone: (202) 822-8282
Facsimile: (202) 296-8834
*Counsel for Oglala Sioux Tribe*
Mario Gonzalez
Gonzalez Law Office

/s/ Joseph V. Messineo
Joseph V. Messineo
Fredericks Peebles & Morgan LLP
3610 North 163rd Plaza
Omaha, NE 68116
Telephone: (402) 333-4053
Facsimile: (402) 333-4761
Email: jmessineo@ndnlaw.com
*Counsel for Cheyenne River Sioux Tribe and Steve Vance*

/s/ Jennifer S. Baker
Jennifer S. Baker, *Pro Hac Vice*
Jeffrey S. Rasmussen, WA #21121
Fredericks Peebles & Morgan LLP
1900 Plaza Drive
Louisville, CO 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155
jbaker@ndnlaw.com
*Counsel for Yankton Sioux Tribe and Robert Flying Hawk*

STATUS REPORT
(No. 1:16-cv-1534-JEB)

522 7th St 202
Rapid City, SD 57701
Telephone: (605) 716-635

*Counsel for Oglala Sioux Tribe*

*/s/ Oliver B. Hall*
Oliver B Hall
Bruce Afran
2515 Cliffbourne Place Nw
Washington, DC  20009
202-280-0898
Email:Oliverbhall@gmail.Com

*Counsel for Sara Jumping Eagle*

/s/ *William S. Scherman*

William S. Scherman
David Debold
GIBSON, DUNN & CRUTCHER LLP
1050 onnecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division

By: */s/ Reuben Schifman*
REUBEN SCHIFMAN
BRIAN COLLINS
U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Benjamin Franklin Station
Washington, DC 20044
Phone: (202) 305-4224 (Schifman)
Phone: (202) 598-3550 (Collins)
Fax: (202) 305-0506
Reuben.Schifman@usdoj.gov
Brian.M.Collins@usdoj.gov

ERICA M. ZILIOLI, D.C. Bar 488073
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 514-6390
Fax: (202) 514-8865
Erica.Zilioli@usdoj.gov

*Attorneys for the United States Army Corps of Engineers*

STATUS REPORT
(No. 1:16-cv-1534-JEB)

OF COUNSEL:

MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2018, I electronically filed the foregoing *Status Report*

with the Clerk of the Court using the CM/ECF system, which will send notification of this

filing to the attorneys of record and all registered participants.

*/s/ Reuben Schifman*
Reuben Schifman