IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>     Plaintiff,<br><br> and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>     Plaintiff-Intervenor,<br> v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>     Defendant-Cross<br>     Defendant,<br><br> and<br><br>DAKOTA ACCESS, LLC,<br><br>     Defendant-Intervenor-<br>     Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796<br>and 17-cv-267)<br><br><br><br>SUPPLEMENTAL STATUS REPORT |

Plaintiffs and plaintiff-intervenors Standing Rock Sioux Tribe ("SRST"), Cheyenne River Sioux Tribe ("CRST"), Oglala Sioux Tribe, and Yankton Sioux Tribe (collectively, Plaintiffs) respectfully submit this supplemental status report to provide additional context for the status conference scheduled for December 12, 2018 and to respond to issues raised by defendants and intervenors in the status report filed on December 6.

  1.  This Court has made clear that there will only be a single round of summary judgment briefing going forward. Plaintiffs interpret this directive to mean that the single round

SUPPLEMENTAL STATUS REPORT
(No. 1:16-cv-1534-JEB) - 1

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

of briefing will encompass litigation regarding the remand as well as remaining issues, if any, from the pre-remand phase of the case.

2.      All of the plaintiffs are governments, and major litigation decisions are made at an appropriate governmental level, generally by a vote of tribal councils after appropriate consultation and discussions with stakeholders and staff.  Plaintiffs were not able to obtain council approval with respect to the non-remand claims on the schedule this Court provided.  Nor would it be feasible on the schedule proposed by intervenors.  However, as previously emphasized, all plaintiffs believe that the primary focus of the next phase of the litigation will be on the remand.

3.      In conversations regarding submission of the joint status report, counsel for defendants assured counsel for SRST that the objective was not to force plaintiffs to formally withdraw or abandon any claims, but to provide greater clarity as to the scope of the pending summary judgment proceedings for purposes of determining a schedule.  SRST counsel proposed various ways in which those practical considerations could be addressed.  However, the parties did not reach agreement.

4.      Plaintiffs provided a draft status report to all parties five days in advance of its deadline and repeatedly invited additional conversations about how to reconcile the Court's directive with the practical limits on what plaintiffs were able to provide.  No response to those invitations was received.  Instead, moments before the end of the business day on December 6, defendants and intervenors circulated for the first time their proposed language for the status report, which included many pages of what was effectively legal argument as well as inappropriate and baseless allegations of wrongdoing by Plaintiffs.  Because of this timing, the four plaintiff groups could not coordinate a response.

SUPPLEMENTAL STATUS REPORT
(No. 1:16-cv-1534-JEB) - 2

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

5.      Defendants and intervenors have focused in particular on the question of whether any preliminary injunction rulings should be converted to summary judgment.  Plaintiffs are aware of only two legal claims that raise the issue: the National Historic Preservation Act ("NHPA") claims brought by SRST and joined by CRST; and the Religious Freedom Restoration Act ("RFRA") claims brought by CRST and joined by SRST.  CRST, joined by SRST, hereby requests that this Court convert its preliminary ruling on RFRA into a ruling on summary judgment, to preserve for appeal.  The parties do not request additional briefing unless the Court so requires.  With respect to NHPA, this Court has ruled on summary judgment that Yankton Sioux's NHPA claims are moot; presumably, such ruling would also extend to SRST's NHPA claims as well.  However, SRST, joined by CRST, requests the opportunity to brief whether an exception to the mootness doctrine applies in this instance.  If it does, the preliminary injunction ruling can be converted to a summary judgment ruling despite the issue of mootness. In light of the Court's admonition that there only be a single round of summary judgment briefing, SRST proposes that this NHPA mootness question be encompassed within the summary judgment briefing.  However, SRST has no objection if the Court wishes to consider the issue separately.

6.   With these issues disposed of, counsel for SRST, CRST, and Yankton Sioux do not anticipate any non-remand issues to arise going forward, but a final determination will need to be made once the record is finalized.[1]  Oglala Sioux, unlike the other plaintiffs, has not yet moved for summary judgment on any pre-remand issues and reserves the right to do so once the record

---

[1] Defendants state that there are "50 causes of action" contained within the various complaints. It ignores the fact that there are only modest differences between the various plaintiffs' causes of actions; the proposed remand complaints, in particular, are all virtually identical.

SUPPLEMENTAL STATUS REPORT
(No. 1:16-cv-1534-JEB) - 3

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

has been reviewed.  Plaintiffs understand that any issue on which they do not seek summary

judgment in accordance with this Court's schedule would be waived.

