**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE,<br><br>Plaintiffs,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>Defendant-Cross Defendant,<br><br>and<br><br>DAKOTA ACCESS, LLC,<br><br>Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796 and 17-cv-267)<br><br>**RESPONSE TO PLAINTIFF OGLALA SIOUX TRIBE'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

## I.     INTRODUCTION

Plaintiff Oglala Sioux Tribe's (Oglala) Motion for Leave to File Amended Complaint (ECF No. 376) should be denied because the proposed amendment comes far too late and would be futile in any event. First, Oglala makes its motion to amend 21 months after it filed its original complaint on February 11, 2017 and nearly 19 months since the Corps filed its answer (ECF No. 217). *See Oglala Sioux Tribe v. U.S. Army Corps of Engineers,* Case No. 1:17-cv-00267-JEB, ECF No. 1. Second, any amendment would be futile because Oglala seeks to add one sentence to amend an allegation regarding a claim that has already been raised in Oglala's

- 1 -

prior briefing in support of Standing Rock Sioux Tribe's (Standing Rock) Motion for Summary Judgment. *See* ECF No. 138. The Court accepted Oglala's amicus brief and granted-in-part and denied-in-part the Standing Rock Sioux Tribe's Motion for Summary Judgment on June 14, 2017. ECF No. 238.

**II.  ARGUMENT**

Federal Rule of Civil Procedure 15(a) permits amendment of a complaint once as a matter of course within 21 days of serving it or within 21 days of the filing of a responsive pleading; otherwise leave of court or consent of the parties is required. *See* Fed. R. Civ. P. 15(a)(1). Although the Court may grant leave to amend as justice requires, courts may deny leave to amend for such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." *Bancoult v. McNamara*, 214 F.R.D. 5, 8 (D.D.C. 2003). "Futility alone is a sufficient basis to deny leave to amend." *Gavin v. Dep't of Air Force*, 314 F. Supp. 3d 297, 305 (D.D.C.) (citing *Robinson v. Detroit News, Inc.*, 211 F.Supp.2d 101, 114 (D.D.C. 2002)).

Here, Oglala moves to add one sentence to its original NEPA claim challenging the Corps' withdrawal of a Notice of Intent (NOI) to prepare an EIS in connection with its review of the easement for the Dakota Access Pipeline. Oglala seeks to amend its complaint to add the following sentence: "[f]urther, the Corps' decisions to withdraw the NOI and to issue the easement to Dakota Access, LLC were made without the Corps reviewing thousands of

submissions in response to the NOI." ECF no. 376.  Oglala's motion for leave to amend should be denied for two reasons.  First, the proposed amendment is late, and permitting it would prejudice the Corps.  Second, the amendment is futile and would not withstand a motion to dismiss.

Oglala's complaint has been on file since February 11, 2017.  *See Oglala Sioux Tribe v. U.S. Army Corps of Engineers*, Case No. 1:17-cv-00267-JEB, ECF No. 1.  The Court already addressed and ruled on numerous claims relating to the Corps' issuance of an easement for the Dakota Access pipeline, including NEPA claims regarding whether an Environmental Impact Statement was required for the easement decision and whether the Environmental Assessment satisfied NEPA.  *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, 255 F. Supp. 3d 101, 122 -130 (D.D.C. 2017).  Indeed, Oglala field an amicus brief supporting the arguments that Standing Rock Sioux Tribe made in its motion for summary judgment, and submitted the same argument that it now seeks to add to its complaint.  *See* ECF No. 138 at 20 (amicus brief stating that "The withdrawal of the NOI is arbitrary and capricious because it does not take into account the comments of the Tribe and its expert which was resubmitted to the Corps in response to the NOI, Ex. 3., or other numerous comments received by the Corps subsequent to the EA.").  After considering Standing Rock's summary judgment motion and Oglala's amicus brief, the Court held that much of the Corps' EA satisfied its NEPA obligations, but remanded to the Corps to address certain isolated deficiencies in the EA.  *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, 282 F. Supp. 3d 91, 109 (D.D.C. 2017).  Oglala's request to amend the complaint to amend allegations related to issues that have already been addressed by the Court is therefore nothing more than an attempt to revive and reframe claims that the Court and the parties have already addressed.  Allowing the amendment at this late stage of the litigation would force the

Corps to expend additional time and resources to address Oglala's revived and reframed claim after it had already been presented to the Court.

