## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE,<br><br>    Plaintiffs,<br><br> and<br><br>CHEYENNE RIVER SIOUX TRIBE; SARA JUMPING EAGLE ET AL.,<br><br>    Plaintiff-Intervenors,<br><br>  v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>    Defendant-Cross Defendant,<br><br> and<br><br>DAKOTA ACCESS, LLC,<br><br>    Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB (and Consolidated Case Nos. 16-cv-1796 and 17-cv-267)<br><br>**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINTS (D.E. 371, 377, 378 & 379)** |

Plaintiffs Standing Rock Sioux Tribe, Cheyenne River Sioux Tribe, Oglala Sioux Tribe and Yankton Sioux Tribe have each filed motions seeking leave to supplement their operative complaints (the "Motions"). D.E. 371, 377, 378 & 379. The Court ordered responses or non-oppositions to the Motions by December 21, 2018. Dec. 12, 2018 Minute Order. At the December 12, 2018 status conference, Defendant-Intervenor Dakota Access, LLC suggested a way to resolve the Motions that would minimize litigation: Defendants would not oppose filing of the proposed supplemental complaints, with the understanding that if Plaintiffs raise issues in the summary judgment briefing that exceed the scope of the remand, then Defendants would be able to oppose at that time. Dec. 12, 2018 Status Conf., Hr'g Tr. 10:8-22. The Court stated it was open to that approach if the parties agree. *Id.* at 10:23-24.

The parties have conferred and reached agreement on the proposed approach.  They agree that Plaintiffs' pending Motions should be granted without prejudice to the ability of Defendant and Defendant-Intervenor to argue later that the supplementation of a complaint exceeded the scope of Federal Rule of Civil Procedure 15(d) or the topics in this Court's remand order (D.E. 238 & 239).  Plaintiffs would be free to refute such an argument.  A proposed order is attached.

Dated:  December 21, 2018

DAKOTA ACCESS, LLC,
*Defendant-Intervenor*

*/s/ William S. Scherman*
William S. Scherman
David Debold
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

Respectfully submitted,

UNITED STATES ARMY CORPS OF
ENGINEERS, *Defendant*

JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment & Natural Resources Division

*/s/ Brian Collins*
BRIAN COLLINS, TX Bar 24038827
AMARVEER S. BRAR, CA Bar 309615
REUBEN SCHIFMAN, NY BAR
MATTHEW MARINELLI, IL BAR 6277967
U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Benjamin Franklin Station
Washington, DC 20044
Phone: (202) 305-0479 (Brar)
Phone: (202) 305-4224 (Schifman)
Phone: (202) 305-0293 (Marinelli)
Phone: (202) 305-0428 (Collins)
Fax: (202) 305-0506
amarveer.brar@usdoj.gov
reuben.schifman@usdoj.gov
matthew.marinelli@usdoj.gov
brian.m.collins@usdoj.gov

ERICA M. ZILIOLI, D.C. Bar 488073
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 514-6390
Fax: (202) 514-8865
Erica.Zilioli@usdoj.gov

OF COUNSEL:

MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December, 2018, I electronically filed the

foregoing document using the CM/ECF system.  Service was accomplished by the CM/ECF

system.

/s/ William S. Scherman
William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE,<br><br>        Plaintiffs,<br><br>  and<br><br>CHEYENNE RIVER SIOUX TRIBE; SARA JUMPING EAGLE ET AL.,<br><br>        Plaintiff-Intervenors,<br><br>    v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>        Defendant-Cross Defendant,<br><br>  and<br><br>DAKOTA ACCESS, LLC,<br><br>        Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796 and 17-cv-267)<br><br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINTS** |

Upon agreement of the parties, Plaintiffs' pending motions for leave to supplement their complaints, D.E. 371, 377, 378, & 379, are hereby granted without prejudice to the ability of Defendant and Defendant-Intervenor to argue later, or the ability of Plaintiffs to refute, that the supplementation of a complaint exceeded the scope of Federal Rule of Civil Procedure 15(d) or the topics in this Court's remand order (D.E. 238 & 239).

**SO ORDERED** this __ day of _____, 2018.

                                     _____
                                     The Honorable James E. Boasberg
                                     United States District Judge