IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE,<br><br>Plaintiffs,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>Plaintiff-Intervenor,<br><br>and<br><br>SARA JUMPING EAGLE, ET AL.,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>Defendant-Cross Defendant,<br><br>and<br><br>DAKOTA ACCESS, LLC,<br><br>Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796 and 17-cv-267) |

## SECOND REVISED PROTECTIVE ORDER

The Parties in the above-captioned consolidated litigation (the "Litigation") are Plaintiffs, the Standing Rock Sioux Tribe, the Yankton Sioux Tribe, Robert Flying Hawk, and the Oglala Sioux Tribe; Intervenor Plaintiff, Cheyenne River Sioux Tribe; Intervenor-Plaintiffs, Sara Jumping Eagle, Ladonna Brave Bull Allard, Virgil Taken Alive, Cheyenne Garcia, William Wild Bill Left Hand, Maxine Brings Him Back-Janis, Kathy Willcuts, Crystal Cole, Russell Vazquez, Thomas E. Barber, Sr., Tateolowan Garcia, Chani Phillips, and Wastewin Young (the Jumping Eagle Intervenors); Defendants, the U.S. Army Corps

of Engineers ("Corps"), the United States Fish and Wildlife Service, Todd Semonite, John Henderson, Anthony Mitchell, and Dan Ashe; and Intervenor Defendant, Dakota Access LLC ("Dakota Access"). The Defendants, the Plaintiffs, and the Intervenors, are each, individually, a "Party." Collectively, they are the "Parties." (All individual Defendants are sued in their official capacities.) On November 10, 2016, the Corps filed in the Litigation a certified index of the Administrative Record (ECF No. 55-2). The Administrative Record contains five (5) documents, portions of which should be treated as confidential (the "Protected Information").[1] Counsel for all Parties currently have access to the Protected Information.

It is hereby ORDERED, pursuant to the Memorandum Opinion of this Court entered on April 7, 2017, and Rule 26(c) of the Federal Rules of Civil Procedure, that this Protective Order shall govern the handling of all Protected Information.

## TERMS AND CONDITIONS

1. This Protective Order shall govern the use of all Protected Information in the Litigation. This Protective Order is binding upon the Parties; their respective corporate, organizational, and governmental parents, subsidiaries and affiliates, including all other Federal agencies; and their respective attorneys, agents, representatives, officers, members and employees.

2. All Protected Information in the Litigation may be used only by parties to the Litigation to: a) evaluate, prosecute or defend a claim in this Litigation; and/or b); prepare comments to the Corps falling within the scope of the court-ordered remand, and for no other purpose.

---

[1] The five (5) documents containing the Protected Information are found at the following pages of the Administrative Record: 12398–418; 12419–39; 12440–61; 74092–110; 74713–29. The Protected Information appears as redactions in the versions of those five documents attached to proposed order filed at ECF No. 234-1.

3. Each Party shall maintain the Protected Information in a manner sufficient to protect such material against unauthorized disclosure.

4. Protected Information may be disclosed by a Party only (a) to attorneys for the Parties, and persons regularly employed in such attorneys' offices, (b) to the Court and any members of its staff assisting the Court in this Litigation; and (c) to other Qualified Persons as defined in paragraph six (6) below.

5. With the exception of attorneys for the Parties, persons regularly employed in such attorneys' offices, and the Court and any members of its staff assisting the Court in this Litigation, any Qualified Persons to whom Protected Information is to be disclosed shall be provided with a copy of this Protective Order, which he or she shall read, or shall otherwise be informed of the status of the Protected Information and the limitations on its use, and such persons shall sign an acknowledgment of their understanding of these limitations in the form attached as Exhibit A. A file of all such acknowledgements shall be maintained by counsel of record of the Party securing the acknowledgement and, upon request, such file shall be made available to any other Party or the Court.

6. "Qualified Persons," as used herein, are limited to: (a) those persons directly employed by, or affiliated with, a Party who need to view the Protected Information in order to make a material contribution to that Party's likelihood of success in this Litigation and/or to that Party's submissions to the Corps falling within the scope of the Court-ordered remand; (b) those experts or consultants hired by a Party who need to view the Protected Information for the same purpose, provided, however, that any documents created by such third-parties that rely on or incorporate the Protected Information in whole or in part shall be maintained as Protected Information by those third-parties and by the Party responsible for the Protected Information's

creation in accordance with the provisions of this Protective Order; and (c) other persons designated as a "Qualified Person" by future written agreement of the Parties or by order of the Court. No person who is the subject of a criminal charge arising out of the Dakota Access Pipeline Project, and no person who has been the subject of such a charge (unless the disposition of that charge was an acquittal), is eligible to be a Qualified Person.

