# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>    Plaintiff,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>    Plaintiff-Intervenor,<br><br>        v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>    Defendant,<br><br>and<br><br>DAKOTA ACCESS, LLC,<br><br>    Defendant-Intervenor and Cross-Claimant. | Civil Action No. 16-1534 (JEB) (and Consolidated Case Nos. 16-267 and 16-1769) |

## MEMORANDUM OPINON AND ORDER

In this long-running battle between American Indian Tribes and the U.S. Army Corps of Engineers over the Dakota Access Pipeline, the parties have engaged in an extensive motions practice, requiring the Court to issue myriad substantive Opinions. Now, as the litigants focus on the Corps' remand efforts, one Tribe – the Oglala Sioux – asks to rewind the clock and amend its Complaint to return to an issue long since decided. As such amendment is both prejudicial to

1

Defendants and futile, inasmuch as the Court has already addressed it, the Motion to Amend will be denied.

**I.      Background**

Although the parties have briefed a congeries of complex issues throughout this litigation, the one relevant to this Motion is the allegation by a number of Tribes that the Corps violated the National Environmental Policy Act in early 2017 when it withdrew its notice of intent (NOI) to prepare an environmental-impact statement (EIS) and issued an easement to Dakota Access to build its pipeline under Lake Oahe on the Missouri River. See Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers, 255 F. Supp. 3d 101, 117-20 (D.D.C. 2017). This was one subject (of many) that the Court addressed in its summary-judgment Opinion, issued in June 2017, in which it held that the Corps' reversal of field on this point was not arbitrary and capricious. Id. at 143. In that Opinion, the Court granted Defendants summary judgment in part, finding that the Government had substantially complied with NEPA, but remanding certain matters unrelated to the NOI for the Corps to reconsider. Id. at 112.

The remand is now complete, and the Court has set a briefing schedule relating to the administrative record on remand and will then proceed to entertain another round of summary-judgment briefing, this time about the remand issues. It permitted all Plaintiffs an opportunity to seek to supplement or amend their Complaints relating to remand. Many have done so, which the Court has permitted, see Minute Order of Jan. 3, 2019, as the supplementation relates solely to the remand process. The Oglala Sioux alone have also sought to augment a claim unrelated to remand. The Tribe asks for permission to add only one sentence of additional allegations. More specifically, it wishes to allege that the Corps' decision to withdraw the NOI and issue the easement was made without reviewing thousands of submissions in response to the NOI. See

2

ECF No. 376 (Motion to Amend) at 3. The Corps and Defendant-Intervenor Dakota Access resist, arguing that this ship has long since sailed.

## II.     Legal Standard

A plaintiff may amend her complaint once as a matter of course within 21 days of serving it or within 21 days of being served a responsive pleading. See Fed. R. Civ. P. 15(a)(1). Otherwise, she must seek consent from the defendant or leave from the court. See Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. In deciding whether to grant leave to file an amended complaint, the court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Furthermore, under Rule 15, "the non-movant generally carries the burden in persuading the court to deny leave to amend." Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004).

It is clear, however, that amendment should not be permitted if it would be futile. In other words, if the proposed amendment would render the complaint deficient, the court need not grant leave. See *In re* Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010) ("[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss."); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

**III.     Analysis**

In contesting Plaintiff's Motion to Amend, Defendants argue that the proposed amendment here is both prejudicial and futile. As to the former, Defendants correctly point out first that this is no simple litigation. The docket's heft bears this out. Three cases have been consolidated involving multiple Tribes, numerous individuals, and many amici. Parties have intervened on both Plaintiffs' and Defendants' side. The Court has issued numerous lengthy Opinions, including expedited ones on preliminary-injunction motions. Through it all, the Court has endeavored to manage the litigation in a way that permits all parties to be heard and that devotes significant time and attention to the claims and defenses raised. The current Motion seeks to derail and substantially delay that train. See Thorp v. Dist. of Columbia, 325 F.R.D. 510, 514 (D.D.C. 2018) ("Such prejudice is particularly pronounced because Plaintiff's Motion arrives at a critical juncture of [the] case . . . [where] the issues in this case . . . [have] been narrowed by the Court's prior Opinion . . . [and] the parties' cross-motions for summary judgment are now ripe.") (internal quotation marks and citations omitted).

Although the principal Plaintiffs – the Standing Rock Sioux Tribe and the Cheyenne River Sioux Tribe – filed their suits in July and August 2016, the Oglala Sioux waited to file their initial Complaint until February 2017. See No. 17-267, ECF No. 1. The Tribe has also now waited almost two years to seek amendment, even though the litigation has been proceeding through different stages. In so doing, it offers no explanation whatsoever for such delay. This delay alone is sufficient grounds to deny the Motion.

Once the Court granted summary judgment to the Corps on most claims while remanding others, moreover, it fully expected that only the remanded claims would remain to be decided. While the Oglala Sioux argue that the Court permitted amendment following remand, this was

simply for Plaintiffs to refine any claims relating to remand, not to return to the starting blocks. To permit one Plaintiff among many to reset the litigation would prejudice at least Dakota Access, which has long had to balance its obligations regarding the operation of the pipeline with the demands of this litigation. To require it and the Government to relitigate issues already decided at an earlier stage would impose substantial expense and concomitant uncertainty.

In addition, the Tribe has already raised the points it seeks to include in an Amended Complaint, thus showing the futility of amendment now. In previously setting forth NEPA claims, the Tribe alleged in its initial Complaint that "[t]he Corps' decision to withdraw the NOI for the EIS before the end of the public comment period and without holding a scoping session violated NEPA." Id., ¶ 88. In its summary-judgment briefing on the NEPA allegations, furthermore, the parties directly contested the propriety of the Corps' issuance of the NOI. The Oglala Sioux, appearing as amicus for Standing Rock's motion for summary judgment, specifically asserted that "[t]he withdrawal of the NOI is arbitrary and capricious because it does not take into account the comments of the [Oglala Sioux] and its expert . . . , or other numerous comments received by the Corps subsequent to the EA." ECF No. 138 (Oglala Sioux Amicus Brief) at 20. Cheyenne River, similarly, contended that the Corps did not consider "more than 200,000 comments filed in response to the EIS Notice." ECF No. 131 (Cheyenne River MSJ) at 5 n.3. This Court nonetheless determined that the withdrawal of the NOI and the issuance of the easement was not arbitrary and capricious. Standing Rock Sioux Tribe, 255 F. Supp. 3d at 143. While its earlier Opinion may not have specifically addressed the comments issue the Tribe seeks to include now, that question was subsumed in the NEPA claim regarding the issuance of the easement. The Tribe's desire to offer slightly different arguments would not change the result.

The Court, accordingly, ORDERS that the Oglala Sioux's Motion to Amend is DENIED.

IT IS SO ORDERED.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: January 10, 2019