IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>                     Plaintiff,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>                          Plaintiff-Intervenor,<br>          v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>                     Defendant-Cross<br>                     Defendant,<br><br>and<br><br>DAKOTA ACCESS, LLC,<br><br>                     Defendant-Intervenor-<br>                     Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796<br>and 17-cv-267)<br><br>**OPPOSITION TO MOTION TO STAY** |

Plaintiffs Standing Rock Sioux Tribe, Cheyenne River Sioux Tribe, Oglala Sioux Tribe,

and Yankton Sioux Tribe ("Tribes") respectfully submit this response to the motion to stay filed

by Defendant U.S. Army Corps of Engineers ("Corps").  The motion should be denied because the

delay is prejudicial to the Tribes and because there is no practical need to issue a stay at this time.

The next pending deadline in this case is the filing of the administrative record, which has been

scheduled for January 31, 2019 since November 15, 2018.   The Corps has not been affected by

the lapse in appropriations and is primarily responsible for preparing the administrative record. Accordingly, the Corps should be directed to file the record by the deadline so that the Tribes can begin their review.

This case has already suffered from significant delay at the hands of the Corps. In June of 2017, this Court found that the Corps' environmental analysis had violated NEPA, and remanded it for further consideration. *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, 255 F. Supp. 3d 101 (D.D.C. 2017). However, it was not until August 31, 2018, over a year later, that the Corps made a decision affirming its prior permit decisions. ECF 362. It did not share its remand analysis with the Tribes until mid-October. It subsequently requested six additional months in which to prepare the administrative record. ECF 373.

The Tribes have filed supplemental complaints challenging the Corps' remand decision. The Tribes eagerly await the submittal of the administrative record so that this case can proceed, and have arranged for counsel, technical experts, and Tribal staff to commence work reviewing the record starting January 31. In the meantime, the Tribes continue to be exposed to the risks of a disaster at Lake Oahe that the Corps never adequately analyzed in the first place. *See Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, 282 F. Supp. 3d 91, 107 (D.D.C. 2017) ("There is no doubt that allowing oil to flow through the pipeline during remand risks the potentially disruptive effect about which the Tribes are most concerned—a spill under Lake Oahe . . .. What is clear is that accidents and spills, however they may occur, have the potential to wreak havoc on nearby communities and ecosystems.").

Now the Corps seeks to delay the schedule even further due to the partial government shutdown. This Court should not grant the request. Under the Anti-Deficiency Act, "[a]n officer or employee of the United States Government or of the District of Columbia government may not

accept voluntary services for either government or employ personal services *exceeding that authorized by law* except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342 (emphasis added).  Citing this language, the D.C. Circuit last week denied a motion to stay a scheduled oral argument on the basis of the government shutdown. *Kornitzky Group, LLC v. Elwell*, 2019 WL 138710, at *1 (D.C. Cir., Jan. 9, 2019).  A majority of the court reasoned that a directive by a federal court directing litigation to continue effectively constitutes the "authorization by law" required by the statute.  The Court also cited the Department of Justice's 2019 "contingency plan," which authorizes DOJ attorneys to continue working on a case if a court so directs.  "If a court denies the request and adheres to its existing schedule, 'the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue' within the meaning of § 1342." *Id*. (Srinivasan, Circuit Judge, and Edwards, Senior Circuit Judge, concurring in the denial of the motion).  Finally, the majority cited extensive precedent directing that civil litigation involving U.S. government agencies proceed despite lapses in appropriations. *Id*. at *2.

*Kornitzky* appears to have precedential effect in this Circuit.  *People for the Ethical Treatment of Animals v. United States Department of Agriculture*, 2019 WL 180582, at *1 (D.C. Cir., Jan. 14, 2019) (Katsas, Circuit Judge, concurring); *Air Transport Association of America, Inc. v. Federal Aviation Administration*, 2019 WL 190254, at *1 (D.C. Cir., Jan. 15, 2019) (denying motion to stay briefing schedule); *see also United States v. CVS Health Corp*, Civ. No. 18-2340-RJL (Jan. 11, 2019) (denying motion to stay because "the Governments internal, political squabble over funding" is not a basis for delay).

