IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, | Case No. 1:16-cv-1534-JEB |
| Plaintiff, | (and Consolidated Case Nos. 16-cv-1796 and 17-cv-267) |
| and | |
| CHEYENNE RIVER SIOUX TRIBE, | |
| Plaintiff-Intervenor, | NOTICE |
| v. | |
| U.S. ARMY CORPS OF ENGINEERS, | |
| Defendant-Cross Defendant, | |
| and | |
| DAKOTA ACCESS, LLC, | |
| Defendant-Intervenor-Cross Claimant. | |

As required by Court Order, ECF 417 (May 8, 2019), Plaintiffs and plaintiff-intervenors

Standing Rock Sioux Tribe, Cheyenne River Sioux Tribe, Oglala Sioux Tribe, and Yankton

Sioux Tribe (collectively, "Tribes") respectfully submit this Notice containing a list of sources

substantively cited in the Remand Analysis for a factual proposition.

The list is as follows:

| Document | Pages Cited in Remand Analysis[1] |
|---|---|
| Charbendeau et al., 2000 | RAR000011 |
| Charbeneau, 2003 | RAR000011 |
| Freeze and Cherry 1979 | RAR000011 |
| Kerr et al., 1999 | RAR000011 |
| Muller, 1987 | RAR000011 |
| USEPA, 2016 | RAR000011 |
| Stantec, 2015 | RAR000012 |
| Marathon Oil 2010 | RAR000012 |
| French McCay et al., 2011 | RAR000025 |
| French McCay et al., 2012 | RAR000025 |
| French McCay, 2016 | RAR000025 |
| French et al., 1996 | RAR000025 |
| French McCay, 2009 | RAR000025 |
| Trudel et al. 1989 | RAR000025 |
| French McCay 2004 | RAR000025 |
| French McCay 2002 | RAR000025 |
| DGTC, 2014 | RAR000093 n.25 RAR8851 |

Counsel for the Tribes have conferred with counsel for Defendant United States Army

Corps of Engineers ("Corps") regarding sources substantively cited in the Remand Analysis for a

---

[1] The Remand Analysis was filed with the Court under seal as Exhibit A-1 to the Joint Appendix of Remand Analysis Record (ECF 406).

factual proposition. As a result, the Corps has agreed to add some documents to the administrative record. Further, the Tribes were satisfied that the Corps had valid reasons for not providing other documents.

The list above therefore includes only those documents cited for factual propositions in the Remand Analysis that the Corps has advised the Tribes that it will not provide. The Corps' position regarding these documents is that they need not be provided as part of the administrative record of the remand because these documents were cited in the Spill Model Report ("SMR") or the environmental assessment ("EA"), and the Court ruled that documents cited in either the EA or the SMR need not be provided as part of that record. The Corps intends to object to the production of the listed documents as required by Court Order, ECF 417, for this reason.[2]

The Tribes disagree with the Corps' position. In its Memorandum Opinion, ECF 418, the Court held that the administrative record should include documents cited by the Corps in the Remand Analysis to support a factual proposition, ECF 418 at 6-7, but that documents cited in the EA or the SMR need not be included in the record. *Id*. at 8-9.  The Court's reasoning on these issues makes clear that the fact that a document was cited in either the EA or the SMR does not immunize it from inclusion in the record if in fact is was cited in the Remand Analysis for a factual proposition.

Regarding documents cited in the EA, the Court ruled that the Tribes' requests for such documents "are moot given that the Court has already passed on the lawfulness of the agency decision supported by that record." ECF 418 at 9. Further, "Plaintiffs have not made any

---

[2] The Court Order provides that the Corps' objections are to be filed within 14 days of this Notice, or by June 5, 2019. The Order does not provide for any response by Plaintiffs. Should Plaintiffs wish to file a response, we will do so within two days of the Corps' filing.

showing that any of these documents were actually before agency decisionmakers in the remand process." *Id.*

This is of course not so with the documents in the list above which, although cited in the EA, were also cited in the Remand Analysis for factual propositions. The Court's opinion makes clear that these documents are part of the record because they were before the decisionmakers. Regarding documents cited in the Remand Analysis, the Court stated:

