IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STANDING ROCK SIOUX TRIBE, | ) | |
| Plaintiff, | ) ) ) | |
| and | ) ) | |
| CHEYENNE RIVER SIOUX TRIBE, | ) ) | |
| Plaintiff-Intervenor, | ) ) ) | |
| v. | ) ) | Case No. 1:16-cv-01534 (JEB) (consolidated with Cases No. 1:16-cv-01796 & 1:17-cv-00267) |
| UNITED STATES ARMY CORPS OF ENGINEERS, | ) ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| DAKOTA ACCESS, LLC, | ) ) | |
| Defendant-Intervenor. | ) ) | |

**RESPONSE TO PLAINTIFFS' NOTICE OF ADDITIONAL DOCUMENTS**

As required by the Court's Order of May 8, 2019, Plaintiffs filed a Notice to the Court requesting the inclusion of seventeen documents in the Corps' administrative record for the remand. ECF No. 424 at 2. These documents generally fall into three categories: (1) documents cited in a passage of the EA that was block quoted in the Remand Analysis (RAR000011-12) (the "EA Documents"); (2) documents imbedded in a table copied and pasted into the Remand Analysis from a Spill Model Report (RAR00025) that was prepared by a third party (the "Spill Model Report Documents"), and (3) another document, DGTC, 2014 that appears in a footnote. (RAR000093 n.25). As explained in more detail below, the Corps reads the Court's May 8, 2019 Opinion and

1

Order to require the inclusion of the EA documents in the remand administrative record. With regard to the Spill Model Report Documents, the Corps objects to their inclusion because the Court's May 8, 2019 Opinion found that citations imbedded within third-party documents are not properly part of the administrative record. Finally, the Corps does not object to the inclusion of the document referenced as DTGC, 2014 because it supports a factual statement in the Remand Analysis.

## I.     Plaintiffs' request for the EA Documents

Plaintiffs request that eight documents from a quoted passage taken from the July 2016 EA (RAR000011-12 of the Remand Analysis) should be included in the remand record. *See* ECF No. 424 at 2. The Corps understands the Court's May 8, 2019 Opinion to require adding documents substantively cited for a factual proposition to the record. ECF No. 418 at 7. The Corps does not concede that these references support factual propositions in the Remand Analysis (as opposed to the July 2016 EA). However, in the interest of narrowing the dispute between the parties without further litigation, the Corps agrees to add seven of the eight referenced documents to the administrative record.

The Corps objects to including the eighth requested citation, "USEPA, 2016" in the record. USEPA, 2016 refers to a database from which the Corps retrieved a single piece of data (the lowest acute toxicity threshold for aquatic organisms for benzene) as part of the Corps' completion of the July 2016 EA.[1] USACE_DAPL0071270. This database, ECOTOX, is a publically available "knowledgebase" that provides toxicity data on aquatic life, terrestrial plants, and wildlife. *See* ECOTOX Knowledgebase, http:/www.epa.gov/ecotox (last visited June 5, 2019). "USEPA, 2016" therefore, refers to one data point extracted from the ECOTOX

---

[1] The full cite for USEPA, 2016 is "U.S. Environmental Protection Agency. 2016. ECOTOX User Guide: ECOTOXicology Database System. Version 4.0. Available: http:/www.epa.gov/ecotox/." USACE_DAPL0071360.

2

database. That single data piece (*i.e.,* everything that Corps considered from the ECOTOX knowledgebase for the purpose of the July 2016 EA) appears in the block quote from the EA. Thus, Plaintiffs have all the information before the Corps from this database.

For the sake of clarity, the seven requested documents that will be added to the remand administrative record are set forth below: [2]

- Charbeneau et al. 2000

- Charbeneau, 2003

- Freeze and Cherry, 1979

- Kerr et al., 1999

- Muller, 1987[3]

- Stantec, 2015[4]

- Marathon Oil, 2010

### II.     Spill Model Report Documents

The second category of requested documents are imbedded citations from the Spill Model Report. ECF No. 424 at 2. These documents (French McCay et al., 2011-French McCay, 2002) are citations from a table that was copied and pasted directly from the Spill Model Report into the Remand Analysis. *See* RAR000025. The Court has already directly ruled on this issue and held that

---

[2] For clarity, the Corps originally agreed to add the O'Reilly study (which appears in the same block quote) because the Corps considered the O'Reilly study to respond to a comment on remand. Specifically, O'Reilly appears in a section titled "Review of Expert Reports and Comments and the Highly Controversial Intensity Factor" to explain a factual proposition regarding benzene in the Corps' response to an EarthFax comment. RAR000113.

[3] The Corps is continuing to search for Kerr et al., 1999 and Muller, 1987.

