IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>                Plaintiff,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>                Plaintiff-Intervenor,<br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>                Defendant-Cross Defendant,<br><br>and<br><br>DAKOTA ACCESS, LLC,<br><br>                Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796 and 17-cv-267) |

**RESPONSE OF TRIBAL PLAINTIFFS TO DEFENDANT UNITED STATES ARMY CORPS OF ENGINEERS' RESPONSE TO PLAINTIFFS' NOTICE OF ADDITIONAL DOCUMENTS**

        As permitted by minute order entered June 6, 2019, Plaintiffs and plaintiff-intervenors Standing Rock Sioux Tribe, Cheyenne River Sioux Tribe, Oglala Sioux Tribe, and Yankton Sioux Tribe (collectively, "Tribes") respectfully submit this memorandum addressing the response of Defendant United States Army Corps of Engineers ("Corps") (ECF 426) to the Tribes' Notice ("Notice," ECF 424).

The Corps has agreed to add to the administrative record two categories of documents sought by the Tribes in the Notice—the documents referred to by the Corps as the "EA documents," and DGTC, 2014—and the Tribes will not address those documents in this memorandum.[1] There remains a dispute as to the third category—documents cited in Table 2-2 of the Remand Analysis, ECF 407, at RAR00012.

As the Tribes have argued previously, the documents cited in this chart should be included in the record because they are cited for factual propositions in the Remand Analysis, and therefore are squarely within the Court's Memorandum Opinion providing that documents cited in the Remand Analysis for factual propositions. ECF 418 at 7 ("[C]itation of a source to support a factual proposition is generally enough to manifest actual consideration by the agency and support inclusion in the record."), citing *Oceana, Inc. v. Ross*, 290 F.Supp.3d 73, 79-80 (D.D.C. 2018) (reasoning that "documents… that were cited substantively, *i.e.* to justify a factual statement or assertion made in the [decisional document]…[were] clearly considered….").

The Corps does not maintain that the documents were not cited for factual propositions, and a review of Table 2-2 indicates that the documents were in fact cited to support factual propositions. Rather, the Corps maintains that because Table 2-2 in the Remand Analysis "is copied directly from the Spill Model Report [SMR]," ECF No. 426 at 5, the documents cited therein need not be included in the record, under the portion of the Court's Memorandum Opinion ruling that documents cited in the SMR are not properly included in the record because that report—unlike the Remand Analysis—was prepared by a third party and not the Corps. The Corps' argument is dispelled by the Court's Memorandum Opinion, which stated that the

---

[1] Regarding one document included in the EA documents, USEPA, 2016, the Tribes are satisfied with the Corps' newly stated reason for not including that document in the record.

O'Reilly study and other documents cited for similar propositions on the same page of the Remand Analysis were part of the record. ECF 418 at 6-7.[2] Just as Table 2-2 is "copied directly" from the SMR, the O'Reilly study and the other documents cited on the same page of the Remand Analysis were cited in language that was block quoted, *i.e.*, "copied directly," from the Environmental Assessment ("EA"). ECF 407, at RAR000011. Yet, the fact that those documents were cited in a block quote from the EA, did not immunize them from inclusion in the record, even though the Court ruled that documents cited in the EA were not for that reason made a part of the record of the remand decision. ECF 418 at 8-10. So too with the documents cited in Table 2-2. In short, although documents cited in the SMR are not a part of the record by reason of citation in the SMR, when those documents are then cited in the Remand Analysis for a factual proposition, they are therefore before the agency and properly part of the record.

## CONCLUSION

For the reasons stated above, and in the Tribes' Notice (ECF 424), the Court should order the Corps to complete the administrative record by adding to it the documents cited in the Notice (except as to DTCG, 2014).

Respectfully submitted this 7th day of June, 2019.

---

[2] The Corps has agreed to include the other studies cited on page RAR000011 of the Remand Analysis in the administrative record. ECF 426 at 2-3.

*/s/ Michael L. Roy*
Michael L. Roy (DC Bar No. 411841)
mroy@hobbsstraus.com
Jennifer P. Hughes (DC Bar No. 458321)
jhughes@hobbsstraus.com
Elliott A. Milhollin (DC Bar No. 474322)
emilhollin@hobbsstraus.com
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW, Suite 700
Washington, DC 20037
Telephone: (202) 822-8282
Facsimile: (202) 296-8834
*Counsel for Oglala Sioux Tribe*


| */s/ Jan E. Hasselman* | */s/ Jennifer S. Baker* |
|---|---|
| Jan E. Hasselman, WSBA # 29107 | Jennifer S. Baker, NM # 28101 |
| (*Admitted Pro Hac Vice*) | (*Admitted Pro Hac Vice*) |
| Stephanie Tsosie, WSBA # 49840 | Jeffrey S. Rasmussen, WA |
| (*Admitted Pro Hac Vice*) | #21121(*Admitted Pro Hac Vice*) |
| Patti A. Goldman, DCBA # 398565 | Fredericks Peebles & Patterson LLP |
| Earthjustice | 1900 Plaza Drive |
| 705 Second Avenue, Suite 203 | Louisville, CO 80027 |
| Seattle, WA 98104 | Telephone: (303) 673-9600 |
| Telephone: (206) 343-7340 | Facsimile (303) 673-9155 |
| jhasselman@earthjustice.org | jbaker@ndnlaw.com |
| stsosie@earthjustice.org | *Counsel for Yankton Sioux Tribe and* |
| pgoldman@earthjustice.org | *Robert Flying Hawk* |
| *Counsel for Standing Rock Sioux Tribe* | |

Response to Defendant U.S. Army Corps' Response ECF 426
(No. 1:16-cv-1534-JEB) - 4

/s/ Nicole E. Ducheneaux
Big Fire Law & Policy Group LLP
1404 South Fort Crook Road
Bellevue, NE 68005
Telephone: (531) 466-8725
Facsimile: (531) 466-8792
Email: nducheneaux@bigfirelaw.com

/s/ Joseph V. Messineo
Big Fire Law & Policy Group LLP
1404 South Fort Crook Road
Bellevue, NE 68005
Telephone: (531) 466-8725
Facsimile: (531) 466-8792
Email: jmessineo@bigfirelaw.com

/s/ Tracey A. Zephier
Tracey A. Zephier, *pro hac vice*
Cheyenne River Sioux Tribe
Office of the Attorney General
P.O. Box 590
Eagle Butte, SD 57625
Telephone: (605) 964-6686
Facsimile (605) 964-1160
Email:
crstag@protonmail.com
*Counsel for Cheyenne River*
*Sioux Tribe*

**CERTIFICATE OF SERVICE**

     I hereby certify that on Jun 7, 2019, I electronically filed the foregoing Notice with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

                                      */s/ Michael L. Roy*
                                      Michael L. Roy