IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE,<br><br>   Plaintiffs,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE; SARA JUMPING EAGLE ET AL.,<br><br>   Plaintiff-Intervenors,<br><br>  v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>   Defendant-Cross Defendant,<br><br>and<br><br>DAKOTA ACCESS, LLC,<br><br>   Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796 and 17-cv-267) |

**DAKOTA ACCESS, LLC'S OPPOSITION TO
MOTION FOR LEAVE TO FILE AMICUS BRIEF**

  Dakota Access, LLC opposes the motion by proposed amici to file a brief in support of Tribal Motions for Summary Judgment. *See* D.E. 439. Throughout this litigation, the Court has freely granted leave for amicus curiae participation. And Dakota Access has had no quarrel with the Court's willingness to hear the views of interested non-parties through such a vehicle. Granting this latest motion, however, could be misinterpreted as judicial endorsement of amici's view that the remand here was of a much broader scope and nature than the one the Court ordered.

The proposed amici say that their brief "offer[s] the Court additional insight into the federal government's tribal consultation responsibilities." D.E. 439 at 5. This is hardly a new issue in the case, though. The parties have already extensively briefed, under multiple sources of authority, the question of whether the Corps adequately consulted with the Tribes before it took the final agency actions relevant here. This Court carefully considered the Corps' legal obligations to consult when ruling on those arguments. *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, 205 F. Supp. 3d 4, 32-33 (D.D.C. 2016); *id.*, 255 F. Supp. 3d 101, 155-60 (D.D.C. 2017).

The issue now before the Court is the Corps' compliance with the remand order. Importantly, the remand was limited in scope to "three discrete flaws." *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 282 F. Supp. 3d 91, 96 (D.D.C. 2017). The Court also made clear that the Corps could comply with the remand order by considering materials already in its possession. *Id.* at 98 (noting that Corps "may well" have "reasonably concluded" that "expert reports were flawed or unreliable," just as Dakota Access did, but the Corps "never said as much"); 100 (as to hunting a fishing impacts, "[o]n remand, the Corps must simply connect the dots" and it "already has the data it needs to determine the impact of a spill on fish and game"); 101 (as to environmental justice, the Corps need only "provide a more robust analysis"). As Dakota Access will explain in its upcoming Opposition to Summary Judgment, the usual duties to consult do not apply in these circumstances (a limited remand for the Corps to state its position on three discrete topics) for a project at this advanced stage.

The proposed amicus brief fails to explain to the Court whether, or to what extent, the general consultation requirements it describes might apply in this unique context of a limited remand for an agency to supply further explanation. Instead, the brief largely rehashes points

that the four Tribes make in their current Motions for Summary Judgment about the level of consultation that is required at the early stages of any project, well *before* the agency has granted requested permissions.  Because the Court has already answered that question, another brief explicating general consultation requirements is unnecessary.

    If the Court nonetheless elects to err on the side of greater inclusion by granting the proposed amici's motion, it should do so with the understanding that amici's brief may not turn out to be of help on the questions this Court faces in the pending Summary Judgment Motions.

Dated:  August 26, 2019

Respectfully submitted,

 /s/ William S. Scherman
William S. Scherman
David Debold
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of August, 2019, I electronically filed the foregoing document using the CM/ECF system.  Service was accomplished by the CM/ECF system.

/s/ William S. Scherman
William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*