**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE,<br><br>Plaintiffs,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>Plaintiff-Intervenor,<br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>Defendant-Cross Defendant,<br><br>and<br><br>DAKOTA ACCESS, LLC,<br><br>Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796 and 17-cv-267)<br><br>**U.S. ARMY CORPS OF ENGINEERS' CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST CHEYENNE RIVER SIOUX TRIBE** |

Pursuant to Federal Rule of Civil Procedure 56(a), the Court should grant the U.S. Army Corps of Engineers summary judgment as to all outstanding claims asserted by the Cheyenne River Sioux Tribe ("Cheyenne River") in this case.

First, for the reasons stated in the accompanying memorandum of points and authorities, the Corps is entitled to judgment as to all claims addressed in the August 2019 motion for summary judgment filed by Cheyenne River. *See* ECF No. 436. This includes judgment as to the three issues from the original round of summary judgment briefing for which the Court granted remand. *See Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 255 F. Supp. 3d 101, 112 (D.D.C. 2017) ("Although the Corps substantially complied with NEPA in many areas,

the Court agrees that it did not adequately consider the impacts of an oil spill on fishing rights, hunting rights, or environmental justice, or the degree to which the pipeline's effects are likely to be highly controversial.").

Second, pursuant to this Court's December 12, 2018 order, the Corps is entitled to summary judgment as to any of Cheyenne River's outstanding claims that are *not* addressed in the tribe's August 2019 motion for summary judgment and were not previously resolved by the Court's June 14, 2017 decision on the first round of summary judgment motions filed in this case. In an effort to streamline resolution of the numerous claims remaining in these consolidated cases, this Court ordered Plaintiffs to identify any outstanding claims—not related to the Corps' remand decision or the National Historic Preservation Act ("NHPA")—that Plaintiffs intended to pursue. *See* Text Order (Dec. 12, 2018) ("If any Plaintiff seeks to pursue any other claim (beyond NHPA) not related to the remand, it must identify such claim in a filing by December 19, 2018, or such clam [sic] will be dismissed . . . ."). The Court also set a summary judgment briefing schedule, which was later extended. *Id*.; Text Order (June 19, 2019).

Cheyenne River did not identify any claims in response to the Court's December 12, 2018 Order. And its motion for summary judgment filed in August 2019 solely addresses claims relating to the remand decision and NHPA (in addition to seeking joinder in Standing Rock's motion). *See* ECF No. 436-1 at 17-22. Thus, the Corps is entitled to judgment as to all of Cheyenne River's claims that were not previously resolved in the Court's June 14, 2017 decision and that are not discussed in the tribe's August 2019 summary judgment filings.

In conclusion, the Court should grant the Corps summary judgment in this case.

Dated: October 9, 2019

Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division

By: <u>/s/ *Matthew Marinelli*</u>
REUBEN SCHIFMAN, NY BAR
MATTHEW MARINELLI, IL Bar 6277967
U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Benjamin Franklin Station
Washington, DC 20044
Phone: (202) 305-4224 (Schifman)
Phone: (202) 305-0293 (Marinelli)
Fax: (202) 305-0506
reuben.schifman@usdoj.gov
matthew.marinelli@usdoj.gov

ERICA M. ZILIOLI, D.C. Bar 488073
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 514-6390
Fax: (202) 514-8865
Erica.Zilioli@usdoj.gov

*Attorneys for the United States Army Corps of Engineers*

OF COUNSEL:

MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*/s/ Erica Zilioli*
Erica Zilioli