# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE, <br><br> Plaintiffs, <br><br> and <br><br> CHEYENNE RIVER SIOUX TRIBE; SARA JUMPING EAGLE ET AL., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> U.S. ARMY CORPS OF ENGINEERS, <br><br> Defendant-Cross Defendant, <br><br> and <br><br> DAKOTA ACCESS, LLC, <br><br> Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB <br> (and Consolidated Case Nos. 16-cv-1796 and 17-cv-267) |

## DAKOTA ACCESS, LLC'S OPPOSITION TO
## PLAINTIFFS' MOTION TO CONDUCT HEARING TELEPHONICALLY

Dakota Access, LLC does not object to an order that permits representatives of Plaintiffs, including their counsel, to attend the March 18, 2020 oral argument on Motions for Summary Judgment by telephone. But the Court should not adopt a special rule for this case in which parties are prevented from being represented in person at an oral argument on substantive motions that the Court scheduled more than a month ago.

Three of the parties, including Plaintiff Oglala Sioux Tribe, have counsel of record in Washington, D.C. who thus need not travel to attend in person. Consistent with that fact, this Court has held other hearings and conferences in this case with some counsel participating by

telephone and others in person. *E.g.*, Sept. 16, 2016 Status Conference; Jan. 18, 2017 TRO/PI Motion Hearing; Feb. 28, 2017 PI Motion Hearing; Dec. 12, 2018 Status Conference Resolving Claims.

No party has ever suggested it was somehow "prejudicial" for the Court to proceed in that manner, nor is there reason to think the Court has given any party that had counsel in the courtroom an advantage over any party that participated by telephone. *See* D.E. 490 at 2. In fact, as recently as March 9, 2020, counsel for Standing Rock Sioux Tribe requested—and received—the consent of all parties to file, if it became necessary, an unopposed motion that would have allowed him to participate in the March 18 argument by telephone should he be barred from traveling to the hearing from Seattle. In seeking that consent, Standing Rock's counsel expressed no concerns that his client might be disadvantaged if a government-imposed travel restriction prevented him from attending the hearing in person.

Plaintiffs nonetheless now assert that a different approach is needed because allowing some parties to appear in person "is potentially prejudicial in a complex hearing like this one." D.E. 490 at 2. But the fact that Plaintiffs have sought to expand the scope of the remand beyond its three discrete topics does not make the issues themselves more complex. There is no reason to think that the Court would be any less able or willing to assess and comprehend the merits of a party's arguments if counsel is heard over the telephone rather than in person. And the Court has already directed the parties to focus on just one of those three remand topics.

Finally, the Court should keep in mind that the hearing was originally scheduled for February 20, 2020, before the current travel issues related to the coronavirus arose. At the request of Standing Rock's counsel, though, all parties agreed to accommodate his schedule by providing the Court with other dates to hold the argument. Dakota Access expressed its preference at that time to keep the hearing on the date scheduled, rather than pushing it back a month. D.E. 487.

Dakota Access and the other parties should be extended the opportunity to attend the hearing in person, just as would have been the case were it not for Standing Rock's initiation of a four-week adjournment.

Dated:  March 13, 2020                                  Respectfully submitted,

                                                         /s/ William S. Scherman
                                                         William S. Scherman
                                                         David Debold
                                                         GIBSON, DUNN & CRUTCHER LLP
                                                         1050 Connecticut Avenue, N.W.
                                                         Washington, D.C.  20036
                                                         (202) 955-8500
                                                         wscherman@gibsondunn.com

                                                         *Counsel for Dakota Access, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2020, I electronically filed the foregoing document using the CM/ECF system.  Service was accomplished by the CM/ECF system.

    /s/ William S. Scherman
William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*