# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE, <br><br> Plaintiffs, <br><br> and <br><br> CHEYENNE RIVER SIOUX TRIBE; SARA JUMPING EAGLE ET AL., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> U.S. ARMY CORPS OF ENGINEERS, <br><br> Defendant-Cross Defendant, <br><br> and <br><br> DAKOTA ACCESS, LLC, <br><br> Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB <br> (and Consolidated Case Nos. 16-cv-1796 and 17-cv-267) |

## INTERVENOR DEFENDANT DAKOTA ACCESS, LLC'S
## MOTION TO EXTEND TIME TO FILE OPENING REMEDY BRIEF

Dakota Access, LLC moves for a three-week extension of the due date for opening briefs on Remedy, from April 8 to April 29, 2020. The requested extension is warranted by the importance of the issue to be briefed, unique new impacts for the Court to consider in the current economic climate, and complications in briefing Remedy that have resulted from the current pandemic. The Army Corps of Engineers agrees with this request. Plaintiffs take no position on the request but ask for three weeks to respond to the Opening Briefs if this motion is granted, i.e., until May 20, 2020.

For context, the Court—with agreement of all parties—previously ordered a due date for the Opening Remedy Briefs by the Corps and Dakota Access of July 17, 2017—which was a little more than a month after this Court's June 14, 2017 Summary Judgment Opinion. That briefing (which consisted of four rounds) was not completed until two-and-a-half months after the June 17 Opinion. With the extension requested here, the Opening Briefs would be on the same schedule as before and Remedy briefing would still be completed in much less time than before.

Current circumstances make it more challenging than before to brief the Remedy issue. Many employers, including the undersigned's law firm, have imposed work-from-home restrictions during the coronavirus pandemic. To the extent declarations will be needed in support of the Remedy Brief, as was true previously, these recent working restrictions will create delay. The briefing will require more than just the application of law to undisputed facts. One of the factors in choosing a remedy will be the negative effects of shutting down an oil pipeline after it has operated safely for nearly three years. A number of stakeholders would be adversely affected by that decision. The coronavirus pandemic will require that the briefing and supporting materials address and analyze these potentially serious effects in an unprecedented and evolving economic setting. Additional time is needed to marshal the information and support needed to inform this Court's decision, which comes at a time of great economic upheaval that has hit the energy industry particularly hard.

**CONCLUSION**

For the foregoing reasons, Dakota Access respectfully requests that the Court grant its motion to extend the due date for the Opening Remedy Briefs to April 29, 2020.

Dated: March 26, 2020                    Respectfully submitted,


                                         /s/ William S. Scherman
                                         William S. Scherman
                                         David Debold
                                         GIBSON, DUNN & CRUTCHER LLP
                                         1050 Connecticut Avenue, N.W.
                                         Washington, D.C. 20036
                                         (202) 955-8500
                                         wscherman@gibsondunn.com

                                         *Counsel for Dakota Access, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March, 2020, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

    /s/ William S. Scherman
William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

STANDING ROCK SIOUX TRIBE;
YANKTON SIOUX TRIBE; ROBERT
FLYING HAWK; OGLALA SIOUX
TRIBE,

        Plaintiffs,

and

CHEYENNE RIVER SIOUX TRIBE,

        Intervenor Plaintiff,

v.

U.S. ARMY CORPS OF ENGINEERS,

        Defendant,

and

DAKOTA ACCESS, LLC,

        Intervenor Defendant.

Case No. 1:16-cv-01534-JEB
[Consolidated with Case
Nos. 1:16-cv-1796 and 1:17-cv-267]

## [PROPOSED] ORDER ON DAKOTA ACCESS, LLC'S MOTION TO EXTEND TIME TO FILE OPENING REMEDY BRIEF

The Court orders that Intervenor Defendant Dakota Access, LLC's Motion To Extend Time To File Opening Remedy Brief is GRANTED.

Dakota Access and Defendant the Army Corps of Engineers shall file their opening remedy briefs on April 29, 2020, Plaintiffs shall file their briefs in response on May 20, 2020, and Dakota Access and the Corps' briefs in reply shall be due on May 27, 2020.

**SO ORDERED** this __ day of _____, 2020.

                                                  The Honorable James E. Boasberg
                                                  United States District Judge