# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE; YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE,<br><br>        Plaintiffs,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE; SARA JUMPING EAGLE ET AL.,<br><br>        Plaintiff-Intervenors,<br><br>        v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>        Defendant-Cross Defendant,<br><br>and<br><br>DAKOTA ACCESS, LLC,<br><br>        Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796 and 17-cv-267) |

**DAKOTA ACCESS, LLC'S SECOND AND FINAL NOTICE OF FILING ON THE PUBLIC DOCKET OF CERTAIN DOCUMENTS PREVIOUSLY FILED UNDER SEAL**

On April 29, 2020, Dakota Access, LLC ("Dakota Access") filed the twelve declarations for its Remedy Brief, D.E. 509-1, as attachments to its sealed Motion for Leave to File Under Seal, D.E. 509 ("Motion"). That Motion contemplated a review and conferral process for identifying particular information appropriate for sealing. On April 30, 2020, Dakota Access filed six of the twelve declarations on the public docket after notifying the other parties of its determination that no material in those declarations (including relevant exhibits) needs to be sealed. *See* D.E. 512 to 512-6.

During the conferral process for the remaining declarations, Plaintiffs proposed that Dakota Access instead file them publicly with the redactions that Dakota Access proposes, leaving for a later date the possibility of another party challenging the redactions as overbroad. All parties have agreed to this approach. Under their agreement, until further order of the Court no party will include the information that Dakota Access has redacted in the twelve declarations in any future public filing. Until an order resolving any disagreement as to the scope of the redacted information, a party wishing to reference or quote the redacted information must do so in a separate, sealed filing.

Pursuant to that agreement, Dakota Access hereby files the public versions of the following declarations and associated exhibits. Each exhibit is an attachment to the Declaration of William S. Scherman, D.E. 509-2 & 512-1. Certain of the redactions in these public versions were added at the request of the U.S. Army Corps of Engineers.

- D.E. 509-3 – Ex. A, Declaration of Michael C. Aubele;
- D.E. 509-4 – Ex. B, Declaration of John F. Godfrey;
- D.E. 509-5 – Ex. C, Declaration of Todd Stamm; and
- D.E. 509-9 – Ex. G, Declaration of Glenn Emery.
- D.E. 509-12 – Ex. J, Declaration of Marathon Petroleum Company LP; and
- D.E. 509-13 – Ex. K, Declaration of Garth R. Doll.

With today's filings, Dakota Access has completed the review and conferral process described in its April 29, 2020 Motion because public versions of all attachments to that Motion are now available on the docket.

3

Dated: May 7, 2020 	Respectfully submitted,

  /s/ William S. Scherman	
William S. Scherman
David Debold
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2020, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

    /s/ William S. Scherman
William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*