# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, <br><br> Plaintiff, <br><br> and <br><br> CHEYENNE RIVER SIOUX TRIBE, <br><br> Plaintiff-Intervenor, <br> v. <br><br> U.S. ARMY CORPS OF ENGINEERS, <br><br> Defendant-Cross, Defendant, <br><br> and <br><br> DAKOTA ACCESS, LLC, <br><br> Defendant-Intervenor, Cross Claimant. | Case No. 1:16-cv-1534-JEB <br> (and Consolidated Case Nos. 16-cv-1796 And 17-cv-267) |

**MOTION OF MEMBERS OF CONGRESS FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' <u>REQUEST FOR VACATUR</u>**

*Amici curiae* members of Congress respectfully move the Court for leave to file the attached brief in support of Plaintiffs' request to vacate the U.S. Army Corps of Engineer's Lake Oahe easement on remand. In support of this motion, *amici* state:

1. *Amici* are members of Congress who are familiar with and have a strong interest in preserving the integrity of the National Environmental Policy Act (NEPA), including those aspects of the statute that protect and respect the sovereign rights of federally recognized tribes. A full list of *amici* is attached as an Appendix to the proposed brief.

2. As members of Congress who wish to preserve the integrity of NEPA, *amici* are concerned with the current administration's efforts to roll back NEPA's strict procedural requirements, including by forging ahead with major projects like the Dakota Access pipeline without *first* taking the necessary "hard look" at the consequences of the proposed action in full view of the public. In this case, *amici* are particularly concerned that the Court may allow the Lake Oahe easement to remain in place on remand for a second time. *Amici* fear that remand without vacatur again would embolden federal agencies to avoid NEPA's procedural requirements by strategically planning to use the judiciary's equitable powers to act first and comply with NEPA later. It may further embolden applicants to minimize or downplay treaty rights and other environmental consequences as well. If the Court again allows the Army Corps to comply with NEPA while leaving its three-year-old easement decision in place (for an indeterminate time), *amici* fear the precedent will cause incalculable harm to NEPA and the values Congress intended the statute to protect. *Amici* are similarly concerned that Army Corps' failures to adequately analyze Plaintiffs' environmental justice concerns and treaty rights, as well as the full impacts of the pipeline on both, will impact Plaintiffs' sovereignty and Plaintiffs' self-determination. This could include permanent harm to Plaintiff's treaty rights.

3. Courts have wide discretion in deciding whether to grant a third party leave to file an amicus brief. *In the Matter of the Search of Info Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (citing *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). Amicus briefs are appropriate where the "the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).

4. *Amici's* proposed brief will assist the court in satisfaction of these goals. *Amici* offer the perspective of members of Congress who are concerned about the erosion of NEPA and values it seeks to protect. As this Court noted in its first decision on vacatur, the judiciary's exercise of its equitable authority may in some instances create "undesirable incentives for future agency actions." *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 282 F. Supp. 3d 91, 106 (D.D.C. 2017). These incentives may be "contrary to the purpose of NEPA, which seeks to ensure that the government 'looks before it leaps.'" *Id.* (citing Brief of *Amici Curiae* of Law Professors and Practitioners). *Amici's* proposed brief addresses additional "undesirable incentives" that a second remand in this case would cause to NEPA and the values Congress sought to protect through its procedural requirements.

5. *Amici* members of Congress also offer the perspective of the only branch of government with the power to consider abrogation, or alteration of tribal treaty rights. This is

2

not a matter to be taken lightly, or brushed over by a federal agency, and the Supreme Court has long held that only an act of Congress can abrogate tribal treaty rights. *Minnesota v. Mille Lacs Band of Chippewa Indians*, 526 U.S. 172, 188 (1999). Moreover, the Executive branch lacks the authority to do so unless it has been clearly delegated that authority by Congress. *Id*. It is also well settled that tribal treaty rights are to be construed in a manner that is most beneficial to the tribes, not the federal government. *Washington v. Wash. St. Comm. Passenger Fishing Vessel Ass'n*, 443 U.S. 658, 676 (1979). Allowing the permit to stand on remand, and a *post hoc* NEPA analysis to be conducted while oil flows through the pipeline, risks violation and potential abrogation of the Plaintiffs' treaty rights at the hands of a federal agency, which would contravene the Supreme Court's rules from *Mille Lacs* and *Fishing Vessel*. 526 U.S. at 188; 443 U.S. at 676.

6.   Counsel for Plaintiffs consented to the filing of this brief. Counsel for the Federal Defendant and Defendant-Intervenor take no position on the filing of the brief.

For the foregoing reasons, *amici curiae* members of Congress respectfully request that the Court grant leave to file the attached brief. A proposed order is enclosed with this motion.

Dated: May 20, 2020                                Respectfully submitted,


/s/ William S. Eubanks II
William S. Eubanks II
Eubanks & Associates, LLC
D.C. Bar No. 987036
2601 S. Lemay Ave., Ste. 7-240
Fort Collins, CO 80525
(970) 703-6060
bill@eubankslegal.com

Kenneth J. Rumelt, Vt. Bar No. 4801
(*D.D.C. admission pending*)
Hillary M. Hoffmann, Vt. Bar No. 4451, Utah Bar No. 9899 (*D.D.C. application pending*)
Jim Murphy, Vt. Bar No. 3367
Environmental Advocacy Clinic
Vermont Law School
164 Chelsea Street, PO Box 96
South Royalton, VT 05068
(802)-831-1031
krumelt@vermontlaw.edu
hhoffmann@vermontlaw.edu
jmurphy@vermontlaw.edu

Counsel for *amici*