**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE, | |
| Plaintiffs, | Case No. 1:16-cv-1534-JEB (and Consolidated Case Nos. 16-cv-1796 and 17-cv-267) |
| and | |
| CHEYENNE RIVER SIOUX TRIBE; SARA JUMPING EAGLE ET AL., | |
| Plaintiff-Intervenors, | |
| v. | |
| U.S. ARMY CORPS OF ENGINEERS, | |
| Defendant-Cross Defendant, | |
| and | |
| DAKOTA ACCESS, LLC, | |
| Defendant-Intervenor-Cross Claimant. | |

---

**DEFENDANT UNITED STATES ARMY CORPS OF ENGINEERS'**
**AND INTERVENOR DEFENDANT DAKOTA ACCESS, LLC'S**
**JOINT MOTION TO EXTEND TIME TO FILE REPLY REGARDING REMEDY**

---

The United States Army Corps of Engineers ("Corps") and Dakota Access, LLC ("Dakota Access") respectfully move for a two-week extension, from May 27 to June 10, 2020, of the due date for defendants' reply briefs regarding remedy. One week—which includes a national holiday—is insufficient to adequately respond to the extensive filings submitted to date, particularly in light of the complications in briefing resulting from the current pandemic. Plaintiff Yankton Sioux Tribe does not oppose the request. And although Plaintiffs Standing Rock Sioux Tribe,

Cheyenne Sioux Tribe, and Oglala Sioux Tribe oppose this request, this modest two-week extension request contemplates completion of the remedy briefing within nearly the same amount of time than the prior round of remedy briefing, and Plaintiffs have previously sought and received extensions before this Court, including their recent request to postpone the Court's hearing on the parties' summary judgment briefing by more than a month.

The Corps and Dakota Access need more than one week to respond on reply to the extensive filings submitted by parties and to consider the filings of the various nonparties. In its opening papers, Dakota Access submitted a brief and nearly a dozen declarations with multiple exhibits, which was necessary to capture not only the significance of the disruptive effects that a shutdown of the pipeline would cause, but also to provide input from multiple stakeholders who would be affected by such a decision. The Corps also filed a brief, as did seven amici opposed to shutting DAPL down, including a brief by the State of North Dakota and another brief by a coalition of 14 other states. These briefs included half a dozen additional declarations.

In response, Plaintiffs submitted a consolidated brief and nearly half a dozen declarations with multiple exhibits. So far, multiple nonparties filed briefs as amici in support of Plaintiffs. Given the volume of materials filed to date, which totals over 2,230 pages, the Corps and Dakota Access request a modest two-week extension of time to review these materials and file a reply. Dakota Access also needs the additional time to work with multiple stakeholders, including declarants and amici, to develop supporting analysis and information for those replies.

The requested extension is further warranted by complications in briefing that have resulted from the current pandemic. When the parties discussed Dakota Access's previous extension request, D.E. 497, there was no discussion of the reply brief deadline. At that time, the scope and extent of the current pandemic was continuing to evolve and the parties had not fully anticipated the extent to which the pandemic would impact the country, let alone litigation before federal

courts.  Lawyers working on these cases must navigate novel logistical issues as a result of the

pandemic.  The Corps and its lawyers are working remotely.  The undersigned's law firm remains

under work-from-home restrictions.  These restrictions have created and will continue to create

delays, not just among the lawyers drafting and submitting the brief and declarations but also as it

relates to obtaining information and other supporting materials from multiple experts and stake-

holders who will assist in addressing and analyzing the issues Plaintiffs raise while dealing with

the business and personal impacts of the current crisis.  In addition, Corps' personnel are also

facing logistical hurdles in evaluating Plaintiffs' filings, coordinating with their colleagues, and

working with Justice Department attorneys to respond.  Simply put, the current work circum-

stances remain quite challenging, and the period for drafting the reply under the current schedule

includes a national holiday.  Under these circumstances a two-week extension is reasonable and

warranted.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

For the foregoing reasons, the Corps and Dakota Access respectfully request that the Court

grant their Joint Motion To Extend Time To File Reply Regarding Remedy to June 10, 2020.


Dated:  May 21, 2020

PRERAK SHAH
Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

By:  /s/ *Reuben S. Schifman*
REUBEN SCHIFMAN, NY BAR
MATTHEW MARINELLI, IL Bar 6277967
U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Benjamin Franklin Station
Phone: (202) 305-4224 (Schifman)
Phone: (202) 305-0293 (Marinelli)
Fax: (202) 305-0506
reuben.schifman@usdoj.gov
matthew.marinelli@usdoj.gov

ERICA M. ZILIOLI, D.C. Bar 488073
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 514-6390
Fax: (202) 514-8865
Erica.Zilioli@usdoj.gov

*Attorneys for the United States Army Corps of*
*Engineers*

Respectfully submitted,

 /s/ William S. Scherman
William S. Scherman
David Debold
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com


*Counsel for Dakota Access, LLC*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of May, 2020, I electronically filed the foregoing

document using the CM/ECF system.  Service was accomplished by the CM/ECF system.


  /s/ William S. Scherman
William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE; YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE, <br><br> Plaintiffs, <br><br> and <br><br> CHEYENNE RIVER SIOUX TRIBE, <br><br> Intervenor Plaintiff, <br><br> v. <br><br> U.S. ARMY CORPS OF ENGINEERS, <br><br> Defendant, <br><br> and <br><br> DAKOTA ACCESS, LLC, <br><br> Intervenor Defendant. | Case No. 1:16-cv-01534-JEB [Consolidated with Case Nos. 1:16-cv-1796 and 1:17-cv-267] |

**[PROPOSED] ORDER ON DEFENDANT UNITED STATES ARMY CORPS OF ENGINEERS' AND INTERVENOR DEFENDANT DAKOTA ACCESS, LLC'S JOINT MOTION TO EXTEND TIME TO FILE REPLY REGARDING REMEDY**

The Court orders that Defendant United States Army Corps of Engineers' and Intervenor Defendant Dakota Access, LLC's Joint Motion To Extend Time To File Reply Regarding Remedy is GRANTED.

Defendants shall file reply briefs on June 10, 2020.

**SO ORDERED** this ___ day of _____, 2020.

                                                                      _____
                                                                      The Honorable James E. Boasberg
                                                                      United States District Judge