# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE; YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE, <br><br>        Plaintiffs, <br><br>and <br><br>CHEYENNE RIVER SIOUX TRIBE; SARA JUMPING EAGLE ET AL., <br><br>        Plaintiff-Intervenors, <br><br>   v. <br><br>U.S. ARMY CORPS OF ENGINEERS, <br><br>        Defendant-Cross Defendant, <br><br>and <br><br>DAKOTA ACCESS, LLC, <br><br>        Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB <br>(and Consolidated Case Nos. 16-cv-1796 and 17-cv-267) |

**DAKOTA ACCESS, LLC'S EMERGENCY MOTION
TO PROVISIONALLY STAY REMEDY ORDER AND SET
EXPEDITED BRIEFING SCHEDULE FOR MOTION FOR STAY PENDING APPEAL**

     Dakota Access, LLC moves to provisionally stay this Court's remedy order, D.E. 545 & 46, pending briefing and a decision by the Court and, if necessary, the D.C. Circuit, on a motion for stay pending appeal. Dakota Access also seeks an expedited schedule for briefing a motion for stay pending appeal. Dakota Access respectfully requests a ruling on this motion by July 8, 2020. Pursuant to Local Civil Rule 7(m), Dakota Access has conferred with counsel for Plaintiffs, Plaintiff-Intervenors, and Defendant-Cross Defendant. Plaintiffs and Plaintiff-Intervenors either oppose or reserve their position. Defendant-Cross Defendant reserves its position.

On March 25, 2020, the Court granted partial summary judgment for Plaintiffs, holding that the Corps must prepare an environmental impact statement. D.E. 496, at 42. After further briefing, on July 6, 2020, the Court issued its remedy order providing that "Dakota Access shall shut down the pipeline and empty it of oil by August 5, 2020." D.E. 545, at 2. Dakota Access will be appealing these decisions and seeking a stay pending appeal to permit the Dakota Access Pipeline to continue operating while the D.C. Circuit considers the appeal. Pursuant to Federal Rule of Appellate Procedure 8(a)(1), Dakota Access will first file a motion for stay pending its appeal of these rulings in this Court. If the Court denies that motion, Dakota Access intends promptly to file a motion in the D.C. Circuit for such a stay.

A provisional stay is warranted because the Court's decision requires Dakota Access to begin shutting down a major interstate pipeline. As a result, Dakota Access would need to undertake a number of expensive steps before it is likely to have a ruling on the forthcoming stay motion. In particular, the remedy order provides "Dakota Access shall shut down the pipeline and empty it of oil by August 5, 2020." D.E. 545, at 2. As Dakota Access has explained, and as it will explain further in its stay motion, a number of time-consuming and expensive steps are required to shut the pipeline down safely and empty it of oil. That process would require well more than 30 days in any event. *See* D.E. 520-3 ¶¶ 43-47 (estimating 90 days for nitrogen purge while pipeline continues operating). A provisional stay is therefore necessary to ensure that Dakota Access is not required to take these steps before this Court (or the D.C. Circuit, if needed) rules on the forthcoming motion for stay pending appeal.

Courts regularly grant similar provisional stays of vacatur orders to allow a party to seek a stay pending appeal. *See, e.g.*, *NAACP v. Trump*, 315 F. Supp. 3d 457, 473 (D.D.C. 2018) (granting request to "continue the stay of . . . vacatur for a brief period—twenty days—to permit the

government to determine whether it intends to appeal the Court's decision and, if so, to seek a stay pending appeal"); *Arctic Ocean Int'l Ltd. v. High Seas Shipping Ltd.*, No. 06 CIV. 1056 (LAP), 2009 WL 5103283, at *2 (S.D.N.Y. Dec. 28, 2009) (granting "temporary stay of . . . vacatur so that Plaintiff may apply to the Court of Appeals for a stay pending appeal"); *Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 186, 196 (S.D.N.Y. 2007) (similar) (citing cases); *Adams Offshore, Ltd. v. Con-Dive, LLC*, No. CIV.A. 09-0378-WS-B, 2010 WL 4628026, at *1 (S.D. Ala. Nov. 3, 2010) (noting that "vacatur order was temporarily stayed" while "motion [for] stay . . . pending appeal was under consideration").

To ensure prompt resolution of Dakota Access's motion for stay pending appeal, Dakota Access respectfully requests that the Court enter the following briefing schedule regardless of its decision on the request for a provisional stay:

- Dakota Access shall file a motion for stay pending appeal on or before July 8, 2020.
- Plaintiffs shall file any response on or before July 10, 2020.
- Dakota Access shall file any reply on or before July 13, 2020.

## CONCLUSION

Dakota Access respectfully asks the Court to grant a provisional stay of its remedy order, to remain in place until the earliest of: (1) the date on which this Court enters a stay pending appeal; (2) the date on which the D.C. Circuit rules on any motion for stay pending appeal; or (3) seven days after this Court denies Dakota Access's forthcoming Motion for Stay Pending Appeal if Dakota Access has not filed a stay motion in the D.C. Circuit by the end of that seven-day period. Dakota Access also respectfully submits that the Court adopt Dakota Access's proposed briefing schedule for a motion for stay pending appeal.

Dated: July 6, 2020

By: */s/ William S. Scherman*
    Miguel A. Estrada
    William S. Scherman
    David Debold
    GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, N.W.
    Washington, D.C. 20036
    (202) 955-8500
    wscherman@gibsondunn.com

    *Counsel for Dakota Access, LLC*

## CERTIFICATE OF SERVICE

I certify that on July 6, 2020, the foregoing document and a proposed order were filed via the Court's CM/ECF system and served upon ECF-registered counsel for all parties to this proceeding.

*/s/ William S. Scherman*
William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE; YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE,<br><br>      Plaintiffs,<br><br>  and<br><br>CHEYENNE RIVER SIOUX TRIBE; SARA JUMPING EAGLE ET AL.,<br><br>      Plaintiff-Intervenors,<br><br>     v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>      Defendant-Cross Defendant,<br><br>  and<br><br>DAKOTA ACCESS, LLC,<br><br>      Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796 and 17-cv-267) |

**[PROPOSED] ORDER GRANTING DAKOTA ACCESS, LLC'S EMERGENCY MOTION TO PROVISIONALLY STAY REMEDY ORDER AND SET EXPEDITED BRIEFING SCHEDULE FOR MOTION FOR STAY PENDING APPEAL**

The Court orders that Dakota Access, LLC's emergency motion for a provisional stay of this Court's remedy order, D.E. 545-46, is GRANTED, and the Court's remedy order is STAYED. The stay shall remain in place until the earliest of: (1) the date on which this Court enters a stay pending appeal; (2) the date on which the D.C. Circuit rules on any motion for stay pending appeal; or (3) seven days after this Court denies Dakota Access's forthcoming Motion for Stay Pending Appeal if Dakota Access has not filed a stay motion in the D.C. Circuit by the end of that seven-day period.

The Court sets the following briefing schedule for a motion for stay pending appeal:

- Dakota Access shall file a motion for stay pending appeal on or before July 8, 2020.
- Plaintiffs shall file any response on or before July 10, 2020.
- Dakota Access shall file any reply on or before July 13, 2020.

**SO ORDERED** this __ day of ____, 2020.

                                                                        _____
                                                                         The Honorable James E. Boasberg
                                                                         United States District Judge