IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>                Plaintiff,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>                Plaintiff-Intervenor,<br>     v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>                Defendant-Cross<br>                Defendant,<br><br>and<br>DAKOTA ACCESS, LLC,<br><br>                Defendant-Intervenor-<br>                Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796<br>and 17-cv-267) |

**OPPOSITION TO EMERGENCY MOTION TO PROVISIONALLY STAY REMEDY
ORDER AND SET BRIEFING SCHEDULE**

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

INTRODUCTION

The Standing Rock Sioux Tribe, Cheyenne River Sioux Tribe, Oglala Sioux Tribe, and Yankton Sioux Tribe ("Tribes") respectfully oppose Dakota Access Pipeline, LLC's ("DAPL's") emergency motion for a "provisional stay" and rushed briefing schedule on a pending motion for stay pending appeal.  The Court should deny the motion because: a) DAPL fails to show that it is entitled to a stay under the controlling standards, and is asking the Court to rule without allowing the other parties to be heard; and b) it proposes an expedited and unfair briefing schedule under which the Tribes would be forced to respond to as-yet-unseen technical arguments in only 48 hours.  Instead, the Tribes ask the Court to deny the motion, and convene a status conference of the parties once DAPL files its motion for a stay to determine the next steps in this matter.

First, DAPL's brief motion does not make any attempt to explain why it is entitled to a stay under the governing standards.  Its failure to do so sidesteps the fact that it asks for an "extraordinary remedy" that constitutes an "intrusion into the ordinary process of . . . judicial review."  *Nken v. Holder*, 556 U.S. 418, 428  (2009).  Indeed, a stay pending appeal in this case is unlikely, as DAPL would be asking this Court to find that its own decisions in this case are likely to be overturned on appeal.  *Loving v. IRS*, 920 F. Supp.2d 108, 110 (D.D.C. 2013); *Friends of the Capital Crescent Trail v. Fed. Trans. Admin*., 263 F.Supp.3d 144 (D.D.C. 2017) (denying stay pending appeal in NEPA case).   While the civil rules require a motion for stay pending appeal to be brought in the District Court in the first instance, there is no basis to allow such a motion to be decided without providing an adequate opportunity for briefing in accordance with the rules.

Second, it appears that DAPL seeks to make new technical arguments about the feasibility of shutting down the pipeline on the schedule proposed by the Tribes and adopted by

CONSOLIDATED BRIEF OF STANDING ROCK SIOUX TRIBE, CHEYENNE RIVER SIOUX TRIBE, OGLALA SIOUX TRIBE, AND YANKTON SIOUX TRIBE REGARDING REMEDY (No. 1:16-cv-1534-JEB) - 2 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

the Court in its July 6, 2020 vacatur order.  It promises to "explain more" in its pending motion why shutting down the pipeline is infeasible in 30 days.  *But see* ECF 272-2 ¶ 3-4 (explaining that pipeline shutdowns are foreseeable, commonplace events).  DAPL had every opportunity to provide such explanation after the Tribe proposed the schedule during the vacatur briefing. Despite filing thousands of pages of supporting materials, it chose not to do so.  If it submits new evidence at this stage, the Tribes must have an opportunity to review that evidence and respond. It may simply be infeasible to do so within the 48 hours that DAPL proposes, in light of the availability of its technical experts during the public health emergency.  For that reason, the schedule for a response cannot be determined before the motion is filed.

DAPL does not even attempt to meet its burden to dramatically expedite briefing on its stay motion.  Nor did DAPL try to accommodate the Tribe's concerns.  DAPL's counsel sent an email to the plaintiffs in which it asked that the plaintiffs agree a schedule which would give DAPL three days to file its opening brief, the Tribes two days to file a response, and DAPL three days to file a reply.  Each Tribe invited dialogue with DAPL to work out a fair expedited briefing schedule.  Without responding to the Tribes' efforts, DAPL filed its motion.  Because it asked the Court to decide the issue, instead of working with Plaintiffs to arrive at an agreed schedule, DAPL was required to show to the Court that it had good cause for its request to shorten time.  It failed to do so.

