UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, *et al.*, <br><br> Plaintiffs, <br><br> and <br><br> CHEYENNE RIVER SIOUX TRIBE, *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> U.S. ARMY CORPS OF ENGINEERS, <br><br> Defendant, <br><br> and <br><br> DAKOTA ACCESS, LLC, <br><br> Defendant-Intervenor. | Civil Action No. 16-1534 (JEB) |

**ORDER**

On July 6, 2020, this Court issued a Memorandum Opinion and separate Order addressing the question of remedy pending Defendant U.S. Army Corps of Engineers' conducting of an Environmental Impact Study on remand. See ECF Nos. 545–46. Of particular relevance, the Court ordered that Defendant-Intervenor Dakota Access, LLC shut down and empty the Dakota Access Pipeline within 30 days. Two days later, Dakota Access asked the Court to stay its ruling pending an appeal, which it had filed the day of the Court's ruling. See ECF Nos. 552 (Motion) & 548 (Notice of Appeal). Dakota Access also asked for an immediate status conference on July 9, see Motion at 2, to which request this Court promptly acceded.

1

At that conference, which took place this afternoon, Dakota Access emphasized its understandable desire to be heard in the Court of Appeals as soon as possible, and it asked this Court to rule expeditiously on its Motion to Stay. The Court explained that it did not see a basis for a stay; indeed, the four factors courts analyze in considering stays, see, e.g., Akiachak Native Cmty. v. Jewell, 995 F. Supp. 2d 7, 12 (D.D.C. 2014) (citing Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977)), were essentially subsumed in the Court's latest Opinion granting vacatur pending remand.

The Court nonetheless expressed its willingness to consider a modification to the logistics and timing of the pipeline shutdown and emptying. Dakota Access had contended in its Motion that this would take 86-101 days, see Motion at 11 (citing Third Declaration of Todd Stamm), and the Court asked the Tribes if they would negotiate with Dakota Access with an eye toward reaching an agreement on, *e.g.*, a somewhat longer timetable. The Tribes indicated their willingness to do so and, if no agreement was reached, to file a brief by Monday, July 13, regarding the stay. The Court then encouraged the parties to negotiate and explained that it would rule on those logistics (absent agreement) early next week.

Dakota Access, mindful of the running clock, told the Court that it preferred an immediate ruling denying the Motion to Stay if the Court was only waiting to try to resolve the logistical and timing issues, rather than the merits. The Court is thus obliging Dakota Access by issuing this expedited Order, although it remains willing to assist in mediating (or ultimately deciding) any dispute regarding such logistical and timing issues if jurisdictionally permitted to do so.

The Court, accordingly, ORDERS that Dakota Access's Motion to Stay is DENIED.

SO ORDERED.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: July 9, 2020