IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>      Plaintiff,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>      Plaintiff-Intervenor,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>      Defendant-Cross Defendant,<br><br>and<br><br>DAKOTA ACCESS, LLC,<br><br>      Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796 and 17-cv-267)<br><br>PLAINTIFFS' STATUS REPORT |

      Plaintiffs Standing Rock Sioux Tribe, Cheyenne River Sioux Tribe, Oglala Sioux Tribe, and Yankton Sioux Tribe (collectively, "Tribes") respectfully submit the following status report in response to this Court's September 1, 2020 minute order requesting "proposals for next steps in the litigation."

      The Status Report filed by the defendant U.S. Army Corps of Engineers fails to respond to the directive of the Court of Appeals. In its August 5, 2020 Order, the Circuit directed the Court to "clarify… whether the Corps intends to allow continued operation of the pipeline notwithstanding vacatur of the easement." The Corps' Status Report provides no such clarification. Instead, the Corps has explained what its options are, and proposed no deadline

PLAINTIFFS' STATUS REPORT
(No. 1:16-cv-1534-JEB)

- 1 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

for making a final decision.  To summarize, the status report explains that the pipeline constitutes an "encroachment" on federal property, and that there are essentially three options for moving ahead: a) order the removal of the pipeline; b) issue an "outgrant" authorizing continued operation of the pipeline; and c) do nothing as an exercise of enforcement discretion.  The Tribes submit that it is highly unlikely that the Corps would pursue the first option in light of the presidential directive to complete the pipeline and the federal government's position in this case.  As to the second option, as the Corps concedes, issuance of an outgrant would be subject to NEPA.  Under this Court's rulings, such authorization could not be lawfully done without an environmental impact statement, precisely what the Corps must already be doing to respond to this Court's merits decision.  Accordingly, an outgrant is not feasible for interim operations while the EIS is being prepared.  Thus, the inevitable choice is that the Corps will take no action to shut down the pipeline in response to the NEPA violation identified by this Court.  It previews this course of action by stating in its status report that it has decided not to take an enforcement action "at this time," and it may continue to remain in this posture.

The Tribes strongly oppose the continued operation of the pipeline in violation of NEPA. The Corps' promise that the EIS will be completed in a timely fashion is obviously illusory: although the Court directed it to prepare an EIS in March of this year, the Corps still has not even taken the first step of publishing a notice of intent, which it now indicates will occur in September.  The Court of Appeals invited this Court to "consider additional relief," subsequent to the Corps' status report, and the Tribes believe that additional relief from this Court is necessary in light of the Corps' non-response.

PLAINTIFFS' STATUS REPORT
(No. 1:16-cv-1534-JEB)

- 2 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

For that reason, the Tribes request the Court issue an injunction on continued pipeline operations pending completion of the NEPA process.[1]  In the Tribes' view, this Court already has all the information it needs to enter an injunction: the Tribes' success on the merits;  the continued harm the pipeline imposes on the Tribes and the public, both through continued trauma to the Tribes and the risks of operating an unsafe pipeline; the balance of equities and the impacts to defendants and third parties; and the public interest.  The Court fully considered those issues already as part of both its vacatur order and its order denying a stay pending appeal.  Accordingly, no additional evidence or briefing is necessary for the Court to issue an injunction shutting down the pipeline pending compliance with NEPA.  Requiring yet another round of briefing and updating of the extensive evidence submitted in March will prejudice the Tribes.

Should the Court desire additional briefing and/or evidence, the Tribes will of course provide it.  However, the Tribes respectfully request that the Court specify in what respects it believes the existing record is incomplete, so that the parties do not submit redundant briefing or evidence.  Moreover, in light of the Court of Appeals briefing and argument schedule, and the challenges imposed by the pandemic, the Tribes agree that the parties should have an opportunity to agree to a briefing schedule.

