## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STANDING ROCK SIOUX TRIBE,** *et al.*, | |
| **Plaintiffs,** | |
| v. | **Civil Action No. 16-1534 (JEB)** |
| **U.S. ARMY CORPS OF ENGINEERS,** *et al.*, | |
| **Defendants.** | |

## <u>ORDER</u>

On August 5, 2020, the D.C. Circuit issued an Order regarding the Dakota Access Pipeline, the operation of which this Court had previously enjoined.  The Circuit's Order first stayed the injunction on the ground that this Court had not made sufficient findings under <u>Monsanto Co. v. Geertson Seed Farms</u>, 561 U.S. 139, 158 (2010).  <u>See</u> <u>Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers</u>, 2020 WL 4548123, at *1 (Aug. 5, 2020).  It also noted, "We expect appellants to clarify their positions before the district court as to whether the Corps intends to allow the continued operation of the pipeline notwithstanding vacatur of the easement and for the district court to consider additional relief if necessary."  <u>Id.</u>  Although the Corps has now submitted two reports in response to this Court's direction, <u>see</u> ECF Nos. 562, 564, it does not expect to have an initial answer for another month.  Its submissions, moreover, imply that any cessation or removal of the pipeline appears unlikely.  As a result, the Plaintiff Tribes understandably wish the Court to consider whether to issue an injunction to halt the oil flow.  <u>See</u> ECF No. 565.

The Court agrees that this is the wisest course.  As, under any realistic briefing schedule, it would not issue an opinion before the Corps' mid-October decision, there appears no reason to wait to begin briefing until then.  In addition, *contra* Dakota Access's position, delaying until a merits ruling from the D.C. Circuit will not help the Tribe, as even an affirmance would not halt pipeline operations.  As the parties all asked for time to confer regarding a schedule, the Court will give them a few days to do so.  It expects the Tribes to file first inasmuch as they would be the moving parties.  The Court expects irreparable harm will be a focus — as the other factors were substantially covered in its remedy Opinion — but the parties may argue as they see fit.  To expedite the process and to avoid the parties' reopening issues the Court has already decided, it will impose the following page limits: 25 pages for initial and opposition briefs and 15 pages for replies.

The Court, accordingly, ORDERS that the parties shall confer and submit a joint proposed briefing schedule by September 16, 2020, regarding Plaintiffs' request for an injunction.

IT IS SO ORDERED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  September 11, 2020