**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE, YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE,<br><br>            Plaintiffs,<br><br>    and<br><br>CHEYENNE RIVER SIOUX TRIBE; SARA JUMPING EAGLE ET AL.,<br><br>            Plaintiff-Intervenors,<br><br>        v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>            Defendant-Cross Defendant,<br><br>    and<br><br>DAKOTA ACCESS, LLC,<br><br>            Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB (and Consolidated Case Nos. 16-cv-1796 and 17-cv-267) |

———————————————

**MOTION OF NORTH DAKOTA FARM BUREAU, NORTH DAKOTA GRAIN DEALERS ASSOCIATION, NORTH DAKOTA GRAIN GROWERS ASSOCIATION, SOUTH DAKOTA CORN GROWERS ASSOCIATION, SOUTH DAKOTA FARM BUREAU FEDERATION, SOUTH DAKOTA SOYBEAN ASSOCIATION, AND SOUTH DAKOTA GRAIN AND FEED ASSOCIATION FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF DEFENDANT-INTERVENOR-CROSS CLAIMANT DAKOTA ACCESS, LLC**

———————————————

The North Dakota Farm Bureau, North Dakota Grain Dealers Association, North Dakota Grain Growers Association, South Dakota Corn Growers Association, South Dakota Farm Bureau Federation, and South Dakota Soybean Association (collectively "Amici") respectfully request that this Court grant them leave to file the accompanying amici curiae brief in the above-captioned

action in support of Dakota Access, LLC.  Attached to this Motion are the proposed amici curiae brief and related proposed order.

In accordance with Local Rules 7(m) and 7(o)(2), counsel for Amici have contacted counsel for the parties in this case and provide the following information.  The U.S. Army Corps of Engineers and Standing Rock Sioux Tribe take no position on the motion; Dakota Access, LLC, has no objection to the motion; Yankton Sioux Tribe, Robert Flying Hawk, and Cheyenne River Sioux Tribe do not oppose the motion; and Oglala Sioux Tribe reserves its position on the motion until it reads the motion and proposed amici curiae brief.

## AMICI'S INTEREST

The North Dakota Farm Bureau is a grassroots, member-driven general farm organization representing farmers, ranchers, and landowners throughout the state.  The North Dakota Farm Bureau was organized in 1942 and has grown to more than 27,000 members today.  The North Dakota Farm Bureau advocates through lobbying and community outreach to support agricultural interests throughout the state.

The North Dakota Grain Dealers Association is a 109-year-old voluntary membership trade organization representing the interests of country grain elevators in North Dakota.  These elevators are the primary point of sale for grain raised by North Dakota farmers.  The elevators receive, clean, condition, segregate by quality, and ship these grains to domestic and international markets.

The North Dakota Grain Growers Association has represented North Dakota wheat and barley farmers in domestic policy issues on the local, state and national levels for more than 50 years.  The North Dakota Grain Growers Association's mission is to serve North Dakota wheat and barley producers with education, leadership, information, and representation to increase profitability and enhance value added opportunities.

The South Dakota Corn Growers Association is comprised of 1,060 dues-paying members and represents more than 12,000 corn farmers.  The association works to promote corn, improve producer profitability, and increase corn use through livestock feeding, production of ethanol and byproducts, and other uses.

The South Dakota Farm Bureau Federation is a grassroots general agriculture organization with nearly 16,000 member families across the state.  Formed in 1917, the South Dakota Farm Bureau Federation represents farming and ranching interests by focusing on advocacy, education and policy development.  The organization's vision is to create a robust agriculture industry in South Dakota, which contributes to a strong economy, healthy environment, thriving communities and nutritious food.  The South Dakota Farm Bureau Federation participates in state and federal policy and regulatory efforts relating to the protection of private property rights and enhancing its members' livelihoods.

The South Dakota Soybean Association is a 501(c)(5) membership organization that was organized in 1982.  The mission of the organization is to improve the competitiveness and profitability for South Dakota soybean farmers through education and policies.

The South Dakota Grain and Feed Association was established in 1927 and is a statewide, non-profit trade association composed of grain elevator firms and other agribusinesses involved in the grain, feed, and supply business.  The association's mission is to serve South Dakota grain elevator firms and the supply chain in the field of agribusiness.

