IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE; YANKTON SIOUX TRIBE; ROBERT FLYING HAWK; OGLALA SIOUX TRIBE,<br><br>Plaintiffs,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE; SARA JUMPING EAGLE ET AL.,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>Defendant-Cross Defendant,<br><br>and<br><br>DAKOTA ACCESS, LLC,<br><br>Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796 and 17-cv-267) |

**DAKOTA ACCESS, LLC'S NOTICE OF FILING ON THE PUBLIC DOCKET CERTAIN DOCUMENTS PREVIOUSLY FILED UNDER SEAL**

On April 19, 2021, Dakota Access, LLC ("Dakota Access") filed two declarations in support of its Surreply In Opposition to Plaintiffs' Motion for Clarification and a Permanent Injunction, D.E. 593, as attachments to its Sealed Motion for Leave to File Under Seal, D.E. 594. That Motion contemplated a review and conferral process for identifying particular information appropriate for sealing that tracks the approach to which all parties ultimately agreed after Dakota Access filed its Opening Brief Regarding Remedy. By Minute Order dated April 20, 2021, the Court granted the Motion to Seal.

Dakota Access has since circulated copies of the two sealed documents to the other parties in this litigation and proposed redactions to those documents for public filing. No party has objected to the proposed redactions or offered any additional redactions. Thus, all parties have agreed that Dakota Access will file them publicly with the redactions that Dakota Access proposes, leaving for a later date the possibility of another party challenging the redactions as overbroad. Under the parties' agreement, until further order of the Court no party will include the information that Dakota Access has redacted in the declarations in any future public filing. Until an order resolving any disagreement as to the scope of the redacted information, a party wishing to reference or quote the redacted information must do so in a separate, sealed filing.

Pursuant to that agreement, Dakota Access hereby files the public versions of the following documents and associated exhibits. Each document is an attachment to the Surreply to Plaintiffs' Motion for Clarification and a Permanent Injunction, D.E. 593.

- D.E. 593-5 – Ex. 5, Supplemental Declaration of Kenneth H. Ditzel, Senior Managing Director, FTI Consulting, Inc.

- D.E. 593-6 – Ex. 6, Supplemental Declaration of Glenn Emery, Vice President, Commercial Operations, Energy Transfer LP

With today's filing, Dakota Access has completed the review and conferral process described in its April 19, 2021 Motion because public versions of all attachments to that Motion are now available on the docket.

Dated:  April 22, 2021                              Respectfully submitted,

 /s/ William S. Scherman
William S. Scherman
Miguel A. Estrada
David Debold
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April, 2021, I electronically filed the foregoing document using the CM/ECF system.  Service was accomplished by the CM/ECF system.

 /s/ William S. Scherman
William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*