IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| and           ) | |
| ) | |
| CHEYENNE RIVER SIOUX TRIBE,           ) | |
| ) | |
| Plaintiff-Intervenor,           ) | |
| ) | |
| v.           ) | Case No. 1:16-cv-01534 (JEB) |
| ) | (consolidated with Cases No. |
| UNITED STATES ARMY CORPS OF           ) | 1:16-cv-01796  & 1:17-cv-00267) |
| ENGINEERS,           ) | |
| ) | |
| Defendant,           ) | |
| ) | |
| and           ) | |
| ) | |
| DAKOTA ACCESS, LLC,           ) | |
| ) | |
| Defendant-Intervenor.           ) | |
| ) | |

**UNITED STATES ARMY CORPS OF ENGINEERS' STATUS REPORT**

On April 26, 2021, this Court ordered the Corps to "file a Status Report that gives [1] its latest estimate for the completion of the ongoing EIS and [2] its position, if it has one, on whether an injunction should issue." The Corps respectfully responds as follows:

1.      The Corps estimates that the Environmental Impact Statement (EIS) will be completed in March of 2022. The Corps expects to use that timeframe to fulfill its commitment to undertaking an open, transparent, and public EIS process which rigorously explores and objectively evaluates reasonable alternatives. Further, the Corps is committed to robust tribal consultations and to actively engaging with the cooperating agencies, which include several

1

Plaintiff Tribes, to produce a thorough and comprehensive EIS.

2. In response to the Court's second question, on November 20, 2020, the Corps filed an opposition to Plaintiffs' request for an injunction on the basis that Plaintiffs have not met the applicable standard as set forth in *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139 (2010). ECF No. 573. As represented by the undersigned counsel at the April 9 status conference, the injunction motion is fully briefed. Tr. of April 9, 2021 hearing at 15:9-14. This question now rests in the "sound discretion" of the Court. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

3. As to whether an injunction should issue, the EIS process in which the Corps is currently engaged examines many factors including some <u>that may be</u> relevant to the permanent injunction standard. It is possible that in the EIS process the Corps would find new information, but to date the Corps is not aware of information that would cause it to evaluate the injunction factors differently than in its previous filing. ECF No. 573 (citing *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139 (2010)).

Date: May 3, 2021

Respectfully submitted,

JEAN E. WILLIAMS
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

By: */s/ Reuben S. Schifman*
REUBEN SCHIFMAN, NY BAR
MATTHEW MARINELLI, IL Bar 6277967
U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Benjamin Franklin Station

Phone: (202) 305-4224 (Schifman)
Phone: (202) 305-0293 (Marinelli)
Fax: (202) 305-0506
reuben.schifman@usdoj.gov
matthew.marinelli@usdoj.gov
*Attorneys for the United States Army Corps of Engineers*

OF COUNSEL:
MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

## CERTIFICATE OF SERVICE

I, Reuben Schifman, hereby certify that on May 3, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and copies will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.


By: */s/ Reuben S. Schifman*
REUBEN SCHIFMAN