IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANDING ROCK SIOUX TRIBE;
YANKTON SIOUX TRIBE; ROBERT
FLYING HAWK; OGLALA SIOUX
TRIBE,

         Plaintiffs,

and

CHEYENNE RIVER SIOUX TRIBE,

        Intervenor Plaintiff,

  v.

U.S. ARMY CORPS OF ENGINEERS,

         Defendant,

and

DAKOTA ACCESS, LLC,

       Intervenor Defendant.

Case No. 1:16-cv-01534-JEB

**STATUS REPORT OF DAKOTA ACCESS, LLC**

  On May 21, 2021, the Court ordered a Joint Status Report, to be filed by today, "concerning potential next steps in this litigation." Dakota Access's position on that topic is set forth below, followed by a request for an opportunity to brief the issues raised by the various reports.

  The Court should terminate these cases by dismissing, without prejudice, any claims for which judgment has not been granted. The Court vacated the easement for the Lake Oahe crossing on July 6, 2020. D.E. 545. That was the Court's remedy after it previously granted, in part, Plaintiffs' motions for summary judgment on claims that challenged the easement. D.E. 495. The result of those two rulings is that no final agency action remains for the Court to review. The EIS

process that the Corps expects to complete in March 2022 will yield a new agency action based on an administrative record that the Corps has yet to complete.

The D.C. Circuit has recognized that when a court orders a remand for new final agency action, it has discretion to retain jurisdiction rather than dismiss. *See Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001). But none of the special circumstances that might trigger retention of jurisdiction is present here. *See, e.g.*, *id.*, at 1110 (decades-long agency failure to discharge its fiduciary duties). Rather, that discretion "is typically reserved for cases alleging unreasonable delay of agency action or failure to comply with a statutory deadline, or for cases involving a history of agency noncompliance with court orders or resistance to fulfillment of its legal duties." *Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41 (D.D.C. 2008) (citing cases). This court should therefore follow "[t]he norm," which is to remand to the agency "for further proceedings consistent with the judicial decision, without retaining oversight over the remand proceedings." *Id.*

Plaintiffs (or others, for that matter) may ultimately find fault with how the Corps has conducted the yet-to-be-completed EIS process, and they may be dissatisfied with the result that the Corps eventually reaches. But "whether or not the agency's" post-remand actions are "arbitrary" or otherwise unlawful "is a determination that must be made in [a] separate APA action challenging" the Corps' "post-remand decisions." *Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 24, 30 (D.C. Cir. 2005). To retain jurisdiction would put the Court in the improper position of overseeing claims that "are no longer ripe for review." *See Am. Wild Horse Preserv. Campaign v. Salazar*, 115 F. Supp. 3d 1, 4 (D.D.C. 2012) (declining to retain jurisdiction after a voluntary remand to the agency); *see also Trump v. New York*, 141 S. Ct. 530, 534 (2020) ("A foundational principle of Article III is that an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." (citation and internal quotation marks omitted)).

Even if the Court were to retain jurisdiction, it should deny Plaintiffs' request for status reports (monthly, or otherwise), especially given that the content Plaintiffs request in those reports is not in furtherance of any claim or motion before this Court. The Court has ruled on Plaintiffs' only post-remand motion (which sought, *inter alia*, an injunction). Plaintiffs' relief is to appeal that ruling if they are dissatisfied. Moreover, Plaintiffs were offered (and three of them have accepted) cooperating agency status in the EIS process, giving them more than sufficient information on the timing of that process. Status reports are unwarranted.

The parties discussed keeping this filing short, consistent with it being a status report rather than a motion or brief. And the parties are filing their positions simultaneously. Thus, if the Court entertains the possibility of retaining jurisdiction or imposing any obligations (including status reports) pending remand, Dakota Access requests an opportunity to brief those issues.

Dated: June 11, 2021

Respectfully submitted,

 /s/ William S. Scherman
William S. Scherman
Miguel A. Estrada
David Debold
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*

DRAFT - CONFIDENTIAL

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2021, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

        /s/ William S. Scherman
William S. Scherman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for Dakota Access, LLC*