IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>    Plaintiff,<br><br>  and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>    Plaintiff-Intervenor,<br>  v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br><br>    Defendant-Cross Defendant,<br><br>  and<br><br>DAKOTA ACCESS, LLC,<br><br>    Defendant-Intervenor-Cross Claimant. | Case No. 1:16-cv-1534-JEB<br>(and Consolidated Case Nos. 16-cv-1796 and 17-cv-267)<br><br>PLAINTIFFS' STATUS REPORT |

Plaintiffs Standing Rock Sioux Tribe, Cheyenne River Sioux Tribe, Oglala Sioux Tribe, and Yankton Sioux Tribe ("Tribes") respectfully file this joint status report in accordance with this Court's order dated May 21, 2022 asking the parties to identify "potential next steps in this litigation." ECF 606. Plaintiffs propose as follows:

In *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 985 F.3d 1032 (D.C. Cir. 2021), the D.C. Circuit upheld this Court's summary judgment order vacating the Lake Oahe easement and remanding to the Corps for preparation of an environmental impact statement ("EIS"). This Court subsequently denied plaintiffs' motion for a permanent injunction. ECF 607. The Corps has commenced work on the EIS and at this time believes that the process will

STATUS REPORT (No. 1:16-cv-1534-JEB) - 1 -

*Earthjustice*
810 Third Ave., Suite 610
Seattle, WA 98104
(206) 343-7340

be complete in March 2022. ECF 601. With respect to "next steps," the Tribes submit that this case is not over until the Corps has complied with NEPA and issued a new final easement decision. Under the "unusual" facts of this case, *Standing Rock*, 985 F.3d at 1054, the pipeline continues to operate without an easement in violation of NEPA. The Corps continues to consider enforcement actions, which would likely spawn further litigation. ECF 601. And the Tribes may seek additional relief from this Court depending on the pace of the EIS and facts on the ground.

Accordingly, this Court should retain jurisdiction over this case to ensure compliance with the EIS process, and to evaluate requests for interim relief. As the D.C. Circuit recognized in *Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001), courts routinely exercise discretion to retain jurisdiction over remands so "to ensure that its instructions are followed." *See also In re United Mine Workers of Amer. Int'l Union*, 190 F.3d 545, 546 (D.C. Cir. 1999) (retaining jurisdiction and requiring status reports pending completion of agency action); *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 760 (D.C. Cir. 1997) (retaining jurisdiction pending agency's compliance with court's mandate); *Air Line Pilots Ass'n, Int'l v. CAB*, 750 F.2d 81, 88–89 (D.C. Cir. 1984) (retaining jurisdiction and ordering periodic progress reports).

This is commonplace in NEPA cases where a court orders preparation of an EA or EIS, and retains jurisdiction to ensure that the agency complies. *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41, 85 (D.D.C. 2019) ("After BLM's work on remand, Plaintiffs may again address whether BLM fulfilled its NEPA obligations. The Court will retain jurisdiction over this matter until those obligations are satisfied."); *Anacostia Watershed Soc. v. Babbitt*, 871 F. Supp. 475, 488 (D.D.C. 1994) ("The Court shall retain jurisdiction over this matter to facilitate prompt judicial review (a) if Defendants fail to comply with this Order and (b) if a change in the status quo with respect to the leased lands is threatened before the Defendants have fully complied with

PLAINTIFFS' STATUS REPORT
(No. 1:16-cv-1534-JEB) - 2 -

*Earthjustice*
810 Third Ave., Suite 610
Seattle, WA 98104
(206) 343-7340

the National Environmental Policy Act."); *Gov't of Province of Manitoba v. Norton*, 398 F. Supp. 2d 41, 67 (D.D.C. 2005) (same).  This is the approach this Court adopted last time when it ordered a remand to address the Corps' NEPA violations.  This Court has also ruled that it has the authority to impose interim conditions during a NEPA remand to "ensure" that the remedies are appropriate "and to monitor any factual developments in this ongoing case." *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 280 F. Supp. 3d 187, 191 (D.D.C. 2017).

