IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>    Plaintiff,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>    Defendant,<br><br>and<br><br>DAKOTA ACCESS, LLC,<br><br>    Defendant-Intervenor. | Case No. 1:16-cv-01534 (JEB)<br>(consolidated with Cases No.<br>1:16-cv-01796 & 1:17-cv-00267) |

**UNITED STATES ARMY CORPS OF ENGINEERS' STATUS REPORT**

On May 21, 2021, this Court ordered the parties to "file a joint status report by June 11, 2021, concerning potential next steps in this litigation." The Parties discussed their preliminary positions, but were unable to coordinate a joint status report due to the timing and necessary reviews. The United States Army Corps of Engineers therefore respectfully responds as follows:

**I.   The Court should not retain jurisdiction or require status reports regarding an EIS process in which Plaintiffs are participating as cooperating agencies.**

This Court's summary judgment decision resolved the merits of Plaintiffs' complaints, and there are no issues remaining for the Court to decide. The Corps has affirmed its estimation that the EIS will be completed in March of 2022 and that it intends to use that time to fulfill its

1

commitment to producing a thorough EIS which rigorously explores and objectively evaluates all reasonable alternatives and ensures that all voices are heard in an open, transparent, and public process. Also, Corps officials have consulted with the Plaintiff Tribes and the Corps has entered into cooperating agency arrangements with the Standing Rock, Cheyenne River, and Oglala Sioux Tribes, which will facilitate their direct and on-going involvement in the development of the EIS. ECF No. 601; Apr. 4, 2021 Hrg. Tr. at 6:8-14. Further, the Corps will continue to keep all parties and the public apprised of the EIS process via monthly updates on the Corps' website.

As the Court noted previously, it cannot "constrain the outcome of the remand process." *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 280 F. Supp. 3d 187, 189 (D.D.C. 2017). The remand requires the Corps to complete an EIS that will lead to a new easement decision. The Court's rulings in this matter make clear how important it is that the Corps take full account of Tribal and other concerns and fully and completely analyze all relevant issues as it completes this important exercise. The Corps' final agency action will be subject to review when ripe and may be challenged through a separate APA action. *Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 24, 30 (D.C. Cir. 2005). This case should thus be dismissed because there is no claim to adjudicate and no case or controversy remains. *See AT&T Corp. v. FCC*, 349 F.3d 692, 702 (D.C. Cir. 2003); *Eagle-Picher Indus., Inc. v. U.S. Envtl. Prot. Agency*, 759 F.2d 905, 915 (D.C. Cir. 1985) ("Ripeness law overlaps at its borders with Article III requirements of case or controversy."); *Am. Wild Horse Pres. Campaign v. Salazar*, 115 F. Supp. 3d 1, 5 (D.D.C. 2012) ("The Court will thus dismiss the plaintiffs' Complaint. . . . The plaintiffs may refile their claim if necessary after BLM reconsiders the . . . Decision.").

The Corps recognizes decisions holding that courts possess "discretion to retain jurisdiction over a case pending completion of a remand and to order the filing of progress

reports." *Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41 (D.D.C. 2008). However, the "norm is to vacate agency action that is held to be arbitrary and capricious and remand for further proceedings consistent with the judicial decision, without retaining oversight over the remand proceedings." *Id*. *Alegent Health-Immanuel Med. Ctr. v. Sebelius*, 917 F. Supp. 2d 1, 3 (D.D.C. 2012) ("although courts have discretion to retain jurisdiction pending completion of a remand and to order progress reports in the meantime, this discretion is also exercised only in unusual circumstances"). *Cf*. D.C. R. App. Ct. 41 ("If the case is remanded, this court does not retain jurisdiction, and a new notice of appeal or petition for review will be necessary if a party seeks review of the proceedings conducted on remand."). For example, this Court rejected a request for "judicial management of the remand proceedings" despite concern "that the process will be conducted in secret, without [plaintiff's] participation." *Baystate*, 587 F. Supp. 2d at 41-42 (dismissing case). Here, the Corps has sought public comments, and will continue to keep cooperating agencies informed as to the EIS process. ECF No. 601; *see also* Apr. 4, 2021 Hrg. Tr. at 5:22-6:1-22. This case is therefore outside of the "unusual circumstance[]" where further reporting is necessary. *Alegent*, 917 F. Supp. 2d at 3. Thus, this Court should not retain jurisdiction over the remand, nor should it require status reports on the progress of the EIS.

## II. The Court lacks jurisdiction to require status reports on the Corps' exercise of its unreviewable enforcement discretion.

To the extent Plaintiffs argue that this Court can supervise the Corps' exercise of its enforcement discretion during remand, they are incorrect. Plaintiffs' complaints raise no challenge to exercise of enforcement discretion. Nor could they. The APA generally provides for review of "final agency action for which there is no other adequate remedy in a court," 5 U.S.C. § 704, in accordance with standards of review set forth in the APA itself, *see id*. § 706. "But before any review at all may be had" under section 706, "a party must first clear the hurdle

3

of § 701(a)." *Heckler v. Chaney*, 470 U.S. 821, 828 (1985). Section 701(a) precludes judicial review if "agency action is committed to agency discretion by law," *id.* § 701(a)(2). And agency decisions not to institute enforcement proceedings are presumptively unreviewable under this exception. *Chaney*, 470 U.S. at 831; *Make The Rd. New York v. Wolf*, 962 F.3d 612, 632–33 (D.C. Cir. 2020) ("[R]efusals to initiate enforcement proceedings . . . have long been regarded as committed to agency discretion.") (citation omitted). It is the agency's prerogative to assess "whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, [and] whether the particular enforcement action requested best fits the agency's overall policies." *Chaney*, 470 U.S. at 831.

The D.C. Circuit recently reaffirmed that an agency's exercise of its enforcement discretion is unreviewable where "Congress did not limit the . . . enforcement discretion [by statute] by providing specific requirements for the exercise of that discretion." *Citizens for Responsibility & Ethics v. FEC*, 993 F.3d 880, 885 (D.C. Cir. 2021) ("Because the [agency's] decision not to enforce . . . is grounded in enforcement discretion, it is necessarily unreviewable."). And should the Corps refer an enforcement matter to the Department of Justice, any decision on whether to commence an action would be subject to the discretionary litigating authority of the Attorney General. *See* ECF No. 562 at 4. Because the exercise of enforcement discretion is not reviewable under the APA there is no legal basis for requiring the government to report on how or on what grounds such discretion may be exercised.

Date: June 11, 2021   Respectfully submitted,

JEAN E. WILLIAMS
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

By: */s/ Matthew Marinelli*

4

REUBEN SCHIFMAN, NY BAR
MATTHEW MARINELLI, IL Bar 6277967
U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Benjamin Franklin Station
Phone: (202) 305-4224 (Schifman)
Phone: (202) 305-0293 (Marinelli)
Fax: (202) 305-0506
reuben.schifman@usdoj.gov
matthew.marinelli@usdoj.gov
*Attorneys for the United States Army Corps of Engineers*

OF COUNSEL:
MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

## CERTIFICATE OF SERVICE

I, Matthew Marinelli, hereby certify that on June 11, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and copies will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.


By: */s/ Matthew Marinelli*
MATTHEW MARINELLI