IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDING ROCK SIOUX TRIBE,<br><br>    Plaintiff,<br><br>and<br><br>CHEYENNE RIVER SIOUX TRIBE,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>    Defendant,<br><br>and<br><br>DAKOTA ACCESS, LLC,<br><br>    Defendant-Intervenor. | Case No. 1:16-cv-01534 (JEB)<br>(consolidated with Cases No.<br>1:16-cv-01796 & 1:17-cv-00267) |

**UNITED STATES ARMY CORPS OF ENGINEERS' NOTICE**

Defendant United States Army Corps of Engineers hereby provides notice that on July 22, 2021, the U.S. Department of Transportation's Pipeline and Hazardous Materials Safety Administration ("PHMSA") issued a Notice of Probable Violation ("NOPV") to Energy Transfer LP regarding its operation of the Dakota Access Pipeline. The Corps provides this notice out of an abundance of caution to apprise the Court and parties of this recent development involving the pipeline and a separate federal agency. The Corps describes PHMSA's enforcement process and the NOPV below for additional context. Separately, as described below, the Corps is also providing notice that it is considering recent requests by the Standing Rock and Cheyenne River Sioux Tribes for an extension of the Corps' timeline for completing its ongoing Environmental

Impact Statement.

**A.      PHMSA's Enforcement Process**

1. The Pipeline Safety Act requires the Secretary of Transportation to prescribe safety standards for natural gas and hazardous liquid pipelines. 49 U.S.C. § 60102(a)(2). PHMSA, an operating administration of the Department of Transportation, is charged with carrying out this responsibility. *See id.* § 108(f)(1). PHMSA has promulgated pipeline safety regulations pursuant to this authority, including regulations setting safety standards for hazardous liquid pipelines such as the Dakota Access Pipeline. *See* 49 C.F.R. Part 195. PHMSA has also promulgated procedural regulations that govern its enforcement and regulatory processes. *See* 49 C.F.R. Part 190.

2. If a PHMSA Regional Director alleges that a pipeline operator has violated the Pipeline Safety Act, a PHMSA regulation, or a PHMSA order, the Regional Director commences an enforcement proceeding by serving an NOPV. 49 C.F.R. § 190.207(a).

3. An NOPV identifies the statutes, regulations, and/or orders that the Regional Director alleges a pipeline operator to have violated. 49 C.F.R. § 190.207(b).

4. An NOPV proposes either a compliance order, civil penalty, or both as a means of addressing each probable violation. 49 C.F.R. § 190.207(b)(3-4); *see also id.* §§ 190.217, 190.221. An NOPV may also include a warning with respect to a probable violation, thereby "notifying the operator of the probable violation and advising the operator to correct it or be subject to potential enforcement action in the future." 49 C.F.R. § 190.205. Warnings do not have an associated proposed compliance order or a proposed civil penalty.

5. PHMSA's regulations provide a pipeline operator with an opportunity to respond to an NOPV, including by "contesting one or more of the allegations of probable violation" in writing or by "request[ing] a hearing." 49 C.F.R. § 190.208.

6. PHMSA "may amend a notice of probable violation at any time prior to issuance of a final order under § 190.213." 49 C.F.R. § 190.207(d).

7. A PHMSA enforcement proceeding commenced with an NOPV concludes with the issuance of a final order by PHMSA's Associate Administrator for Pipeline Safety, unless the Regional Director withdraws the NOPV or agrees with the respondent to resolve the case by execution of a consent agreement and order. 49 C.F.R. §§ 190.213, 190.219. A final order includes "a determination as to whether each alleged violation has been proved." *Id.* § 190.213. If the violations have been proved, the final order may assess civil penalties, impose compliance orders, or both. *Id.*

8. PHMSA may also address imminent pipeline risks under two other authorities. If PHMSA determines that a pipeline facility or its operations are "hazardous to life, property, or the environment," it may issue a Corrective Action Order that "orders the operator of the facility to take necessary corrective action, including suspended or restricted use of a facility." 49 U.S.C. § 60112; 49 C.F.R. § 190.233. If PHMSA determines that a pipeline facility has a condition that poses a pipeline integrity risk to public safety, property, or the environment," it may issue a Safety Order. 49 U.S.C. § 60117(m); 49 C.F.R. § 190.239.

**B.    PHMSA's Notice of Probable Violation regarding the Dakota Access Pipeline**

On July 22, 2021, the director of PHMSA's Central Region transmitted an NOPV to Energy Transfer LP regarding its operation of the Dakota Access Pipeline. Notice of Probable Violation, Proposed Civil Penalty, and Proposed Compliance Order (July 22, 2021) (attached as Exhibit 1). The NOPV alleges that Energy Transfer "has committed probable violations of the Pipeline Safety Regulations" promulgated by PHMSA. *Id*. at 2. The NOPV alleges seven probable violations. As explained in more detail in the NOPV itself, the NOPV proposes

warnings for two of the probable violations, a monetary penalty to address one probable violation related to Energy Transfer's failure to follow procedures, a monetary penalty and compliance order to address one probable violation related to Energy Transfer's failure to follow procedures, and a compliance order to address three probable violations related to the pipeline's operations. As indicated above, the NOPV is the beginning of a PHMSA enforcement proceeding and no final determination has been reached. PHMSA has not issued, or proposed to issue, a Corrective Action Order or Safety Order with respect to the Dakota Access Pipeline.

**C.     The Corps' review of PHMSA's NOPV**

The Corps is considering PHMSA's NOPV as part of both its: 1) ongoing consideration of whether and how the Corps will enforce its property rights; and 2) ongoing Environmental Impact Statement ("EIS") process. *See* ECF No. 610.

**D.     Extension of the schedule for the Corps' Environmental Impact Statement**

On June 1, 2021, Standing Rock requested a 90-day extension of the deadline for reviewing and commenting on approximately 48,000 public comments received during the scoping process on the EIS. On June 16, 2021, Cheyenne River requested that the Corps extend its deadline for completing the EIS by approximately six months, to September, 2022 to provide Cheyenne River with additional time to respond to public comments and otherwise contribute meaningfully to the development of the EIS. The Corps is seriously considering both requests and may modify the EIS schedule in response to these Tribal requests. If the Corps modifies the EIS schedule, it will advise Dakota Access and all Cooperating Agencies and will also provide an update to the public through the Corps' website.

Date: July 22, 2021                                                     Respectfully submitted,

                                                                        JEAN E. WILLIAMS
                                                                        Acting Assistant Attorney General

United States Department of Justice
Environment & Natural Resources Division

By: */s/ Matthew Marinelli*
MATTHEW MARINELLI, IL Bar 6277967
U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Benjamin Franklin Station
Phone: (202) 305-0293 (Marinelli)
Fax: (202) 305-0506
matthew.marinelli@usdoj.gov
*Attorneys for the United States Army Corps of Engineers*

OF COUNSEL:
MILTON BOYD
MELANIE CASNER
U.S. Army Corps of Engineers
Office of Chief Counsel
Washington, DC

## CERTIFICATE OF SERVICE

I, Matthew Marinelli, hereby certify that on July 22, 2021, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and copies will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

By: */s/ Matthew Marinelli*
MATTHEW MARINELLI