7.     With respect to schedule, defendant spent well over a year to complete the remand

affirming its original decision.  It then requested what would have been an additional six months

from the date of its remand decision to compile and file what should be a modest administrative

record.  ECF 373.  Yet it now asks this Court to impose an unreasonable deadline of six weeks

after the record is filed for plaintiffs to submit summary judgment briefs.  This is not a good faith

proposal for resolution of this complex and consequential litigation.  Plaintiffs' proposed

schedule accommodates counsel's other litigation obligations and provides adequate time for

technical review of the administrative record.  Since there is no injunction on pipeline operations

in place, the burden of a slower schedule falls on plaintiffs, not defendants or intervenors.  This

Court should grant Plaintiffs' reasonable proposed approach to litigating their case.

8.     With respect to supplemental or amended complaints, defendants have proposed a

pointless round of briefing regarding such briefs.  This Court has already shared its perspective

that supplemental complaints are not even necessary in order to challenge the remand decision.

Precedent appears to support the Court's perspective.  *Coburn v. Murphy*, 77 F. Supp. 3d. 24

(D.D.C. 2016); *New Life Evangelistic Ctr, Inc. v. Sebelius*, 753 F. Supp. 2d. 103 (D.D.C. 2010).

Accordingly, this Court should either so rule, or grant the motions to supplement the complaints.

In either case, additional briefing is not needed.  While defendants have fixated on boilerplate

language in the supplemental complaints that reaffirms allegations from the original complaint,

Plaintiffs agree that the focus of the supplemental complaint is on post-remand proceedings and

do not believe that such language carries any practical significance.

SUPPLEMENTAL STATUS REPORT
(No. 1:16-cv-1534-JEB) - 4

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

9.      With respect to the administrative record, defendant's proposal to force plaintiffs

to propose extra-record evidence shortly after submission of the administrative record is another

impracticable attempt to gain unfair tactical advantage.  While plaintiffs do not anticipate that

they will rely on extra-record evidence in the pending summary judgment motions, in light of

this Court's previous rulings, it would not be possible to obtain that evidence on the schedule

proposed by defendants.  The Court can consider the question of such evidence at the time it

considers the summary judgment motions, as has occurred in prior stages of this litigation.

10.     Dakota Access, LLC's attempt to invoke Rule 41 dismissal is baseless and

completely out of proportion to the situation.  Further, its attempt to tie Plaintiffs' response in the

recent status report to defendants' false claims that the Tribes have not acted timely and in good

faith in this process are outrageous.   These proposals should be ignored or stricken from the

record.

Plaintiff Tribes look forward to discussing these issues further with the Court on

December 12.

Respectfully submitted this 11th day of December, 2018.

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

*/s/ Jan E. Hasselman*
Jan E. Hasselman, WSBA # 29107
(*Admitted Pro Hac Vice*)
Stephanie Tsosie, WSBA # 49840
(*Admitted Pro Hac Vice*)
Patti A. Goldman, DCBA # 398565
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
Telephone: (206) 343-7340
jhasselman@earthjustice.org
stsosie@earthjustice.org
pgoldman@earthjustice.org
*Counsel for Standing Rock Sioux Tribe*

*/s/ Joseph V. Messineo*
Joseph V. Messineo
Fredericks Peebles & Morgan LLP
3610 North 163rd Plaza
Omaha, NE 68116
Telephone: (402) 333-4053
Facsimile: (402) 333-4761
jmessineo@ndnlaw.com
*Counsel for Cheyenne River Sioux
Tribe and Steve Vance*

*/s/ Michael L. Roy*
Michael L. Roy (DC Bar No. 411841)
mroy@hobbsstraus.com
Jennifer P. Hughes (DC Bar No. 458321)
jhughes@hobbsstraus.com
Elliott A. Milhollin (DC Bar No. 474322)
emilhollin@hobbsstraus.com
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW, Suite 700
Washington, DC 20037
Telephone: (202) 822-8282
Facsimile: (202) 296-8834
*Counsel for Oglala Sioux Tribe*

*/s/ Jennifer S. Baker*
Jennifer S. Baker, *Pro Hac Vice*
Jeffrey S. Rasmussen, WA #21121
Fredericks Peebles & Morgan LLP
1900 Plaza Drive
Louisville, CO 80027
Telephone: (303) 673-9600
Facsimile (303) 673-9155
jbaker@ndnlaw.com
*Counsel for Yankton Sioux Tribe and
Robert Flying  Hawk*

SUPPLEMENTAL STATUS REPORT
(No. 1:16-cv-1534-JEB) - 6

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2018, I electronically filed the foregoing

SUPPLEMENTAL STATUS REPORT with the Clerk of the Court using the CM/ECF system,

which will send notification of this filing to the attorneys of record and all registered participants.


*/s/ Jan E. Hasselman*
Jan E. Hasselman

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*