In addition, Oglala's request for leave should be denied because it would be futile. "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." *Bancoult v. McNamara*, 214 F.R.D. 5, 8 (D.D.C. 2003). Here, Oglala's proposed amendment would be futile because it proposes to expand a claim that the Corps' withdrawal of a notice of intent to prepare an EIS was arbitrary and capricious. *See* ECF No. 376 at 3. However, as the Corps has already explained in its response to Standing Rock's motion for summary judgment, the withdrawal of an NOI is not a final agency action and is not therefore reviewable under the APA. ECF No. 172 at 37-39. The Corps incorporates by reference the arguments already made in ECF No. 172 at 37-39. In short, however, a notice of intent, or its withdrawal, does not mark the consummation of the agency's decision-making process. *Cent. Delta Water Agency v. U.S. Fish & Wildlife Serv.*, 653 F. Supp. 2d 1066, 1092 (E.D. Cal. 2009) ("[T]he [Notice of Intent] and ongoing scoping activities are, by their very nature, not the agency's "last word" . . .); *Muhly v. Espy*, 877 F. Supp. 294, 300 (W.D. Va. 1995) (no reviewable final agency action where agency published a Notice of Intent and initiated scoping process). Nor do any consequences flow from such a withdrawal of intent. It is therefore not a final agency action and not reviewable under the APA. Accordingly, Oglala's attempts to amend their allegations raising a challenge to the withdrawal of the notice of intent are futile, because the claim itself is not reviewable under the APA, and could not survive a motion to dismiss

### III. CONCLUSION

Oglala's motion for leave is untimely, and granting it would prejudice the Corps by allowing Oglala to revive and reframe issues that have already been presented to the Court. Moreover, Oglala's proposed amendment would be futile because it seeks to amend a claim that is not reviewable under the APA and could not survive a motion to dismiss. Oglala's motion for leave to amend should therefore be denied.

| | |
|---|---|
| Dated: December 21, 2018 | Respectfully submitted, |
| | JEAN E. WILLIAMS<br>Deputy Assistant Attorney General<br>Environment & Natural Resources Division |
| | By: /s/ *Amarveer Brar*<br>BRIAN COLLINS, TX Bar 24038827<br>AMARVEER S. BRAR, CA Bar 309615<br>REUBEN SCHIFMAN, NY BAR<br>MATTHEW MARINELLI, IL Bar 6277967<br>U.S. Department of Justice<br>Natural Resources Section<br>P.O. Box 7611<br>Benjamin Franklin Station<br>Washington, DC 20044<br>Phone: (202) 305-0479 (Brar)<br>Phone: (202) 305-4224 (Schifman)<br>Phone: (202) 305-0293 (Marinelli)<br>Phone: (202) 305-0428 (Collins)<br>Fax: (202) 305-0506<br>amarveer.brar@usdoj.gov<br>reuben.schifman@usdoj.gov<br>matthew.marinelli@usdoj.gov<br>brian.m.collins@usdoj.gov |
| | ERICA M. ZILIOLI, D.C. Bar 488073<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>Phone: (202) 514-6390<br>Fax: (202) 514-8865<br>Erica.Zilioli@usdoj.gov |

*Attorneys for the United States Army Corps of Engineers*

OF COUNSEL:

MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018, I electronically filed the foregoing *Response to Plaintiff Oglala Sioux Tribe's Motion for Leave to Amend Complaint* with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*/s/ Amarveer Brar*
Amarveer Brar