7. Except as agreed in writing by counsel of record, and to the extent that any Protected Information is, in whole or in part, contained in, incorporated in, disclosed in, or attached to any pleading, motion, memorandum, appendix, or other judicial filing, the Parties shall file under seal that portion of the submission containing the Protected Information and that portion filed under seal shall be designated and treated as a "Sealed Document." The remainder of any such pleading, motion, memorandum, appendix, or other judicial filing shall be publicly filed with the Court with appropriate redactions. All Sealed Documents, filed under seal pursuant to this Protective Order, shall be filed in a sealed envelope and shall remain under seal until such time as this Court orders otherwise. Such Sealed Documents shall be identified with the caption of this action, contain a general description of the sealed contents, and bear the following legend (or one substantially similar to it) which also must appear on the sealed envelope:

**CONFIDENTIAL**
**Contents hereof are confidential and are subject to a court-ordered**
**protective order governing the use and dissemination of such contents.**

The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court. Filings containing Protected Information shall be served upon counsel for the Parties by email.

8. In the event that it is known reasonably in advance of oral argument or any other public hearing that Protected Information may be disclosed, counsel shall so advise the Court and counsel for the other Parties. If such information is expected to be referenced or discussed, the Court may consider measures to ensure the preservation of its confidentiality.

9. Except as agreed in writing by counsel of record, and to the extent that any Protected Information is, in whole or in part, contained in, incorporated in, disclosed in, or attached to any communication with the Corps during the proceedings on the Court-ordered remand, such communication shall be submitted to the Corps in a manner that preserves its confidentiality and is clearly and prominently labeled:

**CONFIDENTIAL**
**Contents hereof are confidential and are subject to a court-ordered**
**protective order governing the use and dissemination of such contents.**

10. Nothing contained in this Protective Order shall restrict counsel for any Party from rendering advice to its clients with respect to the Litigation and, in the course thereof, relying upon Protected Information, provided that in rendering such advice, counsel shall not disclose any Protected Information other than in a manner provided for in this Protective Order.

11. Nothing contained in this Protective Order shall preclude any Party from using its own Protected Information in any manner it sees fit, without the prior consent of any Party or the Court.

12. Any Party, other than the Corps and Fish and Wildlife Service, that receives a subpoena or other legal process that may require the disclosure of Protected Information, or is otherwise subject to any other legal obligation to disclose Protected Information, shall promptly notify the other Parties of such request, subpoena, or other obligation. Unless a shorter time is mandated by a court order, and to the extent permitted by law, the Party receiving such a request

shall not produce any Protected Information for at least ten (10) days after notice of the request, subpoena, or other obligation is provided in writing to the other Parties in order to provide the other Parties a reasonable period of time in which to seek to quash, limit, or object to the request, subpoena, or other obligation before the date designated for production. If the Party to which the request, subpoena, or other obligation is directed or compelled by applicable law or a court order to respond to the request, subpoena, or other obligation in less than ten (10) days, that Party shall, to the extent permitted by law, notify the other Parties of this fact. In the event that Protected Information under this Protective Order is produced in response to a request, subpoena, or other obligation, the producing Party shall take reasonable steps to ensure that the protections afforded under this Protective Order shall continue to apply to such Protected Information. Nothing herein shall be construed as requiring the Parties or anyone else covered by this Protective Order to seek a court order to avoid production, to appeal any order requiring production of Protected Information, to subject itself to any penalties for non-compliance with any such request or order, or to seek any relief from the Court.

13. By written agreement of the Parties, or upon motion and order of the Court, the Court may amend, modify, or vacate terms of this Protective Order. This Protective Order shall continue in full force and effect until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

SO ORDERED this 26th day of December, 2018

The Honorable James E. Boasberg
United States District Judge

## EXHIBIT A

DECLARATION OF _____

I reside at _____ in the City of _____, county of _____. My present employer is _____. My present occupation is _____.

I understand that I will have access to and be examining documents that are confidential. I have read and understand the Protective Order covering these documents and pledge to comply with the provisions of that Protective Order. Furthermore, I certify that I am eligible to have access to the Protected Information under Paragraph (6) of the Protective Order.

I will hold all Protected Information and any duplicates, notes, abstracts, or summaries thereof in confidence, will not disclose such information to anyone not specifically entitled to access under the Protective Order, and will use the information solely for purposes of this Litigation, except as provided by the Protective Order. At the conclusion of this Litigation, I will return all originals of all Protected Information and any duplicates, notes, abstracts, or summaries thereof in my possession, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Signed: _____     Date: _____