This case presents a particularly easy application of this standard, because as a practical matter there is no need for a stay at this time.  The key pending deadline is the filing of the

administrative record on January 31.  *See* Dec. 12, 2018 Minute Order.  As the Corps concedes in its filing, the Corps itself is fully funded and not implicated by the shutdown, and the duty of compiling the administrative record falls primarily on the Corps.  The only obligation of the Department of Justice attorneys is to review the Corps' record and file it with the Court.  This is a modest burden at most.  *See, e.g., Waterkeeper Alliance v. Wheeler*, Civ. No. 18-2230-JDB (Jan. 14, 2019) (denying motion to stay due to shutdown) ("defendants need not expend substantial government resources to confer with plaintiffs on a briefing schedule and to compile an index").  Additionally, the Corps is represented by its own counsel, Melanie Casner, who appears on all pleadings and has participated in many if not all of the hearings before this Court, and hence presumably can assist in finalizing and filing the record.

Alternatively, the Court can direct the Corps to provide the Plaintiffs with a preliminary administrative record subject to the existing protective order and without prejudice to the Corps to later invoke any privilege once Department of Justice funding has been restored.  This would allow the Plaintiffs to commence their review of the record and begin preparing summary judgment briefs on a schedule to be determined, as provided for under the existing schedule.

Accordingly, the Tribes respectfully request that the Court either:  a) deny the motion for stay in full, and direct the Corps to comply with the existing schedule; or, alternatively, b) deny the motion in part, and direct the Corps to provide the Tribes with a preliminary administrative record subject to the existing protective order and without prejudice to the Corps to later invoke any privilege.

Dated:  January 17, 2019                     Respectfully submitted,


/s/ Jan E. Hasselman
Jan E. Hasselman, WSBA # 29107
(*Admitted Pro Hac Vice*)
Stephanie Tsosie, WSBA # 49840
(*Admitted Pro Hac Vice*)
Patti A. Goldman, DCBA # 398565
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
Telephone: (206) 343-7340
jhasselman@earthjustice.org
stsosie@earthjustice.org
pgoldman@earthjustice.org
*Counsel for Standing Rock Sioux Tribe*

/s/ Nicole E. Ducheneaux
Nicole E. Ducheneaux
Joseph V. Messineo
Fredericks Peebles & Morgan LLP
3610 North 163rd Plaza
Omaha, NE 68116
Telephone: (402) 333-4053
Facsimile: (402) 333-4761
nducheneaux@ndnlaw.com
jmessineo@ndnlaw.com
*Counsel for Cheyenne River Sioux
Tribe and Steve Vance*

/s/ Michael L. Roy
Michael L. Roy (DC Bar No. 411841)
mroy@hobbsstraus.com
Jennifer P. Hughes (DC Bar No. 458321)
jhughes@hobbsstraus.com
Elliott A. Milhollin (DC Bar No. 474322)
emilhollin@hobbsstraus.com
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW, Suite 700
Washington, DC 20037
Telephone: (202) 822-8282
Facsimile: (202) 296-8834
*Counsel for Oglala Sioux Tribe*

/s/ Jennifer S. Baker
Jennifer S. Baker, *Pro Hac Vice*
Jeffrey S. Rasmussen, WA #21121
Fredericks Peebles & Morgan LLP
1900 Plaza Drive
Louisville, CO 80027
Telephone: (303) 673-9600
Facsimile (303) 673-9155
jbaker@ndnlaw.com
*Counsel for Yankton Sioux Tribe and
Robert Flying  Hawk*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2019, I electronically filed the foregoing *Opposition to Motion to Stay* with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.


*/s/ Nicole Ducheneaux*