> It is clear, at least, that Plaintiffs are entitled to more than what the Corps has now agreed to include in the record. For example, the Tribes specifically request an O'Reilly study cited by the Remand Analysis, contending its use is sufficient indication that agency decisionmakers considered it. See Pl. Mot. at 8-9. The Corps has agreed that that study is properly included in the record. See Def. Opp. at 17. Yet, as Plaintiffs point out, see Pl. Reply at 4-5, the Remand Analysis cites several additional studies on the same page for similar propositions. The Corps has not agreed to include those, nor explained how, in its view, the O'Reilly study is distinguishable from the others. There seem also to be additional sources in the Remand Analysis that, like those studies, are cited to support a factual proposition. And while the Corps is correct that a mere reference to a document is not sufficient to meet a movant's burden to show that the agency actually considered it, see Franks v. Salazar, 751 F. Supp. 2d 62, 70 (D.D.C. 2010), citation of a source to support a factual proposition is generally enough to manifest actual consideration by the agency and support inclusion in the record. See Oceana, Inc. v. Ross, 290 F. Supp. 3d 73, 79-80 (D.D.C. 2018) (reasoning that "documents . . . that were cited substantively, *i.e.* to justify a factual statement or assertion made in the [decisional document] . . . [were] clearly considered" while "mere mention of a document's existence" does not show agency consideration).

ECF 418 at 6-7 (emphasis added). Notwithstanding the clear language from the Court's opinion, the Corps continues to decline to provide "several additional studies [cited] on the same page [as the O'Reilly study] for similar propositions." The Court's language made clear that the Corps errs in doing so.

Similarly, the Court's ruling on the Plaintiffs' request for documents cited in the SMR does not support, and in fact dispels, the Corps' reliance on the same for withholding documents cited for factual propositions in the Remand Analysis. The Court stated:

> Plaintiffs' request to include all documents cited <u>within</u> the DRR and SMR, however, falls short because they have offered no reasonable, non-speculative basis to believe that the agency considered those citations. The DRR and SMR were prepared by a third party, and although the Corps relied on them, there is no suggestion the agency also actually relied on the sources those reports cite.

ECF 418 at 7 (emphasis in original). The Court's decision made clear that it applied to documents cited within the SMR, a document that was prepared by a third party, and did not limit in any way its decision on documents cited for factual propositions in the Remand Analysis, which was prepared by the Corps.

## CONCLUSION

The Court should order the Corps to complete the administrative record by adding to it the documents cited on the above list.

Respectfully submitted this 22nd day of May, 2019.

<u>/s/ Michael L. Roy</u>
Michael L. Roy (DC Bar No. 411841)
mroy@hobbsstraus.com
Jennifer P. Hughes (DC Bar No. 458321)
jhughes@hobbsstraus.com
Elliott A. Milhollin (DC Bar No. 474322)
emilhollin@hobbsstraus.com
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW, Suite 700
Washington, DC 20037
Telephone: (202) 822-8282
Facsimile: (202) 296-8834
*Counsel for Oglala Sioux Tribe*

/s/ Jan E. Hasselman
Jan E. Hasselman, WSBA # 29107
(*Admitted Pro Hac Vice*)
Stephanie Tsosie, WSBA # 49840
(*Admitted Pro Hac Vice*)
Patti A. Goldman, DCBA # 398565
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
Telephone: (206) 343-7340
jhasselman@earthjustice.org
stsosie@earthjustice.org
pgoldman@earthjustice.org
*Counsel for Standing Rock Sioux Tribe*


 /s/ Nicole E. Ducheneaux
Big Fire Law & Policy Group LLP
1404 South Fort Crook Road
Bellevue, NE 68005
Telephone: (531) 466-8725
Facsimile: (531) 466-8792
Email: nducheneaux@bigfirelaw.com


/s/ Joseph V. Messineo
Big Fire Law & Policy Group LLP
1404 South Fort Crook Road
Bellevue, NE 68005
Telephone: (531) 466-8725
Facsimile: (531) 466-8792
Email: jmessineo@bigfirelaw.com


/s/ Tracey A. Zephier
Tracey A. Zephier, *pro hac vice*
Cheyenne River Sioux Tribe
Office of the Attorney General
P.O. Box 590
Eagle Butte, SD 57625
Telephone: (605) 964-6686
Facsimile (605) 964-1160
Email:
crstag@protonmail.com
*Counsel for Cheyenne River*
*Sioux Tribe*

/s/ Jennifer S. Baker
Jennifer S. Baker, NM # 28101
(*Admitted Pro Hac Vice*)
Jeffrey S. Rasmussen, WA
#21121(*Admitted Pro Hac Vice*)
Fredericks Peebles & Patterson LLP
1900 Plaza Drive
Louisville, CO 80027
Telephone: (303) 673-9600
Facsimile (303) 673-9155
jbaker@ndnlaw.com
*Counsel for Yankton Sioux Tribe and*
*Robert Flying Hawk*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2019, I electronically filed the foregoing Notice with the

Clerk of the Court using the CM/ECF system, which will send notification of this filing to the

attorneys of record and all registered participants.


*/s/ Michael L. Roy*
Michael L. Roy