[4] This document is already included in the administrative record filed for the easement decision. USACE_ESMT003373. The Corps will add a duplicate to the remand administrative record.

documents cited by the Spill Model Report, a third-party document, are not properly part of the record. ECF No. 418 at 7-8. Therefore, the Corps respectfully requests that the Court deny Plaintiffs' request for the Spill Model Report documents again. Plaintiffs provide no indication that the Corps actually relied on these secondary citations. Instead, these documents appear as imbedded citations within a chart pulled from the Spill Model Report and included in the Remand Analysis to summarize previous findings by a third party.

### III. Plaintiffs' request for document DGTC, 2014

Finally, the Corps will add the document cited as "DGTC, 2014." *See* ECF No. 424 at 2. Upon further review, the Corps determined that DGTC, 2014 is properly part of the remand record. Unlike the eight documents cited as imbedded references to a table from the Spill Model Report, DGTC, 2014 does support a factual statement regarding what percent of fresh Bakken crude oil is comprised of benzene, by mass. *See* RAR000093 n.25. In addition, unlike the aforementioned Spill Model Report citations, DGTC, 2014 is not an imbedded reference.[5]

## ARGUMENT

**1. The Court has determined that the Spill Model Report Documents are not properly part of the remand administrative record**

The requested documents cited in Table 2.2 on page RAR000025 of the Remand Analysis are not properly part of the record because these citations come from the Spill Model Report. This Court denied Plaintiffs' request for sources cited in the Spill Model Report once before, and Plaintiffs' second request should be similarly denied.

---

[5] The Corps acknowledges that footnote 25 of the Remand Analysis is substantially similar to the last paragraph on page RAR008851 of the Spill Model Report. Because footnote 25 is not exactly the same as that paragraph, and because footnote 25 does not cite directly to the Spill Model Report, the Corps concludes that the footnote is unlike Spill Model Report Table 2.2 referenced elsewhere in this brief.

This Court has previously refused to stretch the chain of indirect consideration for documents cited in the Spill Model Report. ECF No. 418 at 7-8. The Spill Model Report is a document prepared by a third party. In its May 8, 2019 Opinion, the Court definitively stated that although the Spill Model Report should be in the Remand record (as it is), there is no authority to suggest that all sources cited within the Spill Model Report should also be included in the remand record. *Id.* This is because a third party, rather than the Corps, prepared the Report. *Id.*; *see also* Def.'s Resp. to Pls.' Mot. to Complete the Administrative R., ECF No. 402 at 12.

Distilling down how these documents appear in the Remand Analysis makes clear that the documents are not properly part of the record. Table 2.2 is copied directly from the Spill Model Report. *Compare* RAR008783 (Spill Model Report) with RAR000025 (Remand Analysis). Table 2.2 appears in a summary section of the Remand Analysis. The section describes the results from the Spill Model Report. RAR000023-33. As the paragraph preceding the table explains, Table 2.2 is included for reference, to explain what the Spill Model Report used as oil level thresholds in certain scenarios. RAR000024-25. Table 2.2 contains its own "References" column. And the second category of documents (French McCay et al., 2011 – French McCay, 2002) all appear in that column. RAR000025. Thus, Plaintiffs' request for these eight documents boils down to a second request for documents cited in the Spill Model Report. Plaintiffs provide no evidence that these documents are included to support an original factual proposition with the Remand Analysis. And Plaintiffs point to no evidence suggesting the Corps actually directly or indirectly relied on these internal citations. Instead, the documents appear as imbedded references to a summary item within the Remand Analysis. As in their original motion, Plaintiffs again provide no reasonable, non-speculative basis to believe the agency considered the citations within the Spill Model Report, a document prepared by a third party. As a result, their request for these documents should be denied.

**CONCLUSION**

For the foregoing reasons, the Corps respectfully requests that this Court deny Plaintiffs' request to include the USEPA 2016 reference and the Spill Model Report Documents in the administrative record. The Court has already determined that the Spill Model Report Documents are not part of the record, and Plaintiffs have all information before the Corps from the USEPA database referenced in the USEPA 2016 citation. As previously noted, the Corps has agreed to add the remaining EA Documents and the DGTC 2014 documents to the remand administrative record. In addition, pursuant to the Court's January 31, 2019 Minute Order, the Corps will work with the parties to file a joint proposed briefing schedule for summary judgment (including a schedule for finalizing and lodging the administrative record) within seven days of the Court's ruling on the remand administrative record.

Dated: June 5, 2019

Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division

By: /s/ *Amarveer Brar*
AMARVEER S. BRAR, CA Bar 309615
REUBEN SCHIFMAN, NY BAR
BRIAN COLLINS, TX Bar 24038827
U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Benjamin Franklin Station
Washington, DC 20044
Phone: (202) 305-0479 (Brar)
Phone: (202) 305-4224 (Schifman)
Phone: (202) 305-0428 (Collins)
Fax: (202) 305-0506
amarveer.brar@usdoj.gov
reuben.schifman@usdoj.gov
brian.m.collins@usdoj.gov

*Attorneys for the United States Army Corps of Engineers*

OF COUNSEL:

MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

                                    */s/ Amarveer Brar*
                                    Amarveer Brar