Accordingly, the Tribes respectfully suggest that the briefing schedule be determined at a status conference after the motion for stay has been filed, and that the motion for a "provisional" stay in the interim be denied.

CONSOLIDATED BRIEF OF STANDING ROCK SIOUX TRIBE,
CHEYENNE RIVER SIOUX TRIBE, OGLALA SIOUX TRIBE,
AND YANKTON SIOUX TRIBE REGARDING REMEDY
(No. 1:16-cv-1534-JEB) - 3 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

Dated:  July 7, 2020                              Respectfully submitted,


                                        */s/ Jan E. Hasselman*
                                        Jan E. Hasselman, WSBA # 29107
                                        (*Admitted Pro Hac Vice*)
                                        Patti A. Goldman, DCB # 398565
                                        Earthjustice
                                        810 Third Avenue, Suite 610
                                        Seattle, WA  98104
                                        Telephone:  (206) 343-7340
                                        jhasselman@earthjustice.org
                                        pgoldman@earthjustice.org
                                        *Attorneys for Plaintiff Standing Rock Sioux Tribe*


                                        */s/ Nicole E. Ducheneaux*
                                        Nicole E. Ducheneaux, DC Bar No. NE001
                                        (*Pro Hac Vice*)
                                        Big Fire Law & Policy Group LLP
                                        1404 South Fort Crook Road
                                        Bellevue, NE 68005
                                        Telephone: (531) 466-8725
                                        Facsimile: (531) 466-8792
                                        nducheneaux@bigfirelaw.com
                                        *Attorney for Intervenor-Plaintiff Cheyenne River Sioux Tribe*


                                        s/ *Michael L. Roy*
                                        Michael L. Roy (DC Bar No. 411841)
                                        mroy@hobbsstraus.com
                                        Jennifer P. Hughes (DC Bar No. 458321)
                                        jhughes@hobbsstraus.com
                                        Elliott A. Milhollin (DC Bar No. 474322)
                                        emilhollin@hobbsstraus.com
                                        Hobbs, Straus, Dean & Walker, LLP
                                        1899 L Street NW, Suite 1200
                                        Washington, DC  20036
                                        202-822-8282 (Tel.)
                                        202-296-8834 (Fax)
                                        *Attorneys for Oglala Sioux Tribe*

CONSOLIDATED BRIEF OF STANDING ROCK SIOUX TRIBE,
CHEYENNE RIVER SIOUX TRIBE, OGLALA SIOUX TRIBE,
AND YANKTON SIOUX TRIBE REGARDING REMEDY
(No. 1:16-cv-1534-JEB) - 4 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

Mario Gonzalez
Gonzalez Law Office
522 7th St 202
Rapid City, SD 57701
(605) 716-6355
*Of Counsel for Oglala Sioux Tribe*


*s/ Jennifer Baker*
Jennifer S. Baker, OKBA #21938
(*Pro Hac Vice*)
Jeffrey S. Rasmussen, WA #21121
(*Pro Hac Vice*)
Patterson Earnhart Real Bird & Wilson LLP
357 S. McCaslin Blvd., Suite 200
Louisville, CO 80027
Phone: (303) 926-5292
Facsimile: (303) 926-5293
jbaker@nativelawgroup.com
jrasmussen@nativelawgroup.com


*s/ Rollie Wilson*
Rollie Wilson
Patterson Earnhart Real Bird & Wilson LLP
601 Pennsylvania Ave., NW
South Building, Suite 900
Washington, D.C. 20004
Phone:  (202) 434-8903
Facsimile:  (202) 639-8238
rwilson@nativelawgroup.com
*Attorneys for Plaintiffs Yankton Sioux Tribe, et al.*

CONSOLIDATED BRIEF OF STANDING ROCK SIOUX TRIBE,
CHEYENNE RIVER SIOUX TRIBE, OGLALA SIOUX TRIBE,
AND YANKTON SIOUX TRIBE REGARDING REMEDY
(No. 1:16-cv-1534-JEB) - 5 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*