Finally, this Court invited the parties to discuss potential mitigation measures.  Defendants undermine any norm of "good faith" negotiations by repeatedly submitting the correspondence to this Court.  In its most recent letter (and characterization thereof to the Court), DAPL states that that the Tribes already have most of the information they are looking for.  This

---

[1] The Tribes strongly disagree that a separate injunction is necessary to shut down the operation of the pipeline, which is achieved through vacatur alone.  By requesting an injunction from this Court, the Tribes do not waive their position before the Court of Appeals or any other court that an injunction is unnecessary, and that this court had authority to order the pipeline to shut down as part of a vacatur remedy.

PLAINTIFFS' STATUS REPORT
(No. 1:16-cv-1534-JEB)

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

is incorrect. For example, whereas the Tribes sought a particular version of the facility response plan (because it may reveal a significant change from later versions), DAPL simply points to the later version. Where the Tribes sought facility-specific operations and management plans and integrity management plans, DAPL pointed again to different (company-wide) plans. And where the Tribes sought specific documents demonstrating compliance with industry standards, DAPL pointed back to its executives' litigation declarations. Other information requested by the Tribes—specifically, information related to the doubling of pipeline capacity—are waved away as irrelevant. As has been the case throughout the process, the Tribes' requests for information are stonewalled. While the Tribes will continue to seek a path forward to reach agreement, it is unlikely to be productive if it cannot be separated from the parties' litigation positions.

*[Signature page follows]*

PLAINTIFFS' STATUS REPORT
(No. 1:16-cv-1534-JEB)

- 4 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

Dated:  September 8, 2020

                                      Respectfully Submitted,

| | |
|---|---|
| */s/ Jan E. Hasselman* | */s/ Nicole E. Ducheneaux* |
| Jan E. Hasselman, WSBA # 29107 | Nicole E. Ducheneaux |
| (*Admitted Pro Hac Vice*) | Big Fire Law & Policy Group LLP |
| Patti A. Goldman, DCB # 398565 | 1404 Fort Crook Road South |
| Stephanie Tsosie, WSBA # 49840 | Bellevue, NE 68005 |
| (*Admitted Pro Hac Vice*) | Telephone 531-466-8725 |
| Earthjustice | Email: nducheneaux@bigfirelaw.com |
| 810 Third Avenue, Suite 610 | *Counsel for Plaintiff Cheyenne River Sioux* |
| Seattle, WA 98104 | *Tribe and Steve Vance* |
| Telephone: (206) 343-7340 | |
| pgoldman@earthjustice.org | |
| jhasselman@earthjustice.org | |
| stsosie@earthjustice.org | |
| *Attorneys for Plaintiff Standing Rock Sioux Tribe* | |
| | |
| */s/ Michael L. Roy* | */s/ Jennifer S. Baker* |
| Michael L. Roy (DC Bar No. 411841) | Jennifer S. Baker, *Pro Hac Vice* |
| mroy@hobbsstraus.com | Jeffrey S. Rasmussen, *Pro Hac Vice* |
| Jennifer P. Hughes (DC Bar No. 458321) | Patterson Earnhart Real Bird & Wilson LLP |
| jhughes@hobbsstraus.com | 357 S. McCaslin Blvd. |
| Elliott A. Milhollin (DC Bar No. 474322) | Suite 200 |
| emilhollin@hobbsstraus.com | Louisville, CO 80027 |
| Hobbs, Straus, Dean &Walker, LLP 2120 L Street, NW, Suite 700 | Telephone: 303-926-5292 |
| Washington, DC 20037 | Fax: 303-962-5293 |
| Telephone: (202) 822-8282 | Email:  jbaker@nativelawgroup.com |
| Facsimile: (202) 296-8834 | *Counsel for Plaintiff Yankton Sioux Tribe and Robert Flying Hawk* |
| *Counsel for Plaintiff Oglala Sioux Tribe* | |

PLAINTIFFS' STATUS REPORT
(No. 1:16-cv-1534-JEB)

- 5 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*