Amici's interests would be directly affected by the Court's decision on whether to grant the extraordinary remedy of an injunction to cease operation of the Dakota Access Pipeline pending the completion of an Environmental Impact Statement by the U.S. Army Corps of Engineers.  A decision by this Court to grant an injunction to cease operation of the Dakota Access

Pipeline could have disruptive consequences on the industries of Amici by driving up transportation costs and reducing the supply of available transportation for Amici's goods and services. Granting an injunction would unduly burden the agricultural industry with increased transportation costs by forcing the agricultural industry to compete with the oil industry for railroad transportation to transport its commodities. In a time when farmers and ranchers are already facing financial stress, such increased transportation costs could have a crippling effect on the agricultural industry. For these reasons, Amici respectfully request leave to file an amici curiae brief so that the Court can be made aware of the impact its decision will have on Amici's interests.

## DESIRABILITY AND RELEVANCE OF AMICI CURIAE BRIEF

The Court has broad discretion regarding whether to allow non-parties to participate as amici. *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996). Generally, the court will permit an amicus brief "if the information offered is timely and useful" or "the non-party movants have a special interest in th[e] litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution of th[e] case." *Id.* (quotations omitted).

Amici's proposed brief contains positions that would not otherwise be represented and that are desirable and relevant to the disposition of Plaintiffs' pending motion for an injunction. Collectively, Amici represent the interests of the agricultural industry of North Dakota and South Dakota. No party in this action represents the unique interests of the agricultural industry, despite the fact that an order from the Court enjoining the operations of the Dakota Access Pipeline ("DAPL") would significantly harm this  industry. Amici are well-situated to represent the interests of the agricultural industry, representing thousands of farmers, ranchers, grain growers, corn growers, and grain dealers across North Dakota and South Dakota.

Upon the parties' completion of ordered supplemental briefing (Doc. 567), the Court will consider whether to enjoin DAPL operations. In determining whether to issue an injunction, the

Court will assess whether an injunction would cause irreparable harm and how it would impact the public interest. Amici's proposed brief would provide the Court with critical information on how an injunction of DAPL would immediately harm and otherwise undermine the agricultural interests Amici represent, as well as the general public interest. Understanding these serious impacts is essential for the Court to be fully informed in deciding whether to enjoin DAPL operations.

## CONCLUSION

Amici hereby request that the Court grant them leave to file an amici curiae brief in support of Dakota Access, LLC's opposition to Plaintiffs' pending motion seeking to enjoin DAPL operations (Doc. 569).

Dated: November 20, 2020.

Respectfully submitted,

*/s/   Stephen R. Hanson II*
Stephen R. Hanson II, (ND Bar No. 08585, signing per LCvR 83.2(c))
Andrew D. Cook, (ND Bar No. 06278)
*Counsel for North Dakota Farm Bureau,*
*North Dakota Grain Dealers Association,*
*North Dakota Grain Growers Association,*
*South Dakota Corn Growers Association,*
*South Dakota Farm Bureau Federation, and*
*South Dakota Soybean Association*

OHNSTAD TWICHELL, P.C.
444 Sheyenne St., Ste. 102
P.O. Box 458
West Fargo, ND 58078-0458
Phone: (701) 282-3249
shanson@ohnstadlaw.com
acook@ohnstadlaw.com

*/s/ Jared R. Wigginton*
BAKER BOTTS L.L.P.
Jared R. Wigginton (D.C. Bar No. 1033684)
(joining with non-members per LCvR 83.2(c))
Kent Mayo (D.C. Bar No. 452842)
700 K Street, NW
Washington, D.C. 20001
Phone: (202) 639-7700
kent.mayo@bakerbotts.com
jared.wigginton@bakerbotts.com

J. Scott Janoe (TX Bar No. 24012897)
910 Louisiana Street
Houston, TX 77002-4995
scott.janoe@bakerbotts.com

Paulina Williams (TX Bar No. 24066295)
98 San Jacinto Blvd., Suite 1500
Austin, TX 78701-4078
paulina.williams@bakerbotts.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2020, I electronically filed the foregoing

document using the CM/ECF system.  Service was accomplished by the CM/ECF system.

*/s/ Jared R. Wigginton*
BAKER BOTTS L.L.P.
Jared R. Wigginton (D.C. Bar No. 1033684)
(joining with non-members per LCvR 83.2(c))
Kent Mayo (D.C. Bar No. 452842)
700 K Street, NW
Washington, D.C. 20001
Phone: (202) 639-7700
kent.mayo@bakerbotts.com
jared.wigginton@bakerbotts.com

J. Scott Janoe (TX Bar No. 24012897)
910 Louisiana Street
Houston, TX 77002-4995
scott.janoe@bakerbotts.com

Paulina Williams (TX Bar No. 24066295)
98 San Jacinto Blvd., Suite 1500
Austin, TX 78701-4078
paulina.williams@bakerbotts.com