Accordingly, the Tribes respectfully request that this Court retain jurisdiction over this matter pending completion of the EIS process and issuance of a new easement.  Once the easement decision has been made, the Court can direct the parties to file a new status report addressing any remaining matters that must be resolved by this Court. Additionally, the Court should impose the following interim conditions until the remand process is complete:

    1.    The Corps should provide monthly status reports on:  a) the status of the EIS process and estimated date for completion and a new MLA decision; and b) any information potentially relevant to the question of "irreparable harm," such as safety violations or incidents (leaks, spills, shutdowns) on the pipeline; and c) a statement as to "how and on what terms the Corps will enforce its property rights" as to the ongoing operation of the pipeline in the absence of an easement, and how the absence of any enforcement action does not constitute a "de facto outgrant without engaging in the NEPA analysis" that is required, per the DC Circuit direction.

    2.    DAPL should also provide monthly status reports to the Court, as directed by item No. 3 in this Court in its Dec. 4, 2017 Order (ECF 303).  The report should include the status of DAPL's "optimization" plan to increase pipeline throughput, including the status of permitting and any operations above 570,000 barrels/day.

DATED: June 11, 2021.

                          Respectfully Submitted,

                          */s/ Jan E. Hasselman*
                          Jan E. Hasselman, WSBA No. 29107*
                          Patti A. Goldman, DC Bar No. 398565
                          Earthjustice
                          810 Third Ave., Suite 610
                          Seattle, WA 98104
                          Phone: (206) 343-7340

PLAINTIFFS' STATUS REPORT
(No. 1:16-cv-1534-JEB) - 3 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

jhasselman@earthjustice.org
pgoldman@earthjustice.org
*Attorneys for Standing Rock Sioux Tribe*

<u>/s/ Nicole E. Ducheneaux</u>
Nicole E. Ducheneaux, DC Bar No. NE001
Big Fire Law & Policy Group LLP
1404 South Fort Crook Road
Bellevue, NE 68005
Phone: (531) 466-8725
Facsimile: (531) 466-8792
nducheneaux@bigfirelaw.com
*Attorney for Cheyenne River Sioux Tribe*

<u>/s/ Michael L. Roy</u>
Michael L. Roy, DC Bar No. 411841
Jennifer P. Hughes, DC Bar No. 458321
Elliott A. Milhollin, DC Bar No. 474322
Hobbs, Straus, Dean & Walker, LLP
1899 L Street NW, Suite 1200
Washington, DC 20036
Phone: (202) 822-8282
Facsimile: (202) 296-8834
mroy@hobbsstraus.com
jhughes@hobbsstraus.com
emilhollin@hobbsstraus.com
*Attorneys for Oglala Sioux Tribe*

Mario Gonzalez
Gonzalez Law Office
522 7th St. 202
Rapid City, SD 57701
Phone: (605) 716-6355
*Of Counsel for Oglala Sioux Tribe*

<u>/s/ Jeffrey S. Rasmussen</u>
Jeffrey S. Rasmussen, WSBA No. 21121*
Patterson Earnhart Real Bird & Wilson LLP
357 S. McCaslin Blvd., Suite 200
Louisville, CO 80027
Phone: (303) 926-5292
Facsimile: (303) 926-5293
jrasmussen@nativelawgroup.com

<u>/s/ Rollie E. Wilson</u>
Rollie E. Wilson, DC Bar No. 1008022

PLAINTIFFS' STATUS REPORT
(No. 1:16-cv-1534-JEB) - 4 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA 98104*
*(206) 343-7340*

Patterson Earnhart Real Bird & Wilson LLP
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, D.C. 20004
Phone: (202) 434-8903
Facsimile: (202) 639-8238
rwilson@nativelawgroup.com
*Attorneys for Yankton Sioux Tribe and Robert Flying Hawk*

*\*Admitted Pro Hac Vice*

PLAINTIFFS' STATUS REPORT
(No. 1:16-cv-1534-JEB) - 5 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 11, 2021, I electronically filed the foregoing JOINT STATUS REPORT with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

                                                     */s/ Jan E. Hasselman*
                                                     Jan E. Hasselman